Robert L. Herbst (NYSBN 1333194)
rherbst@herbstlawny.com
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: 914-450-8163 / Fax: 888-482-4676

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: 310-392-5455 / Fax: 310-306-8491

Attorneys for Defendant
WESPAC FOUNDATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION,<br><br>Defendants. | CASE NO: 2:24-cv-06253-SVW-PVCx<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>**DEFENDANT WESPAC FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>Date: Monday, December 9, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>350 W. 1st Street<br>Los Angeles, California 90012<br><br>Complaint Filed: July 24, 2024<br>Trial Date: Not Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant WESPAC Foundation ("WESPAC") submits this memorandum of points and authorities in opposition to Plaintiff's Motion to Consolidate this case with *Helmann v. CodePink Women for Peace, et al.*, No. 24-CV-5704-SVC-PVC. WESPAC is sued in this case solely as the fiscal sponsor of defendant Palestinian Youth Movement ("PYM"). WESPAC is not a defendant in *Helmann*, which named another entity, Honor The Earth ("HTE"), as PYM's fiscal sponsor, not WESPAC.

This case is a SLAPP suit, designed to harass, intimidate and punish WESPAC for its advocacy in support of Palestinians' human right to live in freedom and dignity rather than under occupation. No one from WESPAC – a small Westchester County, New York community peace and action group – knew anything about the Temple protest, let alone participated in it. As set forth in WESPAC's Motion to Dismiss, Doc. 49, Plaintiff's specific factual allegations are not to the contrary. Plaintiff utterly failed to plead that anyone acting on WESPAC's behalf did *anything* in relation to that event, knew of it or engaged in planning it, provided any donor funds to PYM that were actually used in connection with the protest, or intended that such funds would be so used. Instead, Plaintiff alleges that simply because WESPAC exercised its right under the law to act as a fiscal sponsor, generally collecting donor money and disbursing it to PYM, WESPAC is responsible for the promotion and funding of the Temple protest and liable to Plaintiff.

This is an utterly unsupportable, frivolous claim, especially since Plaintiff effectively acknowledged in its complaint that it does not even know if PYM members actually had anything to do with the protest, let alone spent any money in connection with it. Doc. 49 at 5 of 12. Plaintiff also failed to offer a single allegation that would support the exercise of personal jurisdiction over WESPAC in California. Doc. 49 at 10-12.

On October 21, 2024, we sent Plaintiff's attorneys a Rule 11 letter, providing notice of our intent to move for sanctions if the claims against WESPAC were not withdrawn. In that letter, we noted the same defects in Plaintiff's case against WESPAC that we subsequently memorialized in our Motion to Dismiss. We also noted that, in our first conference with Plaintiff's counsel on October 14, 2024, counsel acknowledged that WESPAC had terminated its fiscal sponsorship of PYM *before* the June 23 protest.

Instead of withdrawing their claims against WESPAC, Plaintiff has served this motion to consolidate, planning to join WESPAC in a consolidated amended complaint with *Helmann*, a case in which WESPAC is not named, and could not in good faith be named. For the reasons that follow, this plan to prolong this unreasonable, frivolous case against WESPAC should not be countenanced.

## II. ARGUMENT

### A. THIS FRIVOLOUS ACTION, WHICH FAILS TO STATE A CLAIM OR ASSERT PERSONAL JURISDICTION OVER WESPAC, SHOULD NOT BE CONSOLIDATED WITH A CASE THAT DOES NOT EVEN SUE WESPAC

Accepting *arguendo* the legal standards for consolidation set forth in Plaintiff's motion, there are no "common questions of law or fact" in these two cases with respect to WESPAC. *Helmann* properly refrained from suing WESPAC, so there is no identity of legal or factual questions with those raised by the frivolous Standwithus allegations against WESPAC, which both fail to state a claim and to provide a basis for personal jurisdiction in this case. Accordingly, there is no reason for the Court to exercise its "wide discretion" in favor of consolidation, especially now, when WESPAC's motion to dismiss this case will be fully briefed and heard on the same day as Plaintiff's motion to consolidate.

Even if there were a common question of law or fact, the inconvenience, delay and expense to WESPAC from consolidation would militate strongly against consolidation now. WESPAC is sued far from home, without any personal

jurisdictional basis, on a complaint which so clearly fails to state a claim that it should never have been brought, and would never have been brought if Plaintiff and its attorneys had operated in good faith and made the reasonable inquiry required by Rule 11. WESPAC has had to retain counsel at considerable expense, has suffered significant disruption and inconvenience, and the further delay, inconvenience and expense it would incur as a result of consolidation and a planned "consolidated amended complaint" with a plaintiff in another case who did not sue WESPAC, strongly militates against consolidation.

Finally, consolidation is premature at this juncture, and there is no apparent justification for it now, at the motion-to-dismiss stage. Since the jurisdictional and Rule 12 analysis has to be conducted separately for each defendant on a motion to dismiss, there are no savings in time and expense justifying consolidation now, as there might be for discovery or trial for the CodePink and PYM parties who, unlike WESPAC, are sued in both cases. WESPAC's motion to dismiss should therefore be resolved before Plaintiff's motion for consolidation. Subjecting WESPAC to consolidation at this juncture, before the resolution of its own motion to dismiss, is unwarranted.

### III. CONCLUSION

For the foregoing reasons, WESPAC respectfully requests that this Court deny Plaintiff's motion to consolidate this case with *Helmann,* and grant such other relief to WESPAC as the Court may deem appropriate and proper.

Dated: November 14, 2024          HERBST LAW PLLC

By:  /s/ Robert L. Herbst
    Robert L. Herbst
    rherbst@herbstlawny.com
    420 Lexington Avenue, Suite 300
    New York, New York 10170
    Tel: 914-450-8163 Fax: 888-482-4676
    Attorneys for Defendant
    WESPAC FOUNDATION

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*StandWithUs v. CodePink et al.*
*United States District Court*
*Central District of California*
**Case No.:** 2:24-cv-06253-SVW-PVCx

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE**

I hereby certify on November 14, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated:  November 14, 2024           HERBST LAW PLLC

By: /s/ Robert L. Herbst
    Robert L. Herbst
    rherbst@herbstlawny.com
    420 Lexington Avenue, Suite 300
    New York, New York 10170
    Tel: 914-450-8163 Fax: 888-482-4676
    Attorneys for Defendant
    WESPAC FOUNDATION