GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL R. PALUCH (State Bar No. 287231)
*dpaluch@ghplaw.com*
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff
STANDWITHUS CENTER FOR
LEGAL JUSTICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>    Plaintiff,<br><br>vs.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION,<br><br>    Defendants. | Case No.: 2:24-cv-06253-SVW-PVC<br><br>Assigned for all Purposes to:<br>Judge Stephen V. Wilson<br><br>**JOINT *EX PARTE* APPLICATION AND DECLARATION OF DALLIN B. HOLT** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff StandWithUs Center for Legal Justice ("StandWithUs" or "Plaintiff") from the above-captioned matter and Plaintiff Ronen Helmann ("Helmann") from the related case, *Helmann v. CodePink Women for Peace, et al.*, C.D. Cal. Case No. 2:24-CV-05704-SVW-PVC ("*Helmann*"), are jointly

moving for *ex parte* relief. Defendants CodePink[1], CodePink Women for Peace, CodePink Action Fund, Lenna Schirf, and Remo Ibrahim (collectively, "unopposed Defendants") do not oppose this *ex parte* application, while Defendants Honor the Earth ("Honor the Earth") and WESPAC Foundation ("WESPAC")[2] oppose it. StandWithUs and Helmann move for the following:

1. For an order abating all deadlines and briefing schedules, including those deadlines associated with WESPAC's currently-pending Motion to Dismiss (the "MTD"), while the Court considers StandWithUs's Notice of Motion and Motion to Consolidate Cases, Doc. No. 50. The hearing date for StandWithUs's Motion to Consolidate is scheduled for Monday, December 9, 2024 at 1:30pm.

The *ex parte* procedures posted on the Court's website and by the Court's Order, Doc. No. 35, state that *ex parte* applications are considered on the papers and are not set for hearing. StandWithUs's counsel informed all parties about the relief being requested on November 14, 2024. Declaration of Dallin B. Holt, ¶ 6.

This *ex parte* application is made on the grounds that, should this Court grant Plaintiff's Motion to Consolidate the above-caption matter with *Helmann*, Plaintiffs would file an Amended Complaint that would moot the briefing subject to the current deadlines and briefing schedule. Even if this Court does not grant Plaintiff's Motion to Consolidate, Plaintiff will still file an Amended Complaint to the same effect.

---

[1] In the above-captioned matter, Defendant CodePink also stipulated that it does not oppose consolidation with *Helmann*. Doc. No. 54.

[2] Under LR 83.2.1.3.4, "[e]very attorney seeking to appear *pro hac vice* must designate as Local Counsel an attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of the came and upon whom documents may be served." Accordingly, when making the request for abatement, counsel for StandWithUs contacted Mr. Mark A. Kleiman, the designated Local Counsel for WESPAC. Mr. Kleiman, however, informed counsel for StandWithUs that he does not represent WESPAC and therefore did not have authority to consent to abatement. *See* Instead, Mr. Kleiman forwarded the request to Mr. Robert L. Herbst, who was admitted *pro hac vice* to represent WESPAC in the above-captioned matter. Mr. Herbst subsequently denied StandWithUs's request for abatement on behalf of WESPAC. *See* **Exhibit 1.**

Given the above, the interests of time and efficiency weigh in favor of abatement. In the absence of abatement, the Parties and the Court are likely to expend time and resources in connection with the MTD and other pending motions in both cases that would also likely be mooted with the filing of an amended complaint (consolidated complaint or otherwise), which target a Complaint that will be rendered inoperative either by consolidation or amendment.

Before filing the *ex parte* application, counsel for StandWithUs requested Defendants' counsel to stipulate to abate all outstanding deadlines in both cases. Counsel for all parties agreed, with the exception of Honor the Earth and WESPAC. Additionally, counsel for WESPAC filed a Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Consolidate, Doc. No. 55. As a result, counsel for StandWithUs filed this ex parte application.

This motion is based upon this notice of the ex parte application, the accompanying Memorandum of Points and Authorities, the declaration of Dallin B. Holt, the attached exhibits and all pleadings and papers on file in this action.

DATED: November 15, 2024

GIPSON HOFFMAN & PANCIONE
A Professional Corporation

*/s/ Daniel R. Paluch*
Daniel R. Paluch
Counsel for StandWithUs Center for Legal Justice

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... - 5 -

   1.   INTRODUCTION .................................................................................. - 5 -

   2.   ALL PLAINTIFFS AGREE, AND ALL DEFENDANTS EXCEPT HONOR THE EARTH AND WESTPAC DO NOT OPPOSE, THAT A SHORT ABATEMENT PERIOD IS APPROPRIATE. .............................................. - 5 -

   3.   GOOD CAUSE EXISTS TO ABATE THE OUTSTANDING DEADLINES PENDING RESOLUTION OF THE MOTION TO CONSOLIDATE. ......... - 6 -

   4.   CONCLUSION ....................................................................................... - 8 -

DECLARATION OF DALLIN B. HOLT ............................................................. - 10 -

CERTIFICATE OF SERVICE ............................................................................... - 12 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

On August 2, 2024, counsel for Plaintiffs in the related case, *Helmann*, filed a Notice of Related Case, Doc. 13, identifying the above-captioned matter as related to *Helmann*. On November 4, 2024, counsel for Plaintiffs in *Helmann* filed a Notice and Motion to Consolidate *Helmann* with this case. Counsel for StandWithUs signed that Motion and joined in the request to consolidate and filed a Notice and Motion to Consolidate this case with *Helmann* on November 7, 2024, Doc. No. 50.

Currently, a hearing on the Motion to Consolidate is scheduled for Monday, December 9, 2024, at 1:30pm. If this Court grants the Motion to Consolidate, the Plaintiffs in both cases will file an Amended Complaint, under which the consolidated matter would proceed. If this Court does not grant the Motion to Consolidate, StandWithUs will amend its Complaint in the above-captioned matter as of right. Accordingly, regardless of the outcome of the December 9, 2024 hearing, the subject matter of all parties' briefing will be rendered moot. As discussed below, all parties except Honor the Earth and WESPAC thus agree that abating all pending briefing deadlines pending the resolution of the Motion to Consolidate would be appropriate to promote judicial economy and avoid the unnecessary costs and efforts involved with opposing motions that will be moot once amended pleadings are filed.

## 2. ALL PLAINTIFFS AGREE, AND ALL DEFENDANTS EXCEPT HONOR THE EARTH AND WESTPAC DO NOT OPPOSE, THAT A SHORT ABATEMENT PERIOD IS APPROPRIATE.

In the above-captioned matter, a hearing on the Motion to Consolidate is scheduled for Monday, December 9, 2024, at 1:30pm. As such, the current deadline for StandWithUs to file its opposition to WESPAC's Motion to Dismiss is Monday, November 18, 2024. Following that deadline, WESPAC's reply will be due Monday,

November 25, 2024. However, because these filings will be rendered moot by consolidation or StandWithUs's forthcoming amended pleading, all parties except WESPAC either agree or do not oppose that a short abatement of these deadlines pending the resolution of the Motion to Consolidate would promote their interests. *See* **Exhibit 2.**

There are several deadlines in *Helmann* that would likewise be rendered moot by forthcoming amended pleadings. Namely, Defendants Remo Ibrahim ("Ibrahim") and Lenna Schirf ("Schirf") must file their Answers by Monday, November 18, 2024, and a hearing on the Motion to Strike Plaintiff's First Amended Complaint is scheduled for Monday, November 25, 2024, at 1:30pm. All parties in *Helmann* except Honor the Earth therefore agree or do not oppose that a short abatement of these deadlines pending the resolution of the Motion to Consolidate would promote the interests of judicial economy and efficiency as well.

### 3. GOOD CAUSE EXISTS TO ABATE THE OUTSTANDING DEADLINES PENDING RESOLUTION OF THE MOTION TO CONSOLIDATE.

An *ex parte* application must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *see also Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013). **First**, the *ex parte* application must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly-noticed motion procedures. *Mission Power Engineering Co.*, 883 F.Supp. at 492-93. **Second**, the *ex parte* application must establish that the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect. *Id.*

StandWithUs has met both requirements here:

**First,** StandWithUs, Helmann, and all other parties who do not oppose this Application will be prejudiced if the Court does not grant a short abatement period pending the resolution of the Motion to Consolidate. Should the current deadlines stand, all parties will be subject to unnecessary costs and efforts involved with opposing motions that will be moot once amended pleadings are filed. This prejudicial effect would be particularly acute for StandWithUs, as the current briefing schedule requires StandWithUs to file by Monday, November 18, 2024 an opposition that will be rendered moot once (1) this Court consolidates the cases and Plaintiffs file a Consolidated Complaint, or (2) StandWithUs files an Amended Complaint as of right. StandWithUs has no choice but to seek this extraordinary relief, as the briefing deadlines and hearings described above are fast approaching in both cases.

**Second,** StandWithUs is not at fault for creating this situation requiring extraordinary relief. StandWithUs met-and-conferred with all parties in both cases to request a stipulation to a short abatement period, only to discover on November 14, 2024 (the date of this filing) that (1) WESPAC is not represented by the listed Local Counsel that StandWithUs contacted, and (2) WESPAC and Honor the Earth do not consent to a short abatement period. Nevertheless, once StandWithUs was made aware of these facts, counsel immediately contacted all parties to address the matter and give notice of this Joint Ex Parte Application. *See* **Exhibit 2.**

## 4. CONCLUSION.

For the reasons stated above, counsel for StandWithUs and Helmann, with the non-opposition of all parties in both cases except Honor the Earth and WESPAC, respectfully request that this Court establish a short abatement period for all briefing and other deadlines pending resolution of the Motion to Consolidate in the coming weeks.

DATED: November 15, 2024

/s/ Daniel R. Paluch
Daniel R. Paluch
Gipson Hoffman & Pancione
A Professional Corporation
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-6002
Telephone: 310-556-4660
Fax: 310-556-8945
Email: dpaluch@ghplaw.com

Dallin B. Holt*
Holtzman Vogel Baran Torchinsky
and Josefiak PLLC
2555 East Camelback Rd, Ste 700
Phoenix, AZ 85016
Telephone: 602-388-1262
Fax: 549-341-8809
Email: dholt@holtzmanvogel.com

Bencion Schlager*
National Jewish Advocacy Center
666 Harless Place
West Hempstead, NY 11552
Telephone: 917-495-5790
Email: schlager.bencion@gmail.com

Jason B. Torchinsky*
Edward M Wenger*
Erielle Davidson*
Holtzman Vogel Baran Torchinsky
and Josefiak PLLC

/s/ Mark Javitch
Mark Louis Javitch
Javitch Law Office
3 East 3rd Avenue Suite 200
San Mateo, CA 94401
Telephone: 650-781-8000
Fax: 650-648-0705
Email: mark@javitchlawoffice.com

*Counsel for Plaintiff Ronen Helmann*

1  2300 N Street, NW
2  Suite 643
   Washington, DC 20037
3  Telephone: 202-737-8808
   Fax: 540-341-8809
4  Email: jtorchinsky@holtzmanvogel.com
5  emwenger@holtzmanvogel.com
6  edavidson@holtzmanvogel.com

7  John J. Cycon*
8  Holtzman Vogel Baran Torchinsky
   and Josefiak PLLC
9  15405 John Marshall Highway
10 Haymarket, VA 20169
   Telephone: 540-341-8808
11 Fax: 540-341-8809
12 Email: jcycon@holtzmanvogel.com

13 Mark Goldfeder*
14 National Jewish Advocacy Center Inc.
   1718 General George Patton Drive
15 Brentwood, TN 37027
16 Telephone: 917-301-8746
   Email:
17 mark@jewishadvocacycenter.Org

18
   *Counsel for StandWithUs Center for*
19 *Legal Justice*

20

21 _____
   *Admitted Pro Hac Vice
22

- 9 -
JOINT *EX PARTE* APPLICATION AND DECLARATION OF DALLIN B. HOLT
CASE NO.: 2:24-cv-06253-SVW-PVC

1498282.1 - 06297.00001

# DECLARATION OF DALLIN B. HOLT

I, Dallin B. Holt, declare as follows:

1. I am an attorney for StandWithUs in the above-captioned matter. I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would testify competently to such facts under oath.

2. On November 13, 2024, in response to an email from attorney Mark A. Kleiman, the Lead Attorney for Defendant CodePink ("CodePink") and Local Counsel for WESPAC, I asked whether CodePink and WESPAC would stipulate to a short abatement period with the other parties in this case and the related *Helmann* matter.

3. Mr. Kleiman responded and informed me that, while he represents CodePink, he is not representing WESPAC. He told me that attorney Robert Herbst, who was admitted pro hac vice, is WESPAC's only representative in this matter.

4. I subsequently asked Mr. Kleiman if he could see if Mr. Herbst would agree to the brief abatement period, indicating the parties' concerns regarding unnecessary expenses for briefing issues that would likely be rendered moot.

5. On November 14, 2024, I received an email from Mr. Herbst, who informed me that Mr. Kleiman forwarded him my request, and that WESPAC would not consent to a brief abatement or consolidation. Attached as **Exhibit 1** is a true and correct copy of this e-mail from Mr. Herbst.

6. I subsequently emailed counsel for all parties in the related cases, noting that all except WESPAC and Honor the Earth agreed to the short abatement period. I informed them that all agreeing parties would jointly file this Ex Parte Application, and I provided the Notice required by this Court's Order regarding Ex Parte Applications. Attached as **Exhibit 2** is a true and correct copy of this e-mail from myself to counsel for all parties.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: November 15, 2024

HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC

 /s/ Dallin B. Holt
Dallin B. Holt
2555 East Camelback Rd, Ste 700
Phoenix, AZ 85016
Telephone: 602-388-1262
Facsimile: 549-341-8809
Email: dholt@holtzmanvogel.com
Admitted *Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify on November 15, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

DATED: November 15, 2024

GIPSON HOFFMAN & PANCIONE
A Professional Corporation

*/s/ Daniel R. Paluch*
Daniel R. Paluch
Counsel for StandWithUs Center for Legal Justice