1  Robert L. Herbst (NYSBN 1333194)
   rherbst@herbstlawny.com
2  HERBST LAW PLLC
   420 Lexington Avenue, Suite 300
3  New York, New York 10170
   Tel: 914-450-8163 / Fax: 888-482-4676
4
   Mark Kleiman (SBN 115919)
5  mark@krlaw.us
   KLEIMAN / RAJARAM
6  12121 Wilshire Blvd., Ste. 810
   Los Angeles, CA  90025
7  Tel: 310-392-5455 / Fax: 310-306-8491

8  Attorneys for Defendant
   WESPAC FOUNDATION
9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION,<br><br>Defendants. | CASE NO: 2:24-cv-06253-SVW-PVCx<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>**DEFENDANT WESPAC FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND BRIEFING SCHEDULES**<br><br>Date:  To Be Set By the Court<br>Time:  To Be Set By the Court<br>Place: Courtroom 10A<br>       350 W. 1st Street<br>       Los Angeles, California 90012<br><br>Complaint Filed: July 24, 2024<br>Trial Date: Not Set |

1

**WESPAC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES**
**Case No: 2:24-cv-06253-SVW-PVCx**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant WESPAC Foundation ("WESPAC") submits this memorandum of points and authorities in opposition to Plaintiff's Ex Parte Application for Abatement of All Deadlines and Schedules.

Some of the reasons for WESPAC's opposition to abatement – and the consolidation upon which Plaintiff's application is clearly based – are contained in our Motion to Dismiss Plaintiff's Complaint (Doc. 49) and our Opposition to Plaintiff's Motion to Consolidate (Doc. 55). We incorporate those documents herein.

More than a month ago, at my first conference with Plaintiff's Counsel on October 14, I made our jurisdictional and merits objections to the Complaint – subsequently set forth in Doc. 49 (filed on October 24) and reiterated in Doc 55 (filed on November 7) – clear to counsel. I served our Rule 11 letter on counsel on October 21. Although more than the 21 day period contemplated by Rule 15 for amendment as of right has elapsed, Plaintiff has not responded at all – formally or informally – to WESPAC's arguments, or made any effort to rebut WESPAC's contentions that (1) it has not been sued in good faith, (2) it had no prior knowledge of, and had absolutely nothing to do with, the Temple protest, (3) it knew of no PYM expenditures relating to the protest, (4) it did not knowingly provide PYM with any funds relating to the protest, (5) it had terminated its fiscal sponsorship of PYM before the protest, and (6) there was no basis for Plaintiff to exercise personal jurisdiction over WESPAC. In short, Plaintiff has offered nothing, and done nothing, to rebut WESPAC's contention that Plaintiff is continuing to prosecute this lawsuit against WESPAC in order to harass, intimidate and punish WESPAC for its advocacy (1) in support of Palestinian human rights and dignity, and (2) for an end to the occupation, which the International Court of Justice has ruled unlawful and ordered

2

**WESPAC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES**
Case No: 2:24-cv-06253-SVW-PVCx

its immediate end.[1]

Instead of withdrawing its case against WESPAC, or giving WESPAC or this Court some inkling of how it could still make a good faith pleading that might comply with Rules 11 and 12, Plaintiff has made a meritless motion to consolidate its case against WESPAC with the *Helmann* case, which did not sue WESPAC and which therefore has no common legal or factual issues at all with respect to WESPAC which might conceivably justify (1) a consolidation motion at this point in the case, and (2) the inconvenience, delay and expense to WESPAC from being subjected to a planned "consolidated amended complaint" with a plaintiff in another case who sued Honor The Earth, another fiscal sponsor organization, rather than WESPAC.

That consolidation motion is clearly premature and unwarranted at this juncture, at the motion-to-dismiss stage, where the jurisdictional and Rule 12 analysis must be conducted separately for each defendant, and thus where no real savings in time or expense would accrue to Plaintiff or WESPAC from consolidation before WESPAC's motion to dismiss is decided.  Both the motion to dismiss and the motion to consolidate will be before this Court on December 9, as they should be, giving the Court the discretion to rule on both motions in the order it deems appropriate.

Notwithstanding the frivolous nature of Plaintiff's claims against WESPAC, and its meritless consolidation motion, Plaintiff now files an ex parte application which should be seen for what it is:  a belated and wholly unjustifiable abuse of that extraordinary procedure – filed for the purposes of delay *one business day* before its opposition to WESPAC's motion to dismiss is due.

---

[1] https://www.icj-cij.org/sites/default/files/case-related/186/186-20240719-adv-01-00-en.pdf (opinion of 19 July 2024), summarized at https://en.wikipedia.org/wiki/ICJ_case_on_Israel%27s_occupation_of_the_Palestinian_territories#:~:text=It%20concluded%20that%20Israel%20should,that%20Israel%20should%20pay%20reparations ("It concluded that Israel should put an end to its illegal occupation of the Palestinian territories, desist from creating new settlements, and evacuate those already established.  It further concluded that where Palestinians have lost land and property, that Israel should pay reparations.").

3

**WESPAC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES**
**Case No:  2:24-cv-06253-SVW-PVC**

This Court's case order confines ex parte applications to instances where "extraordinary relief" is "necessary." *In Re Intermagnetics America, Inc.*, 101 Bankr. 191, 1989 U.S. Dist. LEXIS 6367 (C.D. Cal. 1989), cited in that case order, notes that such applications are "extremely limited" and "nearly always improper," "pose a threat to the adversary system," and "contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court." 101 Bankr. at 192-93.

Here, Plaintiff's counsel claims that it will be "irreparably prejudiced" if it has to timely file opposition papers to WESPAC's motion to dismiss as scheduled, permitting that motion to be heard at the same time as the motion to consolidate on December 9. Plaintiff also claims that it has established that Plaintiff is "without fault in creating the 'crisis,' or that the crisis occurred as a result of its excusable neglect." Pl. Mem. of Pts. & Auth, Doc. 57, at 6. Both those contentions are meritless.

Having to respond in a timely fashion to WESPAC's motion to dismiss as scheduled, so that the Court can resolve the motion to dismiss before or at the same time as the motion to consolidate, can hardly be deemed "irreparable prejudice," especially in the circumstances here, where Plaintiff seeks to consolidate its case against WESPAC with another case with absolutely no claims against WESPAC. Notably, Plaintiff cites no authority suggesting that its ex parte application to free itself of the obligation to respond to a motion to dismiss in due course constitutes the kind of "necessary, extraordinary relief" and "irreparable prejudice" justifying an ex parte application, rather than a misuse warranting sanctions. Indeed, filing an ex parte application in such circumstances flies in the face of the very case cited in this Court's case order, *In Re Intermagnetics America, Inc.*, 101 Bankr. at 193:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that *noticed* motions should be the rule and not the

4

exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.

This is a paradigmatic example of an ex parte application filed for no good reason.[2] WESPAC filed its motion to dismiss on October 24. Plaintiff had until November 18 – 26 days – to respond, or to amend rather than respond. Either route might have constituted an attempt to inform WESPAC and this Court of a plausible basis for continuing to sue WESPAC. Yet Plaintiff's extraordinary ex parte application contains no hint that it has any basis for asserting personal jurisdiction over WESPAC in this District, or that it can muster claims against WESPAC that could withstand Rule 12, *Iqbal* and *Twombly* scrutiny.[3]  Accordingly, Plaintiff has failed to demonstrate either irreparable prejudice or that it is without fault in filing its ex parte application. *Id.* ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.").

Here, Plaintiff simply sat on its hands, waiting until *the last business day* before its response to WESPAC's motion to dismiss was due to prepare and file its

---

[2] And one requiring a hurried response under pressure from opposing counsel, which, with apologies to the Court, this is.

[3] Nor does the ex parte application explain why this Court should be deprived of the opportunity to determine for itself whether WESPAC's motion to dismiss should be decided before or after Plaintiff's motion to consolidate.  Instead, the ex parte application simply presumes that the motion to consolidate should be decided first, totally ignoring WESPAC's arguments to the contrary contained in its brief opposing consolidation.  Doc 55.

5

**WESPAC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES**
**Case No:  2:24-cv-06253-SVW-PVC**

ex parte application, presumably thinking that it would leave the Court little choice but to grant Plaintiff additional time to respond to the motion. Plaintiff was also late in seeking consent from WESPAC and Honor the Earth to an abatement and consolidation that Plaintiff had reason to know was unlikely to be forthcoming, as WESPAC had filed its opposition to consolidation on November 7, and both WESPAC and Honor the Earth, having been sued in only one case each,[4] would be prejudiced by, rather than benefit from, either consolidation or an abatement application that presumes that such consolidation is merited and will be granted. Plaintiff sought consent to the abatement only on November 13, and asked to be informed by 10 a.m. Eastern time on November 14 as to whether such consent would be forthcoming. As is evident from Doc. 57-2, Exhibit 2 to the ex parte application, WESPAC emailed its opposition to both abatement and consolidation at 9:17 a.m. Thus, while the abatement of all deadlines and briefing schedules is not the kind of "irreparable prejudice" that might warrant an ex parte application, especially in the circumstances here, the notion that the "crisis" faced by Plaintiff was created by, and the fault of, anyone other than Plaintiff is utterly fanciful.

      Plaintiff's attempt to suggest that its neglect is excusable because it attempted to seek consent to its abatement from local counsel rather than me is particularly meritless. Plaintiff's counsel was well aware from the outset that I was making the decisions for WESPAC. During the entire pendency of this case from my admission *pro hac vice*, I alone have conducted all of the email, zoom and telephone communications with counsel, including the two "meet and confers" prior to filing WESPAC's motion to dismiss on October 24. Counsel has had my cell phone number and email address from the beginning, and there has never been an instance in which I have failed to respond to counsel's requests in a prompt and timely manner.

---

[4] This doubtless explains the differing positions on consolidation and abatement of the CODEPINK and PYM defendants, who are defendants in both cases.

6

**WESPAC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES
Case No: 2:24-cv-06253-SVW-PVC**

Indeed, in the very instance in which counsel for the first time made their request (for an abatement) to local counsel rather than me, local counsel immediately forwarded that request to me, and as noted above, I responded in advance of the deadline set by counsel. Neither Plaintiff nor its counsel have suffered *any* prejudice on that score, let alone irreparable prejudice. Counsel's effort to claim such prejudice for tactical advantage here should be firmly rejected.[5]

## II.  CONCLUSION

For the foregoing reasons, WESPAC respectfully requests that this Court deny Plaintiff's motion for abatement of all deadlines and schedules in this case, and grant such other relief to WESPAC as the Court may deem appropriate and proper.

Dated:  November 18, 2024            HERBST LAW PLLC


By:  /s/ Robert L. Herbst
      Robert L. Herbst
      rherbst@herbstlawny.com
      420 Lexington Avenue, Suite 300
      New York, New York 10170
      Tel: 914-450-8163 Fax: 888-482-4676
      Attorneys for Defendant
      WESPAC FOUNDATION

---

[5] In light of Mr. Kleiman's email to Plaintiff's counsel in Doc 57-1 which came as a surprise to WESPAC, and of the fact that CODEPINK, primarily represented by Mr. Kleiman, has interposed no objection to consolidation or abatement while WESPAC has, WESPAC feels it would be better served by alternative local counsel going forward, and it is actively engaged in finding and retaining same.

7

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

***StandWithUs v. CodePink et al.***
***United States District Court***
***Central District of California***
***Case No.:*** 2:24-cv-06253-SVW-PVCx

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ABATEMENT OF ALL DEADLINES AND SCHEDULES**

I hereby certify on November 18, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated:  November 18, 2024          HERBST LAW PLLC

                                  By: /s/ Robert L. Herbst
                                      Robert L. Herbst
                                      rherbst@herbstlawny.com
                                      420 Lexington Avenue, Suite 300
                                      New York, New York 10170
                                      Tel: 914-450-8163 Fax: 888-482-4676
                                      Attorneys for Defendant
                                      WESPAC FOUNDATION