1  Robert L. Herbst (NYSBN 1333194)
   rherbst@herbstlawny.com
2  HERBST LAW PLLC
   420 Lexington Avenue, Suite 300
3  New York, New York 10170
   Tel: 914-450-8163 / Fax: 888-482-4676
4

5  Mark Kleiman (SBN 115919)
   mark@krlaw.us
6  KLEIMAN / RAJARAM
   12121 Wilshire Blvd., Ste. 810
7  Los Angeles, CA 90025
   Tel: 310-392-5455 / Fax: 310-306-8491
8

9  Attorneys for Defendant
   WESPAC FOUNDATION

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION,<br><br>Defendants. | CASE NO: 2:24-cv-06253-SVW-PVCx<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WESPAC FOUNDATION'S MOTION TO DISMISS COMPLAINT**<br><br>Date: Monday, December 9, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>350 W. 1st Street<br>Los Angeles, California 90012<br><br>Complaint Filed: July 24, 2024<br>Trial Date: Not Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant WESPAC Foundation ("WESPAC") submits this reply memorandum of points and authorities in support of its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

Plaintiff's Opposition[1] confirms WESPAC had nothing to do with the alleged events at issue. Put simply, Plaintiff does not – and cannot – dispute that no one from WESPAC knew in advance of any protest at Adas Torah; went to it; called for anyone to go there; communicated with anyone about it; provided any funds for it; or did *anything* in relation to Adas Torah. *See* Opening Brief at 3, 5-6, 8-9. Consequently, there is no basis to exercise personal jurisdiction over WESPAC, a New York entity, or for the claims asserted.

On personal jurisdiction, Plaintiff offers a cursory argument that specific jurisdiction exists because (i) WESPAC has purposefully directed activities at California by acting as fiscal sponsor to PYM, which operates in California, and (ii) WESPAC's being fiscal sponsor allowed PYM to organize the "riot" out of which Plaintiff's alleged injuries arose. These theories are not remotely colorable.

As to purposeful direction, the allegations and exhibits that Plaintiff cites – to contend PYM generally operates in California – do not mention California. And Plaintiff cannot even allege PYM actually did anything in California in relation to the "riot." *See* Complaint ¶ 43 ("*Upon information and belief*, members of PYM" were at "riot") (emphasis added). Beyond that, Plaintiff's exhibits and allegations establish that PYM has no place of business in California and operates across North

---

[1] "Plaintiff's Opposition" refers to Doc. 59, Plaintiff's Opposition to Motion to Dismiss Filed by WESPAC Foundation. Terms defined in the Memorandum of Points and Authorities in Support of Defendant WESPAC Foundation's Motion to Dismiss Complaint, Doc. 49 ("Opening Brief") are given the same meaning herein.

America and Europe. *See id.* ¶ 36; Doc. 59-1, 59-2, 59-3. Thus, Plaintiff asks the Court to find that WESPAC's acting as fiscal sponsor to an entity that is not based in California and works on multiple continents constitutes the purposeful direction of activity at California. Plaintiff offers no authority for that meritless contention.

Nor can it be said that Plaintiff's alleged injuries arose out of anything WESPAC did. After all, Plaintiff does not claim WESPAC sent funds to PYM that were used for the "riot." Plaintiff does not even allege PYM spent any funds for "riot" purposes. Thus, Plaintiff has utterly failed to allege that WESPAC did anything out of which Plaintiff's alleged injuries arose.

Plaintiff also must establish that it would be reasonable to exercise jurisdiction over WESPAC here, an issue it just ignores. Suffice it to say that exercising jurisdiction in California over an entity that has no presence in California, took no alleged action in California, and directed no activity at California would be grossly unjust.

In arguing it has pleaded valid claims, Plaintiff's Opposition relies solely on the alleged fact that WESPAC acted generally as PYM's fiscal sponsor, rather than any specific allegation that WESPAC provided PYM with money that PYM spent in connection with the Adas Torah "riot" or that WESPAC did anything else relating to the "riot." Plaintiff contends the IRS requires fiscal sponsors to retain control of disbursed funds, which – in and of itself – creates an agency relationship such that WESPAC is liable for anything PYM does. Rather than cite a case to support this extraordinary argument, Plaintiff cites a single book published in 1993 not available on standard legal research databases. Even if Plaintiff were correct about the law, its generic legal conclusions would not state claims, because valid claims must be based on plausible factual allegations that link the defendant to the specific event – here the "riot" – out of which Plaintiff's injuries arise. But, of course, Plaintiff is wrong about the law. No agency relationship exists between WESPAC and PYM under California

2
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WESPAC FOUNDATION'S MOTION TO DISMISS COMPLAINT
Case No: 2:24-cv-06253-SVW-PVCx

or federal law, because Plaintiff has failed to allege – and cannot allege – any specific facts which would suggest that WESPAC ever assented to PYM's acting as its agent, or that PYM has ever played that role for WESPAC with any third parties.

## II. ARGUMENT

### A. THE OPPOSITION BRIEF CONFIRMS THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER WESPAC

As set forth in WESPAC's Opening Brief (at 11), specific jurisdiction exists only if a "defendant's suit-related conduct [] create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation and quotation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.*, 137 S. Ct. 1773, 1781 (2017).

Plaintiff devotes one paragraph to a half-hearted argument that specific jurisdiction may be exercised over WESPAC pursuant to the requisite elements of (i) a defendant's purposefully directing activities at California, and (ii) litigation based on injuries arising out of such activities. *See* Opposition at 12. Plaintiff asserts that "WESPAC purposefully directed its activities at California by funding the operations of PYM, which organizes and participates in California-based events like the riot." *Id.* As a threshold matter, the allegations and exhibits Plaintiff cites in support of this assertion do not even mention PYM organizing or participating in events *in California*, let alone in relation to the "riot." *See id.* (citing Complaint ¶¶ 35, 43-47; Exhibits 1, 2). In fact, as addressed in WESPAC's Opening Brief, and left unchallenged by Plaintiff's Opposition, Plaintiff cannot even say that PYM members actually were *present at* Adas Torah. *See* Opening Brief at 5 (citing Complaint ¶ 43 ("*Upon information and belief*, members of PYM were among those who blocked access to Adas Torah on June 23, 2024.") (emphasis added).

3

Moreover, according to the Complaint and the exhibits Plaintiff has submitted, PYM "is an unincorporated association without a formal principal place of business" that has "14 chapters across North America and Europe." *See* Complaint ¶ 36; Doc. 59-1, 59-2, 59-3. As such, Plaintiff's position is that simply acting as fiscal sponsor to an entity that does not have a place of business in California and operates around the world constitutes purposeful direction of activities at California. Needless to say, Plaintiff cites no authority to support this frivolous contention, particularly given that it is not even alleged that funds were sent to California or sent somewhere else specifically for use in California in connection with the "riot." Such a rule would render meaningless the element of purposeful direction, which Plaintiff clearly has failed to establish here. *See Strasner v Touchstone Wireless Repair & Logistics, LP*, 5 Cal. App. 5th 215, 231, 210 Cal. Rptr. 3d 16, 28-30 (2016) ("Nor has [plaintiff] identified any authority in which a court found specific jurisdiction without sufficient evidentiary support establishing that the defendant's conduct was targeted at the forum state with knowledge that the act would cause harm in the state."); *citing Pavlovich v. Superior Court*, 29 Cal.4th 262, 274-75 (2002) (posting on a passive website insufficient to establish purposeful availment when defendant did not know his conduct would cause harm to plaintiff in California; "the fact that a defendant's actions in some way set into motion events which ultimately injured a California resident cannot, by itself, confer jurisdiction over that defendant").

As to the second element – litigation based on injuries arising out of such activities directed at California – Plaintiff baldly claims "this litigation is a direct result of WESPAC's relationship with PYM, as its fiscal sponsorship of PYM enabled the group to secure the funding it needed to publicize and organize the Adas Torah riot that targeted California residents for antisemitic violence." Opposition at 12. However, Plaintiff does not, and cannot, allege that any funds WESPAC ever sent to PYM were used in connection *with the events alleged in the Complaint*. In

fact, Plaintiff does not even allege that PYM itself used funds from *any source* in connection with the alleged events, which is unsurprising given that Plaintiff does not know if anyone from PYM actually did anything relating to those events. Thus, Plaintiff has failed to plead that its alleged injuries arose from any activity by WESPAC, let alone activity in or directed at California.

Finally, for obvious reasons, Plaintiff has omitted any discussion of the third element of the specific jurisdiction analysis: the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Mtr. Co.*, 374 F.3d 797, 802 (9th Cir. 2004). It would be entirely unreasonable to exercise personal jurisdiction over WESPAC because it (i) has no presence in California, (ii) is not alleged to have sent any funds to California, and (iii) is not alleged to have provided funds to PYM elsewhere that PYM used in California, let alone for purposes of starting a "riot." Obviously, Plaintiff cites no authority that could conceivably justify as reasonable such an unfair – indeed, absurd – result.

### B. THE OPPOSITION BRIEF CONFIRMS THAT PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST WESPAC

Plaintiff contends it has stated plausible claims against WESPAC on the basis of allegations in the Complaint that, in fact, are nothing more than legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court need not accept as true conclusory legal allegations); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (same). Moreover, those legal conclusions are either irrelevant or incorrect.

First, Plaintiff repeats the Complaint's allegation that the IRS requires fiscal sponsors to retain control and discretion of funds sent to sponsored entities to ensure the sponsors do not lose their tax-exempt status. Opposition at 9; *see* Complaint ¶ 45. Obviously, this does not amount to an allegation that WESPAC did anything, let

alone something actionable. The assertion thus does not remotely state a claim. Moreover, the issue of WESPAC's preservation of its tax-exempt status is entirely irrelevant to WESPAC's alleged liability under the FACE Act.[2]

Second, Plaintiff contends the cited IRS rule "creates an agency relationship between the Section 501(c)(3) sponsor and the non-exempt organization." Opposition at 9. According to Plaintiff, "WESPAC may be held liable for PYM's conduct under common-law agency principles." *Id.* For this supposedly well-established proposition, Plaintiff cites a single secondary source. *Id.* at 9-10 (claiming to rely on "relevant caselaw and legal principles," Plaintiff points only to Gregory L. Colvin, Fiscal Sponsorship: Six Ways to Do It Right—A Synopsis, 7 EXEMPT ORG. TAX REV. 604 (1993)).

WESPAC is not able to locate a copy of this secondary source through standard legal research databases or in accessible physical libraries. Further, while Plaintiff must substantiate its own legal arguments, WESPAC has looked for, and been unable to find, any case even addressing, let alone supporting, Plaintiff's position that a fiscal sponsor-sponsoree relationship automatically creates a principal-agent relationship, which indicates how far-fetched the position is. The absence of legitimate authority for Plaintiff's position is unsurprising, though, considering actual principles of agency, which are completely to the contrary.

Under California law, an agent is "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. The elements of an agency relationship are "(1) An agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him." *Turner-Gray v. Avis Budget Grp. Inc.*, 2024

---

[2] To be clear, WESPAC does not, in any way, suggest it has done anything to lose such status.

U.S. Dist. LEXIS 187440, at *7 (N.D. Cali. Oct. 15, 2024) (citing *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 964, 56 Cal. Rptr. 3d 177 (2007)) (internal quotation omitted).

Similarly, as a matter of federal common law, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01). The *sine qua non* of an agency relationship in this context is that the agent "must have authority to act on behalf of the principal and '[t]he person represented [must have] a right to control the actions of the agent.'" *Id.* (Quoting Restatement (Third) Of Agency § 1.01, cmt. C). Actual authority exists based on "the principal's assent that the agent take action on the principal's behalf." *Id.* (quoting Restatement (Third) of Agency § 3.01).

Of course, Plaintiff does not, and cannot, allege that PYM has ever represented WESPAC in dealings with third parties. Plaintiff does not, and cannot, allege that PYM has any power to alter the legal relations between WESPAC and any other party, that PYM acts as a fiduciary to WESPAC, or that WESPAC entrusts PYM with conducting business on WESPAC's behalf. And, certainly, Plaintiff does not, and cannot, allege that WESPAC did anything to assent to PYM's acting on WESPAC's behalf. Thus, there is no basis to conclude that WESPAC and PYM share an agency relationship, let alone one that makes WESPAC automatically liable for anything and everything PYM allegedly does, to any human being who feels aggrieved, anywhere on the planet.

These unavailing legal conclusions aside, the Complaint is bereft of actionable allegations. Plaintiff does not claim anyone at WESPAC knew of any protest to be held at Adas Torah, called for people to attend such protest, or went to such protest.

Plaintiff does not allege WESPAC provided any funds to PYM that were used in connection with the Adas Torah events – or even that PYM spent any money in connection with those events. And, again, Plaintiff does not even claim to know that PYM members were at Adas Torah.

Even if *arguendo* there were some authority for a cognizable legal theory supporting Plaintiff's legal conclusion that WESPAC could be liable to it solely because WESPAC provided donor funds earmarked for PYM (to accord donors a tax exemption), the failure to plead that WESPAC provided money that was actually used in connection with the Adas Torah events – the only events out of which Plaintiff's claims arise – is fatal to Plaintiff's claims against WESPAC. Even if *arguendo* the IRS regulation required every fiscal sponsor to exercise discretion and control over every dime it gives to its fiscal sponsoree, the fact that Plaintiff has failed to allege – and cannot allege – that any WESPAC dime was spent in connection with the June 23 events at issue in this Complaint makes it impossible for Plaintiff to state a valid claim against WESPAC. Accordingly, Plaintiff's alternative request for leave to amend against WESPAC should be denied, and the dismissal here should be with prejudice. *Houston v. Kirk,* 2:23-cv-06887-SVW-MRW, 2024 U.S. Dist. LEXIS 70753 *4-5 (C.D.Ca., Feb 8, 2024) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."), *citing Steckman v. Hart Brewing,* 143 F.3d 1293, 1298 (9th Cir. 1998).

### III. CONCLUSION

For the foregoing reasons and those set forth in its Opening Brief, WESPAC respectfully requests that this Court grant its motion pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss Plaintiff's Complaint in its

entirety as against WESPAC, with prejudice, and grant such additional relief as the Court may deem appropriate and proper.

Dated: November 22, 2024        HERBST LAW PLLC

By: /s/ Robert L. Herbst
Robert L. Herbst
rherbst@herbstlawny.com
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: 914-450-8163 Fax: 888-482-4676
Attorneys for Defendant
WESPAC FOUNDATION

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*StandWithUs v. CodePink et al.*
*United States District Court*
*Central District of California*
*Case No.:* 2:24-cv-06253-SVW-PVCx

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WESPAC FOUNDATION'S MOTION TO DISMISS COMPLAINT**

I hereby certify on November 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated: November 22, 2024         HERBST LAW PLLC

By: /s/ Robert L. Herbst_____
    Robert L. Herbst
    rherbst@herbstlawny.com
    420 Lexington Avenue, Suite 300
    New York, New York 10170
    Tel: 914-450-8163 Fax: 888-482-4676
    Attorneys for Defendant
    WESPAC FOUNDATION