Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
(pro hac vice)
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas, TX 75219
Tel: 214-392-2281

Attorneys for Defendant CODEPINK

Thomas B. Harvey (SBN 287198)
tbhlegal@proton.me
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles, Suite 226
Thousand Oaks, CA 91360
(805)768-4440

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
LENA SCHIR, REMO IBRAHIM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION,<br><br>Defendants. | CASE NO: 2:24-cv-06253-SVW-PVCx<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER REGARDING STANDWITHUS COMMENCING DISCOVERY<br><br>Date:   January 27, 2025<br>Time:  1:30 pm.<br>Place:  Courtroom 10A<br>           350 W. 1st Street<br>           Los Angeles, CA |

**PLEASE TAKE NOTICE THAT** on January 27, 2025, at 1:30 p.m. or as soon thereafter as counsel may be hearing in the courtroom of the Honorable Stephen V. Wilson, located in Courtroom 10 of the United States Courthouse, 350 West 1st Street, 10th Floor, Defendants CODEPINK  Women for Peace and CODEPINK ACTION FUND, and Defendants Palestinian Youth Movement, Lena Schirf, and Remo Ibrahim (Defendants) will and do bring a  Motion for Reconsideration of this Court's order on December 9, 2024, that discovery in this action should commence.

The motion is made upon the following grounds:

1. The Order was erroneously made in violation of Fed. R. Civ. Proc. 16(b) which entitles all parties to be heard prior to entry of a scheduling order, including discovery orders, and this order was made with no prior notice or opportunity to be heard;

2. The lack of notice deprived defendants Schirf and Ibrahim of the ability to make any argument at all to this Court about discovery;

3. As the order was not made upon a noticed motion the restrictions of L.R. 7-18 are inapplicable or should, in the interests of justice, be loosened;

4. Subsequent to the Order Plaintiffs radically altered their complaint, now turning it Class Action Complaint with entirely different discovery considerations and requirements;

5. Each Amended Complaint has grave standing problems which should be resolved before expensive and burdensome discovery commences.

   a. SJLC is not a proper party to the Complaint under the Supreme Court's recent decision, Food & Drug Administration v. Alliance for Hippocratic Medicine;

   b. None of the anonymous SJLC members are proper parties because there is no basis for permitting them to proceed anonymously;

1        c. None of the purported plaintiffs in the SJLC Complaint or, the

2           plaintiff in the Helmann complaint have alleged injuries which are

3           fairly traceable to the CODEPINK defendants or, for that matter, to

4           any other of the defendants.

5      The motion is made following a conference with Plaintiff Helmann's counsel

6 pursuant to L.R. 7-3. Defendants sought to meet and confer with counsel for

7 STANDWITHUS CENTER FOR LEGAL JUSTICE but could not practically

8 engage in this process until after Plaintiffs had filed their First Amended

9 Complaint. The basis for relief under Fed. R. Civ. Proc. 60(b) as set forth more

10 fully in this Motion and the Declaration of Mark Kleiman.

11 Dated: December 23, 2024    By:   /s/ Mark Kleiman

12                      Mark Kleiman (SBN 115919)

13                      *Counsel for CodePink*
                     mark@krlaw.us

14                      KLEIMAN / RAJARAM

15                      12121 Wilshire Blvd., Ste. 810
                     Los Angeles, CA  90025

16                      Tel: 310-392-5455 / Fax: 310-306-8491

17

18                      Collin Poirot, Esq.
                     (*pro hac vice*)

19                      *Counsel for CodePink*
                     cpoirot.law@gmail.com

20                      2603 Oak Lawn, Suite 300

21                      Dallas, TX 75219

22                      214-392-2281

23                      /s/ Thomas B. Harvey

24                      Thomas B. Harvey

25                      LAW OFFICES OF THOMAS B. HARVEY
                     365 E. Avenida de Los Arboles, Suite 226
                     Thousand Oaks, CA 91360

26

27                     2

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES.................................................................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES........................................ 9

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ......................... 9

II.     PERTINENT PROCEDURAL HISTORY ................................................10

III.    STANDARD OF REVIEW ON MOTION
        FOR RECONSIDERATION.......................................................................14

IV.     THE SUDDEN AND METAMORPHOSIS
        OF PLAINTIFFS' COMPLAINTS INTO CLASS ACTION
        CASES REQUIRES AN ENTIRELY DIFFERENT
        DISCOVERY PLAN...................................................................................17

V.      WITHOUT NOTICE THAT DISCOVERY WOULD BE
        DISCUSSED DEFENDANTS HAD NO OPPORTUNITY
        TO OBJECT THAT THE UNIQUE POSTURE OF THIS
        CASE REQUIRES THAT DISCOVERY BEGIN ONLY
        AFTER CONSTITUTIONAL STANDING AND RELATED
        LEGAL CHALLENGES BE ADDRESSED...............................................20

        A. No Plaintiffs Have Proven Any Basis for Proceeding
           Anonymously ......................................................................................20

        B. No Plaintiffs Have Shown That Their Alleged Injuries
           Are Fairly Traceable to Defendants' Alleged Wrongdoing...................21

        C. SCLJ Has No Cognizable Direct Claim for Injury to Its
           Core Business Activities .....................................................................23

        D. SCLJ Has No Basis for a Representative Claim on Behalf
           of Its Alleged Members.......................................................................24

3

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No: 2:24-cv-06253-SVW-PVC

VI.    DISCOVERY SHOULD BE STAYED AT THE LEAST
       UNTIL ARTICLE III STANDARDS HAVE BEEN SATISFIED
       AND THE CLASSES, IF ANY, ARE CERTIFIED .................................26

VII.   CONCLUSION ............................................................................26

# TABLE OF AUTHORITIES

**Page**

*Allen v. Wright,* 468 U.S. 737 (1984) ...................................................................22

*Am. Unites for Kids v. Rousseau,*
    985 F.3d 1075 (9th Cir. 2021)..................................................................24

*Arizona. All. For Retired Americans.v.. Mayes,,*
    117 F.4th 1165, 2024 WL 4246721, at *4 ................................................24

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...............................................................................21

*Daniel v. National Park Serv.,*
    891 F.3d 762 (9th Cir. 2018)..................................................................21

*Dietz v. Bouldin,*
    579 U.S. 40, 136 S.Ct. 1885, 195 L.Ed.2d 161 (2016)...............................15

*Doe v. Ayers,*
    789 F.3d 944 (9th Cir. 2015) ..................................................................21

*Doe v. Kameameha Sch./Bernice Pauahi Bishop Est.*
    596 F.3d 1036 (9th Cir. 2010)..................................................................21

*Does I thru XXIII v. Advanced Textile Corp.,*
    214 F.3d 1058 (9th Cir. 2000) ..................................................................20

*Doninger v. Pac. Nw. Bell, Inc.,*
    564 F.2d 1304 (9th Cir. 1977)..................................................................18

*Duke Power Co. v. Carolina Envtl. Study Grp.,*
    438 U.S. 59 (1978) ...............................................................................22

*Est. of Risher v. City of Los Angeles,* No. EDCV1700995MWFKKX,
    2023 WL 5506005, at *6 (C.D. Cal. July 10, 2023) ....................................15

*FDA v. All. for Hippocratic Med.,*
    602 U.S. 367 (2024) ...............................................................................24

5

*Food & Drug Admin. v. All. for Hippocratic Med.*,
   602 U.S. 395 ...........................................................................................25

*Hallett v. Morgan,*
   296 F.3d 732, 751 (9th Cir. 2002) ........................................................26

*Hancock v. Aetna Life Ins. Co.*,
   327 F.R.D. 383, 390 (W.D. Wash. 2017) ..............................................26

*Havens Realty v. Coleman*,
   455 U.S. 363 (1982) ..............................................................................24

*Iran Thalassemia Soc'y v. Off. of Foreign Assets Control*,
   2024 U.S. App. LEXIS 15638 *; 2024 WL 3200281
   (9th Cir. June 24, 2024)....................................................................22,23

*Kamm v. California City Development Co.*,
   509 F.2d 205 (9th Cir. 1975) ................................................................18

*Lewis v. Casey*,
   518 U.S. 343, 357 (1996) ......................................................................18

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ..............................................................................22

<u>*Lierboe v. State Farm Mut. Auto. Ins. Co.*</u>,
   350 F.3d 1018 (9th Cir. 2003) ..............................................................18

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 560-61 (1992) ................................................................22

*Machowski v. 333 Placentia Property LLC*,
   38 F. 4th 837 (9th Cir. 2022)................................................................15

*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985)...............................................................18

*Moqaddem v. Kalra*, No. EDCV 23-0173 JGB (KKX),
   2023 WL 6813790, at *3 (C.D. Cal. Sept. 12, 2023)..................................15

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No: 2:24-cv-06253-SVW-PVC

*NAACP v. State of California,*
 511 F.Supp. 1244 (E.D. Cal. 1981)..........................................................22.23

*Nichols v. Brown,*
 859 F.Supp. 2d 1118 (C.D. Cal. 2012)......................................................22

*Oppenheimer Fund v. Sanders,*
 437 U.S. 340 (1978). Fed. R. Civ. P. 23(a).................................................. 18

*Roe v. Skillz, Inc.,*
 858 F.Appx. 240 (9th Cir. 2021)..................................................................20

*Spokeo, Inc. v. Robins,*
 578 U.S. 330 (2016) .....................................................................................22

*Tawfilis v. Allergan, Inc.,*
 *2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015)*.....................................15

*Vinole v. Countrywide Home Loans, Inc.,*
 *571 F.3d 935 (9th Cir. 2009)* ........................................................................18

*White Tanks Concerned Citizens, Inc. v. Strock,*
 563 F.3d 1033 (9th Cir. 2009) .....................................................................25

*Winsor v. Sequoia Benefits & Ins. Servs.,*
 62 F.4th 517 (9th Cir. 2023).........................................................................21

***STATUTES***

Fed R. Civ. P. 16(b)(1)(B) ...................................................................................15

Fed. R. Civ. P. 23 (a) ..........................................................................................19

Fed. R. Civ. P. 26(b)(1) ..................................................................................17,26

Fed. R. Civ. P. 26(b)(2)(C) .................................................................................18

Fed. R. Civ. P. 59 (e) ..........................................................................................15

Fed. R. Civ. P. 60(b) .............................................................................................*passim*

Fed. R. Civ. P. 60(b)(6) ............................................................................................16

L.R. 7-3 ..................................................................................................................17

L.R. 7-18 ...........................................................................................................*passim*

L.R. 7-18(c) ..............................................................................................................16

8

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants CODEPINK  Women for Peace and CODEPINK ACTION FUND, and Defendants PALESTINIAN YOUTH MOVEMENT, LENA SCHIRF, and REMO IBRAHIM(Defendants) file this motion jointly requesting the Court reconsider its ruling regarding discovery. The Court has issued a *sua sponte* order for discovery to commence. This order came prior to any party requesting such discovery or having the opportunity to develop a plan for discovery. The Court issued the order without hearing WESPAC's fully briefed Motion to Dismiss, Code Pink's Motion to Dismiss, or Defendant Honor the Earth's Motion to Strike. The court's order also came without any of the Defendants having an opportunity to object.  And Palestinian Youth Movement (PYM) in *StandWithUs* or PYM, Schirf, or Ibrahim in *Helmann* were not even present at the hearing because none of the noticed motions concerned them.

Defendants argue that local rule 7-18 and Fed. R. Civ. P. 59 (e) and 60 (b) provide grounds for reconsideration, noting that sua sponte decisions often curtail proceedings and create confusion.

Defendants also call the Court's attention to the radical change in status in the First Amended Complaint in *StandWithUs* and Second Amended Complaint in *Helmann.* Because both actions are now pled as class cases, Defendants argue that Plaintiffs are not entitled to precertification discovery.

Finally, Defendants argue that discovery should not begin in either case without considering issues regarding the Court's lack of jurisdiction since the plaintiffs have failed to establish standing.  There is no basis for any plaintiff to proceed anonymously, and no showing that the alleged injuries are fairly traceable to the Defendants' actions. There are serious defects in Plaintiffs' cases, any one of

which should lead to dismissal and avoid unnecessary, expensive discovery for Defendants, who are all small non-profits with limited budgets.

## II.    **PERTINENT PROCEDURAL HISTORY**

Plaintiffs in *Helmann* filed their pleadings on July 7, 2024. Defendant Honor the Earth filed its motion to strike on October 14, 2024. Defendant CodePink filed its motion to dismiss the first amended complaint on October 18, 2024. Both were set for hearings on November 25, 2024. On October 28, 2024, the Court called for a Status Conference. Plaintiffs in Helmann filed their opposition to Honor the Earth's motion to strike on the same day. The court set the hearing for November 25, 2024. On October 28, the court held a Status Conference in *Helmann*, in which the Court asked questions about who the parties were, what the theory of the case was, and what arguments the Defendants had raised in their Motions to Strike and Dismiss. No motions were argued or adjudicated that day.

On October 29, Defendant WESPAC filed a Motion to Dismiss in StandWithUs Center for Legal Justice v. CodePink, et. al.. 2:24-cv-06253 [Dkt. No. 49]. A hearing on the motion was scheduled for December 9, 2024. The following day, this Court issued a scheduling order, and set a hearing on CodePink's Motion to Dismiss on November 25, 2024. Plaintiffs in Helmann and in StandWithUs Center for Legal Justice informed Defendants by email that they intended to file a Motion to Consolidate the cases. Plaintiffs in Helmann moved for consolidation [Dkt. No. 58]. The motion was set for oral argument on December 9, 2024, at the same time as the hearing on WESPAC's Motion to Dismiss in the StandWithUs Center for Legal Justice case. Defendants for CodePink and PYM agreed not to oppose the motion for consolidation in joint stipulations to the court. The court granted CodePink's joint stipulation and denied PYM, Schirf, and Ibrahim's joint stipulation.

1    Plaintiffs in StandWithUs filed their motion to consolidate on November 7,

2    2024. Plaintiffs' counsel emailed defense counsel asking for a shot abatement of

3    deadlines. Counsel for WESPAC did not consent. WESPAC had a fully briefed

4    motion to Dismiss for the court to hear. Counsel for Honor the Earth also did not

5    consent to consolidation or abatement. Honor the Earth had a Motion to Strike that

6    had already been filed and was ripe for adjudication.

7    On November 15, Mr. Holt filed an ex parte application for abatement of the

8    pending deadlines in *StandWithUs Center for Legal Justice* until this Court rules on

9    the Motion to Consolidate. 2:24-cv-06253 [Dkt. No. 57]. WESPAC filed an

10    opposition to the Plaintiffs' ex parte application for abatement, 2:24-cv-06253 [Dkt.

11    No. 58], and Honor the Earth filed an Opposition to Plaintiffs' Motion to

12    Consolidate, 2:24-cv-05704 [Dkt. No. 62] the following day.

13    On November 18, Counsel for StandWithUs filed an Opposition to

14    WESPAC's Motion to Dismiss the StandWithUs case. 2:24-cv-06253 [Dkt. No.

15    59]. On November 20, Counsel for Helmann filed an ex parte application for

16    abatement of the hearing on CodePink's Motion to Dismiss until the court

17    adjudicated the Motion to Consolidate. 2:24-cv-05704 [Dkt. No. 63]. On November

18    22, WESPAC filed a reply to the Plaintiff's Opposition to WESPAC's Motion to

19    Dismiss in StandWithUs. 2:24-cv-06253 [Dkt. No. 60].

20    On November 22, this Court denied the ex parte applications filed by

21    Plaintiffs, and scheduled a Status Conference in both cases for November 25, 2024.

22    CodePink's Motion to Dismiss in Helmann, as well as Honor the Earth's Motion to

23    Strike in Helmann, were both set for a hearing on that same day.

24    On November 25, this Court held a hearing at which neither of the two

25    motions set for argument in the Helmann case were discussed. This Court asked

26    broad questions about the theories of the case and the various arguments

27    Defendants intended to present, then adjourned and scheduled another hearing for

28

11

December 9, 2024. WESPAC's Motion to Dismiss Stand With Us' Complaint and Plaintiffs' Motion to Consolidate were both scheduled for argument on December 9, and were the only matters on calendar in either case.

On November 26, this Court issued an order stating that "in light of the parties' various stipulations regarding deadlines to answer the complaint and the pending Motion to Consolidate, the Court stays all deadlines to answer the currently operative complaint until the Motion to Consolidate is decided. In its order on the Motion to Consolidate, the Court will provide further direction to the parties." 2:24-cv-05704 [Dkt. No. 68]. The Court's order did not extend the deadline for Plaintiffs in Helmann to answer Honor the Earth's Motion to Strike, nor CodePink's Motion to Dismiss.

On December 9, none of the pending motions were argued or adjudicated. Neither CodePink's Motion to Dismiss in Helmann, Honor the Earth's Motion to Dismiss in Helmann, nor WESPAC's Motion to Dismiss in StandWithUS were discussed or argued. Plaintiffs' Motions to Consolidate were also left unadjudicated and unargued.

The Court raised the question of discovery for the first time on December 9, 2024. It had not previously been discussed by any of the parties, had not been briefed, and was not scheduled for argument that day. Defendants Ibrahim and Schirff in the CodePink case had no notice that anything affecting their position was even under consideration, and thus did not appear on December 9, as they had no reason to anticipate that the question of discovery would be considered

Similarly, since the Palestinian Youth Movement has never been served in either case and is unrepresented, it did not appear on December 9 and could not be heard on the question of discovery.

At the hearing, the Court briefly indicated that one factor it wished to consider in adjudicating the Motions to Consolidate was the question of whether the

two organizational Defendants, CodePink and Palestinian Youth Movement, had
coordinated the protest in question. None of the Plaintiffs in either case had ever
previously alleged coordination between CodePink and the Palestinian Youth
Movement, and it was not a question that had ever been raised or briefed; the
Plaintiffs had not offered a single fact or allegation suggesting that coordination
existed. The Court then asked Plaintiffs' counsel whether they expected to find
evidence of coordination during discovery, and on that basis alone, ordered the
Parties to engage in four months of discovery.

Defense counsels were all surprised and confused by the Court's insistence
on such broad pre-trial discovery, without even discussing, much less resolving, the
multiple pending motions—which include serious Article III standing challenges as
well as warnings over the failure of any of the plaintiffs to state a legal claim—that
must be resolved prior to discovery.

The Court asked if anyone wished to speak, but when Mr. Herbst attempted
to object to discovery in advance of adjudication of WESPAC's pending motion,
the Court cut him off, stating, "I have ruled," and curtailed any further argument on
the matter. Counsel for CodePink and Honor the Earth were therefore caught
entirely by surprise by the Court's raising of discovery, and were curtailed in their
attempt to oppose such a premature discovery order. Again, because Defendants
Ibrahim and Schirff never received notice that anything concerning them would be
decided at the hearing on the Motions to Consolidate and Motion to Dismiss, they,
too, were unable to argue against so premature a discovery order.

At the time, the following motions had already been fully briefed and were
ripe for adjudication: (1) Defendant Honor the Earth's Motion to Strike in
Helmann, which was filed on October 14, 2024; (2) Defendant CodePink's Motion
to Dismiss in Helmann, which was filed on October 28; (3) Defendant WESPAC's
Motion to Dismiss in StandWithUs Center for Legal Justice; and (4) Plaintiffs'

1  Motions to Consolidate in both the Helmann and StandWithUs Center for Legal

2  Justice case.

3       On December 13, 2024, Defendant WESPAC filed a Request for

4  Clarification of December 2024 Minute Order, 2:24-cv-06253 [Dkt. No. 70], asking

5  this Court to clarify that its December 9 Minute Order [Dkt. No. 69] did not apply

6  to WESPAC until after the Court adjudicates WESPAC's pending Motion to

7  Dismiss.

8       On December 19, 2024, Plaintiff StandWithUs filed a new 432 paragraph

9  Amended Complaint, 2:24-cv-06253 [Dkt. No. 71], and Plaintiff Helmann filed a

10  new 418 paragraph Second Amended Complaint, 2:24-cv-05704 [Dkt. No. 70],

11  both of which drastically recast their claims as purported class action complaints.

12       On December 20, 2024, this Court denied WESPAC's Motion to Dismiss,

13  Honor the Earth's Motion to Strike in Helmann, and CodePink's Motion to Dismiss

14  in Helmann as moot, and denied WESPAC's Request for Relief in StandWithUs,

15  stating that "[t]he Court defers ruling on any stays of discovery until after motions

16  to dismiss on the amended complaints are heard; therefore, WESPAC's request is

17  denied." 2:24-cv-06253 [Dkt. No. 72]; 2:24-cv-05704-SVW-PVC [Dkt. No. 71].

18  III.    **<u>STANDARD OF REVIEW ON MOTION FOR</u>**

19          **<u>RECONSIDERATION</u>**

20       This court should grant Defendants' motion for reconsideration of its order

21  commencing discovery. Defendants had no notice, no opportunity to be heard or to

22  brief the issue of starting discovery which the court *sua sponte* ordered at the

23  December 9th status conference. Both the Federal Rules of Civil Procedure and the

24  Local Rules support granting reconsideration in this circumstance.

25       Local Rule 7-18 governs motions for "reconsideration of an Order made on

26  any motion or application". Here, the Court's *sua sponte* discovery order was made

27  without any motion or application, so the restrictions on reconsideration motions do

28  

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC

1  not apply.  It would make little sense to restrict Defendants' argument at this point

2  since it had no opportunity to raise either factual or legal issues the Court should

3  consider.

4       In addition, "'Courts in this district have interpreted L.R. 7-18 to be

5  coextensive with [Federal] Rules 59(e) and 60(b).'" *Moqaddem v. Kalra*, No.

6  EDCV 23-0173 JGB (KKX), 2023 WL 6813790, at *3 (C.D. Cal. Sept. 12, 2023),

7  quoting *Tawfilis v. Allergan, Inc*., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14,

8  2015). Federal Rule of Civil Procedure 60(b) governs relief from a judgment or

9  order, providing six grounds for relief, including (1) mistake, inadvertence,

10 surprise, or excusable neglect; or (6) any other reason that justifies relief. Fed.R.

11 Civ. Proc. 60(b). Though the local rules are to be read coextensively with the

12 federal rules, the local rules do not restrict the court's power to reconsider

13 interlocutory orders under the federal rules at "'*any point* prior to final judgment.'"

14 *Est. of Risher v. City of Los Angeles*, No. EDCV1700995MWFKKX, 2023 WL

15 5506005, at *6 (C.D. Cal. July 10, 2023), citing *Dietz v. Bouldin*, 579 U.S. 40, 47,

16 136 S.Ct. 1885, 195 L.Ed.2d 161 (2016) ("[A] district court ordinarily has the

17 power to modify or rescind its orders at any point prior to final judgment in a civil

18 case.")."

19       Curtailed proceedings or a rush to judgement without briefing may justify

20 reconsideration. *See  Machowski v. 333 Placentia Property LLC*, 38 F . .4th 837,

21 841 (9th Cir. 2022). (*Sua sponte* order that a party pay an award of attorney's fees

22 is improper where the party had no opportunity to file a motion on the matter.) In

23 this case Fed Rules Civ Proc R 16(b)(1)(B) requires that scheduling orders be made

24 only "after consulting with the parties' attorneys . . . at a scheduling conference."

25 However well-intentioned, a district court's  *sua sponte* ruling cuts off rights and

26 gives rise to confusion. *Machowski v. 333 Placentia Property LLC*, 38 F.4th 841-

27

28

842.  This may be corrected by granting reconsideration and affording affected
parties the right to brief and file their motions and argue them before the Court.

Defendants had no notice that this Court would issue an order commencing
discovery when the only matters noticed for December 9 were the Plaintiffs'
motions to consolidate their cases and WESPAC's Motion to Dismiss in the
*StandWithUs* case. Kleiman Dec. ¶ 35. On December 9th, the Court deferred ruling
on either of these motions, and instead ordered that discovery commence without
affording Defendants the opportunity to brief and argue the matter, creating
surprised and confusion among at least some of the parties. Kleiman Dec. ¶¶ 38-44.

No party had raised the issue of discovery, there was no motion or
application before the Court to start discovery, and the issue had not been
previously discussed by any of the parties. Kleiman Dec. ¶ 38. The defendants were
unable to raise, and the Court unable to consider the material issues of fundamental
jurisdictional questions, among others. When WESPAC's counsel Mr. Herbst
attempted to object to starting discovery before the adjudication of the pending
motions, the Court interjected, stating, "I have ruled," curtailing any further
argument and Defendants' right to be heard on the issue. Kleiman Dec. ¶ ¶45-46.

The *sua sponte* issuance of the discovery order at a hearing notice only for
motions having nothing to do with discovery deprived Defendants of any notice or
opportunity to be heard, object, or brief the issue, explaining the serious
jurisdictional and other questions that should be resolved before discovery
commenced.  Thus Defendants' requested relief is justified under L.R. 7-18(c) and
FRCP 60(b)(6).

In addition, although Defendants file this motion as a motion for
reconsideration per L.R. 7-18 and FRCP 60(b), Defendants are not in fact limited in
any way by these rules as there was no motion or application before the court to
start discovery. The court must consider that no party moved for commencing

16

discovery, the matter was set for argument on pending motions, and the court *sua sponte* ordered commencing discovery with no application or motion to do so. Finally, defendants should be relieved of their L.R. 7-3 obligations with respect to SCLJ. L.R. 7-18 affords a party fourteen days to move "for reconsideration of an Order on any motion or application". But no such motion was practicable until SCLJ filed its amended complaint, which it did after 10 p.m. on December 19. Defendants thus had to review a 432-paragraph, 90-page complaint which radically transformed the entire legal landscape of this dispute by mutating into a class action case. (It also deleted causes of action, and added a new plaintiff with an entirely separate set of allegations.) It was simply not possible to satisfy L.R. 7-3's requirements. Defendants nonetheless sought to confer with SCLJ's counsel by noon on December 23, barely 2 ½ days after receiving the elephantine First Amended complaint.

The impossibility of framing the instant motion and conferring about it earlier than illustrates why R. 60(b) exists in the first place. The delay in conferring epitomizes inadvertence, and embodies many other reasons to relieve Defendants of their 7-3 obligations.

IV.   **THE SUDDEN METAMORPHOSIS OF PLAINTIFFS' COMPLAINTS INTO CLASS ACTION CASES REQUIRES AN ENTIRELY DIFFERENT DISCOVERY PLAN**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained

from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

In class action cases, some discovery may be appropriate at the precertification stage. See *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3df 935, 942 (9th Cir. 2009). However, precertification discovery is not a matter of right. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir. 1977) Courts have wide latitude to deny precertification discovery.. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).  Precertification discovery is typically only granted when such discovery will help determine whether the case will survive a motion for certification.  *Id.*, 210.  Discovery in a putative class action at the precertification stage is limited to certification issues, such as the number of class members, the existence of common questions, typicality of claims, and the representatives' ability to represent the class. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978). Plaintiffs carry the burden of making either a prima facie showing that the requirements of Fed. R. Civ. P. 23(a) to maintain a class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion. Id.

It is axiomatic that the named plaintiff in a class action must be a member of the class they purport to represent. *Lewis v. Casey*, 518 U.S. 343, 357 (1996). "[N]amed plaintiffs who represent a class must allege and show that they personally have been injured."  Because "standing is the threshold issue in any suit," if the named plaintiff lacks standing on a claim, "the court need never reach the class action issue."  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).  .

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC

1   Here, Plaintiffs made no showing that they meet the requirements of Fed. R.

2   Civ. P. 23 (a) to maintain a class action. Plaintiffs in *Stand With Us v. Code Pink*

3   filed their First Amended Complaint on December 19, 2024. Similarly, Plaintiffs in

4   *Helmann v. Code Pink* filed their Second Amended Complaint on December 19,

5   2024. This was the first notice Defendants had that Plaintiffs were seeking class

6   status. Plaintiffs have filed no motion for class certification. Plaintiffs have made no

7   requests for discovery, nor have they met with defense counsel to discuss

8   discovery.

9   Moreover, Plaintiffs amended *Stand With Us v. Code Pink* to include Noah

10  Pollak as their class representative. Plaintiffs have not established that Pollak is a

11  member of the purported class. Pollak alleges that the police prevented him from

12  entering his synagogue to attend the landsale. [First Amended Complaint, Dkt. No.

13  71 ¶¶ 309-315.]The police had their nightsticks drawn. *Id.* The police told him

14  explicitly that he should leave the area. *Id.* at ¶ 315. Ignoring this, Pollak and his

15  family all entered the synagogue unharmed. *Id.*at ¶¶ 317-320.

16  Finally, Plaintiffs in *StandWithUs* and *Helmann* are not situated similarly to

17  Plaintiffs typically granted precertification discovery. In all of the abovementioned

18  cases, the plaintiffs were employees of a corporation suing that corporation for

19  some alleged violation. Their argument in support of precertification discovery

20  turned on the fact that defendants possessed information critical to their efforts to

21  certify a class. None of that applies in the instant actions. Defendants do not employ

22  the putative class members. Defendants certainly possess no information about

23  putative class members that relevant to class certification.

24  //

25  //

26  //

27  //

28
DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC

V.    **WITHOUT NOTICE THAT DISCOVERY WOULD BE
DISCUSSED DEFENDANTS HAD NO OPPORTUNITY TO
OBJECT THAT THE UNIQUE POSTURE OF THIS CASE
REQUIRES THAT DISCOVERY BEGIN ONLY AFTER
CONSTITUTIONAL STANDING AND RELATED LEGAL
CHALLENGES BE ADDRESSED**.

A noticed motion to establish a discovery schedule, a briefing order from the Court, or even adequate notice that a discovery schedule would be considered would have allowed the Defendants to brief and argue the grave jurisdictional problems the Plaintiffs face and to explain to the Court why early discovery was improvident in a case such as this. At a minimum, the Plaintiffs' standing is highly questionable and ought be resolved before expensive and burdensome discovery is inflicted on small nonprofit organizations.

A.    **No Plaintiffs Have Proven Any Basis for Proceeding
Anonymously**.

SCLJ's First Amended Complaint boasts seven anonymous plaintiffs, masked as SCLJ Members 1, 2, 3, 4, 5, 6, and 7. (SCLJ First Amended Complaint, Dkt. No. 71, ¶¶ 33-39).

A party's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). It is forbidden except for "unusual cases" *Roe v. Skillz, Inc*., 858 F.Appx. 240, 241 (9th Cir. 2021). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Advanced Textile*, 214 F.3d at 1068." Courts do not allow plaintiffs to use pseudonyms unless the anonymous party is compelled

20

to admit they intend to engage in illegal conduct, or the allegations are sensitive and highly personal, or if identification creates a risk of physical or mental harm.".  The standard required to proceed under pseudonym is a high bar. *Doe v. Ayers*, 789 F.3d 944, 945-46 (9th Cir. 2015).

Here the anonymous plaintiffs in the SCLJ suit  have not even alleged that they personally fear harm of any kind or that such a fear is reasonable, utterly failing the entry level requirement for the Court to even consider this.  *Doe v. Kameameha Sch./Bernice Pauahi Bishop Est.* 596 F.3d 1036, 1042 (9th Cir. 2010). Nor could they possibly allege that any claimed fears were reasonable.  Their companion plaintiff, Ronen Helmann, has publicized his name and the neighborhood he lives in for five months now, and not a thing has happened to him.

There is not even the slimmest basis for these plaintiffs to proceed anonymously and they ought therefore be dismissed.

**B.  No Plaintiffs Have Shown That Their Alleged Injuries Are Fairly Traceable to Defendants Alleged Wrongdoing.**

At the motion to dismiss stage, "a complaint must contain sufficient factual matter" to establish a claim to standing "that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Conclusory allegations are "not entitled to be assumed true." *Id.* at 681.  Thus, a pleading will not suffice to establish standing if it offers only "labels and conclusions" or "a formulaic recitation of the elements" of standing, or if it "tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (alteration and quotation marks omitted); *see Winsor v. Sequoia Benefits & Ins. Servs.*, 62 F.4th 517, 523–525 (9th Cir. 2023) (noting that "[a]t the pleading stage, plaintiffs must clearly allege facts demonstrating each element" of Article III standing and that the Iqbal pleading standards apply in assessing the facial adequacy of allegations of standing (alteration and quotation marks omitted)); *Daniel v. National Park Serv.*, 891 F.3d

762, 767 (9th Cir. 2018) (holding that the plaintiff failed to establish standing where she "present[ed] no specific factual allegations plausibly tying" the defendant's challenged conduct the of her injury).

The second prong of the Article III standing test requires the plaintiffs to establish that it is substantially likely that they would not have been injured "but for" the Defendant's challenged conduct. *Duke Power Co. v. Carolina Envtl. Study Grp.*, 438 U.S. 59, 74-76 (1978). Plaintiffs have the burden of showing that absent defendant's conduct it is substantially probable that they would not have been injured, and "at the pleading stage, the plaintiff[s] must clearly allege facts demonstrating each element". *Spokeo, Inc. v. Robins*, 578 U.S., 330, 339 (2016), It is well-established that the injury pled must "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Further, "the line of causation between the [alleged] illegal conduct and injury" must not be "too attenuated." *Allen v. Wright,* 468 U.S. 737, 752 (1984) (concluding that a weak demonstration of causation precludes Article III standing), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 126 (2014).

Where it appears that plaintiff's injuries were caused by a third person or by circumstances outside of the defendant's control, "there can be no finding that a sufficient causal nexus exists between the plaintiff's alleged injuries and the defendant's challenged conduct." *Nichols v. Brown*, 859 F.Supp. 2d 1118, 1130 (C.D. Cal. 2012), quoting *NAACP v. State of California*, 511 F.Supp. 1244, 1261 (E.D. Cal. 1981). In *Iran Thalassemia Soc'y v. Off. of Foreign Assets Control,* 2024 U.S. App. LEXIS 15638 *; 2024 WL 3200281 (9th Cir. June 24, 2024) the Ninth Circuit held that plaintiffs had not alleged facts showing their injury was fairly traceable to the defendant even though plaintiffs claimed that defendant

OFAC, a powerful federal agency with widespread powers, had threatened to impose sanctions on foreign banks, and that this threat deterred the banks from funding the provision of life-saving medicines to the plaintiffs.

The causal link that is essential to plaintiff's standing fails even in the case of the only plaintiff SCLJ scruples to describe – the newly added would-be plaintiff, Noah Pollak. Pollak admits that when he arrived at the real estate sale his way was blocked by police in riot gear with their batons drawn, standing tightly together. [First Amended Complaint, Dkt. No. 71 ¶¶ 308-310.] And that "the law-enforcement officials told him not to come any closer and instructed him to leave." *Id.*, at ¶ 313.] This is exactly the failed claim rejected by " *NAACP v. State of California,* 511 F.Supp. 1261 and *Iran Thalassemia Soc'y v. Off. of Foreign Assets Control*, 2024 U.S. App. LEXIS 15638 *; 2024 WL 3200281.

The Second Amended Complaint in *Helmann* and the First Amended Complaint in *StandWithUs* set forth the same alleged harms pleaded in their prior efforts and still do not plausibly establish that any Defendant's conduct caused these harms a failing fatal to the Constitution's requirements for this Court to exercise jurisdiction.

## C. **SCLJ Has No Cognizable Direct Claim for Injury to Its Core Business Activities**

StandWithUs (sic) Center for Legal Justice (SCLJ") is a self-styled legal advocacy organization dedicated to combating antisemitism.. This California-based nonprofit was incorporated in 2024 and alleges that it includes congregants "who tried to attend services at the Synagogue that day." [SCLJ First Amended Complaint, Dkt. No. 71 ¶¶ 30-32.] Nowhere in 20,000-word complaint does SCLJ claim that is was injured as an organization.

It scarcely has a choice. SCLJ may not sue on its own behalf because it has sustained no injury to any core business activities. Its mere social interest does not

23

afford it access this Court as a broadcasting platform.  A setback to the
organization's social interests is not sufficient. Nor does its claimed dedication to
"legal action" help.  Spending money to see its supposed principles vindicated in
court does not afford standing because the organization cannot manufacture its own
standing by claiming it must exert itself.  *FDA v. All. for Hippocratic Med*., 602
U.S. 367. 394-395 (2024)

An organization asserting that its own alleged injuries afford it standing
based on its own alleged injuries must meet the traditional Article III standing
requirements—meaning, it must show (1) that it has been injured or will
imminently be injured, (2) that the injury was caused or will be caused by the
defendant's conduct, and (3) that the injury is redressable." *Ariz. All*., 117 F.4th
1165, 2024 WL 4246721, at *4 (citing *Food & Drug Admin. v. All. for Hippocratic
Med.*, 395-96 and *Havens Realty v. Coleman*, 455 U.S. 363, 378-79 (1982).) And
tha injury must be to the organization's "core activities". *Havens*, 395-396.
Standing cannot exist simply because a defendant frustrates a group's "general
legal, moral, ideological, and policy concerns." *Id.* at 386.

### D. <u>SCLJ Has No Basis for a Representative Claim on Behalf of Its Alleged Members</u>

Lacking any grounds to invoke organizational injury, SCLJ instead claims to
bring this case "on behalf of its members". [SCLJ First Amended Complaint, Dkt.
No. 71 at ¶¶ 388, 408.]. The claim will certainly fail. Previously the Ninth Circuit
permitted organizations to sue based on injuries to is members. If (1) the members
otherwise had standing; (2) "the interests it seeks to protect are germane to the
organization's purpose; and (3) neither the claim asserted nor the relief requested
requires the participation of individual members in the lawsuit." *Am. Unites for
Kids v. Rousseau* 985 F.3d 1075, 1096 (9th Cir. 2021).

1    First, the individual members SCLJ enumerates would not have standing

2    because of their unpermitted anonymity.

3    Second, their alleged injuries are not fairly traceable to Defendants. (*See*

4    *supra*, at pp. x – xx.)

5    Third, the Plaintiffs' allegations that their entry was temporarily delayed and

6    that they are entitled to compensatory damages makes these plaintiffs' individual

7    participation inevitable, violates yet another requirement that "neither the claim

8    asserted nor the relief requested requires the participation of individual members in

9    the lawsuit." *White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033, 1038

10    (9th Cir. 2009).

11    Finally, the Ninth Circuit's second prong of the "representative claim"

12    argument, that "the interests it seeks to protect are **germane** to the organization's

13    purpose" (emphasis added) has been overruled by *FDA v. All. for Hippocratic*

14    *Med.*. 602 U.S., 395. (Article III standing denied because the injury did not relate to

15    plaintiff's core business activities.)  An injury to members that is merely "germane"

16    to an organization's activities is no longer sufficient.  The Ninth Circuit's lenient

17    standard has now been expressly rejected.

18    SCLJ's claims for standing rest on a house of cards, which is far too slender a

19    reed to justify the expense and burdens of discovery.

20    Finally, the plaintiffs' failure to show injuries fairly traceable to defendants'

21    conduct raises grave questions about their failure to state a claim, which Defendants

22    will fully brief in its motions to dismiss the newly filed amended complaints (which

23    comprises Helmann's third attempt to make out a legally sufficient claim.)

24    //

25    //

26    //

27    //

28

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC

1   **VI.    DISCOVERY SHOULD BE STAYED AT THE LEAST UNTIL**
2   **ARTICLE III STANDARDS HAVE BEEN SATISFIED AND THE**
3   **CLASSES, IF ANY, ARE CERTIFIED.**

4       This Court has broad discretion to cabin discovery or even to deny it outright.
5   *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Rule 26(b)(1) sets forth the
6   factors the Court must consider when determining whether relevant discovery is
7   proportional to the needs of the case. *Hancock v. Aetna Life Ins. Co* 327 F.R.D.
8   383, 390 (W.D. Wash. 2017). These include, *inter alia*, the parties' resources and
9   whether the burden imposed by discovery "outweighs its likely benefit."  *Hallett v.*
10  *Morgan*, 751.   Where, as here, it is uncertain that the plaintiffs have standing that
11  even affords the Court jurisdiction over this dispute, the benefit is slight if it exists
12  at all.  Over the last ten years the two CodePink entities together have revenue
13  averaging only $1.3 million per year.[1]  Forcing a tiny nonprofit through the terrible
14  expense involved before jurisdiction or the viability a class actions or other legal
15  claims is established is an injustice.

16  **VII.   CONCLUSION**

17      Defendants respectfully urge this Court to reconsider its order that discovery
18  commence.

19  //
20  //
21  //
22  //
23  //

24

25  [1]Ten years of revenue as reported on the entities' I 990 tax returns  2014-2023 for CODEPINK
    Women for Peace, https://projects.propublica.org/nonprofits/organizations/262823386, and for
26  2011 (the last year any revenue was reported for CODEPINK Action Fund)
    https://projects.propublica.org/nonprofits/organizations/261609153. Both sites last visited
27  December 23, 2024.

28

1  Dated: December 23, 2024    By:   /s/ Mark Kleiman

2                                     Mark Kleiman (SBN 115919)
   *Counsel for CodePink*

3  mark@krlaw.us
   KLEIMAN / RAJARAM

4  12121 Wilshire Blvd., Ste. 810

5  Los Angeles, CA  90025
   Tel: 310-392-5455 /

6  Fax: 310-306-8491

7
8  Collin Poirot, Esq.
   (*pro hac vice*)

9  *Counsel for CodePink*
   cpoirot.law@gmail.com

10 2603 Oak Lawn, Suite 300
   Dallas, TX 75219

11 214-392-2281

12
13 /s/ Thomas B. Harvey
   Thomas B. Harvey

14 LAW OFFICES OF THOMAS B.
   HARVEY

15 365 E. Avenida de Los Arboles

16 Suite 226
   Thousand Oaks, CA 91360

17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT
ADJUDICATING PENDING MOTIONS TO DISMISS
Case No:  2:24-cv-06253-SVW-PVC