1  Mark Kleiman (SBN 115919)
   mark@krlaw.us
2  KLEIMAN / RAJARAM
   12121 Wilshire Blvd., Ste. 810
3  Los Angeles, CA  90025
   Tel: 310-392-5455 / Fax: 310-306-8491
4
   Collin Poirot (NY 5673405)
5  (pro hac vice)
   cpoirot.law@gmail.com
6  2603 Oak Lawn, Suite 300
   Dallas, TX 75219
7  Tel: 214-392-2281

8  Attorneys for Defendant CODEPINK

9  Thomas B. Harvey (SBN 287198)
   tbhlegal@proton.me
10 LAW OFFICES OF THOMAS B. HARVEY
   365 E. Avenida de Los Arboles, Suite 226
11 Thousand Oaks, CA 91360
   (805)768-4440
12
   Attorney for Defendants
13 PALESTINIAN YOUTH MOVEMENT
   LENA SCHIR, REMO IBRAHIM
14
15              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
16

17 STANDWITHUS CENTER FOR          CASE NO: 2:24-cv-06253-SVW-PVCx
   LEGAL JUSTICE,
18                                 Honorable Stephen V. Wilson
                                   Courtroom 10A
19          Plaintiff,
   v.
20                                 DECLARATION OF MARK KLEIMAN IN
21 CODEPINK, PALESTINIAN          SUPPORT OF DEFENDANTS' JOINT
   YOUTH MOVEMENT, and            MOTION TO RECONSIDER ORDER
22 WESPAC FOUNDATION,             REGARDING STANDWITHUS
                                   COMMENCING DISCOVERY
23          Defendants.
24                                 Date:  January 27, 2025
25                                 Time:  1:30 pm.
                                   Place: Courtroom 10A
26                                        350 W. 1st Street
27                                        Los Angeles, CA
28

---

DECLARATION OF MARK KLEIMAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO RECONSIDER
ORDER REGARDING STANDWITHUS COMMENCING DISCOVERY
Case No:  2:24-cv-06253-SVW-PVC

## DECLARATION OF MARK KLEIMAN

I, Mark Kleiman, declare as follows pursuant to 28 U.S.C. § 1746 under penalty of perjury:

1.    I represent CodePink Women for Peace and CodePink Action Fund (collectively referred to as "Code Pink") in the following two cases, which the Plaintiffs have moved to consolidate: *Helmann v. CodePink Women for Peace, et. al.*, No. 2:24-CV-5704-SVC-PVC, and *StandWithUs Center for Legal Justice v. CodePink et. al.*, No. 2:24-cv-06253-SVW-PVC.

2.  I am making this declaration in support of Defendants' Joint Motion to Reconsider, which asks the court to reconsider its order commencing four months of discovery without adjudicating multiple pending Motions to Dismiss or the pending Motion to Consolidate.

3.  On September 29, 2024, I contacted counsel for Plaintiff Helmann, Mr. Mark Javitch, to request a meeting to discuss the substance of CodePink's Motion to Dismiss. The parties stipulated to an October 10, 2024, deadline for filing CodePink's Motion to Dismiss. Later that same day, I contacted Mr. Javitch to follow-up on CodePink's request for a meeting. Mr. Javitch did not reply.

4.  On October 9, 2024, I contacted Mr. Javitch again to follow-up on our request for a meeting to confer regarding our Motion to Dismiss.

5.  On October 10, 2024, counsel for CodePink met with Mr. Javitch and explained our position with regard to the multiple severe legal defects in the Plaintiffs' Amended Complaint. After the meeting, Mr. Javitch emailed me and requested an official meet and confer letter, including the legal authorities we intended to rely upon in the Motion to Dismiss, and agreeing to stipulate that CodePink would have 14 additional days within which to file the motion.

//

//

6.  On October 14, 2024, I sent Mr. Javitch the Meet and Confer letter, as requested. The letter raised multiple procedural and legal defects in the complaint. The letter explained that two of the Plaintiffs, Mr. Higby and Ms. Maull, had no standing to sue CodePink under any of the plead causes of action; that the complaint had failed to sufficiently plead any claims under Federal Rule of Civil Procedure 12(b)(6); and that the Plaintiffs had failed to establish that any of their damages were fairly traceable to CodePink, as required for standing under Article 3.

7.  On October 14, 2024, Defendant Honor the Earth filed a Motion to Strike the Plaintiffs' First Amended Complaint in the *Helmann* case, 2:24-cv-05704 [Dkt. No. 40], and a hearing was initially scheduled for November 18, 2024.

8.  Later that day, on October 14, Mr. Javitch emailed me a "Proposed Second Amended Complaint," which stated that only Plaintiff Helmann was bringing a claim under the First and Fourth causes of action. Mr. Javitch asked if CodePink would stipulate to the amended complaint.

9.  On October 15, 2024, I reached out to other defense counsels in the *Helmann* case and asked for their position with regard to the proposed Second Amended Complaint that Mr. Javitch had sent us. On October 19, we were able to secure the consent of other Defense counsel to the proposed Second Amended Complaint.

10. On October 18, 2024, however, Mr. Javitch sent us a document described as a "response to your meet and confer letter," which stated—for the first time— that he intended to voluntarily dismiss Higby and Maull as plaintiffs, and no longer intended to amend the complaint as proposed and no longer required CodePink's consent.

//

//

DECLARATION OF MARK KLEIMAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT ADJUDICATING PENDING MOTIONS TO DISMISS Case No: 2:24-cv-06253-SVW-PVC

11. On that same day, CodePink filed a Motion to Dismiss the First Amended Complaint in *Helmann*. 2:24-cv-05704 [Dkt. No.49]. CodePink's Motion to Dismiss was initially scheduled for a hearing on November 25, 2024.

12. On October 25, this Court issued a scheduling notice calling a Status Conference for October 28.

13. On October 28, the Court held a Status Conference in *Helmann*, in which the Judge asked basic questions about who the parties were, what the theory of the case was, and what arguments the Defendants had raised in their Motions to Strike and Dismiss. No motions were argued or adjudicated that day.

14. On that same day, October 28, Mr. Javitch filed Plaintiffs' Opposition to Honor the Earth's Motion to Strike in *Helmann*. 2:24-cv-05704 [Dkt. No.54], and the hearing on the Motion to Strike was continued from November 18 to November 25, 2024.

15. On October 29, Defendant WESPAC filed a Motion to Dismiss in *StandWithUs Center for Legal Justice v. CodePink, et. al.*. 2:24-cv-06253 [Dkt. No. 49]. A hearing on the motion was scheduled for December 9, 2024.

16. On October 30, this Court issued a scheduling order, and set a hearing on CodePink's Motion to Dismiss on November 25, 2024.

17. That same day, October 30, Mr. Javitch emailed defense counsels to state that Plaintiffs in *Helmann* and in *StandWithUs Center for Legal Justice* intended to file a Motion to Consolidate the cases.

18. On November 4, Mr. Javitch filed a motion in the *Helmann* case, moving for consolidation [Dkt. No. 58]. The motion was set for oral argument on December 9, 2024, at the same time as the hearing on WESPAC's Motion to Dismiss in the *StandWithUs Center for Legal Justice* case.

//

//

3

DECLARATION OF MARK KLEIMAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT ADJUDICATING PENDING MOTIONS TO DISMISS Case No: 2:24-cv-06253-SVW-PVC

19. On November 5, I informed Mr. Javitch and Mr. Holt that, in the interest of judicial efficiency, CodePink would agree not to oppose the Motion to Consolidate if Plaintiffs would agree to stipulate that CodePink would have thirty days to file a response to either a First Amended Complaint, or a Consolidated Complaint, depending on the Court's ruling on the Motion to Consolidate.

20. On November 7, Mr. Holt filed a Motion to Consolidate in the *StandWithUs Center for Legal Justice* case. 2:24-cv-06253 [Dkt. No. 50].

21. On November 13, Mr. Holt emailed counsel for Defendants to ask if they would agree to a "short abatement" of the Plaintiffs' pending deadlines—including in particular the November 18 deadline to oppose WESPAC's Motion to Dismiss—until the court rules on consolidation.

22. On November 14, Mr. Robert Herbst informed Mr. Holt that WESPAC did not consent to either an abatement of the filing deadlines, nor to consolidation of the two cases, because WESPAC had a fully-briefed Motion to Dismiss which had been filed and was ripe for adjudication.

23. On that same day, Mr. Thomas Harvey, counsel for individual defendants Remo Ibrahim and Courtney Schirff, emailed Mr. Holt requesting a phone call to discuss the proposed abatement and consolidation.

24. Later that day, Mr. Holt emailed all defense counsels to state that StandWithUS was preparing an ex parte motion to abate all pending deadlines until the Motion to Consolidate is adjudicated. Mr. Holt indicated that the motion would be filed "jointly" on behalf of all parties except WESPAC. Mr. Holt also recommitted to filing an amended complaint in *StandWithUs Center for Legal Justice* regardless of whether the two cases are consolidated or not, which guarantees defendants an opportunity to file a Motion to Dismiss the amended complaint once it is filed.

//

DECLARATION OF MARK KLEIMAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT ADJUDICATING PENDING MOTIONS TO DISMISS Case No: 2:24-cv-06253-SVW-PVC

25. In response, Mr. Joe Inumerable (counsel for Honor the Earth) informed Mr. Holt that Honor the Earth did not consent to the consolidation nor to the abatement, because Honor the Earth had a Motion to Strike that had already been filed and was ripe for adjudication. *See* 2:24-cv-05704 [Dkt. No. 40].

26. That same day, Mr. Herbst and Mr. Inumerable informed Mr. Holt that Honor the Earth and WESPAC objected to the use of the ex parte procedure for the abatement request, on the basis that there was no extraordinary situation nor the need for extraordinary relief, as required by Judge Wilson's rules. *See* Honorable Stephen V. Wilson, Law and Motion Schedule, No. 5, citing *In Re: Intermagnetics America, Inc*., 101 Bankr. 191 (C.D. Cal. 1989)).

27. On November 15, I informed Mr. Holt that CodePink would not join the Motion to Consolidate, but would not oppose the motion.

28. On November 15, Mr. Holt filed an ex parte application for abatement of the pending deadlines in *StandWithUs Center for Legal Justice* until this Court rules on the Motion to Consolidate. 2:24-cv-06253 [Dkt. No. 57].

29. On November 18, WESPAC filed an opposition to the Plaintiffs' ex parte application for abatement, 2:24-cv-06253 [Dkt. No. 58], and Honor the Earth filed an Opposition to Plaintiffs' Motion to Consolidate, 2:24-cv-05704 [Dkt. No. 62].

30. On November 18, I informed Mr. Javitch that CodePink would not join but would not oppose Plaintiff Helmann's ex parte application for an abatement of the pending deadlines in *Helmann*.

31. On November 18, Mr. Holt filed an Opposition to WESPAC's Motion to Dismiss the *StandWithUs* case. 2:24-cv-06253 [Dkt. No. 59].

32. On November 20, Mr. Javitch filed an ex parte application for abatement of the hearing on CodePink's Motion to Dismiss until the court adjudicated the Motion to Consolidate. 2:24-cv-05704 [Dkt. No. 63].

//

33. On November 22, WESPAC filed a reply to the Plaintiff's Opposition to WESPAC's Motion to Dismiss in *StandWithUs*. 2:24-cv-06253 [Dkt. No. 60].

34. On November 22, this Court denied the ex parte applications filed by Mr. Holt and Mr. Javitch, and scheduled a Status Conference in both cases for November 25, 2024. CodePink's Motion to Dismiss in *Helmann*, as well as Honor the Earth's Motion to Strike in *Helmann*, were both set for a hearing on that same day.

35. On November 25, this Court held a hearing at which neither of the two motions set for argument in the *Helmann* case were discussed. This Court asked broad questions about the theories of the case and the various arguments Defendants intended to present, then adjourned and scheduled another hearing for December 9, 2024. WESPAC's Motion to Dismiss Stand With Us' Complaint and Plaintiffs' Motion to Consolidate were both scheduled for argument on December 9, and were the only matters on calendar in either case.

36. On November 26, this Court issued an order stating that "in light of the parties' various stipulations regarding deadlines to answer the complaint and the pending Motion to Consolidate, the Court stays all deadlines to answer the currently operative complaint until the Motion to Consolidate is decided. In its order on the Motion to Consolidate, the Court will provide further direction to the parties." 2:24-cv-05704 [Dkt. No. 68]. The Court's order did not extend the deadline for Plaintiffs in *Helmann* to answer Honor the Earth's Motion to Strike, nor CodePink's Motion to Dismiss.

37. On December 9, none of the pending motions were argued or adjudicated.  Neither CodePink's Motion to Dismiss in *Helmann*, Honor the Earth's Motion to Dismiss in *Helmann*, nor WESPAC's Motion to Dismiss in *StandWithUS* were discussed or argued. Plaintiffs' Motions to Consolidate were also left unadjudicated and unargued.

6

38. Instead, at the December 9 Status Conference, the Court raised the question of discovery, which had not been previously discussed by any of the parties, had not been briefed, and was not scheduled for argument that day.

39. Defendants Ibrahim and Schirff in the CodePink case had no notice that anything affecting their position was even under consideration, and thus did not appear on December 9, as they had no reason to anticipate that the question of discovery would be considered.

40. Similarly, since the Palestinian Youth Movement has never been served In either case and is unrepresented, it did not appear on December 9 and could not be heard on the question of discovery.

41. At the hearing, the Court briefly indicated that one factor it wished to consider in adjudicating the Motions to Consolidate was the question of whether the two organizational Defendants, CodePink and Palestinian Youth Movement, had coordinated the protest in question.

42. None of the Plaintiffs in either case had ever previously alleged coordination between CodePink and the Palestinian Youth Movement, and it was not a question that had ever been raised or briefed; the Plaintiffs had not offered a single fact or allegation suggesting that coordination existed.

43. The Court then asked Plaintiffs' counsel whether they expected to find evidence of coordination during discovery, and on that basis alone, ordered the Parties to engage in four months of discovery.

44. Defense counsels were all surprised and confused by the Court's insistence on such broad pre-trial discovery, without even discussing, much less resolving, the multiple pending motions—which include serious Article III standing challenges as well as warnings over the failure of any of the plaintiffs to state a legal claim—that must be resolved prior to discovery.

//

DECLARATION OF MARK KLEIMAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO RECONSIDER ORDER COMMENCING DISCOVERY WITHOUT ADJUDICATING PENDING MOTIONS TO DISMISS Case No: 2:24-cv-06253-SVW-PVC

45. The Court asked if anyone wished to speak, but when Mr. Herbst attempted to object to discovery in advance of adjudication of WESPAC's pending motion, the Court cut him off, stating, "I have ruled," and curtailed any further argument on the matter.

46. Counsel for CodePink and Honor the Earth were therefore caught entirely by surprise by the Court's raising of discovery, and were curtailed in their attempt to oppose such a premature discovery order. Again, because Defendants Ibrahim and Schirff never received notice that anything concerning them would be decided at the hearing on the Motions to Consolidate and Motion to Dismiss, they, too, were unable to argue against so premature a discovery order.

47. At the time, the following motions had already been fully briefed and Were ripe for adjudication: (1) Defendant Honor the Earth's Motion to Strike in *Helmman*, which was filed on October 14, 2024; (2) Defendant CodePink's Motion to Dismiss in *Helmann*, which was filed on October 28; (3) Defendant WESPAC's Motion to Dismiss in *StandWithUs Center for Legal Justice*; and (4) Plaintiffs' Motions to Consolidate in both the *Helmann* and *StandWithUs Center for Legal Justice* case.

48. On December 13, 2024, Defendant WESPAC filed a Request for Clarification of December 2024 Minute Order, 2:24-cv-06253 [Dkt. No. 70], asking this Court to clarify that its December 9 Minute Order [Dkt. No. 69] did not apply to WESPAC until after the Court adjudicates WESPAC's pending Motion to Dismiss.

49. On December 19, 2024, at 7:28 p.m., Plaintiff StandWithUs filed a new 432 paragraph Amended Complaint, 2:24-cv-06253 [Dkt. No. 71], and Plaintiff Helmann filed a new 418 paragraph Second Amended Complaint, 2:24-cv-05704 [Dkt. No. 70], both of which drastically recast their claims as purported class action complaints.

50. On December 20, 2024, this Court denied WESPAC's Motion to Dismiss, Honor the Earth's Motion to Strike in *Helmann*, and CodePink's Motion to Dismiss in *Helmann* as moot, and denied WESPAC's Request for Relief in *StandWithUs*, stating that "[t]he Court defers ruling on any stays of discovery until after motions to dismiss on the amended complaints are heard; therefore, WESPAC's request is denied." 2:24-cv-06253 [Dkt. No. 72]; 2:24-cv-05704-SVW-PVC [Dkt. No. 71].

51. At 12:00 p.m. on December 23, 2024, just one and one half business days after SCLJ's First Amended Complaint was filed, I called Dallin Holt to meet and confer about Defendants' Motion for Reconsideration. I left a very detailed message for him, but have not received a return call.

Dated:  December 23, 2024

/s/ Mark Kleiman

Mark Kleiman, Esq.