1 | GIPSON HOFFMAN & PANCIONE
A Professional Corporation
2 | DANIEL R. PALUCH (State Bar No. 287231)
*dpaluch@ghplaw.com*
3 | 1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
4 | Telephone: (310) 556-4660
Facsimile:  (310) 556-8945
5 |
Attorneys for Plaintiffs and Class
6 | Members

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE,

12 |

13 |

14 |                    Plaintiffs,

15 |

16 |      v.

17 | CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |                    Defendants.

26 |

CASE NO.: 2:24-cv-06253-SVW-PVC

[Assigned for all purposes Hon. Stephen V. Wilson]

**PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER REGARDING STANDWITHUS COMMENCING DISCOVERY**

Date:       January 27, 2025
Time:       1:30 p.m.
Ctrm:       10A

*(vertical text, left margin)* GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

27 |

28 |

1

1504633.1 – 06297-0000

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................... 6

II. FACTUAL BACKGROUND ........................................................ 9

III. LEGAL STANDARD ............................................................... 10

IV. ARGUMENT ......................................................................... 12

    **A.**    **The Court Should Deny the Motion Because Defendants Failed to Meet-and-Confer Before Filing. ...................................... 12**

    **B.**    **There Is No Basis to Reconsider the Order Under Local Rule 7-18. ........................................................................... 14**

    **C.**    **There Is No Basis to Reconsider the Order Under Rule 59(e). ............................................................................... 15**

    **D.**    **There Is No Basis to Reconsider the Order Under Rule 60(b). ............................................................................... 15**

    **E.**    **Defendants Remaining Arguments are Inapposite and Irrelevant. ...................................................................... 17**

        **1.**    The Court's Order was proper, and consistent with the Court's broad discretion and authority to set the timing and sequence of discovery. ........................................................... 17

        **2.**    Defendants Had Notice and An Opportunity to Be Heard; The Order Did Not Violate Fed. R. Civ. P. 16(b)(1)(B). ...... 18

        **3.**    The Presence of Class Claims Doesn't Exempt Defendants from Discovery. ..................................................................... 19

        **4.**    Defendants' Arguments Regarding SCLJ's Anonymous Members Are a Red Herring. ................................................. 22

        **5.**    Defendants' Causation Arguments Are Inapposite and Misplaced. .......................................................................... 22

        **6.**    SCLJ Has Properly Alleged Standing to Sue on Its Own Behalf and On Behalf of Its Members. .................................. 24

V. CONCLUSION ...................................................................... 26

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

## **Table of Authorities**

**Cases**

*Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*,
881 F.2d 1486 (9th Cir. 1989) ........................................................16

*Arizona All. for Retired Americans v. Mayes*,
117 F. 4th 1165 (9th Cir. 2024) .....................................................26

*Asberry v. Money Store*,
2018 WWL 6834309 (C.D. Cal. Dec. 27, 2018) ...........................23

*Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*,
627 F. 3d 547 (5th Cir. 2010) ........................................................25

*Bateman v. U.S. Postal Serv.*,
231 F. 3d 1220 (9th Cir. 2000) ......................................................16

*Brophy v. Almanzar*,
359 F. Supp. 3d 917 (C.D. Cal. 2018) .....................................18, 19

*California v. Ross*,
358 F. Supp. 3d 965 (N.D. Cal. 2019) ...........................................23

*Carroll v. Nakatani*,
342 F. 3d 934 (9th Cir. 2003) ........................................................11

*Castillo v. Bank of Am., NA*,
980 F. 3d 723 (9th Cir. 2020) ........................................................21

*City and County of San Francisco v. Purdue Pharma L.P.*,
491 F. Supp. 3d 610 (N.D. Cal. 2020) ...........................................23

*Dairy Emps. Union Local No. 17 Christian Labor Ass'n of the U.S. Pension Tr. v. Ferreira Dairy*,
2015 WL 1952308 (C.D. Cal. Apr. 28, 2015) ..........................11, 14

*Doninger v. Pac. Nw. Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977) .......................................................20

*Ellis v. Costco Wholesale Corp.*,
657 F. 3d 970 (9th Cir. 2011) ........................................................22

*FDA v. Alliance for Hippocratic Medicine*,
602 U.S. 367 (2024).......................................................................25

*Glair v. City of Los Angeles*,
2014 WL 11485961 (C.D. Cal. Apr. 17, 2014) ..............................15

*Hanlon v. Chrysler Cop.*,
150 F.3d 1011 (9th Cir. 1998) .......................................................21

*Hanon v. Dataproducts Corp.*,
976 F. 2d 497 (9th Cir. 1992) ........................................................21

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

3

*Harvest v. Castro,*
  531 F. 3d 737 (9th Cir. 2008) ...................................................................17

*Holland-Hewitt v. Allstate Life Ins. Co.,*
  343 F.R.D. 154 (E.D. Cal. 2022) ...............................................................20

*Hosp. Council of W. Penn. v. City of Pittsburgh,*
  949 F. 2d 83 (3d Cir. 1991) .......................................................................25

*Hunt v. Washington State Apple Advertising Com'n,*
  432 U.S. 333 (1977) ...................................................................................25

*In re Benham,*
  2013 WL 3872185 (C.D. Cal. May 29, 2013) ..........................................15

*In re U.S.,*
  895 F.3d 1101 (9th Cir. 2018) ...................................................................17

*J&J Sports Productions, Inc. v. Auila,*
  2014 WL 12567784 (C.D. Cal. Feb. 11, 2014) .........................................13

*Kaminske v. JP Morgan Chase Bank N.A.,*
  2010 WL 5782995 (C. D. Cal. May 21, 2010) ....................................20, 22

*Kapco Mfg. Co. v. C & O Enterprises, Inc.,*
  773 F. 2d 151 (7th Cir. 1985) ....................................................................15

*Karol W. Corp. v. Smith News Co.,*
  2014 WL 12586417 (C.D. Cal. Feb. 28, 2014) .........................................11

*Ketab Corp. v. Mesriani Law Grp.,*
  2015 WL 2084469 (C.D. Cal. May 5, 2015) .............................................11

*Laub v. U.S. Dept. Int.,*
  342 F.3d 1080 (9th Cir. 2003) .........................................................7, 18, 19

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
  572 U.S. 118 (2014) ...................................................................................23

*Liljeberg v. Health Services Acquisition Corp.,*
  486 U.S. 847 (1988) ...................................................................................17

*Madsen v. Bumb,*
  419 F. 2d 4 (9th Cir. 1969) ........................................................................15

*McKinsty v. Swift Transp. Co., of Ariz.,*
  2017 WL 8943524 (C.D. Cal. Sept. 18, 2017) ..............................10, 15, 16

*Moghaddam v. Liberty Life Assurance Co. of Boston,*
  2015 WL 5470338 (C.D. Cal. Sept. 17, 2015) .........................................13

*National Council of La Raza v. Cegavske,*
  800 F.3d 1032 (9th Cir. 2015) ...................................................................25

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
  507 U.S. 380 (1993) ...................................................................................16

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

4

1504633.1 – 06297-0000

*Retired Chicago Police Ass'n v. City of Chicago,*
    7 F.3d 584 (7th Cir. 1993) .................................................................. 25

*Riley v. Filson,*
    933 F.3d 1068 (9th Cir. 2019) ............................................................ 17

*Rogers v. U.S.,*
    2014 WL 7333409 (C.D. Cal. Dec. 19, 2014) .................................... 12

*Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.,*
    547 U.S. 47 (2006) (internal citation omitted) .................................... 26

*S.E.C. v. Kuipers,*
    399 F. App'x 167 (9th Cir. 2010) ....................................................... 15

*Scottsdale Ins. Co. v. Dickstein Shapiro LLP,*
    389 F. Supp. 3d 794 (C.D. Cal. 2019) ..........................................passim

*Sewchez Int'l Ltd. v. CIT Grp./Commercial Servs., Inc.,*
    2008 WL 11337382 (C.D. Cal. June 3, 2008) .................................... 11

*Sowinski v. California Air Resources Board,*
    720 Fed. Appx. 615 (9th Cir. 2017) ............................................. 12, 13

*United States v. Martin,*
    226 F.3d 1042 (9th Cir. 2000) ............................................................ 15

*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935 (9th Cir. 2009) .............................................................. 20

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ...................................................................... 20, 21

*Wang v. Chinese Daily News,*
    231 F.R.D. 602 (C.D. Cal. 2005) ........................................................ 20

*Warth v. Seldin,*
    422 U.S. 490 (1975) ............................................................................ 25

*Zabuski v. McEwen,*
    2017 WL 11707383 (C.D. Cal. Dec. 14, 2017) .................................. 17

**Rules**

Fed. R. Civ. P. R. 16 ................................................................................ 7, 19

Fed. R. Civ. P. R. 23 .............................................................................. 21, 22

Fed. R. Civ. P. R. 59 ................................................................................ 7, 15

Fed. R. Civ. P. R. 60 .................................................................. 7, 15, 16, 17

Local Rule 7-18 ........................................................................................passim

Local Rule 7-3 .............................................................................................. 12

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

5

1504633.1 – 06297-0000

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants CodePink Women for Peace, CodePink Action Fund, Palestinian Youth Movement, Lena Schirf, Remo Ibrahim, and WesPac Foundation (collectively, "Defendants") Motion for Reconsideration (the "Motion") is an improper motion to dismiss disguised as a motion for reconsideration.  It effectively argues that the Court should withdraw its order opening discovery in this case because Plaintiffs' claims allegedly fail for various reasons.  As discussed in greater detail below, Defendants' arguments for dismissal fall flat.  Notwithstanding that fact, the Motion is fatally defective because it does not and cannot do what a motion for reconsideration is required to do: identify any grounds on which the Court could reconsider its discovery order.  For the following reasons, the Court should deny the Motion in its entirety:

*First*, the Court should deny the Motion because Defendants failed to meet-and-confer in advance of filing as required by Local Rule 7-3.  In the hallway outside the courtroom, minutes after the Court issued its order, Defendants' counsel informed Plaintiffs' counsel that Defendants intended to file the Motion.  Despite knowing that they intended to file, Defendants waited until the day the Motion was filed to leave a voicemail for Plaintiffs in which they "sought to" meet-and-confer. This blatant violation of the Local Rules, and Defendants' subsequent failure to comply with pre-filing meet-and-confer requirements, justifies denying the Motion outright.

*Second*, the Motion does not identify any basis to reconsider the Court's Order under Local Rule 7-18, which are "the exclusive grounds for reconsideration in the Central District of California." *Scottsdale Ins. Co. v. Dickstein Shapiro LLP*, 389 F. Supp. 3d 794, 835 (C.D. Cal. 2019).  The Motion was purportedly made under Local Rule 7-18(c) but does not identify any "material facts" that the Court

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

purportedly failed to consider, as required by the Local Rule.

*Third*, although it is unclear, the Motion appears to argue that reconsideration is appropriate under Fed. R. Civ. P. R. 59(e).  But that Rule only applies to motions "to alter or amend a judgment…." *Id*.  Because the Court's December 9th order clearly is not a judgment, Defendants are not and could not be entitled to relief under Rule 59(e).

*Fourth*, Defendants purport to seek relief under Fed. R. Civ. P. R. 60(b)(1) and (6).  But Rule 60(b) does not apply to interlocutory orders like the Court's December 9th order.  Even if that weren't the case—it is—the Motion does not make a showing for relief under Rule 60(b)(1) or (6).  Having failed to own up to any "mistake, inadvertence, surprise, or excusable neglect," Defendants are not entitled to relief under the former Rule, and the latter Rule only applies in rare cases where leaving an erroneous judgment in place would result in a "manifest injustice." Here, there is no judgment, and requiring parties to litigation to engage in discovery is not manifestly unjust.

Because Defendants have completely failed to show they are entitled to reconsideration under any rule cited by the Motion, the Court can and should end its inquiry here and deny the Motion in its entirety.  But even if the Court were to consider the balance of Defendants' arguments in the Motion, the Motion fails:

*The Court Acted Within Its Authority to Order Discovery*: The Motion argues that the Court was without authority to issue a *sua sponte* order opening discovery because there was no "motion or application before the Court to start discovery." But the Court is vested with "broad discretion" to permit discovery, including on its own motion.  *See*, *e.g.*, *Laub v. U.S. Dept. Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003).

*No Notice/Fed. R. Civ. P. R. 16(b)(1)(B)*: The Motion includes a tortured argument that the Order was issued in violation of Fed. R. Civ. P. R. 16(b)(1)(B) because it was purportedly issued without notice to one or more defendants.  But

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

Defendants had notice of the relevant hearing—certain of them chose not to attend. In any event, Rule 16(b)(1)(B) concerns scheduling orders, and does not restrict the Court's broad authority to control discovery in this case.

*Class Action Allegations*: According to Defendants, the presence of class action allegations in this case precludes discovery until a class is certified. But that is not the law. Courts regularly allow precertification discovery in class actions, and, contrary to the Motion, the FAC makes a *prima facie* showing that the requirements for class certification are met in this case. Thus, the Court's Order was proper.

*Anonymous SCLJ Members:* The Motion states—falsely—that the FAC includes allegations concerning "seven anonymous plaintiffs." Defendants assert that these "seven anonymous plaintiffs" have not made the showing necessary to remain anonymous, and that for un-stated reasons, this justifies reconsideration of the Order. Of course, because this case does not involve *any* anonymous plaintiffs, this argument should be ignored.

*Causation:* Defendants finally argue that Plaintiffs have not properly alleged causation, and that Plaintiffs' claims are therefore defective. The argument is improper, because it re-states arguments previously made and considered by the Court—which is strictly verboten in the context of a motion for reconsideration. *See Scottsdale*, 389 F. Supp. 3d at 836. Regardless, the FAC sufficiently alleges causation here. It alleges that Defendants have a history of organizing protests that result in violence, disruption, and interrupted access to buildings. It also alleges that Defendants' social media statements asked their followers to disrupt events at the Synagogue on the day of the riot. That is enough to establish a causative nexus between Defendants' conduct and the harm Plaintiffs suffered.

*Associational Standing:* Finally, Defendants argue that SCLJ lacks standing to sue on behalf of its members, and this alleged failure of standing justifies reconsideration. But SCLJ has made a sufficient showing of standing at this stage

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1  in the litigation.  In any event, Plaintiff Pollak unquestionably has standing to sue.

2  Thus, standing is a non-issue.

3  Defendants have not identified any grounds to reconsider the Order.  Thus,

4  the Court should deny the Motion in its entirety.

## II.    FACTUAL BACKGROUND

6  In June 2024, Defendants incited and organized an angry mob to descend on

7  Adas Torah Synagogue (the "Synagogue"), located in Los Angeles's Pico-

8  Robertson neighborhood.  The angry mob that gathered outside the Synagogue,

9  some of whom were armed with bear spray and other weapons, prevented numerous

10  members of Los Angeles's Jewish community—among them, Plaintiff Pollak and

11  members of Plaintiff StandWithUs Center for Legal Justice ("SCLJ")—from

12  entering the Synagogue to exercise their First Amendment Right of religious

13  freedom.

14  SCLJ filed the initial complaint in this matter on July 24, 2024, alleging, *inter*

15  *alia*, claims for violations of the Freedom of Access to Clinic Entrances Act.  Ronen

16  Helmann filed a class action against Defendants on July 7, 2024, alleging similar

17  claims to those advanced here ("*Helmann*").

18  At the end of October, Defendant WesPac Foundation ("WesPac") filed a

19  motion to dismiss.  (*See* Doc. No. 49.)  Subsequently, Helmann filed a motion to

20  consolidate his case with this action at the beginning of November, in which SCLJ

21  joined.  (*See* Doc. No. 50.)

22  SCLJ filed an opposition to WesPac's motion to dismiss on November 18,

23  2024.  (*See* Doc. No. 59.)  WesPac filed its reply on November 22, 2024.  (*See* Doc.

24  No. 60.)

25  The Court held a status conference on November 24, 2024, at which

26  Defendants previewed various arguments they intended to make in motions to

27  dismiss.  (*See* Doc. No. 62.)  After the status conference, the Court stayed all

28  deadlines to respond to the complaint until after the Court decided the pending

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1   motion to consolidate.  (*Id*.)

2       After hearing argument on pending motions, on December 9, 2024, this Court

3   this Court issued an order (the "Order") granting the parties "four months to conduct

4   discovery, to commence immediately."  (Doc. No. 69.)  The Court issued the Order

5   because, as explained at the hearing, it desired additional evidence regarding

6   whether, and the extent to which, Defendants coordinated the riot outside the

7   Synagogue.  The Court further granted SCLJ leave to file an amended complaint

8   within ten days.  (*See id*.)

9       Immediately after the hearing on December 9, 2024, in the hallway outside

10  the courtroom, Mark Kleiman, counsel for WesPac and Defendant CodePink,

11  informed counsel for SCLJ that Defendants intended to file a motion for

12  reconsideration of the Order.  (Declaration of Daniel R. Paluch ("Paluch Decl."),

13  filed concurrently herewith, ¶¶ 3–6.)

14      SCLJ timely filed its amended complaint (the "FAC") on December 19,

15  2024.

16      At approximately noon on December 23, 2024, Mr. Kleiman left a voicemail

17  for SCLJ's counsel purportedly seeking to meet-and-confer about the Motion.  (*See*

18  Declaration of Mark Kleiman, Doc. No. 73-1, at ¶ 51.)   A few hours later,

19  Defendants filed the Motion, without engaging in a pre-filing meet-and-confer.

20  ## III.   LEGAL STANDARD

21      When a party seeks reconsideration of an interlocutory order rather than a

22  final judgment, "[t]he applicable authority. . . is Local Rule 7-18, not Fed. R. Civ.

23  P. 59(e) or Rule 60(b)."  *McKinsty v. Swift Transp. Co., of Ariz.*, 2017 WL 8943524,

24  at *2 (C.D. Cal. Sept. 18, 2017).   Under Local Rule 7-18, "[n]o motion for

25  reconsideration shall in any manner repeat any oral or written argument made in

26  support of or in opposition to the original motion."  L.R. 7-18; *see also Scottsdale*

27  *Ins. Co. v. Dickstein Shapiro LLP*, 389 F. Supp. 3d 794, 835 (C.D. Cal. 2019);

28  *McKinsty*, 2017 WL 8943524, at *2 (citing Local Rule 7-18).  Even "[i]f a party

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

can surmount this hurdle," *McKinsty*, 2017 WL 8943524, at *2, a motion for reconsideration under Local Rule 7-18 may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. "Th[ese] grounds for reconsideration specified in Local Rule 7-18 are the exclusive grounds for reconsideration in the Central District of California." *Scottsdale*, 389 F. Supp. 3d at 835; *Karol W. Corp. v. Smith News Co.*, 2014 WL 12586417, at *2–5 (C.D. Cal. Feb. 28, 2014) (applying the "restrictions of Local Rule 7-18 in deciding Defendant's Motion for Reconsideration" and denying the motion on the ground that Defendant "failed to satisfy the requirements of Local Rule 7-18"). Local Rule 7-18 "is thus narrower than . . . the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Ketab Corp. v. Mesriani Law Grp.*, 2015 WL 2084469, at *2 n.3 (C.D. Cal. May 5, 2015).

In addition to these restrictions, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003). "Similarly, in asking for a motion for reconsideration, a party may not merely urge the court to reconsider past arguments or present new arguments it failed to make prior to the issue of an order." *Scottsdale*, 389 F. Supp. 3d at 836 (internal quotations and brackets omitted) (*quoting Sewchez Int'l Ltd. v. CIT Grp./Commercial Servs., Inc.*, 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008)). "A motion for reconsideration should not be granted, absent highly unusual circumstances." *Dairy Emps. Union Local No. 17 Christian Labor Ass'n of the U.S.*

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

*Pension Tr. v. Ferreira Dairy*, 2015 WL 1952308, at *1 (C.D. Cal. Apr. 28, 2015) (internal quotations omitted) (*quoting Rogers v. U.S.*, 2014 WL 7333409, at *1 (C.D. Cal. Dec. 19, 2014)).

## IV.    ARGUMENT

### A.    The Court Should Deny the Motion Because Defendants Failed to Meet-and-Confer Before Filing.

In the Motion, Defendants claim that it was impossible for them to comply with Local Rule 7-3's pre-filing meet-and-confer requirement, and that their non-compliance with the Local Rule should therefore be excused. (Motion, p. 17.) Not so. Defendants informed Plaintiffs of their intent to file the Motion *immediately after* the December 9 hearing but made no pre-filing attempt to meet-and-confer with Plaintiffs until hours before they filed the Motion. Because Defendants failed to comply with Local Rule 7-3, the Court should deny the Motion in its entirety.

Central District of California Local Rule 7-3 states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. The Local Rule further states that the conference "shall take place at least seven (7) days prior to the filing of the motion." *Id.* If the parties are unable to resolve their differences, counsel for the moving party must include the following statement in the notice of motion: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.*

Non-compliance with Local Rule 7-3 is grounds for denying the Motion outright. *See Sowinski v. California Air Resources Board*, 720 Fed. Appx. 615, 618 (9th Cir. 2017). In *Sowinski*, plaintiff moved for reconsideration of an order by this Court dismissing his claims. *Id.*, at 617. The Court denied the motion for failure to comply with Local Rule 7-3, and the Court of Appeals affirmed, noting that it saw "no basis for finding an abuse of discretion in the district court's reliance on

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

Local Rule 7-3 to deny the motion." *Id*., at 618; *see also Moghaddam v. Liberty Life Assurance Co. of Boston*, 2015 WL 5470338, at *2 (C.D. Cal. Sept. 17, 2015) ("The court notes that adherence to the local rules is not optional, and that Wells Fargo's failure [to comply with 7-3] is reason enough to deny the instant motion.); *J&J Sports Productions, Inc. v. Auila*, 2014 WL 12567784, at *1 (C.D. Cal. Feb. 11, 2014) (denying motion for summary judgment because "This Court maintains a firm policy of reducing unnecessary motion practice and requires strict compliance with Local Rule 7-3.")

Like in *Sowinski*, and contrary to the Motion, Defendants here easily could have complied with Local Rule 7-3, but plainly did not do so.  After counsel stepped out of the courtroom on December 9, Mark Kleiman, counsel for Defendants CodePink and WesPac, informed counsel for Plaintiffs that Defendants would be filing a motion for consideration of the Court's Order.  (Paluch Decl., ¶¶ 3–6.) Defendants could have spent the rest of the week of December 9 working up the Motion, met-and-conferred with Plaintiffs that Friday, and timely filed their Motion while satisfying the Local Rules.  But they didn't do that.  Instead, they waited until the day they filed the Motion to leave a voicemail with Plaintiff's counsel to "[seek] to confer" with Plaintiffs about the Motion.  (*See* Motion, p. 16.)  That is not a "thorough" discussion of the Motion that took "place at least seven (7) days prior to the filing of the [M]otion." C.D. Cal. L.R. 7-3.  Moreover, this is not an isolated occurrence.  Defendants did not meet-and-confer with Plaintiffs before they filed their Motion to Dismiss Plaintiffs' First Amended Complaint.  (Paluch Decl., ¶ 8.)

Defendants have quickly established a pattern of violating the Local Rules. They have filed multiple motions without conducting a pre-filing meet-and-confer in accordance with Local Rule 7-3.  To dissuade future rule violations—and concomitant prejudice to Plaintiffs—the Court can and should deny the Motion for failure to comply with Local Rule 7-3. *See Sowinski*, 720 Fed. Appx. at 618.

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

## B. There Is No Basis to Reconsider the Order Under Local Rule 7-18.

Although Defendants confusingly claim it is inapplicable, they appear to bring the Motion under Local Rule 7-18. (*Compare* Motion, at p. 16 ("Defendants file this motion as a motion for reconsideration per L.R. 7-18") *with* pp. 14–15 (arguing Local Rule 7-18 does not apply).) Local Rule 7-18 provides for reconsideration of a Court order in just three specifically identified circumstances. The only part of Local Rule 7-18 on which Defendants rely is subsection (c), (*see* Motion, at 16:22 ("…Defendants' requested relief is justified under L.R. 7-18(c)…"), which applies if there is a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. But Defendants do not identify any "material facts presented to the Court" that the Court allegedly failed to consider. *Id*. Thus, the Motion should be denied.

Rather than present any "material facts" that Defendants claim the court did not consider, Defendants point only to legal arguments purportedly justifying the Motion.[1] *See Dairy Emps. Union Loc. No. 17 Christian Lab. Ass'n of the U.S. Pension Tr.*, 2015 WL 1952308 at *2 (denying motion for reconsideration where moving party "fail[ed] to point out any material facts the Court failed to consider" and "argu[ed] only that the Court ... 'failed to consider Defendant's *arguments*'") (emphasis in original).

Defendants' failure to present "material facts" to support their Local Rule 7-18(c) request for relief is fatal to the Motion, even if their legal arguments have merit. *See id*. But, as discussed in greater detail below, all the arguments advanced by the Motion are meritless, and none justifies reconsideration of the Order.

---

[1] While Defendants do not rely on Local Rule 7-18(a) or (b), neither would not apply here. Defendants do not identify a "material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." *See* L.R. 7-18(a). Nor is this a situation where new facts or a change in the law occurred after the Order was entered, *see* L.R. 7-18(b), as the cases cited in the Motion pre-date the Order.

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

Accordingly, the Motion should be denied.

### C.    There Is No Basis to Reconsider the Order Under Rule 59(e).

As an alternative to Local Rule 7-18, the Motion appears to argue that reconsideration of the Court's Order is appropriate under Rule 59(e).  (*See* Motion, at 9:15 & 15:4–5.)  Even if it were proper for Defendants to do so—and it isn't—the Motion still fails.  Rule 59(e) only applies to motions "to alter or amend a judgment…." Fed. R. Civ. P. R. 59(e).  Because the Court's Order is not a judgment, Rule 59(e) is inapplicable. *See id.*  The Motion should be denied.

### D.    There Is No Basis to Reconsider the Order Under Rule 60(b).

Defendants cannot seek relief under Rule 60(b) as an alternative to reconsideration under Local Rule 7-18 either.  By its terms, Rule 60(b) applies only to final judgments, orders, or proceedings. *See Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F. 2d 151, 153–54 (7th Cir. 1985) (explaining that the word "final" in Rule 60(b) modifies the words "'order, or proceeding' as well as 'judgment'"); *see also Madsen v. Bumb*, 419 F. 2d 4, 6 (9th Cir. 1969) ("[b]y its terms Rule 60(b) applies only to relief from a final judgment"); *see also S.E.C. v. Kuipers*, 399 F. App'x 167, 171 (9th Cir. 2010) (holding that a motion for reconsideration could not be treated as a motion under Rule 60(b) because it was "not appealing a final order, and as such, Rule 60(b)(2) does not apply"); *United States v. Martin*, 226 F. 3d 1042, 1048 n.8 (9th Cir. 2000) (Rule 60(b) "applies only to motions attacking final, appealable orders"); *Glair v. City of Los Angeles*, 2014 WL 11485961, at *1 (C.D. Cal. Apr. 17, 2014) (Rule 60(b) "applies only to relief from final judgment or appealable interlocutory orders"). Accordingly, the Ninth Circuit and its district courts routinely refuse to allow parties to seek relief from interlocutory orders under Rule 60(b).  *See*, *e.g.*, *Kuipers*, 399 F. App'x at 171; *McKinsty*, 2017 WL 8943524, at *2; *In re Benham*, 2013 WL 3872185, at *2 (C.D. Cal. May 29, 2013).

The Court's Discovery Order is indisputably interlocutory. *See Admiral Ins.*

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

*Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1490 (9th Cir. 1989)

("Discovery orders are not final appealable orders under 28 U.S.C. § 1291…."). Thus, as a matter of law, Rule 60(b) does not apply. *See McKinsty*, 2017 WL 8943524, at *2 (denying motion to reconsider interlocutory order under Rule 60(b)).

But even if that weren't the case—it is—Defendants fail to show that reconsideration is warranted under any of the subsections of Rule 60 identified in the Motion:

*Rule 60(b)(1):* Defendants appear to argue that they are entitled to relief under Rule 60(b)(1). (*See* Motion, at 15:8–11.) But Rule 60(b)(1) is intended to grant relief for a moving party's own "mistake, inadvertence, surprise, or excusable neglect" that resulted in adverse judgment against it. *See Bateman v. U.S. Postal Serv.*, 231 F. 3d 1220, 1223 (9th Cir. 2000). Circumstances warranting relief under Rule 60(b)(1) may include, for example, failure to meet a filing deadline through excusable negligence of the moving party's counsel. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993). When such mistake or excusable negligence is claimed, the moving party must demonstrate that equitable considerations warrant relief, taking into account at least the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F. 3d at 1223–24. Defendants, however, have not owned up to any "mistake, inadvertence, surprise, or excusable neglect," nor have they demonstrated that their conduct was excusable. Because Defendants have not made the evidentiary showing necessary to support relief under Rule 60(b)(1), the Motion should be denied.

*Rule 60(b)(6):* Defendants likewise are not entitled to relief under Rule 60(b)(6). (*See* Motion, at 16:22–23.) Rule 60(b)(6) is a "catch-all provision."

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

16

*Zabuski v. McEwen*, 2017 WL 11707383, at *1 (C.D. Cal. Dec. 14, 2017).  Thus, "[t]he standard for a Rule 60(b)(6) motion is high, and such relief should be granted sparingly to avoid manifest injustice." *Riley v. Filson*, 933 F. 3d 1068, 1071 (9th Cir. 2019). The Ninth Circuit and Supreme Court have both cautioned that that this broad power is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F. 3d 737, 749 (9th Cir. 2008) (internal quotation and citation omitted); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).  This is not a case where anyone could have done anything to prevent or correct an erroneous judgment, because no judgment has been entered in this case.  *See Harvest*, 531 F.3d at 749.  Nor do Defendants identify any "manifest injustice" they seek to prevent.  Indeed, Defendants here merely seek to avoid discovery.  But being required to engage in discovery as a party to litigation is not an injustice.  *See, e.g.*, *In re U.S.*, 895 F.3d 1101, 1105–6 (9th Cir. 2018) (government made no showing that it would be meaningfully prejudiced by engaging in discovery, and therefore was not entitled to mandamus relief).  Thus, relief under Rule 60(b)(6) is inappropriate.

### E.    Defendants Remaining Arguments are Inapposite and Irrelevant.

As discussed above, Defendants have not and cannot show that they are entitled to relief under any of the rules underpinning their Motion—whether that be Local Rule 7-18(c), Rule 59(e), or Rule 60(b)(6).  Defendants' failure to satisfy any ground for relief under these rules should end the Court's inquiry.  Nevertheless, Plaintiffs address the balance of the Motion's arguments below, out of an abundance of caution.

### 1.    The Court's Order was proper, and consistent with the Court's broad discretion and authority to set the timing and sequence of discovery.

The Motion argues that the Court's Order was improper because it was made

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

1  *sua sponte*, when there was "no motion or application before the Court to start

2  discovery, and the issue had not been previously discussed by any of the parties."

3  (*See*, *e.g.*, Motion, at 16:10–23.)  Defendants cite no authority in support of their

4  argument that discovery in a proceeding can only commence after a request is

5  submitted to the Court, because none exists—the Court was well within its authority

6  to issue a *sua sponte* order to commence discovery in this case.

7      This Court is vested with "broad discretion" to permit or deny discovery.

8  *Laub v. U.S. Dept. Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Furthermore,

9  "discovery should ordinarily be granted where pertinent facts bearing on the

10  question of jurisdiction are controverted or where a more satisfactory showing of

11  the facts is necessary."  *Id*. (quoting *Butcher's Union Loc. No. 498, United Food

12  and Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also*

13  *Brophy v. Almanzar*, 359 F. Supp. 3d 917, 926 (C.D. Cal. 2018).  In *Brophy*, for

14  example, this Court made a *sua sponte* order to conduct discovery to clarify certain

15  jurisdictional questions, including the nature and extent of defendants' contacts

16  with California and whether the amount in controversy requirement was met.

17  *Brophy*, 359 F. Supp. 3d at 926.

18      Here too, discovery is appropriate.  At the hearing where the Order was

19  issued, the Court indicated that, in connection with a pending Motion to

20  Consolidate, the Court wished to consider whether Defendants coordinated the Riot,

21  and the extent to which Defendants conspired with each other to plan it.  (*See*, *e.g.*,

22  Declaration of Mark Kleiman, Doc. No. 73–1, at ¶¶ 38–43.)  The Court's Order to

23  permit discovery for that purpose was well within its broad discretion to permit

24  discovery relevant to this case, and it was well within the Court's discretion to act

25  on its own motion.  *See Laub*, 342 F.3d at 1093.  Thus, the Motion should be denied.

### 2.    Defendants Had Notice and An Opportunity to Be Heard; The Order Did Not Violate Fed. R. Civ. P. 16(b)(1)(B).

26

27

28      Defendants next argue that the Order should be reversed because it was

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

purportedly issued in violation of Fed. R. Civ. P. 16(b)(1)(B), because Defendants allegedly did not have notice and an opportunity to be heard before the Court issued the Order.  (*See* Motion, at pp. 15–16.)  But Defendants had notice of the hearing and cite no law that supports this argument.

Contrary to the Motion, all Defendants had notice that a hearing would occur: the Dockets in this case and *Helman* both had pending Motions noticed for December 9th.  (*See generally*, Docket.)   Accordingly, all Defendants whose interests were implicated by the Order could have appeared at the hearing and argued their position.  The fact that they chose not to do so, (*see* Motion, at pp. 16), does not mean that Palestinian Youth Movement, Schirf, and Ibrahim were deprived of notice and an opportunity to be heard.  And, as discussed above, even in the absence of notice that the Court would issue a discovery Order the hearing, the Court was well within its discretion to issue a *sua sponte* order commencing discovery in this case.  *See*, *Laub*, 342 F.3d at 1093; *see also Brophy*, 359 F. Supp. 3d at 926 (issuing order to conduct discovery when no party had notice that a discovery order would be issued at the hearing).

Fed. R. Civ. P. 16(b)(1)(B) does not buttress Defendants' argument on this point.  It concerns the timing of scheduling orders and does not restrict the Court's power to permit discovery on its own motion or in any way.

Like Defendants' other arguments, this argument goes nowhere.  The Motion should be denied, and the Order should stand.

### 3. The Presence of Class Claims Doesn't Exempt Defendants from Discovery.

Defendants argue that, because Plaintiffs allegedly have "made no showing that they meet the requirements of Fed. R. Civ. P. 23(a) to maintain a class action," Plaintiffs should not be permitted to conduct *any* discovery in this case.  (Motion, at pp. 17–19.)  That is not the law.

Contrary to the Motion, precertification discovery is routinely granted—and

19

1504633.1 – 06297-0000

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

appropriate—in class actions. *See*, *e.g.*, *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168–69 (E.D. Cal. 2022) (granting motion to compel precertification discovery). Indeed, the Ninth Circuit has cautioned that "often the pleadings alone will not resolve the question of class certification and that some discovery may be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F. 3d 935, 942 (9th Cir. 2009). Accordingly, the "better and more advisable practice" for district courts on precertification discovery "is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable," and that "the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

Further, and contrary to the Motion, a *prima facie* showing that the requirements for class certification have been met *is not* a requirement for granting precertification discovery. *Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995, at *2 (C. D. Cal. May 21, 2010) (noting that a *prima facie* showing is not mandatory in all cases). Nonetheless, Plaintiffs' operative complaint makes a *prima facie* showing here:

*Numerosity:* The number of putative class members is unknown but includes at least 100 people. (FAC, ¶¶ 353–57); *see*, *e.g.*, *Wang v. Chinese Daily News*, 231 F.R.D. 602, 607 (C.D. Cal. 2005) (recognizing there is a presumption of numerosity where the proposed class contains one hundred or more members) (*reversed on other grounds by* 737 F.3d 538 (9th Cir. 2013)).

*Commonality:* To satisfy this requirement, Plaintiffs are required to show that the putative class members "depend upon a common contention… capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). What this means is that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims" made by the putative

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

class members. *Id.* Again, the operative complaint makes a *prima facie* showing of commonality. Among the common questions that will be resolved by this action are (1) whether Defendants incited the riot outside the Synagogue, and (2) whether the riot and rioters who were brought to the Synagogue interfered with the putative class members' ability to enter the Synagogue. (FAC, ¶¶ 358–70.) An answer to these questions is "apt to drive the resolution of the litigation" because, if these questions are answered in the affirmative, Defendants are liable to the putative class for violations of the FACE Act. *See Wal-Mart Stores, Inc.*, 564 U.S. at 350. Thus, Plaintiffs have made a *prima facie* showing of commonality.

*Typicality:* Rule 23(a)(3) requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. R. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F. 3d 723, 730 (9th Cir. 2020) (*quoting Hanlon v. Chrysler Cop.,* 150 F.3d 1011, 1020 (9th Cir. 1998) (*overruled on other grounds by Wal-Mart*, 564 U.S. at 338)). Thus, the "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992). Here, the putative class representative alleges he tried to enter the Synagogue, but his attempt was interfered with by the riot organized by Defendants. (FAC, ¶¶ 371–73.) Because he suffered the same or a similar injury as the absent class members, the claims here are not based on conduct unique to the putative class representative, and because the absent class members are alleged to have been injured by the same course of conduct as the class representative, Plaintiffs have made a *prima facie* showing of typicality. *See Hanon Dataproducts Corp.*, 976 F. 2d at 508.

*Adequacy:* Rule 23(a)(4) requires that the putative class representative must

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

"fairly and adequately protect the interests of the class." Fed. R. Civ. P. R. 23(a)(4). A named plaintiff satisfies the adequacy test if the individual has no conflicts of interest with other class members and if the named plaintiff will prosecute the action vigorously on behalf of the class. *See Ellis v. Costco Wholesale Corp.*, 657 F. 3d 970, 985 (9th Cir. 2011). The FAC alleges all of these elements, thus making a *prima facie* showing of adequacy. (FAC, ¶¶ 374–77.)

Even in the absence of a *prima facie* showing of certifiability, the Court had discretion to open discovery in this case. *See Kaminske*, 2010 WL 5782995, at *2. That fact notwithstanding, the operative complaint does make a *prima facie* case for certifiability. Accordingly, the Motion should be denied.

### 4.    Defendants' Arguments Regarding SCLJ's Anonymous Members Are a Red Herring.

The Motion also argues that the Order should be reversed because the FAC makes allegations concerning "seven anonymous plaintiffs," and Plaintiffs have not made the showing necessary to proceed anonymously. (Motion, at pp. 20–21.) While the FAC includes allegations pertaining to anonymous members of Plaintiff SCLJ, those persons are not themselves plaintiffs in this case. (*See generally*, FAC.) This argument is a red herring and should be ignored.

### 5.    Defendants' Causation Arguments Are Inapposite and Misplaced.

According to Defendants, the Court should grant the Motion because Plaintiffs have not properly alleged causation. (Motion, at pp. 21–23.) This argument is a poorly-disguised attempt to argue a motion to dismiss in the context of a motion for reconsideration, which is improper. In any event, the FAC properly alleges causation.

"[A] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Asberry v. Money Store*, 2018 WWL 6834309, at *3 (C.D.

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000

Cal. Dec. 27, 2018).  Thus, a motion for reconsideration is properly denied where it repeats arguments that have already been made, or could have been made, during the course of the proceeding.  L.R. 7-18; *see also Scottsdale*, 389 F. Supp. 3d at 836.

Here, Defendant WesPac made substantially similar causation arguments in its Motion to Dismiss filed on October 29, 2024, (*see* Doc. No. 49, at pp. 8–10 (arguing that Plaintiffs did not allege a causal nexus between WesPac and the harm they suffered)), Defendant CodePink made substantially similar arguments in its Motion to Dismiss filed in on October 24, 2024, (*see Helmann* Doc. No. 49, at pp. 25–27), and counsel for Defendants raised substantially similar arguments at the November 24, 2024 status conference in this matter.  Put simply, the Motion's causation arguments are a re-tread of arguments that were already before the Court when it issued the Order.  Accordingly, they cannot form the basis of a request for reconsideration.  *See Scottsdale*, 389 F. Supp. 3d at 836.

Notwithstanding the foregoing, the Motion is wrong on the law.  The Motion suggests that Plaintiffs' FAC has to allege proximate causation to fulfill Article III standing requirements.  (*See* Motion, at pp. 21–22.)  But the "traceability" element of Article III standing is less demanding than common law proximate causation.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014) ("Proximate causation is not a requirement of Article III standing, which requires only that the plaintiff's injury be fairly traceable to the defendant's conduct."); *California v. Ross*, 358 F. Supp. 3d 965, 1006 (N.D. Cal. 2019) ("This [traceability] requirement is less demanding than a proximate cause standard.").

The fact that a third person allegedly outside Defendants control was involved in causing a plaintiff's harm does not deprive that plaintiff of standing.  *City and County of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610 (N.D. Cal. 2020) is instructive.  There, plaintiff city alleged that defendant drug-store chain's over-supply of opioids and failures to report suspicious orders

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

contributed to the city's opioid epidemic, thereby harming the city. *Id.*, at 632. Defendant moved to dismiss for lack of standing, arguing that, because third parties were responsible for the city's harm, plaintiff did not sufficiently allege causation and lacked standing. *Id.*, at 632–33. The court denied defendant's motion, noting that defendant's "alleged conduct—distributing and dispensing large amounts of opioids that it knew could not be used for legitimate uses—plausibly resulted in the City's immense costs." *Id.*, at 633.

Here too, Defendants' alleged conduct plausibly resulted in the harm Plaintiffs suffered. The FAC alleges that Defendants, and CodePink and PYM in particular, have a history of organizing purported protests that result in violence, disruption, and interrupted access to buildings and events. (*See*, *e.g.*, FAC, ¶¶ 65–90.) The language of Defendants' social media posts—which called for their supporters to show up at the riot—explicitly asked Defendants' followers to disrupt events at the Synagogue. (*See id.*, at ¶¶ 207–226.) These allegations alone establish a plausible connection between Defendants' conduct and the harm Plaintiffs suffered. Thus, the Motion should be denied.

### 6. SCLJ Has Properly Alleged Standing to Sue on Its Own Behalf and On Behalf of Its Members.

The Motion's final argument is that Plaintiff SCLJ lacks standing to sue on its own behalf or on behalf of its members. (Motion, at pp. 23–25.) Defendants are wrong again:

*First*, the Motion argues that SCLJ lacks standing because "the individual members SCLJ enumerates would not have standing because of their unpermitted anonymity." (Motion, at p. 25.) The Motion cites no authority for this proposition. In any event, in the Ninth Circuit, a plaintiff organization need not identify the injured member to establish standing where, as here, "it is relatively clear… that one or more members have been… adversely affected by the defendant's action" and the defendant does not need to know "the identity of a particular member to

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

understand and respond to an organization's claim of injury." *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) (*overruled on other grounds by FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024)).

*Second*, the Motion argues that SCLJ lacks standing because the injuries of its members are not "fairly traceable" to Defendants. For the reasons discussed above, that is not true.

*Third*, the Motion argues that, because the nature of the claims here would necessarily make the participation of each of SCLJ's members "inevitable." (Motion, at p. 25.) The law cited by Defendants in support of this argument ultimately relies on a statement in *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 343 (1977), which in turn paraphrased *Warth v. Seldin*, 422 U.S. 490, 511 (1975), in which the Court wrote that "so long as the nature of the claim and of the relief sought does not make the individual participation of *each injured party indispensable* to proper resolution of the cause, the association may be an appropriate representative of its members entitled to invoke the court's jurisdiction." Accordingly, court have held that "as long as resolution of the claims benefits the association's members and the claims can be proven by evidence from representative injured members, without fact-intensive-individual inquiry, the participation of those individual members will not thwart associational standing." *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F. 3d 547, 552 (5th Cir. 2010); *accord Retired Chicago Police Ass'n v. City of Chicago*, 7 F. 3d 584, 601–2 (7th Cir. 1993); *Hosp. Council of W. Penn. v. City of Pittsburgh*, 949 F. 2d 83, 89–90 (3d Cir. 1991). Because that is true here, Defendants' argument fails.

*Finally*, Defendants argue that SCLJ lacks standing because it cannot show that it was "injured as an organization." (Motion, at pp. 23–25.) This argument raises fact questions that are not properly raised in the context of this Motion. Nevertheless, to show standing at this stage in the proceeding, SCLJ must merely allege that Defendants' conduct "directly injures the organization's pre-existing

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

core activities and does so apart from [its] response to that… action." *Arizona All. for Retired Americans v. Mayes*, 117 F. 4th 1165, 1170 (9th Cir. 2024).  SCLJ's pre-existing core activity here was to "combating antisemitism through legal action."  (FAC, ¶ 31.)  Defendants here injured that core activity by engaging in antisemitic conduct—to wit, organizing a riot that prevented Jews, including SCLJ members, from entering the Synagogue to engage in religious activities.  (*See generally*, FAC.)  At this stage in the proceeding, Plaintiffs' allegations are sufficient to establish standing.

SCLJ has standing to sue, whether on its own behalf or on behalf of its members.  But even if that weren't the case—and it is—Defendants' standing arguments are irrelevant because this case involves multiple plaintiffs.  And the "presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006) (internal citation omitted).  Plaintiff Pollak—who unquestionably has standing to sue—thus fulfills any standing requirements allegedly lacking.  Accordingly, the Motion should be denied.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny the Motion in its entirety.

Respectfully submitted,

Dated:  December __, 2024                   GIPSON HOFFMAN & PANCIONE
                                            A Professional Corporation


                                            */s/Daniel R. Paluch*
                                            _____
                                            DANIEL R. PALUCH
                                            Attorneys for Plaintiffs and Class
                                            Members

1

### *L.R. 11–6.2 Certificate of Compliance*

2

The undersigned counsel of record for Plaintiffs certifies that this brief

3

contains 6,804 words, which complies with the word limit of L.R. 11–6.1.

4

5    Dated:  January 6, 2025                          GIPSON HOFFMAN & PANCIONE
                                                      A Professional Corporation
6

7
                                                      */s/Daniel R. Paluch*_____
8                                                     DANIEL R. PALUCH
                                                      Attorneys for Plaintiffs and Class
9                                                     Members

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1504633.1 – 06297-0000                                        2:24-cv-06253-SVW-PVC