1  Thomas B. Harvey (SBN 287198)
   tbhlegal@proton.me
2  LAW OFFICES OF THOMAS B. HARVEY
   365 E. Avenida de Los Arboles
3  Suite 226
   Thousand Oaks, CA 91360
4  (805)768-4440

5  Attorneys for Defendants
   PALESTINIAN YOUTH MOVEMENT
6  COURTNEY LENNA SCHIRF
   REMO IBRAHIM
7
                  UNITED STATES DISTRICT COURT
8          FOR THE CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
9

10  NOAH POLLAK, on behalf of all          Case No. 2:24-cv-06253-SVW-PVC
    others similarly situated, and
11  STANDWITHUS CENTER FOR
    LEGAL JUSTICE
12                                         DEFENDANTS PALESTINIAN YOUTH
                                           MOVEMENT, COURTNEY LENNA
13              Plaintiffs,                SCHIRF, AND REMO IBRAHIM'S,
                                           NOTICE OF MOTION AND MOTION
14         v.                              TO DISMISS PLAINTIFFS' FIRST
                                           AMENDED COMPLAINT
15
16  CODEPINK WOMEN FOR
    PEACE, a California entity;            Judge:  Hon Stephen V. Wilson
17  CODEPINK ACTION FUND, a                Hearing Date:  February 24, 2025
    California entity; HONOR THE           Time:           1:30 p.m.
18  EARTH, a Minnesota entity;             Courtroom:      10A
    COURTNEY LENNA SCHIRF;
19  REMO IBRAHIM, d/b/a
    PALESTINIAN YOUTH
20  MOVEMENT; and JOHN AND
    JANE DOES 1-100,
21
22
23              Defendants.
24
25
26
27
28
                                         i

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT on February 24, 2025, at 1:30 p.m. or as soon

3  thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court

4  located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor,

5  Los Angeles, CA 90012, Defendants PALESTINIAN YOUTH MOVEMENT,

6  COURTNEY LENNA SCHIRF and REMO IBRAHIM, will and hereby do move

7  the Court to dismiss Plaintiffs' First Amended Class Action Complaint.

8      This motion is based upon this Notice of Motion, the attached Memorandum

9  of Points & Authorities, the files and records in the case, and any evidence or

10  argument that may be presented at a hearing on this matter.

11                         Respectfully submitted,

12  Dated:  January 21, 2025        LAW OFFICES OF THOMAS B. HARVEY

13

14

15                         By:   /s/    Thomas B. Harvey

16                              Thomas B. Harvey

17                         Attorney for Defendants
                           PALESTINIAN YOUTH MOVEMENT
18                         COURTNEY LENNA SCHIRF
                           REMO IBRAHIM
19

20

21

22

23

24

25

26

27

28

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**.......................................................................... **III**

**TABLE OF AUTHORITIES**………………………………………………**IV**

**I.    INTRODUCTION** ..................................................................................**1**

**II.  FACTS ALLEGED** ...............................................................................**2**
    A.   Plaintiffs Fail to Tie Defendants to Any Alleged Harms.................................2

**III. STANDARDS OF REVIEW** ..................................................................**3**
    A.   Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is Fairly Traceable
to the Defendants .................................................................................................3
    B.   Fed.R.Civ.Proc. 12(b)(2) Requires The Court to Have Jurisdiction over
Defendants.............................................................................................................4
    C.   Fed.R.Civ.Proc. 12(b)(6) Requires Facts to Make a Claim Plausible .............6

**IV. ELEMENTS OF THE ALLEGED OFFENSES** ...................................**7**
    A.   The FACE Act (18 U.S.C. § 248)...................................................................7
    B.   Ku Klux Klan Act (42 U.S.C. § 1985(3)).....................................................8

**V.   DEFENDANTS' MOTION TO STRIKE** ..............................................**9**

**VI. ARGUMENT** .........................................................................................**11**
    A.   Plaintiff Pollak Cannot Satisfy the Requirements for Class Certification......11
    B.   Plaintiff SCLJ Cannot Satisfy the Requirements for Standing.....................12
    C.   Plaintiffs Fail to State a Claim Under the Pled Causes of Action and the
Complaint Must be Dismissed Pursuant to Rule 12(b)(6).....................................13
       1.   Plaintiffs Fail to State a Claim Under the FACE Act................................13
         a)   Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure, Interfere

         with, or Intimidate Them Because of Their Freedom of Religion.................13

         b)   Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim

         That Defendants Are Responsible for any Harmful Acts ...............................14

         c)   Defendants' Alleged Activities Constitute Protected First Amendment

         Speech and Advocacy....................................................................................16

         d)   Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of

         Force, or Physical Obstruction to Interfere with Their Freedom of Religion.17

       2.   Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3) ......................20
         a)   Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy

         by Defendants ...............................................................................................20

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

b)  Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action ..........................................21

c)  Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus......21

d)  Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to Defendants .......................................................23

**VII.  PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY ..........................................................24**

**VIII.  CONCLUSION…………………………………………………..24**

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Alaska Right to Life Political Action Comm. v. Feldman,*
    504 F.3d 840 (9th Cir. 2007)……………………………………………...23

*Allen v. Wright,*
    468 U.S. 737 (1984)………………………………………………………3

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)………………………………………………………6

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*
    223 F.3d 1082, 1086 (9th Cir. 2000)……………………………………….6

*Bank of Am., N.A. v. Knight,*
    725 F.3d 815, 818 (7th Cir. 2013)………………………………………….3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009)………………6,10,24

*Blakemore v. Superior Ct.,*
    129 Cal. App. 4th 36, 53, 27 Cal. Rptr. 3d 877, 891 (2005)………………...11

*Boquist v. Courtney,*
    32 F.4th 764, 774 (9th Cir. 2022)…………………………………………23

*Bray v. Alexandria Women's Health Clinic,*
    506 U.S. 263, 113 S.Ct. 753 (1993)………………………………………..9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,*
    137 S. Ct. 1773, 1779 (2017)……………………………………………4,5

*Burger King Corp. v. Rudzewicz,*
    (1985) 471 U.S. 462, 472–473 [85 L.Ed. 2d 528, 105 S. Ct. 2174]…………..5

*Carbon Fuel Co. v. UMW,*
    444 U.S. 212 (1979) ……………………………………………………..15,16

*Clapper v. Amnesty Int'l.*

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

*USA*, 568 U.S. 398, (2013)……………………………………………..23

*Clausing v. San Francisco Unified School Dist.*

221 Cal.App.3d 1224, 1234, 271 Cal.Rptr. 72. (1990)…………………..11

*Collins v. Jordan,*

110 F.3d 1363 (9th Cir. 1996)…………………………………………17

*CollegeSource, Inc. v. AcademyOne, Inc.,*

653 F.3d 1066, 1073 (9th Cir. 2011)……………………………………4

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,*

235 F. Supp. 3d 1132 (E.D. Cal. 2017)…………………………………8,20

*Conservation Force v. Salazar,*

646 F.3d 1240 (9th Cir. 2011)………………………………………..7

*Coronado Coal Co. v. Mine Workers,*

268 U.S. 295 (1925)…………………………………………………15

*Counterman v. Colorado,*

600 U.S. 66 (2023)…………………………………………………..19

*Cousins v. Lockyer,*

568 F.3d 1063 (9th Cir. 2009)…………………………………………6

*Dahlia v. Rodriguez,*

735 F.3d 1060 (9th Cir. 2013)…………………………………………6

*Daimler AG v. Bauman,*

134 S. Ct. 746, 750-751 (2014)……………………………………….6

*Elhanafi v. Fox Television Stations, Inc.,*

2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012)……………10

*Fabricant v. Elavon, Inc.,*

2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020)………………………..15

*Gaxiola v. City of Los Angeles,*

No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

(C.D. Cal. Aug. 30, 2011) …………..………………………………………8

*Gerber v. Herskovitz*,

    14 F.4th 500, 504, 508-509 (6th Cir. 2021)…………………………………17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,

    564 U.S. 915, 918 (2011)………………………………………………..4

*Harmston v. City & County of San Francisco*,

    627 F.3d 1273 (9th Cir. 2010)………………………………………..23

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,

    466 U.S. 408, 415 (1984)…………………………………………..…5,6

*Hunt v. Wash. State Apple Adver. Comm'n*,

    432 U.S. 333 (1977)………………………………………………...12

*In re Honest Co., Inc. Sec. Litig.,* 343 F.R.D. 147, 150 (C.D. Cal. 2022)…………9

*Karim-Panahi v. L.A. Police Dep't*,

    839 F.2d 621, 626 (9th Cir. 1988)………………………………………..21

*Kindschy v. Aish*,

    412 Wis.2d 319 (Sup. Ct. Wis. 2024) ………..……………………………..19

*Kokkonen v. Guardian Life Ins. Co. of America*,

    511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)……………………3

*Kristensen v. Credit Payment Servs. Inc.*,

    879 F.3d 1010 (9th Cir. 2018)………………………………………….15

*Laughon v. Int'l Alliance of Theatrical Stage Emples.*,

    248 F.3d 931, 935 (9th Cir. 2001)………………………………………..15,16

*Lotierzo v. A Woman's World Med. Ctr.*,

    278 F.3d 1180 (11th Cir. 2002)…………………………………………….8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,

    134 S. Ct. 1377 (2014)……………………………………………………..3

*Lujan v. Defenders of Wildlife*,

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992)…………………..3,23

*Manistee Town Center v. City of Glendale*,

227 F.3d 1090 (9th Cir. 2000)…………………………………………..8

*McCalden v. California Library Ass'n,*

955 F.2d 1214, 1219 (9th Cir. 1990) …………………………………..23

*NAACP v. Clairborne Hardware Co.*,

458 U.S. 886 (1982)……………………………………………………18

*Native Village of Kivalina v. Exxon Mobil Corp.*,

696 F.3d 849 (9th Cir. 2012)……………………………………………4

*New Beginnings Ministries v. George*,

2018 WL 11378829, *15 (S.D.O.H. 2018)……………………………...7

*Pasadena Republican Club v. W. Just. Ctr.*,

985 F.3d 1161 (9th Cir. 2021)…………………………………………..8

*Planned Parenthood of Columbia/Willamette, Inc. v.*

*Am. Coal. of Life Activists*, 290 F.3d 1058, (9th Cir. 2002)…………………18

*Preciado v. Freightliner Custom Chassis Corp.*,

87 Cal. App. 5th 964 (Cal.App.4th 2023)……………………………………5

*Prince v. CLS Transportation, Inc.,*

118 Cal. App. 4th 1320, 1323–24, 13 Cal. Rptr. 3d 725, 727 (2004)……11,12

*RK Ventures, Inc. v. City of Seattle*,

307 F.3d 1045 (9th Cir. 2002)…………………………………………..9

*Sanchez v. City of Santa Ana,*

936 F.2d 1027, 1039 (9th Cir. 1991)………………………………...21

*Scott v. Kuhlmann,*

746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)…………………………..22

*Security Farms v. International Broth. of Teamsters, Chauffeurs*,

124 F.3d 999 (9th Cir. 1997)……………………………………………16

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

*Sever v. Alaska Pulp Corp.*,

    978 F.2d 1529 (9th Cir. 1992)……………………………………..8,21

*Simo v. Union of Needletrades, Indus. & Textile Emps.*,

    *Sw. Dist. Counci*l, 322 F.3d 602 (9th Cir. 2003)………………………...15,16

*Sirer v. Aksoy*,

    2023 WL 3166453, *2 (S.D. Fla., May 1, 2023)……………………………10

*Sprewell v. Golden State Warriors*,

    266 F.3d 979 (9th Cir. 2001)………………………………………………6

*Top Rank, Inc. v. Haymon*,

    2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015)……….2

*United Bhd. of Carpenters & Joiners*, *Local 61o,* AFL-CIO *v. Scott*,

    463 U.S. 825 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)…………….......8,21,22

*Van Der Linden v. Khan*,

    535 S.W.3d 179, 198 (Tex. App 2017)………………………………...10

*Vavak v. Abbott Labs., Inc.*,

    No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011)……………………………………………………10

*Walden v. Fiore*,

    134 S. Ct. 1115, 1121-22 (2014)………………………………………...4

*Williams v. Yamaha Motor Co.*,

    851 F.3d 1015 (9th Cir. 2017)……………………………………………15

**STATUTES**

18 U.S.C. § 248 ............................................................................7

18 U.S.C. § 248(a)(2)………………………………………………7, 17

18 U.S.C. § 248(d)(1)……………………………………………………17

18 U.S.C. § 248(e)(4)……………………………………………………20

42 U.S.C. § 1985(3)…………………………………………..8,9,20,21,22,24

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1

## **OTHER AUTHORITIES**

2  Art. III, U.S. Const………………………………………………………….3

3  Fed.R.Civ.Proc. 12(b)(1)………………………………………………......3

4  Fed.R.Civ.Proc. 12(b)(2)……………………………………………………4

5  Fed.R.Civ.Proc. 12(b)(6)……………………………………...……………6,13,22

6  Fed.R.Civ.Proc. 12(f)……………………………………………………….9

7  H.R. Conf. Rep No. 103-488, 9 (1994)…………………………………….20

8  S. Rep. 117, 103d Cong. 1st Sess. 31 (1993)………………………………20

9  139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993)………………..17

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    INTRODUCTION

Defendants Palestinian Youth Movement (PYM), Courtney Lenna Schirf (Schirf), and Remo Ibrahim (Ibrahim) (collectively "Defendants") move to dismiss the instant complaint. In sum, Plaintiffs take offense to Defendants' support for Palestinians and principled opposition to Israel's illegal occupation of the West Bank and its ongoing genocide in Gaza. Plaintiffs bring the underlying complaint to punish Defendants for sharing a post about a protest against real estate company, My Home in Israel's ("MHI") illegal sale of occupied Palestinian land in the illegal, Jewish-only settlements in Occupied Palestine; an event which never mentioned or claimed religious obligations to purchase land or move. FAC nn. 100, 104. MHI is being investigated by the New Jersey Division on Civil Rights for possible "discrimination on the basis of race, religion, ancestry, national origin and other protected characteristics" during the company's previous real estate events.[1] MHI events have drawn protests throughout the country, and it has repeatedly been accused of aiding and abetting apartheid and genocide. MHI's event in Los Angeles was no different.

Based on these allegations, Plaintiffs seek damages from Defendants for violations of the Freedom of Access to Clinic Entrances ("FACE") Act and the Civil Rights Act. None of Plaintiffs' pled injuries are fairly traceable to Defendants' alleged conduct, and they depend entirely on third parties who were not subject to Defendants' control or authorization. The FACE Act specifically prohibits liability based on protected free speech activity, and the Civil Rights Act requires both a conspiracy to deny one's legal rights based on animus, as well as a culpable act that

---

[1] Arvind Dilawar, "Organizers of Israeli Real Estate Event in LA Under Investigation in New Jersey," Sept. 4, 2024 (last accessed Oct. 22, 2024) https://tinyurl.com/ysdkxc6r.

goes beyond mere protected speech. Defendants' speech is clearly protected First Amendment activity and Plaintiffs' claims of a "conspiracy" are purely speculative, so their second failed attempt at this complaint should be dismissed with prejudice.

## II.    FACTS ALLEGED

### A. Plaintiffs Fail to Tie Defendants to Any Alleged Harms

Plaintiffs allege that Defendants "organized, publicized, aided, and (on information and belief) funded" the demonstration, and that "upon information and belief, members of Defendants were among those who physically obstructed Plaintiffs Pollak, Proposed Class Members, and SCLJ from accessing the Synagogue on June 23, 2024." FAC ¶¶ 8, 59. Plaintiffs allege that Defendants engage in "disruptive, violent behavior" seeking  "to disrupt businesses and services nationwide." FAC ¶¶ 82-83.

Plaintiffs state that "all three events continued at the Synagogue on June 23, 2024" but that, "upon information and belief," some members were unable to attend. FAC ¶ 303.

Once relieved of legally conclusory language and restatements of the alleged offenses' elements, the facts asserted against Defendants boil down to First Amendment protected speech activity. None of the pled facts can support personal jurisdiction over Schirf or PYM. Plaintiffs' claims under the invoked statutes include facts that make it impossible for Plaintiffs to plead these causes of action. For these reasons, the complaint should be dismissed with prejudice.

Plaintiffs impermissibly indulge in group pleading, *i.e.*, allegations made against all "Named Defendants," a term that includes PYM Defendants. Where a plaintiff fails to allege specific facts that plausibly show culpable behavior by a specific defendant, and instead relies on blanket allegations that all defendants conspired, the Complaint must be dismissed. *See* Top Rank, Inc. v. Haymon, 2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015) (granting motion to

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

dismiss, including because Plaintiffs' "allegations draw no meaningful distinctions between or among the nine defendants against whom they are collectively asserted"); Bank of Am., N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) ("A contention that 'the defendants looted the corporation'—without any details about who did what—is inadequate. Liability is personal…The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy.").

### III.    STANDARDS OF REVIEW

#### A.    Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is Fairly Traceable to the Defendants

Federal courts have limited jurisdiction *see*, Art. III, U.S. Const. and plaintiffs must prove their case lies within a court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377-78 (1994). Plaintiffs must establish they have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Plaintiffs "bea[r] the burden of establishing these elements" and "at the pleading stage, must clearly allege facts demonstrating each element." Id. (citation omitted). The injury pled must "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Lujan, 504 U.S. at 560-61 (citation omitted). Further, "the line of causation between the [alleged] illegal conduct and injury" must not be "too attenuated." Allen v. Wright, 468 U.S. 737, 752 (1984) (concluding that a weak demonstration of causation precludes Article III standing), *overruled on other grounds by* Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388 (2014). Since the line of causation must be more than attenuated, "where the causal chain 'involves third

parties whose numerous independent decisions collectively have a significant effect on plaintiffs' injuries . . . the causal chain [is] too weak to support standing at the pleading stage.'" (citations and internal quotation marks omitted). <u>Native Village of Kivalina v. Exxon Mobil Corp</u>., 696 F.3d 849, 867 (9th Cir. 2012).

### B. <u>Fed.R.Civ.Proc. 12(b)(2) Requires the Court to Have Jurisdiction Over Defendants</u>

#### 1. <u>Specific Jurisdiction</u>

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. The plaintiff bears the burden of making a *prima facie* "showing establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011). A court may only exercise personal jurisdiction over a non-resident defendant if doing so would comport with the Fourteenth Amendment's Due Process Clause because it "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). Personal jurisdiction is established either through general, i.e. "all purpose,"jurisdiction derived from a defendant's establishment of the jurisdiction as its home base, or specific, i.e. "case-linked," jurisdiction derived from a defendant's jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).

The specific personal jurisdiction inquiry is "defendant-focused," with an emphasis "on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (citation and quotation omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 1121. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.*, 137 S. Ct. 1773, 1781

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

(2017).

As recently articulated by a California appellate court in *Preciado v. Freightliner Custom Chassis Corp.*, 87 Cal. App. 5th 964, 977 (Cal.App.4th 2023):

> For a state to have specific jurisdiction, the defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.'…The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'…They must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there…Yet even then—because the defendant is not 'at home'— the forum State may exercise jurisdiction in only certain cases. The plaintiff's claims … 'must arise out of or relate to the defendant's contacts' with the forum."….

Thus, a two-part showing by the plaintiff is required to establish specific jurisdiction: "[(1)] the defendant has 'purposefully directed' his activities at residents of the forum, … and [(2)] the litigation results from alleged injuries that 'arise out of or relate to' those activities." (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472–473 [85 L. Ed. 2d 528, 105 S. Ct. 2174].

## 2. **General Jurisdiction**

For general jurisdiction to exist over a nonresident defendant, the corporate defendants must have "continuous and systematic general business contacts" that "approximate physical presence" in the forum state (here, California). *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (finding no general jurisdiction where defendant did not have a place of business in forum state and had never been licensed to do business in forum state, despite existence of other connections).

The standard for obtaining general personal jurisdiction, even over a corporation, is "demanding." *Daimler AG v. Bauman*, 134 S. Ct. 746, 750-751 (2014). For a corporation, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* at 760 (internal quotations and citations omitted). Only in an "exceptional case" is general jurisdiction available elsewhere. *Id.* at 751 n.19. An "exceptional case" exists only if a defendant's contacts in the state are "substantial" or "continuous." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S. Ct. 1868 (1984)).

## C. <u>Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim Plausible</u>

Although "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard. <u>Cousins</u>, 568 F.3d at 1067 (internal quotation marks omitted). A court may reject as implausible allegations that are too speculative to warrant further factual development. <u>Dahlia v. Rodriguez</u>, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must be enough to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 548 (2009). The court need not accept allegations that are merely conclusory, are unwarranted deductions, or unreasonable inferences. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

When the guesses, conclusory language, and innuendo are stripped away, what remains of Plaintiffs' allegations that are grounded in specific facts is this: (1) Defendants was one of several organizations which called for a demonstration to oppose a real estate event illegally offering land sales in the occupied West Bank; (2) Defendants shared social media posts promoting the demonstration, and invited its supporters to "help advocate" against the illegal sale of occupied land; (3) persons unknown acted threateningly and said frightening things; and (4) some unknown persons used "bear spray" and brandished "blunt objects. From these crumbs, Plaintiffs builds a mountain of surmise to insist that Defendants must have directed these activities. These are not facts sufficient to make a cognizable legal theory plausible. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

**IV.    ELEMENTS OF THE ALLEGED OFFENSES**

**A. The FACE Act (18 U.S.C. § 248)**

The FACE Act was passed in 1994, when women's health clinics were being bombed and doctors who worked there were being murdered. A far lesser-known provision in the bill protects places of worship. The law's "religious freedom" cause of action has so seldom been invoked that caselaw interpreting this provision is scarce. Defendants could find no cases from the Ninth Circuit where such a suit has been brought. Other circuits, however, have identified four elements required to plead a violation of 18 U.S.C. § 248(a)(2): "Plaintiffs must demonstrate that Defendants used or attempted to use (1) force, threat of force, or physical obstruction; (2) with the intent to; (3) injure, intimidate, or interfere with a person; (4) because that person is exercising or is seeking to exercise his or her right of religious freedom at a place of religious worship." New Beginnings Ministries v. George, 2018 WL 11378829, *15 (S.D.O.H. 2018) (citing Lotierzo v. A Woman's World Med. Ctr., 278 F.3d 1180, 1182 (11th Cir. 2002) (citations omitted)).

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

### B. Ku Klux Klan Act (42 U.S.C. § 1985(3))

To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must prove "(i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of this conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017).

The cause of action under 42 U.S.C. § 1985(3) "requires at least one of the wrongdoers in the alleged conspiracy to be a state actor. Indeed, the Supreme Court has held that "'an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy'" or that the aim of the conspiracy is to influence state actors. Pasadena Republican Club v. W. Just. Ctr., 985 F.3d 1161, 1171 (9th Cir. 2021) (citing United Bhd. Of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 830 (1983).

To plead a claim under 42 U.S.C. § 1985(3), Plaintiffs must also plausibly allege that the intended deprivation was "'motivated by some racial, or … other[ ] class-based' animus." Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1185 (citing Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992); see also Manistee Town Center v. City of Glendale, 227 F.3d 1090 (9th Cir. 2000); Gaxiola v. City of Los Angeles, No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9 (C.D. Cal. Aug. 30, 2011) ("To avoid interpreting § 1985(3) as a general federal tort law, the Supreme Court has emphasized that, as under § 1981, the Plaintiffs must prove as an element of the cause of action 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'" (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993)); see also RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002). 42 U.S.C. §

1  1985(3) does not extend to "conspiracies motivated by bias towards others on

2  account of their economic views, status, or activities." <u>United Bhd. of Carpenters</u>

3  <u>and Joiners of Am, Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 837 (1983).

4  **V.    DEFENDANTS' MOTION TO STRIKE**

5         Under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), the Court may

6  strike any "redundant, immaterial, impertinent, or scandalous matter" from a

7  complaint. Fed.R.Civ.Proc. 12(f). A motion to strike is proper where such relief is

8  "necessary to avoid prejudice or will further the interests of judicial efficiency." <u>In</u>

9  <u>re Honost Co., Inc. Sec. Litig.</u>, 343 F.R.D. 147, 150 (C.D. Cal. 2022).

10        The FAC is replete with scandalous and impertinent allegations against

11 Defendants and co-defendant CodePink, which have no possible relation to the

12 causes of action in this case. These claims are included for the sole purpose of

13 prejudicing Defendants in the eyes of the Court and the public by scandalously

14 maligning them as antisemitic and supportive of terrorism.[2] For these reasons,

15 Defendants hereby move the court to strike the following paragraphs of the amended

16 complaint under Rule 12(f):

17    a. Paragraph 8's text: "(two organizations that seek to destroy the Jewish State

18       of Israel)." There are no facts plead whatsoever that could show PYM

19       "seek[s] to destroy" Israel; this blatant smear is included solely for its

20       potential to scandalize and prejudice Defendants. The allegation also has

21       nothing to do with the plead causes of action and is therefore irrelevant.

22    b. Paragraph 52's text: "PYM is an anti-Israel movement." This is strikeable for

23       the same reason as the excerpt from paragraph 8, above.

24

---

25 [2] For example, Plaintiffs alleges that PYM members are long-time supporters of

26 Hamas and have met with Hamas "several times." FAC ¶ 45. This allegation clearly

27 conflates meeting with elected officials from Hamas to gather information on the

   one hand, and actively supporting the party on the other.

28
DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

c.  Paragraphs 43 through 45 in their entirety. These paragraphs broadly allege that CodePink "has long supported terrorists" who call "for the annihilation of the Jewish people." These patently absurd accusations are based solely on CodePink's alleged attendance at a conference and alleged meetings with Palestinian elected officials. The accusation that CodePink supports terrorism or joins in a call to annihilate Jewish people is scandalous and defamatory.

d.  Paragraphs 53 through 58 in their entirety. These paragraphs accuse PYM of "terrorizing Jews" and supporting terrorism, based, again, on alleged participation in a national conference. The claims in these paragraphs, even if true, have nothing whatsoever to do with the elements of the plead causes of action. These paragraphs are included solely to malign and prejudice the Defendants as antisemites and supporters of terrorism.

e.  Paragraphs 65 through 90, in their entirety. These paragraphs describe other, wholly unrelated protests that CodePink and PYM allegedly supported via social media posts, and argue these protests required additional security and were disruptive. These unrelated protest events have nothing to do with the plead causes of action and are included solely to muddy the waters and prejudice Defendants. None of these events are relevant to the Adas Torah protest, and Plaintiffs have not pled facts showing that Defendants are even responsible for these other, wholly unrelated protest.

f.  Paragraph 224, in its entirety. Here Plaintiffs allege that "[u]pon information and belief, the phrase 'BELLY OF THE BEAST' refers to a synagogue." FAC ¶ 224. The Twombly plausibility standard permits a Plaintiff to plead facts alleged upon information and belief only where those facts "are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference" plausible. Vavak v. Abbott Labs., Inc., No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist.

10

LEXIS 111408, at *6 (C.D. Cal. June 17, 2011). Here Plaintiffs improperly allege a fact which is facially implausible, solely to malign the defendants as antisemites. This allegation is both impertinent and prejudicial.

These sections of the FAC by and large seek to defame Defendants as avowed supporters of terrorism, which is directly prejudicial to Defendants. *See, e.g.* Van Der Linden v. Khan, 535 S.W.3d 179, 198 (Tex. App 2017) ("Khan alleges that falsely accusing someone of having admitted that he provided financial support to terrorists constitutes defamation per se. We agree."); Elhanafi v. Fox Television Stations, Inc., 2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) (finding possible defamation where the public "might infer that plaintiffs are terrorists and/or terrorist sympathizers/abettors" based on Fox News story); Sirer v. Aksoy, 2023 WL 3166453, *2 (S.D. Fla., May 1, 2023). These scandalous and impertinent allegations have no relevance to the FAC's claims and are prejudicial to Defendants. As such, they should be stricken from the complaint.

## VI.    ARGUMENT

### A. Plaintiff Pollak Cannot Satisfy the Requirements for Class Certification

At the motion to dismiss stage, a demurrer to class allegations may be sustained "where it is clear that there is no reasonable possibility that the plaintiffs could establish a community of interest among the potential class members and that individual issues predominate over common questions of law and fact." Blakemore v. Superior Ct., 129 Cal. App. 4th 36, 53, 27 Cal. Rptr. 3d 877, 891 (2005), citing Clausing v. San Francisco Unified School Dist. (1990) 221 Cal.App.3d 1224, 1234, 271 Cal.Rptr. 72. Where the ability of each class member to recover depends on separate facts applicable only to that individual member, there is no reasonable possibility the named Plaintiffs can plead a prima facie community of interests among class members. Prince v. CLS Transportation, Inc., 118 Cal. App. 4th 1320,

11

1323–24, 13 Cal. Rptr. 3d 725, 727 (2004). Where each claim requires highly

individualized determinations of each potential class member's right to recover,

there is no community of interest, no commonality or typicality among potential

class members. *See* Prince v. CLS Transportation, Inc., 118 Cal. App. 4th 1320,

1323–24, 13 Cal. Rptr. 3d 725, 727 (2004).

Plaintiffs' own FAC demonstrates the highly individualized factual

determinations of each potential class member's right to recover. Named Plaintiff

Pollak alleges being confronted by Jane Does yelling at him, scaring him such that

he was compelled to enter the Synagogue through a side door. FAC ¶¶ 12-14. SCLJ

Member #1 makes no allegations of threats, being yelled at or intimidated out of the

area, and entered the synagogue through a side entrance after learning of this

entrance from a Whatsapp group. FAC ¶¶ 271-274. SCLJ Member #6 attended

morning prayers before the protests, remained inside, attempted to study the Torah

when the protests began but was unable to do so because of the commotion outside.

FAC ¶¶ 298-9. These are just a few examples of the widely varying individual

experiences and facts of the proposed class that nullify the class action commonality

and typicality requirements, and make it nearly impossible for the named Plaintiff to

plead a prima facie community of interests among class members.

## B. Plaintiff SCLJ Cannot Satisfy the Requirements for Organizational Standing

In order to establish organizational standing to sue on behalf of individuals, a

plaintiff organization must show that (1) its members would otherwise have

standing to sue in their own right, (2) the interests it seeks to protect are germane to

the organization's purpose, and (3) neither the claim asserted, nor the relief

requested requires the participation of individual members in the lawsuit. *See*

*generally*, Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333 (1977).

Plaintiff organization has failed to meet these standards and has no organizational

standing to bring this suit.

For standing to bring the two causes of action based on the real estate event, Plaintiff organization must show that the individual members were personally attempting to exercise their freedom of religion. It is not enough to make a blanket claim that the event was religious "for many in the community, including members of SCLJ" – if the specific people on behalf of whom SCLJ has sued do not personally view the event as such, they have no standing to sue. Therefore, determining standing clearly requires participation from the individual plaintiffs to determine whether they attempted to attend the real estate event as an exercise of religious freedom or merely as a way of getting discounted access to desirable real estate. This defect precludes SCLJ from establishing organizational standing to pursue the claims based on the real estate Event. SCLJ has not even *attempted* to allege that a purported interest in attending an illegal real estate event is somehow germane to its organizational purpose, nor that the participation of individual SCLJ members will not be required. SCLJ has not addressed these requirements, in any way, in the pleadings, and therefore fails to establish organizational standing to sue.

### C. <u>Plaintiffs Fail to State a Claim Under the Pled Causes of Action and the Complaint Must be Dismissed Pursuant to Rule 12(b)(6)</u>

#### 1. <u>Plaintiffs Fail to State a Claim Under the FACE Act</u>

Plaintiffs fail to allege facts that can plausibly show a violation of the statute. Although the "religious exercise" subsection of the FACE Act has not been addressed by this Court in any published decision, the plain language does not encompass a real estate sales event.

##### a) <u>Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure, Interfere with, or Intimidate Them Because of Their Freedom of Religion</u>

13

Plaintiffs' only specific facts pled against Defendants are that PYM's social media shared a post asking people to show up at "12 PM SHARP " saying that "OUR LAND IS NOT FOR SALE" FAC ¶¶220, 211. The SAC further alleges that PYM posted "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs further allege "upon information and belief" that "Named Defendants" distributed keffiyehs at the protest FAC ¶236.

Plaintiffs do not allege any facts that could plausibly show any of the PYM Defendants intended to injure Plaintiffs, restrict their freedom of movement, or threaten bodily harm, much less that they intended to do so *because* of Plaintiffs' exercise of freedom of religion. Plaintiffs do not allege any mention of prayer, worship, Jewish people, or Judaism, nor any call for violence, physical force, or intimidation. There are also no facts pled that could plausibly show the PYM Defendants intended to injure, restrict the bodily movement of, or threaten violence against people coming to exercise their religious freedom at the synagogue. Plaintiffs' sources in the FAC show that the published advertisement for the Real Estate event made no mention whatsoever of religion, prayer, worship, nor even of *Aliyah*; the event is described as a real estate opportunity, with discounts offered in exchange for participation (FAC, n. 74). There is no information in the advertisement from which Defendants could have known this was a religious event.

The facts pled therefore make it impossible for Plaintiffs to plausibly allege that Defendants intended to injure, intimidate, or interfere with them because of their exercise of freedom of religion.

### b) **Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim That Defendants Are Responsible for any Harmful Acts**

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs implicitly rely on an imputed agency relationship to hold Defendants liable for unidentified individuals' acts. Yet Plaintiffs fail to allege facts making it plausible that Defendants had "the right to substantially control [these alleged agent's] activities," <u>Williams v. Yamaha Motor Co.</u>, 851 F.3d 1015, 1024 (9th Cir. 2017), nor how Defendants did or knew these things. <u>Fabricant v. Elavon, Inc.</u>, 2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Even where the principal ratifies an act without knowledge of material facts of the agent's acts, the principal must still choose to ratify the act while aware that they lack such knowledge to be liable for the act. <u>Fabricant</u>, 2:20-cv-02960-SVW-MAA at 13-14, quoting <u>Kristensen v. Credit Payment Servs. Inc.</u>, 879 F.3d 1010, 1014 (9th Cir. 2018).

Even if the unidentified Does *were* PYM members (which is nowhere specifically alleged) PYM can only be responsible under some *respondeat superior* theory.  Other national organizations (for example, labor unions) are only responsible for members' actions if common law *respondeat superior* doctrines apply. To hold a union responsible for an agent's acts, under the common law "'it must be clearly shown . . . that what was done was done by their agents in accordance with their fundamental agreement of association.'" <u>Carbon Fuel Co. v. UMW</u>, 444 U.S. 212, 217 (1979), quoting <u>Coronado Coal Co. v. Mine Workers</u>, 268 U.S. 295, 304 (1925). Statutes governing labor-management relations imported common law *respondeat superior* doctrine, *see generally* 29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b), Norris–LaGuardia Act § 6, 29 U.S.C. § 106, making a union liable for its members' acts only where there is "clear proof" of participation, authorization, or ratification. <u>Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council</u>, 322 F.3d 602, 620 (9th Cir. 2003). Thus, even courts invoking these statutes rely upon traditional agency law. Liability turns on the nature and extent of the actual control an international union exercises over a local union and the local's degree of autonomy. <u>Laughon v. Int'l Alliance of Theatrical</u>

15

Stage Emples., 248 F.3d 931, 935 (9th Cir. 2001). Without evidence a union has instigated, supported, encouraged, or ratified acts by its subdivision union, there is no proof of an agency relationship, and thus a union cannot be held liable for the subdivision union's acts. Carbon Fuel Co, 444 U.S. at 218; *see also* Simo, 322 F.3d at 620. Even where an individual serves a double role as both the local and international union official, looking to the organization being served at the time of the conduct, courts "do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role." Laughon, 248 F.3d at 937. Even participating in negotiations and reporting to the international's representative on the local's progress fails to demonstrate the international controlled the local to impute liability. Security Farms v. International Broth. of Teamsters, Chauffeurs, 124 F.3d 999, 1012-1013 (9th Cir. 1997).

Finally, the FACE Act does not establish separate conspiracy liability for a civil cause of action. Plaintiffs must show that their injuries are fairly traceable to the specific alleged conduct of the particular defendants. Merely alleging that Defendants conspired ahead of time, without specific facts to show that Defendants each took actions that caused Plaintiffs' specific injuries, is insufficient.

Plaintiffs' allegations are broad and sweeping. They are also devoid of any facts showing how Defendants did the things it is accused of doing, nor how it knew of the things it is accused of knowing. There are no facts to support that Defendants controlled any individuals present at the event, nor any facts supporting that Defendants instigated, authorized, ratified or even encouraged any of the acts named in the complaint. With no facts to support its broad sweeping allegations, Plaintiffs have failed to sufficiently plead Defendants' vicarious liability.

### c) **Defendants' Alleged Activities Constitute Protected First Amendment Speech and Advocacy**

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Demonstrations, marches, and picketing are undeniably protected First Amendment activities. <u>Collins v. Jordan</u> 110 F.3d 1363, 1371 (9th Cir. 1996). This includes protests far more aggressive than this one. <u>Gerber v. Herskovitz</u>, 14 F.4th 500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged protests in front of a synagogue routinely held <u>during</u> scheduled worship, even with inflammatory signs saying "Resist Jewish Power."). Even where protected First Amendment speech becomes intertwined with someone's later illegal conduct, the solution is to punish the conduct, not the speech. <u>Id</u>. The federal FACE Act explicitly forbids construing its language to capture "expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment to the Constitution[.]" 18 U.S.C. § 248(d)(1). Plaintiffs therefore cannot plausibly allege a violation based on Defendants' protected speech.

### d) <u>Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion</u>

Plaintiffs do not plausibly allege that Defendants' social media posting used force, threats of force, or physical obstruction against him as required under 18 U.S.C. § 248(a)(2). In its legislative history, 18 U.S.C. § 248(a)(2)'s sponsor stated the proposal would "do no more than give religious liberty the same protection that [the FACE Act] would give abortion," and would address recent violence, including a protest where activists entered a facility during prayer and threw things at the congregants, and a series of arson attacks against churches. 139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993).

A large, outspoken demonstration (and a viciously brutal counterprotest) bears little resemblance to the violent acts contemplated by the statute. Plaintiffs have not pled a single fact that could plausibly show that Defendants used physical force against them—the only alleged physical force was by unidentified people.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1    Furthermore, Plaintiffs' own pleading shows that any force or threats of force
2  that may have occurred were not at the direction of Defendants but instead resulted
3  from clashes provoked by the pro-Israel counter-protesters. The FAC links to a
4  Yahoo News article which includes an interview with a physician who explains that
5  the pro-genocide counter-protesters clashed with the anti-war crimes protesters for
6  more than an hour, while the Los Angeles Police Department formed a line that
7  prevented any of the anti-war crimes protesters from dispersing to their vehicles;
8  "the protesters were effectively 'sandwiched' between the counter-protesters and the
9  police." FAC nn. 74, 100. The source further states that "a pro-Israel demonstrator
10  who was carrying a spiked pole was arrested." <u>Id.</u> Another quoted source stated that
11  it was in fact "a handful of LAPD officers" who were "standing at the entrance of
12  the synagogue," obstructing entry, not the anti-genocide protesters. <u>Id.</u> The Plaintiffs
13  therefore cannot plausibly show that Defendants intended or used force or violence,
14  and their own sources suggest the demonstration was nonviolent until the counter-
15  protesters—over whom Defendants has no power whatsoever—arrived with
16  weapons.

17    Plaintiffs have also failed to plausibly allege that Defendants used a *threat* of
18  force against them. The First Amendment protects "offensive and coercive speech,"
19  including "the use of speeches, marches, and threats of social ostracism." <u>Planned</u>
20  <u>Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists</u>, 290 F.3d
21  1058, 1070 (9th Cir. 2002), *as amended* (July 10, 2002) (citing <u>NAACP v.</u>
22  <u>Clairborne Hardware Co.</u>, 458 U.S. 886, 933 (1982)). Where Plaintiffs rely on a
23  "threat of force" to plead a violation of the FACE Act, they must show that the
24  threat was a "true threat", not subject to the First Amendment's protection. <u>Id.</u> at
25  1073 (providing that "FACE on its face requires that 'threat of force' be defined and
26  applied consistent with the First Amendment").

27

28
DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Under the Supreme Court's threat doctrine, Defendant's speech was not a "true threat" sufficient to remove it from the First Amendment's protection. Speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." Id. at 1077. The Supreme Court recently recognized a recklessness *scienter* requirement for culpable true threats, such that the Defendant must have "consciously disregarded a substantial risk that his communications would be viewed as threatening violence." Counterman v. Colorado, 600 U.S. 66, 69 (2023). Although Counterman arose in the context of a criminal charge, its *scienter* requirement has also been applied to civil causes of action based on threats. Id. at 80-81. *See also* Kindschy v. Aish, 412 Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (applying Counterman's *scienter* rule to a civil dispute).

In this case, Plaintiffs do not plausibly allege that Defendants' statements are true threats such that they are unprotected by the First Amendment. Plaintiffs do not allege that Defendants' statements could be interpreted as a serious expression of intent to inflict bodily harm upon them, nor that Defendants was aware of any substantial risk of their communications being viewed as a threat of violence. As such, Plaintiffs fail to plausibly allege Defendants used a threat of force against them.

Plaintiffs allege that some protesters called for indiscriminate violence against Jewish people. FAC ¶ 239. Even if Plaintiffs were to somehow plead that Defendants controlled those protesters, the article linked in support of that particular allegation provides no support whatsoever—in fact, the only call for indiscriminate violence mentioned in the source is a pro-Israel chanter who shouted, "we have the bullets, you have the blood." FAC nn. 74, 100.

Plaintiffs also fail to plausibly allege that Defendants engaged in physical obstruction. To plead a violation based on physical obstruction, Plaintiffs must specifically show that the alleged obstruction Defendants created rendered ingress and egress to the facility impossible or unreasonably difficult or hazardous. 18 U.S.C. § 248(e)(4); *see also* S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) (explaining that "physical obstruction" would include blockades, "chaining people and cars to entrances with bicycle locks," strewing nails on public roads leading to clinics, and "blocking entrances with immobilized cars"); H.R. Conf. Rep No. 103-488, 9 (1994) (clarifying that physical obstruction would include, for example "physically blocking access to a church or pouring glue in the locks of a synagogue."). Plaintiffs fail to plausibly allege that Defendants physically made ingress or egress unreasonably hazardous; only that they called for a political demonstration outside of the facility, and that there were clashes between unidentified individuals. This could not be further from the church burnings and intentional, coordinated physical violence against parishioners that the FACE Act was intended to prevent.

Plaintiffs have therefore failed to allege any facts that can plausibly show Defendants used force, threats of force, or physical obstruction to interfere with his freedom of religion under the FACE Act, and the claim must be dismissed.

## 2. Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3)

### a) Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants

A claim under 42 U.S.C. § 1985(3) requires specific factual allegations that plausibly show the Defendants conspired to violate the statute. Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1185. Plaintiffs must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

F.2d 621, 626 (9th Cir. 1988); *see also* <u>Sanchez v. City of Santa Ana</u>, 936 F.2d

1027, 1039 (9th Cir. 1991). Plaintiffs have failed to do so in this case.

Rather than alleging specific facts that plausibly show a conspiracy among the

Defendants, the FAC relies on blanket generalized assertions that "Named

Defendants conspired with each other and then acted in concert." FAC ¶ 9; *see also*

FAC ¶¶ 156, 366. Plaintiffs allege that "Named Defendants agreed among

themselves to organize the riot" without alleging who agreed, what was agreed to,

when, by what means such agreement was communicated, nor even what said

alleged agreement included. FAC ¶ 413. Without specific factual allegations that

make a conspiracy plausible, the blanket assertion that 'Defendants conspired to

organize a riot' is insufficient to plead a claim. <u>Comm. to Protect our Agric. Water</u>

235 F. Supp. 3d at 1185.

### b) <u>Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action</u>

Plaintiffs fail to allege a state actor was part of any conspiracy, or that

Defendants was intending to influence state action. To state a claim under 42 U.S.C.

§ 1985(3), Plaintiffs must plausibly allege that one or more of the conspirators is a

state actor, or that the conspiracy was intended to influence state action. <u>Pasadena</u>

<u>Republic Club v. Western Justice Center</u>, 985 F.3d 1161, 1171 (9th Cir. 2021)

(citing <u>United Bhd. Of Carpenters & Joiners, Local 610 v. Scott</u>, 463 U.S. 825, 830

(1983) ("an alleged conspiracy to infringe First Amendment rights is not a violation

of § 1985(3) unless it is proved that the State is involved in the conspiracy."). The

FAC contains none of this.

### c) <u>Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus</u>

Plaintiffs do not plausibly allege a racial or class-based animus as required

under 42 U.S.C. § 1985(3). <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th

Cir. 1992). Plaintiffs only allege that Defendants told its supporters PYM's social media shared a post asking people to show up at "12 PM SHARP " saying that "OUR LAND IS NOT FOR SALE" FAC ¶¶220, 211. The FAC further alleges that PYM posted "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs further allege "upon information and belief" that "Named Defendants" distributed keffiyehs at the protest FAC ¶236.  These pled facts cannot plausibly show a racial or class-based animus by Defendants when it encouraged supporters to attend.

Sources cited in the FAC instead show that Defendants was motivated by a desire to oppose this "blatant example of land theft" FAC ¶222. Plaintiffs allege no facts showing Defendants' activities were motivated by any antisemitic animus whatsoever. Even if Defendants had animus towards people who sought to attend the real estate event to purchase land in Occupied Palestine, that would amount to an economic animus, which is specifically *not* a basis for a claim under 42 U.S.C. § 1985(3). United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO, 463 U.S. at 837 (42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities."). Plaintiffs have not set forth—and cannot point to a single Defendants statement or action establishing—a plausible factual basis for finding a racial or class-based animus, and in fact have provided specific reasons to find such a motivation *im*plausible.

Where, as here, the pleadings include citation to clear, consistent statements by the Defendants regarding their motivation, the Court cannot ignore these facts and should treat them as true under Rule 12(b)(6). Ordinarily, affirmative defenses may not be raised by motion to dismiss. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). But a complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face

22

of the pleading. <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214, 1219 (9th

Cir. 1990) (superseded by rule on other grounds as stated in <u>Harmston v. City &</u>

<u>County of San Francisco</u>, 627 F.3d 1273 (9th Cir. 2010); <u>Boquist v. Courtney</u>, 32

F.4th 764, 774 (9th Cir. 2022).

### d) **Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to Defendants**

None of Plaintiffs' pled injuries are fairly traceable to any of Defendants'

alleged conduct. Standing under Article III requires Plaintiffs to demonstrate a

concrete injury that is fairly traceable to the complained-of conduct. <u>Alaska Right to</u>

<u>Life Political Action Comm. v. Feldman</u>, 504 F.3d 840, 848 (9th Cir. 2007) (quoting

<u>Lujan</u>, 504 U.S. at 560-561. Courts are reluctant to endorse standing theories that

rest on speculation about the decisions of an independent actor. <u>Clapper v. Amnesty</u>

<u>Int'l. USA</u>, 568 U.S. 398, 414 (2013).

Plaintiff Pollak's pled injuries are that he tried to enter the synagogue through

the front entrance but was "blocked by the angry mob," and instead "enter[ed] the

Synagogue through a side entrance" that was apparently unobstructed. FAC ¶¶ 12-

14. Being intimidated from using one of several entries to a facility does not rise to

the level of a cognizable injury, and even if it did, it would not be fairly traceable to

any alleged conduct by Defendants. There are no facts plead that suggest that

Defendants controlled, directed, or even encouraged, John Does 1-100, nor the rest

of "the mob" that scared Plaintiff Pollak, only that Defendants encouraged

supporters to attend the anti-genocide demonstration and to help *advocate* against a

war crime.

Plaintiffs' injuries are therefore not fairly-traceable to the alleged conduct of

Defendants, but rather depend on the acts of unidentified third parties, including the

individual who allegedly sprayed other people with mace, the individuals who

allegedly took photographs of houses and cars, the counter-protesters who—

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

according to the sources in the FAC—started the violent clash, and the police and private security who failed to sufficiently control the crowd. Sources cited in the FAC show that the anti-genocide protesters were the smaller of the various groups involved, were attacked by the pro-Israel counter-protesters, and were surrounded and kettled by security. FAC nn. 74, 100. Defendants had no control over any of these actors, and Plaintiffs fail to offer a single fact that can plausibly suggest otherwise.

As such, because Plaintiffs' injuries depend upon the acts of independent third parties and are not fairly traceable to the alleged acts of Defendants, Plaintiffs have no standing to bring this suit under 42 U.S.C. § 1985(3).

## VII.    PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY

PYM Defendants note that other defendants filed motions to dismiss the First Amended Complaint raising arguments common to all defendants, including, without limitation, the lack of jurisdiction under principles of international and humanitarian law. PYM Defendants respectfully join those arguments.

## VIII.    CONCLUSION

The Court has a gate-keeping function, even at the pleading stage. That function is perhaps most needed when political actors dress as litigants and demand that judges turn their courtrooms into stages for ideological or even theological disputes. That is why *Iqbal* and *Twombly* demand that the rhetoric must be tethered to facts, and that grant theories be supported by enough of those facts to at least make the theories plausible.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Those guardrails have been entirely breached here. Several groups called for a demonstration. PYM asked its supporters to help advocate against the illegal sale of illegally occupied land, and it had no knowledge that religious services were scheduled at the synagogue that day—a Sunday, not a notable day for Jewish religious gatherings. Yet in this hyperbolic atmosphere a constitutionally protected call for legal protest has been recast as a campaign of terror.

The law requires more of a plaintiff than hyperbole. First, a court must have jurisdiction over defendants, and the complaint fails to establish that with respect to PYM and Schirf. There must be at least a nod to the reality-based community—a latticework of facts and inferences that are plausible. The plaintiffs have utterly failed at even this most basic requirement. There are no facts showing PYM intended to obstruct religious services, no facts showing it called on anyone to do so, no facts showing state actors were involved, and no facts showing even the faintest link between a call for advocacy and the chaotic scene that eventually arose when armed counter-protestors arrived and spent hours antagonizing the anti-genocide demonstrators.

Plaintiffs' FAC still fails to identify a single specific fact making their claims against Defendants plausible or establishing Article III standing. Because Plaintiffs have repeatedly failed to plausibly plead their invoked causes of action, and because further amendment would be a futile waste of the Court's resources, this complaint should be dismissed with prejudice.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1  Respectfully submitted,

2  Dated:  January 21, 2025          LAW OFFICES OF THOMAS B. HARVEY

3

4

5                                    By:___/s/Thomas B. Harvey_____

6                                          Thomas B. Harvey

7                                    Attorneys for Defendants

8                                    PALESTINIAN YOUTH MOVEMENT
                                     COURTNEY LENNA SCHIRF
9                                    REMO IBRAHIM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT