1  Thomas B. Harvey (SBN 287198)
   tbhlegal@proton.me
2  LAW OFFICES OF THOMAS B. HARVEY
   365 E. Avenida de Los Arboles
3  Suite 226
   Thousand Oaks, CA 91360
4  (805)768-4440

5  Attorney for Defendants
   PALESTINIAN YOUTH MOVEMENT
6  COURTNEY LENNA SCHIRF
   REMO IBRAHIM
7
                    UNITED STATES DISTRICT COURT
8         FOR THE CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
9

10  NOAH POLLAK, on behalf of all          Case No. 2:24-cv-06253-SVW-PVC
    others similarly situated, and
11  STANDWITHUS CENTER FOR
12  LEGAL JUSTICE                          DEFENDANTS PALESTINIAN YOUTH
                                           MOVEMENT, COURTNEY LENNA
13                   Plaintiffs,           SCHIRF, AND REMO IBRAHIM'S,
                                           NOTICE OF MOTION AND MOTION
14          v.                             TO DISMISS PLAINTIFFS' FIRST
                                           AMENDED COMPLAINT
15

16  CODEPINK WOMEN FOR
    PEACE, a California entity;            Judge:  Hon Stephen V. Wilson
17  CODEPINK ACTION FUND, a                Hearing Date:  March 3, 2025
18  California entity; HONOR THE           Time:          1:30 p.m.
    EARTH, a Minnesota entity;             Courtroom:     10A
19  COURTNEY LENNA SCHIRF;
20  REMO IBRAHIM, d/b/a
    PALESTINIAN YOUTH
21  MOVEMENT; and JOHN AND
22  JANE DOES 1-100,

23                   Defendants.
24

25

26

27

28
                                       i
         DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
     NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
          TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 3, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012, Defendants PALESTINIAN YOUTH MOVEMENT, COURTNEY LENNA SCHIRF and REMO IBRAHIM, will and hereby do move the Court to dismiss Plaintiffs' First Amended Class Action Complaint.

This motion is based upon this Notice of Motion, the attached Memorandum of Points & Authorities, the files and records in the case, and any evidence or argument that may be presented at a hearing on this matter.

Respectfully submitted,

Dated:  January 27, 2025          LAW OFFICES OF THOMAS B. HARVEY

By:   /s/    Thomas B. Harvey
Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ........................................................................ **III**

**I.   INTRODUCTION** ....................................................................... **1**

**II.  FACTS ALLEGED** ...................................................................... **1**
  A.  Plaintiffs Fail to Tie Defendants to Any Alleged Harms ................................ 2

**III. STANDARDS OF REVIEW** ......................................................... **2**
  A.  Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is Fairly Traceable to the Defendants ........................................................................... 3
  B.  Fed.R.Civ.Proc. 12(b)(2) Requires the Court to Have Jurisdiction Over Defendants ................................................................................ 3
  C.  Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim Plausible 4

**IV. ELEMENTS OF THE ALLEGED OFFENSES** ............................... **5**
  A.  The FACE Act (18 U.S.C. § 248) ....................................................... 5
  B.  Ku Klux Klan Act (42 U.S.C. § 1985(3)) ............................................. 6

**V.  DEFENDANTS' MOTION TO STRIKE** ....................................... **7**

**VI. ARGUMENT** ............................................................................ **8**
  A.  The Court Lacks General Personal Jurisdiction Over Defendants Schirf and PYM ................................................................................... 8
  B.  The Court Lacks Specific Personal Jurisdiction Over Defendants PYM and Schirf .................................................................................. 10
  C.  Plaintiff Pollak Cannot Satisfy the Requirements for Class Certification ...... 11
  D.  Plaintiff SCLJ Cannot Satisfy the Requirements for Organizational Standing 12
  E.  Plaintiffs Fail to State a Claim Under the Pled Causes of Action and the Complaint Must be Dismissed Under Rule 12(b)(6) ................................. 13
    1.  Plaintiffs Fail to State a Claim Under the FACE Act ............................ 13
      a)  Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure, Interfere with, or Intimidate Them Because of Their Freedom of Religion ................. 13
      b)  Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim That Defendants Are Responsible for any Harmful Acts ............................... 14
      d) Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion. 16
    2.  Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3) ..................... 19
      a)  Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants ........................................................................ 19
      b)  Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action ........................................... 20
      c)  Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus ...... 20

    d)   Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to Defendants .................................................................................................. 21

**VII.  PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY .................................................................................................... 22**

**VIII.  CONCLUSION ........................................................................................ 23**

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Alaska Right to Life Political Action Comm. v. Feldman,*

  504 F.3d 840 (9th Cir. 2007)……………………………………………………...21

*Allen v. Wright,*

  468 U.S. 737 (1984)………………………………………………………………3

*Ashcroft v. Iqbal*,

  556 U.S. 662 (2009)………………………………………………………………4

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*

  223 F.3d 1082, 1086 (9th Cir. 2000)……………………………………………9

*Bank of Am., N.A. v. Knight,*

  725 F.3d 815, 818 (7th Cir. 2013)………………………………………………2

*Bell Atl. Corp. v. Twombly*,

  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009)………………...5,8,23

*Blakemore v. Superior Ct.,*

  129 Cal. App. 4th 36, 53, 27 Cal. Rptr. 3d 877, 891 (2005)………………...11

*Boquist v. Courtney,*

  32 F.4th 764, 774 (9th Cir. 2022)………………………………………………21

*Bray v. Alexandria Women's Health Clinic*,

  506 U.S. 263, 113 S.Ct. 753 (1993)……………………………………………7

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,

  137 S. Ct. 1773, 1779 (2017)……………………………………………………4

*Carbon Fuel Co. v. UMW,*

  444 U.S. 212 (1979) ……………………………………………………………..15

*Clapper v. Amnesty Int'l.*

  *USA*, 568 U.S. 398, (2013)……………………………………………………..22

*Clausing v. San Francisco Unified School Dist.*

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

221 Cal.App.3d 1224, 1234, 271 Cal.Rptr. 72. (1990)……………………..11

*Collins v. Jordan,*

110 F.3d 1363 (9th Cir. 1996)……………………………………………16

*CollegeSource, Inc. v. AcademyOne, Inc.,*

653 F.3d 1066, 1073 (9th Cir. 2011)……………………………………4

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,*

235 F. Supp. 3d 1132 (E.D. Cal. 2017)……………………………...6,19,20

*Conservation Force v. Salazar,*

646 F.3d 1240 (9th Cir. 2011)……………………………………………...5

*Counterman v. Colorado,*

600 U.S. 66 (2023)………………………………………………………..18

*Cousins v. Lockyer,*

568 F.3d 1063 (9th Cir. 2009)……………………………………………..4

*Dahlia v. Rodriguez,*

735 F.3d 1060 (9th Cir. 2013)……………………………………………..5

*Daimler AG v. Bauman,*

134 S. Ct. 746, 750-751 (2014)……………………………………………9

*Elhanafi v. Fox Television Stations, Inc.,*

2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012)……………..8

*Fabricant v. Elavon, Inc.,*

2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020)………………………...14

*Gaxiola v. City of Los Angeles,*

No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9

(C.D. Cal. Aug. 30, 2011) ………..…………………………………………6

*Gerber v. Herskovitz,*

14 F.4th 500, 504, 508-509 (6th Cir. 2021)………………………………16

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

564 U.S. 915, 918 (2011)……………………………………………………..4

*Harmston v. City & County of San Francisco*,

    627 F.3d 1273 (9th Cir. 2010)………………………………………………..21

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,

    466 U.S. 408, 415 (1984)……………………………………………..………9

*Hunt v. Wash. State Apple Adver. Comm'n*,

    432 U.S. 333 (1977)…………………………………………………………...12

*In re Honost Co., Inc. Sec. Litig.,* 343 F.R.D. 147, 150 (C.D. Cal. 2022)…………...7

*Karim-Panahi v. L.A. Police Dep't*,

    839 F.2d 621, 626 (9th Cir. 1988)…………………………………………..19

*Kindschy v. Aish*,

    412 Wis.2d 319 (Sup. Ct. Wis. 2024) ………...…………………………….18

*Kokkonen v. Guardian Life Ins. Co. of America*,

    511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)…………………….3

*Kristensen v. Credit Payment Servs. Inc*.,

    879 F.3d 1010 (9th Cir. 2018)………………………………………………14

*Laughon v. Int'l Alliance of Theatrical Stage Emples*.,

    248 F.3d 931, 935 (9th Cir. 2001)…………………………………………...15

*Lotierzo v. A Woman's World Med. Ctr.*,

    278 F.3d 1180 (11th Cir. 2002)………………………………………………6

*Lexmark Int'l, Inc. v. Static Control Components, Inc*.,

    134 S. Ct. 1377 (2014)………………………………………………………..3

*Lujan v. Defenders of Wildlife*,

    504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992)…………………..3,22

*Manistee Town Center v. City of Glendale*,

    227 F.3d 1090 (9th Cir. 2000)………………………………………………..6

*McCalden v. California Library Ass'n,*

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

955 F.2d 1214, 1219 (9th Cir. 1990) …………………………………..21

*NAACP v. Clairborne Hardware Co.*,

458 U.S. 886 (1982)……………………………………………………17

*Native Village of Kivalina v. Exxon Mobil Corp.*,

696 F.3d 849 (9th Cir. 2012)…………………………………………3

*New Beginnings Ministries v. George*,

2018 WL 11378829, *15 (S.D.O.H. 2018)…………………………....5

*Pasadena Republican Club v. W. Just. Ctr.*,

985 F.3d 1161 (9th Cir. 2021)………………………………………..6,20

*Planned Parenthood of Columbia/Willamette, Inc. v.*

*Am. Coal. of Life Activists*, 290 F.3d 1058, (9th Cir. 2002)…………………17

*Prince v. CLS Transportation, Inc.*,

118 Cal. App. 4th 1320, 1323–24, 13 Cal. Rptr. 3d 725, 727 (2004)……….11

*RK Ventures, Inc. v. City of Seattle*,

307 F.3d 1045 (9th Cir. 2002)………………………………………..7

*Sanchez v. City of Santa Ana*,

936 F.2d 1027, 1039 (9th Cir. 1991)………………………………...19

*Scott v. Kuhlmann*,

746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)………………………..21

*Security Farms v. International Broth. of Teamsters, Chauffeurs*,

124 F.3d 999 (9th Cir. 1997)…………………………………………15

*Sever v. Alaska Pulp Corp.*,

978 F.2d 1529 (9th Cir. 1992)………………………………………..6,20

*Simo v. Union of Needletrades, Indus. & Textile Emps.*,

*Sw. Dist. Council*, 322 F.3d 602 (9th Cir. 2003)……………………........15

*Sirer v. Aksoy*,

2023 WL 3166453, *2 (S.D. Fla., May 1, 2023)……………………………8

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

*Sprewell v. Golden State Warriors*,

    266 F.3d 979 (9th Cir. 2001)……………………………………………………5

*Top Rank, Inc. v. Haymon*,

    2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015)……….2

*United Bhd. of Carpenters & Joiners*, *Local 61o,* AFL-CIO v. Scott,

    463 U.S. 825 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)……………...6,7,20,21

*Van Der Linden v. Khan*,

    535 S.W.3d 179, 198 (Tex. App 2017)………………………………....8

*Vavak v. Abbott Labs., Inc.*,

    No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011)…………………………………………………..8

*Walden v. Fiore*,

    134 S. Ct. 1115, 1121-22 (2014)………………………………………...4

*Williams v. Yamaha Motor Co.*,

    851 F.3d 1015 (9th Cir. 2017)……………………………………………14

**STATUTES**

18 U.S.C. § 248 ....................................................................................5

18 U.S.C. § 248(a)(2)……………………………………………5,16

18 U.S.C. § 248(d)(1)…………………………………………………16

18 U.S.C. § 248(e)(4)…………………………………………………18

42 U.S.C. § 1985(3)………………………………………...6,7,19-22

**OTHER AUTHORITIES**

Art. III, U.S. Const……………………………………………………3

Fed.R.Civ.Proc. 12(b)(1)……………………………………………....3

Fed.R.Civ.Proc. 12(b)(2)……………………………………………3

Fed.R.Civ.Proc. 12(b)(6)………………………………...…………4,13,21

Fed.R.Civ.Proc. 12(f)…………………………………………………7

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

H.R. Conf. Rep No. 103-488, 9 (1994)……………………………………………19

S. Rep. 117, 103d Cong. 1st Sess. 31 (1993)………………………………………18

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993)………………………..1

## I.     INTRODUCTION

Defendants Palestinian Youth Movement (PYM), Courtney Schirf (Schirf), and Remo Ibrahim (Ibrahim) ("Defendants") move to dismiss the instant complaint. Plaintiffs take offense to Defendants' opposition to Israel's illegal occupation of the West Bank and ongoing genocide. Plaintiffs seek to punish Defendants for posting about a protest against My Home in Israel's ("MHI") sale of occupied Palestinian land in the illegal, Jewish-only settlements in Occupied Palestine—an event that never mentioned religious obligations. FAC nn. 100, 104. The New Jersey Division on Civil Rights is investigating MHI for "discrimination on the basis of race, religion, ancestry, national origin, and other protected characteristics" during the previous events.[1] MHI has drawn protests throughout the country facing accusations of supporting apartheid and genocide. MHI's Los Angeles event Los Angeles was no different.

Plaintiffs seek damages for violations of the Freedom of Access to Clinic Entrances ("FACE") Act and the Civil Rights Act. No pled facts establish personal jurisdiction over Schirf or PYM. The pled injuries are not fairly traceable to Defendants' alleged conduct, depending instead on third parties. The FACE Act prohibits liability based on protected speech. The Civil Rights Act requires a conspiracy to deny legal rights based on animus and a culpable act beyond protected speech. Defendants' speech is protected by the First Amendment. Plaintiffs' claims of a "conspiracy" are purely speculative. Their second failed attempt at this complaint should be dismissed with prejudice.

## II.    FACTS ALLEGED

---

[1] Arvind Dilawar, "Organizers of Israeli Real Estate Event in LA Under Investigation in New Jersey," Sept. 4, 2024 (last accessed Oct. 22, 2024) https://tinyurl.com/ysdkxc6r.

### A. Plaintiffs Fail to Tie Defendants to Any Alleged Harms

Plaintiffs allege that Defendants "organized, publicized, aided, and (on information and belief) funded" the demonstration, and that "upon information and belief, PYM members physically obstructed Plaintiffs" from accessing the Synagogue on June 23, 2024. FAC ¶¶ 8, 59. Plaintiffs allege that Defendants engaged in "disruptive, violent behavior" seeking "to disrupt businesses and services nationwide." FAC ¶¶ 82-83.

Plaintiffs state that "all three events continued" on that day but that, "upon information and belief," some members could not attend. FAC ¶ 303.

Plaintiffs impermissibly indulge in group pleading, *i.e.*, allegations made against all "Named Defendants," a term that includes PYM Defendants. Where a plaintiff fails to allege specific facts that plausibly show culpable behavior by a specific defendant and instead relies on blanket conspiracy allegations conspiracy against all defendants, the Complaint must be dismissed. *See* Top Rank, Inc. v. Haymon, 2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015) (granting motion to dismiss, including because Plaintiffs' "allegations draw no meaningful distinctions between or among the nine defendants."); Bank of Am., N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy.").

Excluding legally conclusory language and restated offense elements, the facts asserted against Defendants boil down to First Amendment protected speech. No pled fact supports personal jurisdiction over Schirf or PYM. Plaintiffs' claims allege facts making it impossible for Plaintiffs to plead these claims. For these reasons, the complaint should be dismissed with prejudice.

### III.    STANDARDS OF REVIEW

## A. <u>Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is Fairly Traceable to the Defendants</u>

Federal courts have limited jurisdiction *see*, Art. III, <u>U.S. Const.</u> and plaintiffs must prove their case lies within a court's jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377-78 (1994). Plaintiffs must establish they have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992). Plaintiffs "bea[r] the burden of establishing these elements" and "must clearly allege facts demonstrating each element." <u>Id</u>. (citation omitted). The injury pled must "be fairly… trace [able] to the challenged action of the defendant, and not…the result [of] the independent action of some third party." <u>Lujan</u>, 504 U.S. at 560-61 (citation omitted). Further, "the line of causation between the [alleged] illegal conduct and injury" must not be "too attenuated." <u>Allen v. Wright</u>, 468 U.S. 737, 752 (1984) (concluding that a weak demonstration of causation precludes Article III standing), *overruled on other grounds by* <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 134 S. Ct. 1377, 1388 (2014). Since the line of causation must be more than attenuated, "where the causal chain 'involves third parties whose numerous independent decisions collectively have a significant effect on plaintiffs' injuries . . . the causal chain [is] too weak to support standing at the pleading stage.'" (citations and internal quotation marks omitted). <u>Native Village of Kivalina v. Exxon Mobil Corp.</u>, 696 F.3d 849, 867 (9th Cir. 2012).

## B. <u>Fed.R.Civ.Proc. 12(b)(2) Requires the Court to Have Jurisdiction Over Defendants</u>

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. The plaintiff bears the burden of making a *prima facie* showing "establishing that jurisdiction is proper."

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

*CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011). Courts may exercise personal jurisdiction over a non-resident defendant solely if it comports with the Fourteenth Amendment's Due Process Clause because it "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). Personal jurisdiction is established either through general, i.e. "all purpose, "jurisdiction derived from a defendant's establishment of the jurisdiction as its home base, or specific, i.e. "case-linked," jurisdiction derived from a defendant's jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).

The specific personal jurisdiction inquiry is "defendant-focused," emphasizing "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (citation and quotation omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 1121. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.*, 137 S. Ct. 1773, 1781 (2017).

## C. Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim Plausible

Complaints "must plead enough facts to state a claim to relief that is plausible on its face." Cousins v. Lockyer, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid" dismissal. Cousins, 568 F.3d at 1067 (internal

quotation marks omitted). A court may reject as implausible allegations that are too speculative to warrant further factual development. <u>Dahlia v. Rodriguez</u>, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must be enough to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 548 (2009). The court need not accept allegations that are merely conclusory. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

When the conclusory language and guesses are removed, Plaintiffs' only allegations grounded in specific facts are this: (1) Defendants were one of several organizations opposed to a real estate event illegally selling land in the occupied West Bank; (2) Defendants shared social media posts and invited supporters to "help advocate" against the illegal sale of occupied land; (3) persons unknown acted threateningly; and (4) unknown persons used "bear spray" and brandished "blunt objects". Based on these facts, Plaintiffs insist Defendants directed these activities. These are not facts sufficient to make a cognizable legal theory plausible. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

## IV.    **ELEMENTS OF THE ALLEGED OFFENSES**

### A. **The FACE Act (18 U.S.C. § 248)**

The FACE Act was passed in 1994 when women's health clinics were being bombed and doctors who worked there were being murdered. A far lesser-known provision in the bill protects places of worship. Defendants could find no cases from the Ninth Circuit where a suit was based on the law's "religious freedom" provision. Other circuits have identified four elements required to plead a violation of 18 U.S.C. § 248(a)(2): "Plaintiffs must demonstrate that Defendants used or attempted to use (1) force, threat of force, or physical obstruction; (2) with the intent to; (3) injure, intimidate, or interfere with a person; (4) because that person is exercising or is seeking to exercise his or her right of religious freedom at a place of religious worship." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829, *15

(S.D.O.H. 2018) (citing <u>Lotierzo v. A Woman's World Med. Ctr.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002) (citations omitted)).

## B. <u>Ku Klux Klan Act (42 U.S.C. § 1985(3))</u>

To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must prove "(i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of this conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.</u>, 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017).

A claim under 42 U.S.C. § 1985(3) "requires at least one of the wrongdoers in the alleged conspiracy to be a state actor. The Supreme Court has held that "'an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy'" or that the aim of the conspiracy is to influence state actors. <u>Pasadena Republican Club v. W. Just. Ctr.</u>, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing <u>United Bhd. Of Carpenters & Joiners, Local 610 v. Scott</u>, 463 U.S. 825, 830 (1983).

To plead a claim under 42 U.S.C. § 1985(3), Plaintiffs must also plausibly allege that the intended deprivation was "'motivated by some racial, or … other[ ] class-based' animus." <u>Comm. to Protect our Agric. Water</u>, 235 F. Supp. 3d at 1185 (citing <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also* <u>Manistee Town Center v. City of Glendale</u>, 227 F.3d 1090 (9th Cir. 2000); <u>Gaxiola v. City of Los Angeles</u>, No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9 (C.D. Cal. Aug. 30, 2011) ("To avoid interpreting § 1985(3) as a general federal tort law, the Supreme Court has emphasized that, as under § 1981, the Plaintiffs must prove as an element of the cause of action 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'" (citing

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993)); *see also* RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002). 42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities." United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 837 (1983).

## V.    DEFENDANTS' MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), the Court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a complaint. Fed.R.Civ.Proc. 12(f). A motion to strike is proper where such relief is "necessary to avoid prejudice." In re Honest Co., Inc. Sec. Litig., 343 F.R.D. 147, 150 (C.D. Cal. 2022).

The FAC is replete with irrelevant and prejudicial allegations against Defendants and co-defendant CodePink. These claims are included to prejudice the Court and the public against Defendants by painting them as antisemitic terrorist supporters.

Defendants move to strike the following:

a. Paragraph 8: "(two organizations that seek to destroy the Jewish State of Israel)." No facts show PYM "seek[s] to destroy" Israel. This is included to scandalize and prejudice Defendants. The allegation is also unrelated to the statutes.

b. Paragraph 5: "PYM is an anti-Israel movement." This is strikeable for the same reason as paragraph 8.

c. Paragraphs 53-58. These paragraphs accuse PYM of "terrorizing Jews" and supporting terrorism, based on alleged participation in a national conference. The claims are irrelevant to the case. These paragraphs malign and prejudice the Defendants as antisemitic terrorism supporters.

d.  Paragraphs 65-90. These paragraphs describe unrelated protests depicted as disruptive. These are irrelevant to the causes of action and the Adas Torah protest. They are included to prejudice Defendants.

e.  Paragraph 224. Plaintiffs allege that "[u]pon information and belief, the phrase 'BELLY OF THE BEAST' refers to a synagogue." FAC ¶ 224. The <u>Twombly</u> plausibility standard permits a Plaintiff to plead facts based upon information and belief only where those facts "are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference" plausible. <u>Vavak v. Abbott Labs., Inc.</u>, No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011). Here Plaintiffs improperly allege a facially implausible fact, solely to malign the defendants as antisemites. This allegation is prejudicial.

These sections seek to defame Defendants as terrorism supporters, which is prejudicial to Defendants. *See, e.g.* <u>Van Der Linden v.</u> Khan, 535 S.W.3d 179, 198 (Tex. App 2017) ("Khan alleges that falsely accusing someone of having admitted that he provided financial support to terrorists constitutes defamation per se. We agree."); <u>Elhanafi v. Fox Television Stations, Inc.</u>, 2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) (finding possible defamation where the public "might infer that plaintiffs are terrorists and/or terrorist sympathizers/abettors" based on Fox News story); <u>Sirer v. Aksoy</u>, 2023 WL 3166453, *2 (S.D. Fla., May 1, 2023). These allegations are irrelevant, prejudicial and should be struck.

## VI.   ARGUMENT

### A. <u>The Court Lacks General Personal Jurisdiction Over Defendants Schirf and PYM</u>

To establish general jurisdiction over a nonresident defendant, corporate defendants must have "continuous and systematic general business contacts" that

8

"Approximate physical presence" in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)

The standard for obtaining general personal jurisdiction, even over a corporation, is "demanding." *Daimler AG v. Bauman*, 134 S. Ct. 746, 750-751 (2014). For a corporation, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* at 760 (internal quotations and citations omitted). Only in an "exceptional case" is general jurisdiction available elsewhere. *Id.* at 751 n.19. An "exceptional case" exists only if a defendant's contacts in the state are "substantial" or "continuous." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S. Ct. 1868 (1984)).

The FAC alleges nothing that would justify the Court's general jurisdiction over PYM or Schirf. Plaintiffs do not identify any act in California taken by Schirf that might give rise to or relate to their claims. It alleges no contacts with California for Schirf admitting she lives in Texas. Plaintiffs acknowledge PYM is an unincorporated entity with operations across the country and do not allege it has any employees in California. The FAC alleges contact with the state solely via a shared social media posting. Nothing in the FAC establishes contacts with California that are "substantial" or "continuous."

The FAC includes no specific allegation that PYM spent funds on this protest (the attack was  "(upon information and belief) funded by Defendants," FAC, ¶ 8) or in California. The FAC fails to clearly and definitively allege that PYM members were present at the protest ("Upon information and belief, members of PYM were among those who blocked Plaintiff Pollak, Proposed Class Members, and SCLF Members from accessing the Synagogue" FAC ¶ 59). For these reasons, no general personal jurisdiction exists over Schirf or PYM.

**B. <u>The Court Lacks Specific Personal Jurisdiction Over Defendants
PYM and Schirf</u>**

To avoid dismissal, Plaintiffs must establish specific personal jurisdiction by showing the foreign defendant "purposely avails itself of the privilege of conducting activities in the forum" state; show that Plaintiffs' claims results from defendants' forum-related activities; and that exercising jurisdiction would be reasonable. Failure to meet any one is fatal to personal jurisdiction.

Plaintiffs do not allege that Schirf took any action purposefully directed at California residents. It cannot be said that any alleged injury stem from Schirf's actions. There is no colorable basis to exercise specific jurisdiction. Plaintiffs simply allege that Schirf controls PYM's social media and conclude that constitutes purposefully directing activities at California. Plaintiffs cited no authority to support that contention. Plaintiffs do not allege that Schirf was ever in California or even that she made the social media post.

Similarly, Plaintiffs do not allege that PYM did anything other than share the post calling attention to the illegal landsale. *See Strasner v Touchstone Wireless Repair & Logistics, LP*, 5 Cal. App. 5th 215, 231, 210 Cal. Rptr. 3d 16, 28-30 (2016) ("Nor has [plaintiff] identified any authority in which a court found specific jurisdiction without sufficient evidentiary support establishing that the defendant's conduct was targeted at the forum state with knowledge that the act would cause harm in the state."); citing *Pavlovich v. Superior Court*, 29 Cal.4th 262, 274-75 (2002).

Plaintiffs also do not specifically allege that PYM, Schirf (or for that matter Ibrahim) spent money or were present at the protest, let alone that they blocked access. Plaintiffs have failed to plead that their alleged injuries arose from any actions taken by Schirf or PYM.

Finally, the FAC fails to satisfy the third specific jurisdiction element: the exercising jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Mtr. Co.*, 374 F.3d 797, 802 (9th Cir. 2004). It would be entirely unreasonable to exercise personal jurisdiction over Schirf because she (i) has no residence or presence in California, (ii) and is not alleged to have sent any funds to California or done anything else in California. Similarly, the FAC makes no allegations that PYM owns property in California, has filed lawsuits in California, or has done anything other than sharing a social media post to purposefully seek protection under California law.

## C. Plaintiff Pollak Cannot Satisfy the Requirements for Class Certification

A demurrer to class allegations may be sustained where "there is no reasonable possibility that the plaintiffs could establish a community of interest among the potential class members and that individual issues predominate over common questions of law and fact." Blakemore v. Superior Ct., 129 Cal. App. 4th 36, 53, 27 Cal. Rptr. 3d 877, 891 (2005), citing Clausing v. San Francisco Unified School Dist. (1990) 221 Cal.App.3d 1224, 1234, 271 Cal.Rptr. 72. Where the ability of each class member to recover depends on separate facts applicable only to that individual member, there is no reasonable possibility the named Plaintiffs can plead a prima facie community of interests among class members. Prince v. CLS Transportation, Inc., 118 Cal. App. 4th 1320, 1323–24, 13 Cal. Rptr. 3d 725, 727 (2004). Where each claim requires highly individualized determinations of class members' right to recover, there is no community of interest, commonality, or typicality among potential class members. *See* Prince v. CLS Transportation, Inc., 118 Cal. App. 4th 1320, 1323–24, 13 Cal. Rptr. 3d 725, 727 (2004).

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

The FAC demonstrates the highly individualized factual determinations of each potential class member's right to recover. Pollak alleges Jane Does yelled at him, scaring him such that he had to enter the Synagogue through a side door. FAC ¶¶ 12-14. SCLJ Member #1 makes no allegations of threats, being yelled at or intimidated out of the area, and entered the synagogue through a side entrance. FAC ¶¶ 271-274. SCLJ Member #6 attended morning prayers and attempted to study the Torah when the protests began but was unable to do so because of the commotion outside. FAC ¶¶ 298-9. These are just a few examples of the proposed class's widely varying individual experiences, nullifying commonality and typicality requirements, and making it nearly impossible for the named Plaintiff to plead a prima facie community of interests among class members.

### D. Plaintiff SCLJ Cannot Satisfy the Requirements for Organizational Standing

To establish organizational standing, a plaintiff organization must show that (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted, nor the relief requested requires the participation of individual members in the lawsuit. *See generally*, Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333 (1977). Plaintiff organization has failed to meet these standards and has no organizational standing.

For standing to bring the two causes of action, Plaintiff organization must show that the individual members were personally attempting to exercise their freedom of religion. It is not enough to make a blanket claim that the event was religious. If the specific plaintiffs do not view the event as such, they lack standing. Standing requires participation from individual plaintiffs showing they attempted to attend the real estate event to exercise religious freedom, rather than buying discounted land. This defect precludes SCLJ from establishing organizational

standing. SCLJ has not even *attempted* to allege that a purported interest in attending an illegal real estate event is somehow germane to its organizational purpose, nor that the participation of individual SCLJ members will not be required. SCLJ has not addressed these requirements in the pleadings and therefore fails to establish organizational standing.

### E. Plaintiffs Fail to State a Claim Under the Pled Causes of Action and the Complaint Must be Dismissed Under Rule 12(b)(6)

#### 1. Plaintiffs Fail to State a Claim Under the FACE Act

Plaintiffs fail to allege facts that can plausibly show a violation of the statute. Although the "religious exercise" subsection of the FACE Act has not been addressed by this Court in any published decision, the plain language does not encompass a real estate sales event.

##### a) Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure, Interfere with, or Intimidate Them Because of Their Freedom of Religion

Plaintiffs' only specific facts pled against Defendants are that PYM shared a post asking people to show up at "12 PM SHARP " saying that "OUR LAND IS NOT FOR SALE" FAC ¶¶220, 211. The FAC alleges that PYM posted "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs further allege "upon information and belief" that "Named Defendants" distributed keffiyehs at the protest FAC ¶236.

Plaintiffs do not allege facts that could plausibly show any of the Defendants intended to injure Plaintiffs, restrict their freedom of movement, or threaten bodily harm, much less that they intended to do so *because* Plaintiffs exercised freedom of religion. Plaintiffs do not allege any mention of religious activity, nor any call for

violence, physical force, or intimidation. No facts could plausibly show Defendants

intended to injure, restrict the bodily movement of, or threaten violence against

people coming to exercise religious freedom. Plaintiffs' sources show that the

landsale advertisement made no mention of religion, prayer, worship, or even

*Aliyah*; the event is described as a real estate opportunity, with discounts offered in

exchange for participation (FAC, n. 74). Defendants could not know this was a

religious event based on the advertising.

The facts pled make it impossible for Plaintiffs to plausibly allege that

Defendants intended to injure, intimidate, or interfere with them because they

exercised freedom of religion.

**b) Plaintiffs Have Alleged No Facts Allowing Them to
Plausibly Claim That Defendants Are Responsible for
any Harmful Acts**

Plaintiffs implicitly rely on an imputed agency relationship to hold

Defendants liable for unidentified individuals' acts. Yet Plaintiffs fail to allege facts

making it plausible that Defendants had "the right to substantially control [these

alleged agent's] activities," Williams v. Yamaha Motor Co., 851 F.3d 1015, 1024

(9th Cir. 2017), nor how Defendants did or knew these things. Fabricant v. Elavon,

Inc., 2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Even where the principal

ratifies an act without knowledge of material facts of the agent's acts, the principal

must still choose to ratify the act while aware that they lack such knowledge to be

liable for the act. Fabricant, 2:20-cv-02960-SVW-MAA at 13-14, quoting

Kristensen v. Credit Payment Servs. Inc., 879 F.3d 1010, 1014 (9th Cir. 2018).

Even if the unidentified Does *were* PYM members, PYM can only be

responsible under some *respondeat superior* theory.  Other national organizations

are only responsible for members' actions if common law *respondeat superior*

doctrines apply. To hold a union responsible for an agent's acts under the common

law "'it must be clearly shown . . . that what was done was done by their agents in accordance with their fundamental agreement of association.'" <u>Carbon Fuel Co. v. UMW</u>, 444 U.S. 212, 217 (1979), quoting <u>Coronado Coal Co. v. Mine Workers</u>, 268 U.S. 295, 304 (1925). Statutes governing labor-management relations imported common law *respondeat superior* doctrine, *see generally* 29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b), Norris–LaGuardia Act § 6, 29 U.S.C. § 106, making a union liable for its members' acts only where there is "clear proof" of participation, authorization, or ratification. <u>Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council</u>, 322 F.3d 602, 620 (9th Cir. 2003).

Thus, even courts invoking these statutes rely on agency law. Liability turns on the nature and extent of the actual control an international union exercises over a local union and the local's degree of autonomy. <u>Laughon v. Int'l Alliance of Theatrical Stage Emples.</u>, 248 F.3d 931, 935 (9th Cir. 2001). Even where an individual serves a double role as both the local and international union official, courts "do not impute the conduct, or knowledge of the conduct, to the international solely by" that double role. <u>Laughon</u>, 248 F.3d at 937. Even participating in negotiations and reporting to the international's representative on the local's progress fails to demonstrate enough control to impute liability. <u>Security Farms v. International Broth. of Teamsters, Chauffeurs</u>, 124 F.3d 999, 1012-1013 (9th Cir. 1997).

Finally, the FACE Act does not establish separate conspiracy liability for a civil cause of action. Plaintiffs must show that their injuries are fairly traceable to the specific alleged conduct of the particular defendants. Merely alleging that Defendants conspired, without specific facts showing Defendants each caused Plaintiffs' specific injuries, is insufficient.

Plaintiffs' allegations fail to show how Defendants committed the alleged acts or knew what it is accused of knowing. There are no facts to support Defendants'

1  control over anyone at the event, nor any facts supporting that Defendants

2  authorized or encouraged any acts in the complaint. With no facts to support its

3  sweeping allegations, Plaintiffs fail to sufficiently plead Defendants' vicarious

4  liability.

### c.) Defendants' Alleged Activities Constitute Protected First Amendment Speech and Advocacy

7  Demonstrations, marches, and picketing are undeniably protected First

8  Amendment activities. Collins v. Jordan 110 F.3d 1363, 1371 (9th Cir. 1996). This

9  includes protests far more aggressive than this one. Gerber v. Herskovitz, 14 F.4th

10  500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged

11  synagogue protests routinely held during scheduled worship, even with

12  inflammatory signs saying "Resist Jewish Power."). Even where protected First

13  Amendment speech becomes intertwined with someone's later illegal conduct, the

14  solution is to punish the conduct, not the speech. Id. The FACE Act explicitly

15  forbids construing its language to capture "expressive conduct (including peaceful

16  picketing or other peaceful demonstration) protected from legal prohibition by the

17  First Amendment[.]" 18 U.S.C. § 248(d)(1). Plaintiffs therefore cannot plausibly

18  allege a violation based on Defendants' protected speech.

### d) Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion

22  Plaintiffs do not plausibly allege that Defendants' social media posting used

23  force, threats of force, or physical obstruction as required under 18 U.S.C. §

24  248(a)(2). 18 U.S.C. § 248(a)(2)'s sponsor stated the proposal would "do no more

25  than give religious liberty the same protection that [the FACE Act] would give

26  abortion." 139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993).

Plaintiffs' pleading shows that any alleged force or threats of force resulted from clashes provoked by the pro-Israel counter-protesters. The FAC links to an article featuring an interview explaining that counter-protesters clashed with the anti-war crimes protesters, while police prevented anti-war crimes protesters from dispersing to their vehicles: "protesters were effectively 'sandwiched' between the counter-protesters and the police." FAC nn. 74, 100. The source further states that "a pro-Israel demonstrator who was carrying a spiked pole was arrested." Id. Another source stated that it was "a handful of LAPD officers" who were "standing at the entrance of the synagogue," obstructing entry, not the anti-genocide protesters. Id. Plaintiffs therefore cannot plausibly show Defendants intended to or used force or violence, and their sources suggest the demonstration was nonviolent until the counter-protesters—over whom Defendants have no power—arrived with weapons.

Plaintiffs have also failed to plausibly allege that Defendants used a *threat* of force against them. The First Amendment protects "offensive and coercive speech," including "the use of speeches, marches, and threats of social ostracism." Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1070 (9th Cir. 2002), *as amended* (July 10, 2002) (citing NAACP v. Clairborne Hardware Co., 458 U.S. 886, 933 (1982)). Where Plaintiffs rely on a "threat of force" to plead a violation of the FACE Act, they must show that the threat was a "true threat", not subject to the First Amendment's protection. Id. at 1073 (providing that "FACE on its face requires that 'threat of force' be defined and applied consistent with the First Amendment").

Under the Supreme Court's threat doctrine, Defendant's speech was not a "true threat" sufficient to remove it from First Amendment protection. Speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those

to whom the statement is communicated as a serious expression of intent to inflict bodily harm." Id. at 1077. The Supreme Court recently recognized a recklessness *scienter* requirement for culpable true threats, such that the Defendant must have "consciously disregarded a substantial risk that his communications would be viewed as threatening violence." Counterman v. Colorado, 600 U.S. 66, 69 (2023). Although Counterman arose in the context of a criminal charge, its *scienter* requirement has also been applied to civil causes of action. Id. at 80-81. *See also* Kindschy v. Aish, 412 Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (applying Counterman's *scienter* rule to a civil dispute).

Plaintiffs here do not plausibly allege that Defendants' statements are true threats, unprotected by the First Amendment. Plaintiffs do not allege that Defendants' statements could be interpreted as a serious expression of intent to inflict bodily harm, nor that Defendants were aware of any substantial risk of their communications being viewed as a threat of violence. As such, Plaintiffs fail to plausibly allege Defendants threatened force against them.

Plaintiffs allege that some protesters called for indiscriminate violence against Jewish people. FAC ¶ 239. Even if Plaintiffs alleged that Defendants controlled those protesters, the allegation's source provides no support whatsoever. The only call for indiscriminate violence is a pro-Israel chanter who shouted, "We have the bullets, you have the blood." FAC nn. 74, 100.

Plaintiffs also fail to plausibly allege that Defendants engaged in physical obstruction. To plead a violation based on physical obstruction, Plaintiffs must specifically show that the alleged obstruction rendered ingress and egress to the facility impossible, unreasonably difficult, or hazardous. 18 U.S.C. § 248(e)(4); *see also* S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) (explaining that "physical obstruction" would include blockades, "chaining people and cars to entrances with bicycle locks," strewing nails on public roads, and "blocking entrances with

immobilized cars"); H.R. Conf. Rep No. 103-488, 9 (1994) (clarifying that physical obstruction would include "physically blocking access to a church or pouring glue in the locks of a synagogue."). Plaintiffs fail to plausibly allege that Defendants physically made ingress or egress unreasonably hazardous; only that they called for a political demonstration, and that there were clashes between unidentified individuals. This could not be further from the church burnings and intentional, coordinated physical violence against parishioners that the FACE Act was intended to prevent.

Plaintiffs have therefore failed to allege any facts that can plausibly show Defendants used force, threats of force, or physical obstruction to interfere with his freedom of religion under the FACE Act, and the claim must be dismissed.

## 2. Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3)

### a) Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants

A claim under 42 U.S.C. § 1985(3) requires specific factual allegations plausibly showing Defendants conspired to violate the statute. Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1185. Plaintiffs must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991). Plaintiffs have failed to do so here.

Rather than alleging specific facts plausibly showing a conspiracy, the FAC relies on generalized assertions that "Named Defendants conspired with each other." FAC ¶ 9; see also FAC ¶¶ 156, 366. Plaintiffs allege that "Named Defendants agreed among themselves to organize the riot" without alleging who agreed, what was agreed to, when, by what means such agreement was communicated, nor even what the alleged agreement included. FAC ¶ 413. Without specific factual

19

allegations that make a conspiracy plausible, the blanket assertion that 'Defendants conspired to organize a riot' is insufficient to plead a claim. <u>Comm. to Protect our Agric. Water</u> 235 F. Supp. 3d at 1185.

### b) **Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action**

Plaintiffs fail to allege a state actor was part of any conspiracy or that Defendants intended to influence state action. To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must plausibly allege a state actor among the conspirators or that the conspiracy was intended to influence state action. <u>Pasadena Republic Club v. Western Justice Center</u>, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing <u>United Bhd. Of Carpenters & Joiners, Local 610 v. Scott</u>, 463 U.S. 825, 830 (1983) ("an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved."). The FAC contains none of this.

### c) **Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus**

Plaintiffs do not plausibly allege the racial or class-based animus required under 42 U.S.C. § 1985(3). <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiffs only allege that PYM's social media shared a post asking people to show up at "12 PM SHARP " saying that "OUR LAND IS NOT FOR SALE" FAC ¶¶220, 211. The post also said, "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs allege "upon information and belief" that "Named Defendants" distributed keffiyehs FAC ¶236.  These pled facts cannot plausibly show Defendants' race or class-based animus.

Sources cited in the FAC instead show that Defendants were motivated by a desire to oppose this "blatant example of land theft" FAC ¶222. Plaintiffs allege no

facts showing Defendants' activities were motivated by antisemitic animus. Even if Defendants had animus towards people seeking to purchase land illegally in Occupied Palestine, that is an economic animus, which is specifically *not* a basis for a claim under 42 U.S.C. § 1985(3). United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO, 463 U.S. at 837 (42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities."). Plaintiffs cannot point to a single statement or action establishing a plausible factual basis for racial or class-based animus and instead have provided specific reasons to find such a motivation *im*plausible.

Where pleadings include citation to clear, consistent statements by the Defendants regarding their motivation, the Court cannot ignore these facts and should treat them as true under Rule 12(b)(6). Ordinarily, affirmative defenses may not be raised by motion to dismiss. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). But a complaint may be dismissed when the allegations give rise to an affirmative defense that appears on the face of the pleading. McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990) (superseded by rule on other grounds as stated in Harmston v. City & County of San Francisco, 627 F.3d 1273 (9th Cir. 2010); Boquist v. Courtney, 32 F.4th 764, 774 (9th Cir. 2022).

### d) **Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to Defendants**

None of Plaintiffs' pled injuries are fairly traceable to any of Defendants' alleged conduct. Standing under Article III requires Plaintiffs to demonstrate a concrete injury that is fairly traceable to the complained-of conduct. Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848 (9th Cir. 2007) (quoting Lujan, 504 U.S. at 560-561. Courts are reluctant to endorse standing theories that

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

rest on speculation about the decisions of an independent actor. <u>Clapper v. Amnesty Int'l. USA</u>, 568 U.S. 398, 414 (2013).

Plaintiff Pollak's pled injuries are that he tried to enter the synagogue through the front entrance but was "blocked by the angry mob," and instead "enter[ed] the Synagogue through a side entrance". FAC ¶¶ 12-14. Being intimidated from using one of several entries to a facility does not rise to the level of a cognizable injury, and even if it did, it would not be fairly traceable to any alleged conduct by Defendants. They plead no facts showing Defendants controlled, directed, or even encouraged Does 1-100, nor the rest of "the mob" that scared Plaintiff Pollak.

Plaintiffs' injuries are not fairly traceable to the alleged conduct of Defendants but rather depend on the acts of unidentified third parties, including the individual who sprayed mace, the individuals who allegedly took photographs of houses and cars, the counter-protesters who—per the FAC—started the violent clash, and the police and private security who failed to sufficiently control the crowd. Sources cited in the FAC show that the anti-genocide protesters were the smaller of the various groups involved, were attacked by the pro-Israel counter-protesters, and were surrounded and kettled by security. FAC nn. 74, 100. Defendants had no control over these actors, and Plaintiffs fail to offer a single fact that can plausibly suggest otherwise.

Because Plaintiffs' injuries depend upon the acts of independent third parties and are not fairly traceable to the alleged acts of Defendants, Plaintiffs have no standing to bring this suit under 42 U.S.C. § 1985(3).

## VII.  **PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY**

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Other defendants filed motions to dismiss the First Amended Complaint raising arguments common to all defendants, including, without limitation, the lack of jurisdiction under principles of international and humanitarian law. PYM Defendants respectfully join those arguments.

## VIII.  CONCLUSION

The Court has a gate-keeping function, even at the pleading stage. That function is perhaps most needed when political actors demand that judges turn their courtrooms into stages for ideological and theological disputes. That is why *Iqbal* and *Twombly* demand that the rhetoric must be tethered to facts, and that theories be supported by enough facts to make the theories plausible.

Those guardrails have been breached here. Several groups called for a demonstration. PYM told its supporters about the illegal sale of illegally occupied land. PYM did not know religious services were scheduled at the synagogue that day. Yet in this hyperbolic atmosphere, a constitutionally protected call for legal protest is recast as terror.

The law requires more than hyperbole. First, a court must have jurisdiction over defendants, and the complaint fails to establish that for PYM and Schirf. There must be a nod to reality—facts and inferences that are plausible. Plaintiffs have failed even this basic requirement. No facts show PYM intended to obstruct religious services, no facts show it urged anyone to do so, no facts show state actor involvement, and no facts link a call for advocacy and the chaotic scene that eventually arose.

Plaintiffs' FAC fails to identify a single specific fact making their claims plausible or establishing Article III standing. Because Plaintiffs have failed to plausibly plead their invoked causes of action, and because further amendment would be a waste of the Court's resources, this complaint should be dismissed with prejudice.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1    Respectfully submitted,

2      Dated:  January 27, 2025      LAW OFFICES OF THOMAS B. HARVEY

3

4                                       By:___/s/Thomas B. Harvey_____

5                                          Thomas B. Harvey

6

7                                       Attorneys for Defendants
                                   PALESTINIAN YOUTH MOVEMENT

8                                       COURTNEY LENNA SCHIRF
                                   REMO IBRAHIM

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

L.R. 11–6.2 Certificate of Compliance

The undersigned counsel of record for Defendants certifies that this brief contains 6856 words, which complies with the word limit of L.R. 11–6.1.

Dated:  January 27, 2025          LAW OFFICES OF THOMAS B. HARVEY


By:_/s/ Thomas B. Harvey
Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM