1  Mark Kleiman (SBN 115919)
   mark@krlaw.us
2  KLEIMAN / RAJARAM
3  12121 Wilshire Blvd., Ste. 810
   Los Angeles, CA  90025
4  Tel: 310-392-5455 / Fax: 310-306-8491

5  Collin Poirot (NY 5673405)
   *(pro hac vice pending)*
6  cpoirot.law@gmail.com
7  2603 Oak Lawn, Suite 300
   Dallas TX  75219
8  214-392-2281

9  Attorneys for Defendants
   CODEPINK WOMEN FOR PEACE
10 CODEPINK ACTION FUND

11              UNITED STATES DISTRICT COURT
12        FOR THE CENTRAL DISTRICT OF CALIFORNIA
                   WESTERN DIVISION
13

14 | NOAH POLLAK, on behalf of all | Case No. 2:24-cv-06253-SVW-PVC |
   | others similarly situated, and |
15 | STANDWITHUS CENTER FOR |
16 | LEGAL JUSTICE | DEFENDANTS' CODEPINK WOMEN |
   | | FOR PEACE AND CODEPINK ACTION |
17 |        Plaintiffs, | FUND, NOTICE OF MOTION AND |
   | | CORRECTED MOTION TO DISMISS |
18 | | PLAINTIFFS' FIRST AMENDED |
19 |        v. | CLASS ACTION COMPLAINT |
20 | CODEPINK WOMEN FOR |
   | PEACE, a California entity; | Judge:  Hon Stephen V. Wilson |
21 | CODEPINK ACTION FUND, a | Hearing Date:   February 24, 2025 |
22 | California entity; HONOR THE | Time:            1:30 p.m. |
   | EARTH, a Minnesota entity; | Courtroom:      10A |
23 | COURTNEY LENNA SCHIRF; |
24 | REMO IBRAHIM, d/b/a |
   | PALESTINIAN YOUTH |
25 | MOVEMENT; and JOHN AND |
26 | JANE DOES 1-100, |
27 |        Defendants. |
28

                              1
DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 24, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor,  Los Angeles, CA 90012, Defendants CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND, will and hereby do move the Court to dismiss Plaintiffs' First Amended Class Action Complaint pursuant to Fed.R.Civ.Proc. 12(b)(1) and Fed.R.Civ.Proc. 12(b)(6)

This motion is based upon this Notice of Motion, the attached Memorandum of Points & Authorities, the Declaration in Support thereof, the files and records in the case, and any evidence or argument that may be presented at a hearing on this matter.

Respectfully submitted,

Dated:  January 27, 2025          KLEIMAN / RAJARAM

By: _____/s/ Mark Kleiman_____

Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................5

I.   INTRODUCTION ......................................................................10

II.  FACTS ALLEGED .....................................................................11

   A.  Plaintiffs Fail to Tie CodePink to Any Alleged Harms .............................11

III. STANDARDS OF REVIEW ........................................................12

   A,  Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is
      Fairly Traceable to the Defendants ..........................................................12

   B.  Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim
      Plausible ..........................................................................................13

IV. ELEMENTS OF THE ALLEGED OFFENSES ...........................14

   A. The FACE Act (18 U.S.C. § 248) .........................................................14

   B. Ku Klux Klan Act (42 U.S.C. § 1985(3)) ............................................14

V.   DEFENDANTS' MOTION TO STRIKE .....................................15

VI. ARGUMENT ..............................................................................17

   A. Plaintiff Pollak Cannot Satisfy the Requirements for
      Class Certification ............................................................................17

   B. Plaintiff SCLJ Cannot Satisfy the Requirements for
      Organizational Standing….................................................................18

   C. Plaintiffs Fail to State a Claim Under the Pled Causes of Action and
      the Complaint Must be Dismissed Pursuant to Rule 12(b)(6)...................19

      1.   Plaintiffs Fail to State a Claim Under the FACE Act...........................19

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

a) Plaintiffs Fail to Plausibly Allege CodePink Intended to Injure, Interfere with, or Intimidate Them Because of Their Freedom of Religion ........................................................................19

b) Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim That CodePink is Responsible for any Harmful Acts .............................................................................20

c) CodePink's Alleged Activities Constitute Protected First Amendment Speech and Advocacy ..................................................22

d) Plaintiffs Fail to Plausibly Allege CodePink Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion ........................................................23

2. Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3) ..................25

a) Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants ...................................................25

b) Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action ...................................26

c) Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus ...........................................................26

d) Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to CodePink ...........................................................28

D. This Court Lacks Jurisdiction to Shield and Facilitate the Commission of War Crimes in Violation of International Law, as Plaintiffs Request ...29

1. The United States is Party to the Fourth Geneva Convention Which Prohibits Confiscation of Land and Forcible Population Transfer .......29

2. Israel's Annexation, Confiscation, and Settlement Practices Constitute Crimes Against Humanity and War Crimes ........................30

VII. CONCLUSION ........................................................................31

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ........................................33

4

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

Alaska Right to Life Political Action Comm. v. Feldman,

4

    504 F.3d 840 (9th Cir. 2007)...................................................................28

5

Allen v. Wright,

6

    468 U.S. 737 (1984) ..........................................................................12

7

Ashcroft v. Iqbal,

8

    556 U.S. 662 (2009) ........................................................................13.31

9

Bank of Am., N.A. v. Knight,

10

    725 F.3d 815, 818 (7th Cir. 2013) ...............................................12

11

Bell Atl. Corp. v. Twombly,

12

    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009).......................13,16,31

13

Blakemore v. Superior Ct.,

14

    (2005) 129 Cal. App. 4th 36, 53 .....................................................17

15

Boquist v. Courtney,

16

    32 F.4th 764, 774 (9th Cir. 2022)....................................................27

17

Bray v. Alexandria Women's Health Clinic,

18

    506 U.S. 263, 113 S.Ct. 753 (1993) ............................................15

19

Carbon Fuel Co. v. UMW,

20

    444 U.S. 212 (1979) ..........................................................................21

21

Clapper v. Amnesty Int'l.

22

    USA, 568 U.S. 398, (2013) .......................................................28

23

Clausing v. San Francisco Unified School Dist.,

24

    (1990) 221 Cal.App.3d 1224, 1234 .................................................17

25

Collins v. Jordan,

26

    110 F.3d 1363 (9th Cir. 1996)......................................................22

27

Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,

28

    235 F. Supp. 3d 1132 (E.D. Cal. 2017)..................................14,15,25

5

Conservation Force v. Salazar,
        646 F.3d 1240 (9th Cir. 2011)........................................................................14

Coronado Coal Co. v. Mine Workers,
        268 U.S. 295 (1925) ...................................................................................21

Counterman v. Colorado,
        600 U.S. 66 (2023) .....................................................................................24

Cousins v. Lockyer,
        568 F.3d 1063 (9th Cir. 2009).....................................................................13

Dahlia v. Rodriguez,
        735 F.3d 1060 (9th Cir. 2013).....................................................................13

Elhanafi v. Fox Television Stations, Inc.,
        2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) ..............17

Fabricant v. Elavon, Inc.,
        2:20-cv-02960-SVW-MAA (C.D.C.A. 2020).............................................20

Gaxiola v. City of Los Angeles,
        No. CV 10-6632 AHM (FMO), 2011 WL 13152832
        (C.D. Cal. Aug. 30, 2011) ..........................................................................15

Gerber v. Herskovitz,
        14 F.4th 500, 504, 508-509 (6th Cir. 2021)................................................22

Harmston v. City & County of San Francisco,
        627 F.3d 1273 (9th Cir. 2010) ....................................................................27

Hunt v. Wash. State Apple Adver. Comm'n,
        432 U.S. 333 (1977).....................................................................................18

In re Honest Co., Inc. Sec. Litig.,
        343 F.R.D. 147, 150 (C.D. Cal. 2022).........................................................15

Karim-Panahi v. L.A. Police Dep't,,
        839 F.2d 621, 626 (9th Cir. 1988) ..............................................................25

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Kindschy v. Aish,
    412 Wis.2d 319 (Sup. Ct. Wis. 2024) .......................................................24

Kokkonen v. Guardian Life Ins. Co. of America,
    511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)...........................12

Kristensen v. Credit Payment Servs. Inc.,
    879 F.3d 1010 (9th Cir. 2018)....................................................................20

Laughon v. Int'l Alliance of Theatrical Stage Emples.,
    248 F.3d 931 (9th Cir. 2001)......................................................................21

Lotierzo v. A Woman's World Med. Ctr.,
    278 F.3d 1180 (11th Cir. 2002)..................................................................14

Lexmark Int'l, Inc. v. Static Control Components, Inc.,
    134 S. Ct. 1377 (2014) ...............................................................................12

Lujan v. Defenders of Wildlife,
    504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992).......................12,28

Manistee Town Center v. City of Glendale,
    227 F.3d 1090 (9th Cir. 2000).....................................................................15

McCalden v. California Library Ass'n,,
    955 F.2d 1214, 1219 (9th Cir. 1990)...........................................................27

NAACP v. Clairborne Hardware Co.,
    458 U.S. 886 (1982) ....................................................................................24

Native Village of Kivalina v. Exxon Mobil Corp.,
    696 F.3d 849 (9th Cir. 2012).......................................................................13

New Beginnings Ministries v. George,
    2018 WL 11378829 (S.D.O.H. 2018) .........................................................14

Pasadena Republican Club v. W. Just. Ctr.,
    985 F.3d 1161 (9th Cir. 2021)................................................................15,26

Planned Parenthood of Columbia/Willamette, Inc. v.
    Am. Coal. of Life Activists, 290 F.3d 1058 (9th Cir. 2002).......................24

Prince v. CLS Transportation, Inc.,
        (2004) 118 Cal. App. 4th 1320, 1323–24 ......................................................17

RK Ventures, Inc. v. City of Seattle,
        307 F.3d 1045 (9th Cir. 2002) ....................................................................15

Sanchez v. City of Santa Ana,
        936 F.2d 1027, 1039 (9th Cir. 1991) ...........................................................26

Scott v. Kuhlmann,
        746 F.2d 1377, 1378 (9th Cir. 1984) ...........................................................27

Security Farms v. International Broth. of Teamsters, Chauffeurs,
        124 F.3d 999 (9th Cir. 1997) ......................................................................21

Sever v. Alaska Pulp Corp.,
        978 F.2d 1529 (9th Cir. 1992) ....................................................................15

Simo v. Union of Needletrades, Indus. & Textile Emps.,
        Sw. Dist. Council, 322 F.3d 602 (9th Cir. 2003) .........................................21

Sprewell v. Golden State Warriors,
        266 F.3d 979 (9th Cir. 2001) ......................................................................13

Top Rank, Inc. v. Haymon,
        2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015) ........11

United Bhd. of Carpenters & Joiners, Local 610 v. Scott,
        463 U.S. 825 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) .......................15,26,27

Van Der Linden v. Khan,
        535 S.W.3d 179, 198 (Tex. App 2017) .........................................................17

Vavak v. Abbott Labs., Inc., No. SACV 10-1995 JVS (RZx),
        2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011) ...............16

Williams v. Yamaha Motor Co.,
        851 F.3d 1015 (9th Cir. 2017) ....................................................................20

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1

## STATUTES

18 U.S.C. § 248.................................................................................14

18 U.S.C. § 248(a)(2) ..................................................................14,19,23

18 U.S.C. § 248(d)(1) ...........................................................................22

18 U.S.C. § 248(e) ...............................................................................19

18 U.S.C. § 248(e)(4) ...........................................................................25

42 U.S.C. § 1985(3) .........................................................................*passim*

Fed.R.Civ.Proc. 12(b)(1) ......................................................................12

Fed.R.Civ.Proc. 12(b)(6) ...............................................................13,19,27

Fed.R.Civ.Proc. 12(f)............................................................................15

## MISCELLANEOUS

29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b)......................................21

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993) .................................23

H.R. Conf. Rep No. 103-488, 9 (1994) ....................................................25

Norris–LaGuardia Act § 6, 29 U.S.C. § 106 .............................................21

S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) ............................................25

Art. III, U.S. Const............................................................................12,28,32

## I.    <u>INTRODUCTION</u>

CodePink Defendants move to dismiss Plaintiffs' First Amended Complaint ("FAC"). In sum, Plaintiffs dislike CodePink's support for Palestinians and opposition to Israel's illegal occupation of the West Bank and ongoing genocide in Gaza. Plaintiffs sued to punish CodePink for organizing a protest against real estate company My Home in Israel's ("MHI") illegal sale of occupied Palestinian land in the illegal, Jewish-only settlements in Occupied Palestine; an event which never advertised nor claimed any religious character. FAC ¶ 100, 104. MHI is being investigated by the New Jersey Division on Civil Rights for possible "discrimination on the basis of race, religion, ancestry, national origin and other protected characteristics" during the company's previous real estate events.[1] MHI events have drawn protests throughout the country, and it has repeatedly been accused of aiding and abetting apartheid and genocide. MHI's event in Los Angeles was no different.

Plaintiffs seek damages from CodePink for violations of the Freedom of Access to Clinic Entrances ("FACE") Act and the Civil Rights Act. None of Plaintiffs' pled injuries are fairly traceable to CodePink's alleged conduct, and they depend on third parties who were not subject to Defendants' control or authorization. The FACE Act prohibits liability based on protected free speech activity, and the Civil Rights Act requires a conspiracy to deny one's legal rights based on animus, as well as culpable acts going beyond mere protected speech.

CodePink's speech is clearly protected First Amendment activity and Plaintiffs' claims of a "conspiracy" are purely speculative, so their second failed attempt at this complaint should be dismissed with prejudice.

---

[1] Arvind Dilawar, "Organizers of Israeli Real Estate Event in LA Under Investigation in New Jersey," Sept. 4, 2024 (last accessed Oct. 22, 2024) https://tinyurl.com/ysdkxc6r.

10

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## II.    <u>FACTS ALLEGED</u>

### A. <u>Plaintiffs Fail to Tie CodePink to Any Alleged Harms</u>

Plaintiffs allege that CodePink "organized, publicized, aided, and (on information and belief) funded" the demonstration, and that "upon information and belief, members of CodePink were among those who physically obstructed Plaintiffs Pollak, Proposed Class Members, and SCLJ from accessing the Synagogue on June 23, 2024." FAC ¶¶ 8, 46. Plaintiff alleges CodePink stated it believed the protest was "a peaceful protest against the illegal sale of stolen land in Palestine," that "Zionists attacked peaceful protestors [and] stole their phones," that "no religious services were scheduled at the time of the real estate sale," and that "[c]ontrary to what the media is falsely reporting, the entrance was never blocked by anyone," and made social media posts referring to some attendees as "comrades." FAC ¶¶ 328-9, 333-4. Plaintiffs state "all three events continued at the Synagogue on June 23, 2024" but, "upon information and belief," that some members were unable to attend. FAC ¶ 303.

Relieved of legally conclusory language and mere restatements of the alleged offenses' elements, the allegations against CodePink boil down to First Amendment protected speech activity. None of the pled facts can support Plaintiffs' claims under the invoked statutes, and in fact, the FAC includes facts that make it impossible for Plaintiffs to plead these causes of action. The complaint should be dismissed with prejudice.

Group pleading is impermissible. Allegations against all "Named Defendants" which fail to allege specific facts plausibly showing a defendant's culpable behavior, and instead rely on blanket allegations that all defendants conspired, justify dismissal. *See* <u>Top Rank, Inc. v. Haymon</u>, 2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015) (granting motion to dismiss, because Plaintiffs' "allegations draw no meaningful distinctions between or among the nine defendants

against whom they are collectively asserted"); <u>Bank of Am., N.A. v. Knight</u>, 725
F.3d 815, 818 (7th Cir. 2013) ("A contention that 'the defendants looted the
corporation'—without any details about who did what—is inadequate. Liability is
personal…Each defendant is entitled to know what he or she did that is asserted to
be wrongful. A complaint based on a theory of collective responsibility must be
dismissed. That is true even for allegations of conspiracy.").

### III.    <u>STANDARDS OF REVIEW</u>

### A. <u>Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is Fairly Traceable to the Defendants</u>

Federal courts have limited jurisdiction and plaintiffs must prove their case
lies within a court's jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>,
511 U.S. 375, 377-78 (1994). Plaintiffs must establish they have suffered an injury
in fact fairly traceable to the defendant's challenged conduct. <u>Lujan v. Defenders of
Wildlife</u>, 504 U.S. 555, 560-561 (1992). Plaintiffs "bea[r] the burden of establishing
these elements" and "at the pleading stage, must clearly allege facts demonstrating
each element." <u>Id</u>. (citation omitted). The injury pled must "be fairly traceable to the
challenged action of the defendant, and not the result of the independent action of
some third party not before the court." <u>Lujan</u>, 504 U.S. at 560-61 (citation omitted).
Further, "the line of causation between the [alleged] illegal conduct and injury"
must not be "too attenuated." <u>Allen v. Wright</u>, 468 U.S. 737, 752 (1984)
(concluding a weak demonstration of causation precludes Article III standing),
*overruled on other grounds by* <u>Lexmark Int'l, Inc. v. Static Control Components,
Inc.</u>, 134 S. Ct. 1377, 1388 (2014). Since the line of causation must be more than
attenuated, "where the causal chain 'involves third parties whose numerous
independent decisions collectively have a significant effect on plaintiffs' injuries . . .
the causal chain [is] too weak to support standing at the pleading stage.'" (citations

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

and internal quotation marks omitted). <u>Native Village of Kivalina v. Exxon Mobil Corp.</u>, 696 F.3d 849, 867 (9th Cir. 2012).

**B.** **Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make Claims Plausible**

A complaint "must plead enough facts to state a claim to relief that is plausible on its face." <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal." <u>Cousins</u>, 568 F.3d at 1067 (internal quotation marks omitted). A court may reject as implausible allegations that are too speculative. <u>Dahlia v. Rodriguez</u>, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 548 (2009). Allegations that are merely conclusory, are unwarranted deductions, or unreasonable inferences need not be accepted. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

When the guesses, conclusory language, and innuendo are stripped away, Plaintiffs' remaining allegations grounded in specific facts are: (1) CodePink was one of several organizations which called for a demonstration to oppose a real estate event illegally offering land sales in the occupied West Bank; (2) CodePink's social media posts promoted the demonstration, and invited its supporters to "help advocate" against the illegal sale; (3) persons unknown acted threateningly and said frightening things; (4) unknown persons used "bear spray" and brandished "blunt objects"; and (5) CodePink later stated that it had no idea that a synagogue would be holding religious services on a Sunday, that the protest itself was peaceful, and that none of its members blocked the synagogue entrance. These few facts do not make

plausible the theory that CodePink directed illegal acts. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

## IV.    ELEMENTS OF THE ALLEGED OFFENSES

### A.    The FACE Act (18 U.S.C. § 248)

The FACE Act was passed in 1994, when women's health clinics were being bombed and their doctors murdered. A far lesser-known provision protects places of worship. The law's "religious freedom" cause of action has so seldom been invoked that caselaw interpreting this provision is scarce. Defendants found no Ninth Circuit where such a suit has been brought. Other circuits, however, have identified four elements required to plead a violation of 18 U.S.C. § 248(a)(2): "Plaintiffs must demonstrate that Defendants used or attempted to use (1) force, threat of force, or physical obstruction; (2) with the intent to; (3) injure, intimidate, or interfere with a person; (4) because that person is exercising or is seeking to exercise his or her right of religious freedom at a place of religious worship." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829, *15 (S.D.O.H. 2018) (citing <u>Lotierzo v. A Woman's World Med. Ctr.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002) (citations omitted)).

### B.    Ku Klux Klan Act (42 U.S.C. § 1985(3))

Under 42 U.S.C. § 1985(3), Plaintiffs must prove "(i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of this conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.</u>, 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017).

This cause of action requires a state actor. Indeed, the Supreme Court has held that "'an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy'" or that the

aim of the conspiracy is to influence state actors. <u>Pasadena Republican Club v. W.</u>
<u>Just. Ctr.</u>, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing <u>United Bhd. Of Carpenters &</u>
<u>Joiners, Local 610 v. Scott</u>, 463 U.S. 825, 830 (1983).

To plead such a claim, Plaintiffs must also plausibly allege that the intended deprivation was "'motivated by some racial, or … other[ ] class-based' animus." <u>Comm. to Protect our Agric. Water</u>, 235 F. Supp. 3d at 1185 (citing <u>Sever v. Alaska</u> <u>Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also* <u>Manistee Town Center v.</u> <u>City of Glendale,</u> 227 F.3d 1090 (9th Cir. 2000); <u>Gaxiola v. City of Los Angeles,</u> No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9 (C.D. Cal. Aug. 30, 2011) (§ 1985(3) is not a general federal tort law, and requires some racial or otherwise class-based discriminatory motivation (citing <u>Bray v. Alexandria</u> <u>Women's Health Clinic</u>, 506 U.S. 263, 268 (1993)); *see also* <u>RK Ventures, Inc. v.</u> <u>City of Seattle</u>, 307 F.3d 1045, 1056 (9th Cir. 2002). 42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities." <u>United Bhd. of Carpenters and Joiners of Am,</u> <u>Local 610, AFL-CIO</u>, 463 U.S. at 837.

## V.    DEFENDANTS' MOTION TO STRIKE

The Court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a complaint. Fed.R.Civ.Proc. 12(f). This is proper where doing so is "necessary to avoid prejudice or will further the interests of judicial efficiency." <u>In</u> <u>re Honest Co., Inc. Sec. Litig.,</u> 343 F.R.D. 147, 150 (C.D. Cal. 2022).

The FAC contains scandalous and impertinent allegations against CodePink and co-defendant PYM unrelated to the causes of action here. Their only purpose is to prejudice Defendants before the Court and the general public by maligning them as antisemitic and terrorism supporters.[2] Defendants move to strike the following:

---

[2] For example, Plaintiffs allege that CodePink members are long-time supporters of Hamas and have met with Hamas "several times." FAC ¶ 45. This allegation

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

a. Paragraph 8's text: "(two organizations that seek to destroy the Jewish State of Israel)." No facts are plead showing CodePink "seek[s] to destroy" Israel; this is included to scandalize and prejudice Defendants, with nothing to do with the plead causes of action.

b. Paragraph 40's text: "that supports the terrorist organization Hamas and opposes the State of Israel." This is strikable for the same reasons.

c. Paragraphs 43-45 entirely. These paragraphs broadly allege that CodePink "has long supported terrorists" calling to annihilate Jewish people. These rest on CodePink's allegedly attending a conference and meeting with Palestinian elected officials. These accusations are scandalous and defamatory.

d. Paragraphs 53-58 entirely. These paragraphs accuse PYM of "terrorizing Jews" and supporting terrorism—all for participating in a conference. These claims have nothing to do with the causes of action's elements and only serve to malign and prejudice Defendants.

e. Paragraphs 65- 90 entirely. These describe unrelated protests CodePink and PYM allegedly supported via social media, and argue these protests required additional security and were disruptive. These are irrelevant to the causes of action and are included solely to prejudice Defendants. No facts show Defendants are even responsible for them.

f. Paragraph 224 entirely. Plaintiffs allege "[u]pon information and belief, the phrase 'BELLY OF THE BEAST' refers to a synagogue." FAC ¶ 224. The <u>Twombly</u> plausibility standard permits Plaintiffs to plead facts alleged upon information and belief where those facts "are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference" plausible. <u>Vavak v. Abbott Labs., Inc.</u>,

---

conflates meeting with elected officials from Hamas to gather information on the one hand, and actively supporting it on the other.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011). Plaintiffs' allegation is facially implausible, solely to malign Defendants as antisemites, and is and prejudicial.

These sections of the FAC seek to defame Defendants as avowed terrorism supporters, which is directly prejudicial to Defendants. *See, e.g.* Van Der Linden v. Khan, 535 S.W.3d 179, 198 (Tex. App 2017) ("Khan alleges that falsely accusing someone of having admitted that he provided financial support to terrorists constitutes defamation per se. We agree."); Elhanafi v. Fox Television Stations, Inc., 2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) (finding possible defamation where the public "might infer that plaintiffs are terrorists and/or terrorist sympathizers/abettors."). These scandalous and impertinent allegations are irrelevant to the FAC's claims, prejudicial to Defendants, and should be stricken.

## VI. ARGUMENT

### A. Plaintiff Pollak Cannot Satisfy the Requirements for Class Certification

Class allegations may be dismissed where "there is no reasonable possibility that the plaintiffs could establish a community of interest among the potential class members and that individual issues predominate over common questions of law and fact." Blakemore v. Superior Ct., (2005) 129 Cal. App. 4th 36, 53, citing Clausing v. San Francisco Unified School Dist. (1990) 221 Cal.App.3d 1224, 1234. Where each class member's ability to recover depends on facts unique to them, there is no reasonable possibility the named Plaintiffs can plead a prima facie community of interests among class members. Prince v. CLS Transportation, Inc., (2004)118 Cal. App. 4th 1320, 1323–24. Where each claim requires individually determining each potential class member's right to recover, there is no community of interest, no commonality or typicality among potential members. Id.

1      The FAC demonstrates the need for individualized facts determining each

2 potential class member's recovery right. Plaintiff Pollak alleges being confronted by

3 Jane Does yelling at him, scaring him such that he entered the Synagogue through a

4 side door. FAC ¶¶ 12-4. SCLJ Member #1 alleges no threats, yelling or intimidation,

5 but used a side entrance after learning of it on Whatsapp. FAC ¶¶ 271-4. SCLJ

6 Member #6 attended morning prayers before the protests, remained inside, but when

7 the protests began could not focus on the Torah because of the commotion outside.

8 FAC ¶¶ 298-9. These are just a few examples of the widely varying individual facts

9 that nullify the commonality and typicality of the proposed class, making it

10 impossible for Plaintiff to plead a prima facie community of interests.

11               **B. <u>SCLJ Cannot Satisfy the Requirements for Organizational</u>**

12                     **<u>Standing</u>**

13      To establish organizational standing to sue on behalf of individuals, an

14 organization must show (1) its members would otherwise have standing to sue in

15 their own right,[3] (2) the interests it protects are germane to the organization's

16 purpose, and (3) neither the claim asserted, nor the relief requested requires

17 participation of individual members in the lawsuit. *See generally*, <u>Hunt v. Wash.

18 State Apple Adver. Comm'n</u>, 432 U.S. 333 (1977). SCLJ fails to meet these

19 standards and lacks organizational standing to sue.

20      SCLJ must show that the individual members were personally attempting to

21 exercise their religious freedom. A blanket claim that the event was religious "for

22 many in the community, including members of SCLJ" is insufficient unless the

23 specific people on whose behalf SCLJ sues personally view the event as religious,

24

25     [3] Plaintiffs SCLJ Members 1-7 fail to show any need for anonymity and do not

26 qualify under <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067-

27 1068 (9th Cir. 2000) and they do not even explain why their co-Plaintiff, Helmann has been unscathed despite five months' of exposure, or why Pollak is not similarly

28 fearful. <u>See</u> Decl. of Mark Kleiman.

and not merely as a way to buy desirable real estate. In addition, SCLJ has not alleged that interest in attending the event is somehow germane to its organizational purpose, or that the participation of individual SCLJ members is not required in the suit. SCLJ's failure to address these requirements is fatal to its standing.

### C. Plaintiffs Fail to State a Claim Under the Pled Causes of Action So the Complaint Must be Dismissed Pursuant to Rule 12(b)(6)

#### 1. Plaintiffs Fail to State a Claim Under the FACE Act

Plaintiffs fail to allege facts that plausibly show a FACE Act violation. Although the "religious exercise" subsection of the FACE Act has not been addressed in this Circuit, the plain language does not encompass real estate sales.

##### a) Plaintiffs Fail to Plausibly Allege CodePink Intended to Injure, Interfere with, or Intimidate Them From the Free Exercise of Religion

A 18 U.S.C. § 248(a)(2) claim requires Plaintiffs to allege facts plausibly showing Defendants intended to injure, intimidate, or interfere with them because of their religious exercise. The statute defines "intimidate" as placing one in "reasonable apprehension of bodily harm," and "interfere with" as restricting one's freedom of movement. 18 U.S.C. § 248(e). Plaintiffs fail to allege any facts plausibly showing CodePink intended to interfere with their religious exercise by seeking to injure them, restrict their freedom of movement, or make them reasonably apprehensive of bodily harm, much less *because* of Plaintiffs' religious exercise.

Plaintiffs do not allege CodePink mentioned prayer, worship, Jews, or Judaism, called for violence, physical force, or intimidation. Plaintiffs' only specific facts pled against CodePink are that the organization announced a "Mega Zionist Real Estate Event," and encouraged supporters to "HELP US ADVOCATE THE STOP OF HOMES BEING SOLD ON STOLEN PALESTINIAN LAND." FAC ¶¶

212-3. No pled facts plausibly show CodePink intended to injure, restrict movement, or threaten violence against people coming to exercise religious freedom.

FAC sources show the real estate event advertisement made no mention of religion, prayer, worship, nor even of *Aliyah*. The event is described as a real estate opportunity, with discounts offered for participants. FAC n. 74, linked in article. Nothing in the advertisement suggests the event was religious, and the FAC shows Defendants were *unaware*, believing that "no religious services were scheduled" at the time. FAC ¶ 334. At most, Plaintiffs' alleged facts might show CodePink intended to make the event attendees uncomfortable, to discourage people from attending, and to oppose an ongoing genocide.

The facts pled make it impossible for Plaintiffs to plausibly allege CodePink intended to injure, intimidate, or interfere with them because of their religious exercise.

### b) <u>Plaintiffs Alleged No Facts Showing CodePink is Responsible for any Harmful Acts</u>

Plaintiffs implicitly rely on an imputed agency relationship to hold CodePink liable for unidentified individuals' acts. Yet Plaintiffs fail to allege facts making it plausible that CodePink had "the right to substantially control [these alleged agent's] activities," <u>Williams v. Yamaha Motor Co.</u>, 851 F.3d 1015, 1024 (9th Cir. 2017), nor how CodePink did or knew these things. <u>Fabricant v. Elavon, Inc.</u>, 2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Even where the principal ratifies an act without knowing material facts of the agent's acts, the principal is not liable unless it chooses to ratify the act while aware it lacked such knowledge. <u>Fabricant</u>, 2:20-cv-02960-SVW-MAA at 13-14, quoting <u>Kristensen v. Credit Payment Servs. Inc.</u>, 879 F.3d 1010, 1014 (9th Cir. 2018).

It is never alleged that unidentified Does *were* CodePink members. Even if it were, CodePink can only be responsible if common law respondeat superior

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

doctrines apply. National unions for example are not responsible for agent's acts under the common law unless it is "'clearly shown . . . that what was done was done by their agents in accordance with their fundamental agreement of association.'" Carbon Fuel Co. v. UMW, 444 U.S. 212, 217 (1979), quoting Coronado Coal Co. v. Mine Workers, 268 U.S. 295, 304 (1925). Statutes governing labor-management relations imported common law *respondeat superior* doctrine, *see generally* 29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b), Norris–LaGuardia Act § 6, 29 U.S.C. § 106, making a union liable for its members' acts only where there is "clear proof" of participation, authorization, or ratification. Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council, 322 F.3d 602, 620 (9th Cir. 2003). Thus, even courts invoking these statutes rely upon traditional agency law. Liability turns on the nature and extent of the actual control an organization such as an international union exercises over a local and the local's degree of autonomy. Laughon v. Int'l Alliance of Theatrical Stage Emples., 248 F.3d 931, 935 (9th Cir. 2001). Without evidence a national union has instigated, supported, encouraged, or ratified acts by its subdivision union, there is no proof of an agency relationship, and thus a union cannot be held liable for the subdivision's acts. Carbon Fuel Co, 444 U.S. at 218; *see also* Simo, 322 F.3d at 620. Even where an individual serves a double role as both the local and international union official, courts "do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role." Laughon, 248 F.3d at 937. Even participating in negotiations and reporting to the international on the local's progress fails to demonstrate the international controlled the local in order to impute liability. Security Farms v. International Broth. of Teamsters, Chauffeurs, 124 F.3d 999, 1012-1013 (9th Cir. 1997).

Finally, the FACE Act does not establish separate conspiracy liability for a civil cause of action. Plaintiffs must show that their injuries are fairly traceable to

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

the specific alleged conduct of the particular defendants. Merely alleging that Defendants conspired ahead of time, without specific facts to show Defendants each took actions causing Plaintiffs' specific injuries, is insufficient.

Plaintiffs' sweeping allegations are devoid of any facts showing how CodePink did what it is accused of doing, nor knew what it is accused of knowing. No facts support that CodePink controlled any individuals at the event, instigated, authorized, ratified or even encouraged any of the acts alleged. Without facts supporting these allegations, Plaintiffs have failed to sufficiently plead CodePink's vicarious liability.

### c)  CodePink's Alleged Activities Constitute Protected First Amendment Speech and Advocacy

Demonstrations, marches, and picketing are undeniably protected First Amendment activities. Collins v. Jordan 110 F.3d 1363, 1371 (9th Cir. 1996). This includes protests far more aggressive than this one. Gerber v. Herskovitz, 14 F.4th 500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged protests in front of a synagogue routinely held during scheduled worship, even with inflammatory signs saying "Resist Jewish Power.").

Even where protected First Amendment speech becomes intertwined with someone's later illegal conduct, the solution is to punish the conduct, not the speech. Id. The FACE Act forbids construing its language to capture "expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment." 18 U.S.C. § 248(d)(1). Plaintiffs cannot plausibly allege a violation based on CodePink's protected speech.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### d) **Plaintiffs Fail to Plausibly Allege CodePink Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion**

Plaintiffs do not plausibly allege that Defendants' social media posting used force, threats of force, or physical obstruction as required under 18 U.S.C. § 248(a)(2). In its legislative history, 18 U.S.C. § 248(a)(2)'s sponsor stated the proposal would "do no more than give religious liberty the same protection that [the FACE Act] would give abortion," and would address recent violence, including a protest where activists entered a facility during prayer and threw things at congregants, and a series of arson attacks against churches. 139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993).

A large, outspoken demonstration bears little resemblance to the violent acts contemplated by the statute. Plaintiffs have pled nothing plausibly showing that CodePink used physical force against them—only that force was used by unidentified people.

Furthermore, Plaintiffs' own pleading shows that any force or threats of force that may have occurred resulted from clashes provoked by the pro-Israel counter-protesters. The FAC links to a news article containing an interview with a physician who explains that the pro-genocide counter-protesters clashed with the anti-war crimes protesters for more than an hour, while the LAPD formed a line preventing any of the anti-war crimes protesters from dispersing; "the protesters were effectively 'sandwiched' between the counter-protesters and the police." FAC ¶¶ 74, 100. The doctor further states that "a pro-Israel demonstrator who was carrying a spiked pole was arrested." Id. Another source stated that it was "a handful of LAPD officers" who were "standing at the entrance of the synagogue," obstructing entry, not the anti-genocide protesters. Id. Plaintiffs therefore cannot plausibly show that

1  CodePink intended or used force or violence, and their own sources show that the

2  demonstration was nonviolent until the counter-protesters arrived with weapons.

3      Plaintiffs have also failed to plausibly allege that CodePink used a *threat* of

4  force against them. The First Amendment protects "offensive and coercive speech,"

5  including "the use of speeches, marches, and threats of social ostracism." <u>Planned

6  Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists</u>, 290 F.3d

7  1058, 1070 (9th Cir. 2002), *as amended* (July 10, 2002) (citing <u>NAACP v.

8  Clairborne Hardware Co.</u>, 458 U.S. 886, 933 (1982)). Where Plaintiffs rely on a

9  "threat of force" to plead a FACE Act violation, they must show it was a "true

10  threat," not subject to First Amendment protection. <u>Planned Parenthood,</u> 290 F.3d at

11  1073.

12      Under the Supreme Court's true threat doctrine, Defendant's speech was not a

13  "true threat" sufficient to remove it from First Amendment protection. Speech only

14  qualifies as a "true threat" where "in the entire context and under all the

15  circumstances, a reasonable person would foresee [it] would be interpreted by those

16  to whom the statement is communicated as a serious expression of intent to inflict

17  bodily harm upon that person." <u>Id.</u> at 1077. The Supreme Court recently recognized

18  a recklessness *scienter* requirement for culpable true threats, such that the Defendant

19  must have "consciously disregarded a substantial risk that his communications

20  would be viewed as threatening violence." <u>Counterman v. Colorado</u>, 600 U.S. 66, 69

21  (2023). Although <u>Counterman</u> arose in a criminal context, its *scienter* requirement

22  has also been applied to civil cases. <u>Id.</u> at 80-81. *See also* <u>Kindschy v. Aish</u>, 412

23  Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (applying <u>Counterman</u>'s *scienter* rule to a

24  civil dispute).

25      Here, Plaintiffs cannot plausibly allege CodePink's statements are true threats

26  making them unprotected by the First Amendment. Plaintiffs do not allege that

27  CodePink's statements could be interpreted as a serious expression of intent to

28

inflict bodily harm upon them, nor that CodePink knew of any substantial risk of their communications being misinterpreted as a threat of violence.

Not only did Plaintiffs fail to plead that CodePink controlled those protesters, the very article cited supporting that allegation describes the only call for indiscriminate violence came from a pro-Israel chanter who shouted, "we have the bullets, you have the blood." FAC ¶¶. 74, 100.

Plaintiffs also fail to plausibly allege that CodePink physically obstructed him. A violation based on physical obstruction require Plaintiffs show that the Defendants created an obstruction rendering ingress and egress impossible or unreasonably difficult or hazardous. 18 U.S.C. § 248(e)(4); *see also* S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) (explaining that "physical obstruction" would include blockades, "chaining people and cars to entrances with bicycle locks," strewing nails on public roads leading to clinics, and "blocking entrances with immobilized cars"); H.R. Conf. Rep No. 103-488, 9 (1994) (clarifying that physical obstruction would include "physically blocking access to a church or pouring glue in the locks of a synagogue.").

Plaintiffs fail to plausibly allege that CodePink physically made ingress or egress unreasonably hazardous or used or threatened force, and the FACE Act must be dismissed.

### 2. Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1985(3)

### a) There Are No Specific Facts Plausibly Showing a Conspiracy by Defendants

42 U.S.C. § 1985(3) requires specific factual allegations plausibly showing the Defendants conspired to violate the statute. Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1185. Plaintiffs must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626

(9th Cir. 1988); *see also* <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

Rather than alleging specific facts plausibly showing Defendants conspired, the FAC sweepingly asserts that "Named Defendants conspired with each other and then acted in concert." FAC ¶ 9; *see also* FAC ¶¶ 156, 366. Plaintiffs allege that "Named Defendants agreed among themselves to organize the riot" without alleging who agreed, when, to what, by what means such agreement was communicated, nor even what said alleged agreement included. FAC ¶ 413. Without specific factual allegations that make a conspiracy plausible, the blanket assertion that "Defendants conspired to organize a riot" is insufficient to plead a claim. 235 F. Supp. 3d at 1185.

### b) **<u>Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action</u>**

A claim under 42 U.S.C. § 1985(3) requires Plaintiffs plausibly allege that one or more of the conspirators is a state actor, or that the conspiracy was intended to influence state action. <u>Pasadena Republic Club v. Western Justice Center</u>, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing <u>United Bhd. Of Carpenters & Joiners, Local 610</u>, 463 U.S. at 830 ("alleged conspiracy to infringe First Amendment rights" not § 1985(3) violation unless proven "State is involved in the conspiracy."). The FAC contains no such allegation whatsoever.

### c) **<u>Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus</u>**

Plaintiffs only allege that CodePink stated "that 'A Mega Zionist Real Estate Event is in LA This Week,'" and called upon supporters to help advocate against the sale of illegally occupied land. FAC ¶¶ 212-3. CodePink further clarified that, as far as it was aware, "no religious services were scheduled" at the time of the protest.

FAC ¶ 334. These allegations cannot plausibly show CodePink's required racial or class-based animus.

Sources cited in the FAC instead show CodePink was motivated by a desire to oppose "the illegal sale of stolen, occupied land in Palestine." FAC n. 90. CodePink flatly denounced the allegation that their activities were motivated by any antisemitic animus, and labelled that accusation a lie. FAC nn. 90, 92. Even animus towards people who sought to attend the real estate event to purchase land in Occupied Palestine would not amount to the animus required for a § 1985(3) claim. United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO, 463 U.S. at 837 (42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities."). Plaintiffs have not and cannot point to a single CodePink statement or action establishing a plausible factual basis for a racial or class-based animus. In fact, Plaintiffs have provided ample basis for finding this motivation *im*plausible.

Where, as here, the pleadings include citation to the Defendants' clear, consistent statements of their motivation, the Court cannot ignore these facts and should treat them as true under Rule 12(b)(6). Although affirmative defenses may not be raised by motion to dismiss, Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam), a complaint may be dismissed when the complaint's allegations give rise to an affirmative defense that clearly appears on the face of the pleading. McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990) (superseded by rule on other grounds as stated in Harmston v. City & County of San Francisco, 627 F.3d 1273 (9th Cir. 2010); Boquist v. Courtney, 32 F.4th 764, 774 (9th Cir. 2022).

### d) **Plaintiffs Do Not Plausibly Allege Harms That Are Fairly Traceable to CodePink**

None of Plaintiffs' pled injuries are fairly traceable to any of CodePink's alleged conduct. Article III standing requires Plaintiffs to demonstrate a concrete injury that is fairly-traceable to the complained-of conduct. <u>Alaska Right to Life Political Action Comm. v. Feldman</u>, 504 F.3d 840, 848 (9th Cir. 2007) (quoting <u>Lujan</u>, 504 U.S. at 560-561. Standing theories resting on speculation of independent actors' decisions are disfavored. <u>Clapper v. Amnesty Int'l. USA</u>, 568 U.S. 398, 414 (2013).

Plaintiff's pled injuries are that he tried to enter the synagogue through the front entrance but was "blocked by the angry mob," and instead "enter[ed] the Synagogue through a side entrance" that was unobstructed. FAC ¶¶ 12-4. These injuries are not fairly-traceable to any alleged CodePink conduct. No facts pled suggest CodePink controlled, directed, or even encouraged, John Does 1-100, nor the rest of "the mob" that scared Plaintiff, only that CodePink encouraged supporters to attend the anti-genocide demonstration and to help *advocate* against a war crime.

Plaintiffs' injuries are therefore not fairly-traceable to the alleged conduct of CodePink, but rather depend on the acts of unidentified third parties, including the individual who allegedly sprayed others with mace, others who allegedly photographed houses and cars, the counter-protesters who—according to the sources in the FAC—started the violent clash, and the police and private security who kettled crowd members near the front door and failed to control the conflict. Sources cited in the FAC show that the anti-genocide protesters were the smaller of the various groups involved, were attacked by the pro-Israel counter-protesters, and were surrounded and kettled by security. FAC ¶¶. 74, 100. CodePink did not control any of these actors, and Plaintiffs fail to plausibly allege otherwise.

As such, because Plaintiffs' injuries depend upon the acts of independent third parties and are not fairly traceable to the alleged acts of CodePink, Plaintiffs have no standing to bring this suit under 42 U.S.C. § 1985(3).

### D. This Court Lacks Jurisdiction to Shield and Facilitate the Commission of War Crimes in Violation of International Law, as Plaintiffs Request

This Court may take judicial notice that all nations are subject to international humanitarian law (the law of war/armed conflict) and human rights law, and particularly to customary international law regardless of their signatory status. U.N. member states including the U.S. are bound to abide and refrain from aiding and abetting violations of these international principles.[4] This includes an obligation not to permit misusing its legal system to shield the wrongful act.[5]

When Defendants labelled the MHI real estate sale an international war crime, this was not hyperbole, but invoked established international law principles. As the International Court of Justice ruled in 2024, Israel's occupation of Gaza and the West Bank, along with the associated settlement regime, annexation, and use of natural resources, is unlawful.[6]

### 1. The United States is Party to the Fourth Geneva Convention Prohibiting Confiscating Land and Forcibly Transferring Populations

The Fourth Geneva Convention, to which the U.S. is a party, prohibits forcibly confiscating or annexing land or transferring populations into and out of the

---

[4] United Nations Charter, Art. 1(1)-(3), https://tinyurl.com/5n7fdwvc..
[5] International Law Commission, *Articles on State Responsibility, Art. 16*, available at https://tinyurl.com/53d6p6f8.
[6] United Nations, OHCHR, Press Release, "Experts hail ICJ declaration on illegality of Israel's presence in the occupied Palestinian territory as 'historic' for Palestinians and international law," July 30, 2024, available at https://tinyurl.com/4bptuzka.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

territory.[7] The Geneva Conventions and the Hague Regulations are customary
international law and are thus universally binding.[8] Plaintiffs demand that this Court
obstruct accountability for violations of the Geneva Conventions. They would have
this Court abrogate the United States' obligations as a High Contracting Party per
Common Article 1.[9]

## 2. Israel's Annexation, Confiscation, and Settlement Practices Constitute Crimes Against Humanity and War Crimes

Israel's settlement practice constitutes a war crime and a crime against
humanity, violating international humanitarian law principles prohibiting
establishing settlements in occupied territories to confiscate occupied land.[10] The
1907 Hague Regulations IV, to which the U.S. is a party, prohibits land annexation
and the confiscating private property, and requires the occupying state to only
administer and usufruct occupied territory to safeguard their capital.[11] Rule 130 of
the ICRC's customary international law database provides that "[s]tates may not
deport or transfer parts of their own civilian population into a territory they occupy,"
and is binding customary international law.[12]

---

[7] The Fourth Geneva Convention Relative to the Protection of Civilian Persons in Time of War, 1949, Art. 47, available at https://tinyurl.com/2aa2ujy6; Id. at Art. 49, available at https://tinyurl.com/32htsmyz; Id. at Art. 147, available at https://tinyurl.com/3xt43az6.

[8] International Committee of the Red Cross ("ICRC"), *Customary International Humanitarian Law*, available at https://tinyurl.com/k2at4v4c.

[9] The Fourth Geneva Convention, 1949, Art. 1, available at https://tinyurl.com/mttw42sh.

[10] ICRC, *Customary International Humanitarian Law*, available at https://tinyurl.com/k2at4v4c.

[11] 1907 Hague Regulations IV, Respecting the Laws and Customs of War on Land and its Annex: Regulations Concerning the Laws and Customs of War on Land, available at https://tinyurl.com/2hwzu7h5.

[12] ICRC, *International Humanitarian Law Database*, Rule 130, available at https://tinyurl.com/yay4rddd.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

In addition to constituting war crimes and crimes against humanity under international humanitarian law, Israel's settlement regime also violates numerous international human rights law treaties.[13] The 1973 U.N. Convention on the Suppression and Punishment of the Crime of Apartheid deems Apartheid an entirely separate crime against humanity.[14] Israel's settlement project violates these long-standing customary international humanitarian and human rights law principles by forcibly transferring its occupying population to the Occupied Territories via its settlements, and by enforcing a regime of racial apartheid.

In conclusion, this Court cannot legally shield or facilitate violations of international law in such a way as to render itself culpable. As such an exercise of jurisdiction would be *ultra vires*, the FAC must be dismissed.

## VII.    <u>CONCLUSION</u>

The Court has a gate-keeping function, even at the pleading stage. That function is most needed when political actors dress as litigants and demand that judges turn their courtrooms into stages for ideological or even theological disputes. That is why <u>Iqbal</u> and <u>Twombly</u> demand that Plaintiffs' rhetoric be tethered to enough facts to at least make the theories plausible. Those guardrails have been entirely breached here, where Plaintiffs' hyperbole recasts a call for lawful protest against an illegal real estate event as a campaign of antisemitic terror. The law requires more of Plaintiffs than hyperbole. There must be at least a nod to the reality-based community. Plaintiffs have utterly failed at even this most basic

---

[13] The International Convention on the Elimination of All Forms of Racial Discrimination ("ICERD"), to which the U.S. is a party, Article 1 prohibits racial discrimination and condemns racial segregation and apartheid. ICERD, 1965, available at https://tinyurl.com/fjzy2c59.

[14] Convention on the Suppression and Punishment of the Crime of Apartheid, 1976, Art. 1, available at https://tinyurl.com/yc7kfj9x.

requirement, and fail to identify facts making their claims plausible or establishing Article III standing.

Because Plaintiffs have repeatedly failed to plausibly plead their invoked causes of action, and because further amendment would be a futile waste of the Court's resources, this complaint should be dismissed with prejudice.

Respectfully submitted,


Dated:  January 27, 2025                    KLEIMAN / RAJARAM

                                  /s/ Mark Kleiman
                         By:_____

                              Mark Kleiman

                              Attorneys for Defendants
                              CODEPINK WOMEN FOR PEACE
                              CODEPINK ACTION FUND

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendants CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND, certifies that this brief contains 6,616 words, which complies with the word limit of L.R. 11-6.1.

Dated:  January 27, 2025                    KLEIMAN / RAJARAM

By:_____
      /s/ Mark Kleiman

      Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT