Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX 75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Judge: Hon Stephen V. Wilson<br>Hearing Date: February 24, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10A |

Defendant CODEPINK WOMEN FOR PEACE and CODEPINK ACTION
FUND ("CODEPINK") respectfully submits this Reply Memorandum of Points and
Authorities in support of its Motion to Dismiss Plaintiffs' First Amended Class
Action Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(2) for
lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

KLEIMAN / RAJARAM

Dated: February 10, 2025         By:___/s/ Mark Kleiman
                                 Mark Kleiman

                                 Attorneys for Defendants
                                 CODEPINK WOMEN FOR PEACE
                                 CODEPINK ACTION FUND

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES..............................8

I.     Introduction .................................................................................................8

II.    Argument......................................................................................................8

    A.     Plaintiffs Still Cannot Justify the Complaint's Strikeable
        Content .................................................................................................8

    B.     Plaintiffs Still Utterly Fail to Satisfy Standing Requirements................9

        1.     None Of The Harms Alleged Are Plausibly Traceable
            To CodePink .................................................................................9

        2.     Plaintiffs Still Cannot Establish Associational Standing............10

    C.     Plaintiffs Still Fail to Allege a FACE Act Violation ...........................12

        1.     Plaintiffs' Interpretation of the FACE Act Produces
            Absurd Results and Contradicts the Unambiguous
            Legislative Intent .......................................................................12

        2.     Plaintiffs Still Fail to Plausibly Allege the Elements
            of a FACE Act Violation .............................................................14

        3.     The Only Specific Facts Alleged Against CodePink Are
            Protected First Amendment Activity ..........................................16

    D.     Plaintiffs Still Fail to Allege a 42 U.S.C. § 1985(3) Violation.............16

        1.     Plaintiffs Fail To Assert Any Facts Establishing A
            Conspiracy .................................................................................16

        2.     42 U.S.C. § 1985(3) Requires A State Actor for First And
            Fourteenth Amendment Violations ............................................17

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

3.    Plaintiffs Cannot Show Animus Because CodePink's Motivation Was Clearly to Protest The Illegal Sale Of Occupied Land.................................................................18

E.    Plaintiffs' Claim is Barred by International Law and the Political Question Doctrine Does Not Apply .......................................19

III.    Conclusion .................................................................................19

CERTIFICATE OF SERVICE .................................................................20

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE .....................................21

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1

# **TABLE OF AUTHORITIES**

2

**Page**

## **CASES**

3

Acquilina v. Certain Underwriters at Lloyd's Syndicate,
    407 F.3d 978 (D. Haw. 2019) ....................................................................... 10

4

5

Am. Diabetes Ass'n v. U.S. Dep't of the Army,
    938 F.3d 1147 (9th Cir. 2019) ...................................................................... 11

6

7

Ariz. All. for Retired Ams. v. Mayes,
    117 F.4th 1165 (9th Cir. 2024) ..................................................................... 10

8

9

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .............................................................................. 9,14,16

10

11

Bell Atlantic Corporation v. Twombly,
    550 U.S. 554 (2007) .................................................................................. 14,16

12

13

Bray v. Alexandria Women's Health Clinic,
    506 U.S. 263 (1993) .................................................................................... 8,18

14

15

Burns v. County of King,
    883 F.2d 819 (9th Cir. 1989) ........................................................................ 16

16

17

Burri Law PA v. Skurla,
    35 F.4th 1207 (9th Cir. 2022) ....................................................................... 11

18

19

Carney v. Adams,
    592 U.S. 53 (2020) ........................................................................................ 19

20

21

Church of Scientology of California v. U.S. Dept. of Justice,
    612 F.2d 417 (9th Cir. 1979) ........................................................................ 13

22

23

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013) ........................................................................................ 9

24

25

Counterman v. Colorado,
    600 U.S. 66 (2023) ........................................................................................ 15

26

27

28

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1
2
Doe v. Kamehameha Sch.,
    596 F.3d 1036 (9th Cir. 2010) ............................................................. 12

3
4
Fabricant v. Elavon, Inc.,
    2:20- cv-02960-SVW-MAA (C.D.C.A. 2020) ................................... 15

5
6
FDA v. All. for Hippocratic Med.
    602 U.S. 367 (2024) .............................................................................. 10

7
8
George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd.,
    No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022) ......................10,13,14

9
10
Gerber v. Herskovitz,
    14 F.4th 500 (6th Cir. 2021) ................................................................ 16

11
12
Griffin v. Breckenridge,
    403 U.S. 88 (1971)............................................................................17,18

13
14
Karim-Panahi v. Los Angeles Police Dep't.,
    839 F.2d 621 (9th Cir. 1988) ............................................................... 16

15
16
Lacey v. Maricopa,
    693 F.3d 896 (9th Cir. 2012) ............................................................... 17

17
18
Landau v. Corp. of Haverford College,
    No. CV 24-2044, 2025 WL 35469 (E.D. Pa. Jan. 6, 2025)............................8

19
20
Murthy v. Missouri,
    603 U.S. 43 (2024).............................................................................. 10

21
22
NAACP v. Clairborne Hardware Co.,
    458 U.S. 886 (1982) ............................................................................ 16

23
24
New Beginnings Ministries v. George,
    2018 WL 11378829 (S.D. Ohio, Sept. 28, 2018) .........................13,14

25
26
Paul v. Watchtower Bible & Tract Soc'y of N.Y., Inc.,
    819 F.2d 875 (9th Cir. 1987) ............................................................... 11

27
28
Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists,
    290 F.3d 1058 (9th Cir. 2002) ........................................................15,16

6

Rieves v. Town of Smyrna,
    67 F.4th 856 (6th Cir. 2016) ..................................................................9

Russello v. U.S.,
    464 U.S. 16 (1983) ...............................................................................13

Sanchez v. Foley,
    972 F.3d 1 (1st Cir. 2020) ......................................................................9

Serbian E. Orthodox Diocese for U.S. & Can. V. Milivojevich,
    426 U.S. 696 (1976) ..............................................................................11

Sever v. Alaska Pulp Corp.,
    978 F.2d 1529 (9th Cir. 1992) ................................................................17

Sharpe v. Console,
    123 F.Supp.2d 87 (N.D.N.Y. 2000) .......................................................12

Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council,
    322 F.3d 602 (9th Cir. 2003) ..................................................................15

Steshenko v. Albee,
    70 F. Supp. 3d 1002 (N.D. Cal. 2014) ....................................................17

U.S. v. American Trucking Ass'ns,
    310 U.S. 534 (1940) ..............................................................................13

U.S. v. Gregg,
    226 F.3d 253, 268 (3d Cir. 2000) ...........................................................10

United Bhd. of Carpenters & Joiners, Local 610 v. Scott,
    463 U.S. 825 (1983) ..........................................................................17,19

Williams v. Yamaha Motor Co.,
    851 F.3d 1015 (9th Cir. 2017) ................................................................15

**CONGRESSIONAL RECORD**

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993. .................................13

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## <u>REPLY MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    Introduction**

   `The sheer amount of vitriol in Plaintiffs' opposition speaks volumes about the weakness of their arguments which rest on conclusions untethered from facts and legal arguments that at best misunderstand the law and at worst veers into the disingenuous, highlighting Plaintiffs' misuse of this court as a stage.

**II.    <u>Argument</u>**

   **A.    <u>Plaintiffs Still Cannot Justify the Complaint's Strikeable Content</u>**

   Plaintiffs assert–without facts making it plausible–that the challenged sections of the FAC are relevant because they show anti-Semitism by CodePink. Plaintiffs cynically distort past protests against Israel's war crimes into a fantasied campaign of anti-Semitic terror. Their entire argument rests on the proposition that opposing Israel's illegal actions is per se anti-Semitic. This proposition is not supported by any existing case law, and Plaintiffs' citations to <u>Frankel</u> and <u>Bray</u> are inadequate.

   Plaintiffs are wrong to rely on the <u>Frankel</u> injunction as that decision does not and cannot support such a sweeping proposition. <u>Frankel</u> does not once mention anti-Zionism or anti-Semitism, and merely holds that the UCLA students pled a sincerely held religious belief supporting Israel, and that under the particular language of a particular statute (Title VI), UCLA could be preliminarily enjoined from permitting discrimination against those sincerely holding such a belief. <u>Frankel v. Regents of the Univ. of Cal.</u>, No. 2:24-cv-04702-MCS-PD, 2024 U.S. Dist. LEXIS 146433, at *22 (C.D. Cal. Aug. 13, 2024). Title VI doctrine is irrelevant in our case where there is no allegation of state action. Even if <u>Frankel</u> were applicable, it would not convert Defendants' opposition to Israel's war crimes into anti-Semitic animus. As held in <u>Landau v. Corp. of Haverford College</u>, rejecting the plaintiffs' Title VI claims, such equivocation improperly sweeps "any and all criticism of Israel into the basket of antisemitism." No. CV 24-2044, 2025 WL 5469, at *1 (E.D. Pa. Jan. 6, 2025). Because prior protests against Israel's war

crimes do not show anti-Jewish animus by CodePink, the challenged FAC passages
remain irrelevant, are only included to prejudice Defendants, and should be stricken.

**B.    Plaintiffs Still Utterly Fail to Satisfy Standing Requirements**

**1.    None Of The Harms Alleged Are Plausibly Traceable To CodePink**

The Supreme Court warned against speculative causal links between a
defendant's acts and harms caused by independent third parties. Clapper v. Amnesty
Int'l USA, 568 U.S. 398, 412 (2013). Plaintiffs' bald speculation that CodePink
incited a riot fails to satisfy Iqbal, which requires specific facts to make the alleged
causation plausible. Instead, with no facts and finding no Ninth Circuit law to
redeem their guesswork, Plaintiffs reach for cases never before cited in this Circuit.

In Rieves v. Town of Smyrna two local law enforcement agencies and county
prosecutors met repeatedly, conspiring to raid and padlock twenty-three businesses
selling CBD, ignoring state police laboratory warnings that the product was likely
legal. 67 F.4th 856, 862 (6th Cir. 2016). When the state police warned of likely civil
lawsuits, the conspiring prosecutor said, "[w]e will put off the court dates, attorneys
will get tired of coming to court and settle." Id. at 860. Rieves' strong evidence of
multiple meetings and legal encouragement to conduct illegal seizures made those
injuries a "predictable effect" of the conspiracy, which is a far cry from Plaintiffs'
utter lack of specific factual allegations.

Sanchez v. Foley is even more readily distinguishable. In that case, three state
police officers who booked the plaintiff were found liable for conspiring to violate
his civil rights. 972 F.3d 1 (1st Cir. 2020). These co-defendants are demonstrably
not "independent third parties" as described in Clapper. Even further, Sanchez's
conspiracy finding rested on "evidence of communication among officers before the
alleged unlawful conduct occurred, coupled with a story that the jury could conclude
was fabricated to justify or cover up the original actions." Id. at 12. Sanchez
involved three defendants in the same police agency, in the same barracks, in the

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

same room. Not a single fact here even remotely approximates this.

Nor can SWU glide past their "burden to establish standing by setting forth specific facts" plausibly alleging causation. <u>Murthy v. Missouri</u>, 603 U.S. 43, 67 n.7 (2024). SWU attempts to evade this burden through shotgun-style group pleading, in violation of Fed.R. Civ. Pro. 8 which entitles each Defendant to know specifically what it did that harmed SWU. <u>Acquilina v. Certain Underwriters at Lloyd's Syndicate</u> 407 F.3d 978, 997 (D. Haw. 2019); <u>George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd.</u>, No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022). Plaintiffs blamed the same harms and alleged acts on CodePink, PYM, WESPAC, Honor the Earth, Ibrahim, and Schirf without explaining what each of these six defendants individually did to cause them harm.

Plaintiffs incorrectly cite <u>U.S. v. Gregg</u> to say that standing under the FACE Act does not require individual traceability because liability is joint and several. Doc. 109 at 9. <u>Gregg</u> is irrelevant and does not remove the need for individualized allegations; the Court only interpreted the compensatory damages subsection of the Act and narrowly held that those damages were to be awarded jointly and severally among Defendants "who participated in the violation." 226 F.3d 253, 268 (3d Cir. 2000). Plaintiffs must still allege facts showing each Defendant participated in the violation. The protest itself was not a violation, and mere attendance, without participating in threats, force, or obstruction, does not render someone liable.

### 2. **Plaintiffs Still Cannot Establish Associational Standing**

The Ninth Circuit has recognized that the law of associational standing was radically upended last year, even if Plaintiffs have not. <u>Ariz. All. for Retired Ams. v. Mayes</u>, 117 F.4th 1165, 1176-77 (9th Cir. 2024) (conceding that prior Circuit law liberalizing the rules of organizational standing were "completely irreconcilable" with the Supreme Court's decision in <u>FDA v. All. for Hippocratic Med</u>. 602 U.S. 367, 393-394 (2024)). Thus, "organizations must satisfy the usual standards for injury in fact, causation, and redressability that apply to individuals." Id. "Like an

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

individual, an organization may not establish standing simply based on the 'intensity of the litigant's interest.'" Id. (internal quotation omitted.) Indeed, SWU "must show far more than simply a setback to the organization's abstract social interests"; to establish standing, it must show that CodePnk "directly affected and interfered" with its "core business activities." Id. at 395. Plaintiffs entirely fail to do so.

Even under Plaintiffs' outdated presentation of the case law, associational standing requires that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Am. Diabetes Ass'n v. U.S. Dep't of the Army, 938 F.3d 1147, 1155 (9th Cir. 2019). This Court can take judicial notice that many religious Jews have joined the Palestine solidarity movement. The Establishment Clause therefore prohibits this court from finding that Zionism or moving to Occupied Palestine is a core tenet of the Jewish faith. The Ecclesiastical Abstention doctrine provides that "a civil court may not adjudicate 'the correctness of an interpretation of canonical text or some decision relating to government of the religious polity.'" Burri Law PA v. Skurla, 35 F.4th 1207, 1212 (9th Cir. 2022) (quoting Paul v. Watchtower Bible & Tract Soc'y of N.Y., Inc., 819 F.2d 875, 878 n.1 (9th Cir. 1987)). The Constitution prohibits court entanglement "in essentially religious controversies" or intervention on behalf of a particular doctrine. Serbian E. Orthodox Diocese for U.S. & Can. V. Milivojevich, 426 U.S. 696, 709 (1976). Plaintiffs' own scriptural citations in the FAC reveal the 'essentially religious' character of their argument. FAC ¶¶ 158-90, fns. 53-61. This court *may* not make findings on the purely doctrinal question that moving to Occupied Palestine is a core tenet of the Jewish faith. It only has jurisdiction to decide if a specific litigant viewed it as such. Because standing under the FACE Act requires an attempted religious exercise—a fact question that requires the individual's participation—Plaintiffs cannot establish associational standing.

Plaintiffs match their disregard of Ninth Circuit law controlling standing with equal disregard for Circuit law controlling anonymous pleadings. SWU lunges for a

decision from another circuit while ignoring clear binding precedent requiring parties to use their real names unless exceptional circumstances justify concealment. <u>Doe v. Kamehameha Sch</u>. 596 F.3d 1036, 1042 (9th Cir. 2010). Under Doe, anonymity relies on establishing: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous parties' fears; and (3) the anonymous parties' vulnerability to retaliation. Id. The anonymous SWU plaintiffs are listed under "Parties" as "Plaintiffs" yet do not claim to have been threatened with even trivial annoyance, much less severe harm. Doc. 71 ¶¶ 33-39. They do not explain what they fear, why that fear is reasonable, or why they are vulnerable to retaliation. They certainly do not explain why co-Plaintiff Pollak can list his name without fear, nor why named Plaintiff Helmann in the companion suit is equally unscathed.

**C.    <u>Plaintiffs Still Fail to Allege a FACE Act Violation</u>**

**1.    <u>Plaintiffs' Interpretation of the FACE Act Produces Absurd Results and Contradicts the Unambiguous Legislative Intent</u>**

Plaintiffs insist the FACE Act does not require specific intent, but fail to cite to a single case in support of their plainly absurd interpretation. They ask this Court to interpret the provision in an entirely novel and overly-broad manner with no legal support, in a manner that directly contradicts the Act's legislative history.

First, Plaintiffs' interpretation requires an absurd and impracticable result, which the Court should not follow. *See e.g.*, <u>Sharpe v. Console</u>, 123 F.Supp.2d 87, 90-1 (N.D.N.Y. 2000) (finding "Plaintiff's interpretation of FACE's *mens rea* standard (such that one only need show obstruction to prove intent) could lead to ridiculous results."). Although Sharpe interpreted the FACE Act's reproductive clinic subsection, the same is true here: Plaintiffs' interpretation would create a private cause of action any time construction blocked a place of worship's entrances to repair the building; volunteer firefighters ordered congregants to evacuate for a fire drill; a nearby private event restricted public access; or many other common scenarios. Only a specific intent mens rea can protect the Act from absurd results.

Where, as here, the plain text of the statute produces an absurd or unreasonable result, the Court should not follow it and should instead look to legislative history to discern the statute's purpose. Church of Scientology of California v. U.S. Dept. of Justice, 612 F.2d 417, 422 (9th Cir. 1979) (quoting U.S. v. American Trucking Ass'ns, 310 U.S. 534, 543 (1940) (when the plain text of a statute "led to absurd or futile results… this Court has looked beyond the words to the purpose of the act. Frequently…even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole, this Court has followed that purpose, rather than the literal words." (internal quotations omitted)). Plaintiffs' only argument to the contrary relies on Russello v. U.S. for the presumption that where Congress uses a word in one subsection of a statute but not another, it is assumed to be intentional. 464 U.S. 16 (1983). Even if Russello's presumption applied it would not outweigh the absurdity produced by Plaintiffs' statutory construction.

Second, this subsection's legislative history makes Plaintiffs' proposed interpretation untenable. As one federal court noted, "there are no legislative findings related to the religious liberties provision…in an official congressional report. Instead, all that exist are Senator Hatch's statements made when he proposed the religious access amendment." New Beginnings Ministries v. George, 2018 WL 11378829, *6 (S.D. Ohio, Sept. 28, 2018). Senator Hatch (the amendment's sponsor), explained: "the religious liberty amendment that I am offering is very straightforward. It would ensure that the first amendment right of religious liberty receives the same protection from interference that [FACEA] would give abortion…Through this amendment, religious liberty would also be protected against private intrusion-in exactly the same way that [FACEA] would protect abortion."139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993). The only legislative history clearly dictates that the subsection be construed as equal in scope to the reproductive health clause—that it should be interpreted and applied "exactly

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

the same way." There is no record of any debate or discussion that would support Plaintiffs' implausible contention that Congress intended one subsection to be a specific intent violation, and for the second to apply to any and all conduct that obstructs entry to any space used for religious worship for any reason whatsoever.

Because Plaintiffs' interpretation produces absurd and impracticable results, and because there is no evidence supporting their interpretation in the Congressional record, this interpretation is untenable. A violation of the Act's religious exercise subsection clearly requires that Defendants act "*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom." New Beginnings Ministries v. George, 2018 WL 11378829 *3. Plaintiffs fail to plausibly allege Defendants protested the real estate sale because of Plaintiffs' exercise of religious freedom.

### 2.     Plaintiffs Still Fail to Plausibly Allege the Elements of a FACE Act Violation

To survive the motion to dismiss stage, a complaint must have sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. SWU's complaint is exactly what Twombly/Iqbal prohibits. With no facts showing Defendants did anything other than promote protesting a real estate sale, Plaintiffs have failed to meet their burden.

Plaintiffs try to distract the court with spurious accusations with zero facts to plausibly show Defendants incited a riot, or that Defendant's activities should be stripped of their First Amendment protection. Without evidence, Plaintiffs state CodePink "organiz[ed], assist[ed], incite[d], and fund[ed] of a riot," but fail to plead a single fact showing CodePink did anything more than encourage people to attend a protest. Doc. 109 at 10. The only facts Plaintiffs allege are that "videos depict

CodePink members at the scene while the riot was in progress" and that CodePink advertised the Adas Torah protest marking the spot with "an inverted red triangle," a typical navigation and traffic symbol. Doc. 109 at 9-10. Plaintiffs plead no facts showing Defendants participated or incited any violence, and the mere presence of CodePink members is not enough; Plaintiffs fail to rebut the fact that liability for an unknown individual's acts may only attach where Plaintiffs show CodePink had "the right to substantially control [these alleged agent's] activities," <u>Williams v. Yamaha Motor Co</u>., 851 F.3d 1015, 1024 (9th Cir. 2017); see also F<u>abricant v. Elavon, Inc</u>., 2:20- cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Plaintiffs point to no evidence whatsoever—much less "clear proof"—of CodePink's participation in, authorization of, or ratification of the alleged members' activities. <u>Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council</u>, 322 F.3d 602, 620 (9th Cir. 2003). Plaintiffs' only evidence is that protestors arrived in groups, and that videos appeared to show CodePink members present. FAC ¶ 237-8l; Doc. 109 at 9.

Having tried and failed to establish that CodePink incited a riot, Plaintiffs also fail to plausibly allege another required element of a FACE violation: that Defendants used force, threats of force, or physical obstruction. Plaintiffs' reliance on CodePink's social media posts to establish a threat of force ignores the fact that speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." <u>Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists</u>, 290 F.3d 1058, 1077 (9th Cir. 2002). Plaintiffs allege no true threats by CodePink because they have not shown that it "consciously disregarded a substantial risk that [its] communications would be viewed as threatening violence." <u>Counterman v. Colorado</u>, 600 U.S. 66, 69 (2023).

### 3. The Only Specific Facts Alleged Against CodePink Are Protected First Amendment Activity

In addition to failing the Twombly/Iqbal standard, Plaintiffs cite no law countering Defendant's arguments that this "aggressive" protest is protected by the First Amendment. Gerber v. Herskovitz, 14 F.4th 500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged protests in front of a synagogue routinely held during scheduled worship, even with inflammatory signs saying "Resist Jewish Power."); Doc. 98 at 22. Plaintiffs also fail to counter Defendant's argument that "offensive and coercive" speech is First Amendment protected activity, including "the use of speeches, marches, and threats of social ostracism." Planned Parenthood, 290 F.3d at 1070, as amended (July 10, 2002) (citing NAACP v. Clairborne Hardware Co., 458 U.S. 886, 933 (1982)); Doc. 98 at 24.

### D. Plaintiffs Still Fail to Allege a 42 U.S.C. § 1985(3) Violation

### 1. Plaintiffs Fail To Assert Any Facts Establishing A Conspiracy

Plaintiffs assert no facts showing a conspiracy among the "named defendants." FAC ¶¶ 9, 156, 366, 413. Plaintiffs' position seems to be that mere generalized conspiracy assertions, with no specific facts, is enough to survive a motion to dismiss. This is incorrect. Plaintiffs' must allege something more than legal conclusions dressed up as factual guesses. Under § 1985(3), Plaintiffs must state "specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). "[A] mere allegation of conspiracy without factual specificity is insufficient" for § 1985(3) liability. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988).

Even accepting Plaintiffs' assertions as true, there are no specific factual allegations of a conspiracy between Defendants. Plaintiffs do not allege that Defendants ever spoke, exchanged an email, or even drafted a social media post together. When reduced to its core, Plaintiffs allege that CodePink and PYM both

informed their supporters of an illegal land sale in Los Angeles. Police, protesters and counterprotestors prevented some Plaintiffs from attending the illegal land sale. Inside prayer groups were interrupted by noise. That is not enough to plausibly show a violation of § 1985(3). Plaintiffs have failed to state any specific facts showing a meeting of the minds or agreement to plausibly allege a conspiracy under § 1985, and the FAC should be dismissed. Lacey v. Maricopa, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations ... do not define the scope of any conspiracy involving [Defendants], what role [they] had, or when or how the conspiracy operated."); see also Steshenko v. Albee, 70 F. Supp. 3d 1002, 1015 (N.D. Cal. 2014) ("Plaintiff has not alleged sufficient specific facts regarding the alleged conspiracy, including: (1) a specific agreement between [Defendants]; (2) the scope of the conspiracy; (3) the role of [the Defendants] in the conspiracy; [and] ... (4) ... how the conspiracy operated.").

## 2.  42 U.S.C. § 1985(3) Requires A State Actor for First And Fourteenth Amendment Violations

Congress created 42 U.S.C. § 1985(3) "to protect individuals—primarily blacks—from conspiracies to deprive them of their legally protected rights" in the reconstruction-era Ku Klux Klan Act of 1871, now codified as 42 U.S.C. § 1985(3). See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). Hostile Supreme Court decisions undermined these protections until 1971, when Griffin v. Breckenridge removed the state actor requirement. 403 U.S. 88 (1971). Although the Court extended § 1985 to protect Black people against racist violence by private actors, it clarified that a state actor was still required for First and Fourteenth Amendment violations: "[a]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or the aim of the conspiracy is to influence the activity of the State." United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 830 (1983). Here, Plaintiffs claim infringement of their First and Fourteenth Amendment rights

to practice their religion without even attempting to allege the involvement of a state actor. FAC ¶ 416. Instead, they incorrectly claim that <u>Griffin</u> eliminated the state actor requirement, when the Court has repeatedly held that claims under the First and Fourteenth Amendment such as Plaintiffs' do still require a state actor.

### 3. <u>Plaintiffs Cannot Show Animus Because CodePink's Motivation Was Clearly to Protest The Illegal Sale Of Occupied Land</u>

Plaintiffs similarly fail to show that CodePink had the requisite class-based animus under 42 U.S.C. § 1985(3). To prove a private conspiracy in violation of 42 U.S.C. § 1985(3), plaintiffs must show "some racial, or perhaps otherwise class-based invidiously discriminatory animus lay behind the conspirators' action" <u>Griffin</u>, 403 U.S. at 102. Although the Courts have considered other types of class-based animus, they are careful not to turn § 1985 into "general federal tort law." Id.

In <u>Bray v. Alexandria Women's Health Clinic</u>, a case Plaintiffs mistakenly rely upon, the Court discussed class-based animus in a case invoking § 1985(3) against abortion protesters blocking access to clinics. 506 U.S. 263 (1993). The Court ruled that because opposition to abortion was not analogous to the invidious, race-based discrimination the statute originally sought to protect, the allegations did not meet the class-based animus requirement. The Court rejected Plaintiffs' arguments because they required that either "(1) opposition to abortion can reasonably be presumed to reflect sex-based intent, or (2) that intent is irrelevant, and a class-based animus can be determined solely by effect." Id. at 270. Neither proposition was tenable. As in <u>Bray</u>, Plaintiffs make an untenable analogy between opposing illegal sale of occupied land and religious based animus. Plaintiffs do not cite a single statement by CodePink expressing such an animus; every statement cited in the FAC shows that CodePink was unambiguously in opposition to the sale of stolen land, not to Judaism. FAC ¶¶ 328-334. None of these statements can

plausibly support a claim of the class-based animus required by § 1985, and purely economic animus is insufficient. <u>United Bhd. Of Carpenters</u>, 463 U.S. at 837.

### E.    <u>Plaintiffs' Claim is Barred by International Law and the Political Question Doctrine Does Not Apply</u>

Plaintiffs attempt to dismiss Israel's crimes by misrepresenting Defendant's international law argument. Defendants do not ask this court to make a finding that Israel's settlement regime constitutes a war crime because this finding has already been made. Both the U.S.'s position at the time of filing and the ICJ's 2024 ruling declare Israel's settlement regime illegitimate under international law.  The U.S.'s position at the time of the FAC's filing controls, as Plaintiff "bears the burden of establishing standing as of the time [s]he brought th[e] lawsuit and maintaining it thereafter." <u>Carney v. Adams</u>, 592 U.S. 53, 59 (2020). Defendants ask this court not to disturb these findings as international law binds the court's jurisdiction.

### III.    <u>Conclusion</u>

As this Court noted during oral argument on the fiscal sponsors' motions to dismiss, the only facts alleged against CODEPINK and PYM are that their social media posts invited followers and members of the public to protest a land sale. Not a single fact alleged can deprive those posts of First Amendment protections. Nor is a single fact alleged that makes plausible Plaintiffs' wild accusations of anti-Semitism. Plaintiffs' retreat to the spurious argument that even unintentional disruption violates the FACE Act betrays how weak this house of cards really is.  This case must be dismissed.

KLEIMAN / RAJARAM

Dated: February 10, 2025                    By:___/s/ Mark Kleiman
                                            Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on February 10, 2025, I electronically filed the foregoing

3    with the Clerk of the Court for the United States District Court, Central District of

4    California by using the CM/ECF System.

5          Participants in the case who are registered CM/ECF Users will be served by

6    the CM/ECF System.

7                                          KLEIMAN / RAJARAM

8

9    Dated: February 10, 2025              By:____/s/ Mark Kleiman
                                                Mark Kleiman
10

11                                         Attorneys for Defendants
                                           CODEPINK WOMEN FOR PEACE
12                                         CODEPINK ACTION FUND

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant CODEPINK certifies that this brief contains 3,906 words, which complies with the word limit of L.R. 11-6.1.

KLEIMAN / RAJARAM

Dated: February 10, 2025              By:___/s/ Mark Kleiman
                                                    Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT