Robert L. Herbst (NYSBN 1333194)
rherbst@herbstlawny.com
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: 914-450-8163 / Fax: 888-482-4676

Ramsey Judah (SBN 342300)
ramsey@judahlawgroup.com
JUDAH LAW GROUP
1026 W. Foothill Blvd
Upland, CA  91786
Tel: 626-899-7667

Attorneys for Defendant
WESPAC FOUNDATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>            Plaintiff,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>            Defendants. | CASE NO: 2:24-cv-06253-SVW-PVCx<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>**DEFENDANT WESPAC FOUNDATION'S RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed: July 24, 2024<br>Trial Date: Not Set |

1  Defendant WESPAC Foundation ("WESPAC") respectfully submits this
2  Response to Plaintiffs' Request for Judicial Notice.

3  The Tides Foundation's Fiscal Sponsorship MOU has no relevance to this
4  case. The Tides Foundation's relationships with its fiscal sponsors have nothing to
5  do with WESPAC's fiscal sponsorship relationship with PYM. Plaintiffs' allegation
6  *upon information and belief* that WESPAC and PYM were an "alter ego" or
7  "integrated entity" structure is false as a matter of fact, *see* Doc 88, at 4-5. More
8  importantly for WESPAC's motion to dismiss, that allegation is utterly bereft of any
9  specific factual allegations plausibly suggesting such structure, *e.g.,* that PYM and
10 WESPAC shared office space, or had at least one board member, director, officer or
11 employee in common, or a shared bank account or business records. Plaintiffs did
12 not and cannot plead such facts, because they don't exist. Under *Iqbal* and *Twombly*
13 and their progeny, without any such supporting factual allegations, Plaintiffs' (false)
14 allegation that PYM and WESPAC were alter egos of each other, or constituted one
15 integrated entity, is simply a conclusory allegation that should not be accepted at true.
16 Accordingly, it does not matter whether some or most of Tides's fiscal sponsorships
17 are of the integrated kind; the Tides Fiscal Sponsorship MOU with Black Lives
18 Matter is utterly irrelevant and need not be judicially noticed in this case.[1]

19 Plaintiffs have effectively conceded in their Opposition Brief, Doc. 85, that
20 WESPAC had nothing to do with the Adas Torah protest, that no one from WESPAC
21 knew of it in advance, did anything with respect to it or provided any funds for it.
22 Moreover, in their Opposition to PYM's Motion to Dismiss filed last week, Plaintiffs

---

[1] WESPAC cited the Tides survey of fiscal sponsorships in its Reply simply to rebut Plaintiffs' suggestion that the majority of fiscal sponsorships in the United States are integrated entities. *See* Doc. 88, at 5, n. 3 (noting that many fiscal sponsors have "very limited contact" with their fiscal sponsorees, and far less than half (26%) of fiscal sponsors share employees with those organizations they sponsor, an essential element of an "integrated entity" structure). The fact that half of fiscal sponsors have full discretion and control over project *funds* does not mean that they are integrated entities or that they have control of the *activities* of their fiscal sponsorees. *See id.,* at 7 n. 5.

1  did not dispute PYM's assertion that *PYM* did not send any funds to California in
2  support of the protest. *See* Doc. 108, at 6. Thus, Plaintiffs do not claim that either
3  WESPAC or PYM provided any funding for the protest.  Therefore, no matter *what*
4  the details of the WESPAC-PYM fiscal sponsorship relationship were, WESPAC's
5  general provision of donor's funds to PYM – without WESPAC's knowing about or
6  participating in *this* protest, or providing any funds used or to be used in connection
7  with *this* protest, in California or elsewhere – cannot possibly support either of
8  Plaintiffs' Causes of Action against WESPAC or personal jurisdiction over
9  WESPAC. *See* Doc. 88, at 1-3, 6-10.

10     For these reasons, the Tides MOU trumpeted by Plaintiffs cannot help their
11 Opposition to WESPAC's motion to dismiss; it simply has no bearing on the motion.

Dated:  February 11, 2025                         HERBST LAW PLLC


By: /s/ Robert L. Herbst_____
    Robert L. Herbst
    rherbst@herbstlawny.com
    420 Lexington Avenue, Suite 300
    New York, New York 10170
    Tel: 914-450-8163 Fax: 888-482-4676
    Attorneys for Defendant
    WESPAC FOUNDATION