GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL R. PALUCH (State Bar No. 287231)
*dpaluch@ghplaw.com*
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile:  (310) 556-8945

HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
Dallin B. Holt (*Pro Hac Vice*)
*dholt@holtzmanvogel.com*
2555 East Camelback Road, Ste. 700
Phoenix, AZ 85016

HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK PLLC
Edward M. Wenger
*emwenger@holtzmanvogel.com*
2300 N. Street NW, Suite 643
Washington, DC  20037

Attorneys for Plaintiffs and Class Members

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>    Plaintiffs,<br><br>  v.<br><br>CODEPINK WOMEN FOR PEACE, et al.,<br><br>    Defendants. | CASE NO.: 2:24-cv-06253-SVW-PVC<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 3, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 10A |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 5

II. LEGAL STANDARD .................................................................................... 5

III. ARGUMENT ................................................................................................ 6

IV. CONCLUSION ............................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*1-800-411-Pain Referral Service, LLC v. Otto*,
   744 F.3d 1045 (8th Cir. 2014) …………………………….…………..…8

*Bain v. Film Indep., Inc.*,
   2018 WL 6930766 (C.D. Cal. Aug. 9, 2018) ……………………….… 5, 6, 7

*Daniel v. Cook County*,
   833 F.3d 728 742 (7th Cir. 2016) ………………………………….……….8

*Dicey v. Pickens*,
   506 Fed. Appx. 647 (9th Cir. Jan. 31, 2013) …………………………….....8

*Franconero v. UMG Recordings Inc.*,
   2014 WL 12886834 (C.D. Cal. Feb. 13, 2014) …………………………......7

*Gerritsen v. Warner Bros. Entmt. Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) ……………………………….. 5, 6

*Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*,
   393 F. Supp. 2d 972 (N.D. Cal. 2005)……………………………………….7

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001)…………………………………………………6

*Maiman v. Talbott*,
   2010 WL 11421950 (C.D. Cal. Aug. 9, 2010) ………………………………8

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) …………………………………..……….6

*Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co.*,
   69 Cal. 2d 33 (1968)………………………………………………………….8

*Silas v. Home Box Office, Inc.*,
   201 F. Supp. 3d 1158 (C.D. Cal. 2016) ..…………………………………….7

*Signature Mgmt. Team, LLC v. Automattic, Inc.*,
   941 F. Supp. 2d 1145 (N.D. Cal. 2013) ……………………………………6

*Trident Center v. Connecticut General Life Ins. Co.*,
   847 F.2d 564 (9th Cir. 1988) ……………………….……………..………8

*U.S. v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) …………………………………………..5, 6

**Rules**

Fed. R. Evid. 201..………………………………………………………………….6

Fed. R. Evid. 201(a) ………………………………………………………………7

Fed. R. Evid. 201(b) ………………………………………………………… 6, 8, 9

Fed. R. Evid. 201(b)(1)……………………………………………………………7

Fed. R. Evid. 201(b)(1)-(2)…………………………………………………...........8

Fed. R. Evid. 801(c)……………………………………………………………....7

## I. INTRODUCTION

Plaintiffs Noah Pollak and StandWithUs Center for Legal Justice ("Plaintiffs") object to the Defendants CodePink Women for Peace and CodePink Action Fund's ("CodePink") Request for Judicial Notice ("RJN") (Docket 112). By attempting to inject unverified alleged "facts" into the record, well outside of Plaintiffs' First Amended Complaint ("FAC"), CodePink essentially seeks to convert its Motion to Dismiss into a motion for summary judgment without affording Plaintiffs any opportunity to take discovery or submit countervailing evidence.

The law of this Circuit specifically prohibits judicial notice of the types of content that CodePink asks this Court to take here. None of the materials referenced in the RJN are referenced in the FAC, and the materials in the RJN do not otherwise qualify for judicial notice under governing law. CodePink's RJN improperly asks the Court to accept the contents of these materials as true, and offers the materials for that purpose, which also renders them objectionable as inadmissible hearsay. Finally, the RJN seeks judicial notice of matters which are subject to reasonable dispute. The Court therefore should deny CodePink's RJN in its entirety.

## II. LEGAL STANDARD

It is well established that "[a]s a general rule, a court may not consider 'any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Bain v. Film Indep., Inc.*, 2018 WL 6930766, at *3 (C.D. Cal. Aug. 9, 2018) (*quoting U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011)). "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss [] if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Entmt. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015). A court "may, however, consider materials that are submitted with and attached to the Complaint

... [and] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Bain*, 2018 WL 6930766, at *3 (*citing Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Federal Rule of Evidence 201(b) authorizes judicial notice of a fact only where such "fact is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Courts cannot judicially notice proffered documents which urge the court to "draw inferences or take notice of facts that might reasonably be disputed." *Corinthian Colleges*, 655 F.3d at 999 (on defendants' 12(b)(6) motion, refusing to take judicial notice of facts alleged in college's public financial reports). This prohibition is necessary because the accuracy of various publications "cannot be readily determined and/or can be reasonably questioned." *Gerritsen*, 112 F. Supp. 3d at 1028. Even when a party submits, on a 12(b)(6) motion, another court's fact findings, it is error for the presiding court to take judicial notice "of the facts recited" by the other court. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Accordingly, it is even more improper to take judicial notice of "facts recited []in" third-party documents such as those proffered by CodePink. *See Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1147-48 (N.D. Cal. 2013).

### III.   ARGUMENT

CodePink's RJN asks the Court to take notice of materials unreferenced by Plaintiffs' FAC, including the contents of third-party websites, a dictionary, and articles published 17 or more years ago. CodePink's RJN should be denied for at least the following reasons:

///

*First*, the RJN requests judicial notice of *documents*, rather than *facts*. (*See* RNJ, p. 2 "[CodePink]… requests that the Court take judicial notice of the following *documents*…" (italics added).) However, Fed. R. Evid. R. 201 only permits requests for judicial notice of "an adjudicative fact," not documents generally. Fed. R. Evid. 201(a) & (b) (the court "may judicially notice a *fact*…" (italics added).) Because CodePink has impermissibly sought judicial notice of *documents* rather than adjudicative facts, the RJN should be denied. *See id*.

*Second*, the RJN improperly requests judicial notice of documents that are not referenced or relied upon by the FAC. *See, e.g., Franconero v. UMG Recordings Inc.*, 2014 WL 12886834, at *1 (C.D. Cal. Feb. 13, 2014) (denying request for judicial notice of contract not referenced in the complaint); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 983–84 (N.D. Cal. 2005) ("it would be improper for this court to judicially notice the content of a contract between the parties where the document was not necessarily the basis of plaintiff's allegations ... without providing plaintiff with an opportunity to present counter evidence and converting this motion to a motion for summary judgment."). Because none of the documents identified in the RJN are relied upon or referenced by the FAC, the Court should deny CodePink's RJN in its entirety. *See id*.

*Third*, the RJN should be denied because the contents of the third-party documents it references cannot be deemed "generally known" or "capable of accurate and ready[] determination by resort to sources whose accuracy cannot be questioned," as required by Fed. R. Evid. 201(b)(1). *See Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1170 (C.D. Cal. 2016) (citing Fed. R. Evid. 201(b)(1)) (denying request for judicial notice, in copyright infringement action, of elements allegedly common to prior works including "football players wearing flashy chains and being involved in fights" because they were not "generally known" and could not be "readily verified"); *see also Bain*, 2018 WL 6930766, at

1  *3 (denying request for judicial notice of information on website, citing inability
2  to verify its accuracy).
3      *Fourth*, the documents that are the subject of the RJN contain out-of-court
4  statements offered to prove the truth of the matter asserted.  They are therefore
5  hearsay.  Fed. R. Evid. 801(c).  Because no relevant exception to the rule against
6  hearsay applies, they are inadmissible.  *Id*., 802.  Inadmissible hearsay cannot be
7  the subject of a request for judicial notice.  *See Dicey v. Pickens*, 506 Fed. Appx.
8  647, 648 (9th Cir. Jan. 31, 2013) (trial court properly denied request for judicial
9  notice of truth of facts contained in hearsay documents); *1-800-411-Pain Referral
10 Service, LLC v. Otto*, 744 F.3d 1045, 1063, n. 13 (8th Cir. 2014); *d v. Cook
11 County*, 833 F.3d 728, 742 (7th Cir. 2016); *see also Maiman v. Talbott*, 2010 WL
12 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("[w]hile it may be appropriate to
13 judicially notice the existence of SEC filings and their contents, judicial notice
14 should not be taken of the *truth* of their contents") (italics in original).  Thus,
15 CodePink's RJN should be denied in its entirety.
16     *Finally*, the matter or matters on which CodePink seeks judicial notice are
17 subject to reasonable dispute.  *See* Fed. R. Evid. 201(b) (judicial notice of facts is
18 only proper if they are not "subject to reasonable dispute.")  While CodePink's
19 RJN does not explicitly say as much, it appears based on context that CodePink
20 seeks to establish that the meaning of the phrase "IN THE BELLY OF THE
21 BEAST" alleged in the FAC is incorrect.  (*See generally*, RJN (each of the
22 documents at issue uses the phrase).)
23     However, as the California Supreme Court has recognized, and as the Ninth
24 Circuit has acknowledged, "'[w]ords… do not have absolute and constant
25 referents.'"  *Trident Center v. Connecticut General Life Ins. Co.*, 847 F.2d 564,
26 568–69 (9th Cir. 1988) (*quoting Pacific Gas & Electric Co. v. G.W. Thomas
27 Drayage & Rigging Co.*, 69 Cal. 2d 33, 38 (1968)).  In other words, the meaning
28 of a word or phrase can vary with time or on myriad other factors.  *See id*.

Here, Plaintiffs have alleged a particular, plausible meaning of the phrase "IN THE BELLY OF THE BEAST." The RJN seems to suggest that other users of the phrase, during other periods of times, and in other contexts, may have ascribed alternative meanings to it. (*See generally*, RJN.) To the extent the sources identified in the RJN suggest alternative meanings, then the meaning of the phrase itself is subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Because matters subject to reasonable dispute may not be the subject of judicial notice, *see id*, the RJN should be denied in its entirety.

## IV. CONCLUSION

CodePink's RJN improperly asks the Court to take judicial notice of third-party documents rather than facts. The documents in question are not referenced or relied upon by Plaintiffs' FAC. The documents further are not "generally known" or "capable of accurate and ready[] determination by resort to sources whose accuracy cannot be questioned" and constitute inadmissible hearsay. Finally, the documents concern the meaning ascribed to a particular phrase, which is naturally subject to reasonable dispute. Accordingly, Plaintiffs respectfully request that the Court deny the RJN in its entirety.

Respectfully submitted,

Dated: February 25, 2025

GIPSON HOFFMAN PANCIONE
A Professional Corporation
DANIEL R. PALUCH

*/s/ Daniel R. Paluch*
DANIEL R. PALUCH
Attorneys for Plaintiffs and Class Members

## CERTIFICATE OF SERVICE

I hereby certify on January 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated: February 25, 2025

_____
Cindy Bischop

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 1,491 words, which complies with the word limit of L.R. 11-61.

Dated: February 25, 2025

                                              */s/DANIEL R. PALUCH*
                                              DANIEL R. PALUCH