MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division
REGAN RUSH, Chief
MAURA KLUGMAN, Deputy Chief
LAURA COWALL Deputy Chief
ELIZABETH SAXE, Trial Attorney
KATHERINE THOMPSON, Trial Attorney
ALYSSA B. WRIGHT, Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
    150 M Street, NE
    Washington, D.C. 20002
    Telephone: 202-305-0053
    Email: maura.klugman@usdoj.gov | laura.cowall@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
RICHARD M. PARK
Acting Executive Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ALEXANDRA YOUNG (Cal. Bar. No. 336004)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: 213-894-8805
    Facsimile: 213-894-7819
    E-mail: Alexandra.Young@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>    Plaintiffs,<br><br>    v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity, et al.,<br><br>    Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>**STATEMENT OF INTEREST OF UNITED STATES OF AMERICA**<br><br>Hearing Date:  March 3, 2025<br>Time:  1:30 p.m.<br>Courtroom:  First Street Courthouse Courtroom 10A<br><br>Honorable Stephen V. Wilson<br>United States District Judge |

In 1994, Congress passed the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248, commonly called the FACE Act.[1] As relevant here, the FACE Act prohibits violent, threatening, damaging, and physically obstructive conduct intended to injure, intimidate, or interfere with the exercise of the First Amendment right of religious freedom at a place of religious worship. 18 U.S.C. § 248(a)(2). The United States submits this Statement of Interest to make clear that the FACE Act prohibits the kind of physical obstructions of places of religious worship alleged in this case, where the physical obstructions are reasonably foreseeable, even if temporary or partial.

## I. INTEREST OF THE UNITED STATES

The United States has an interest in enforcing federal laws that protect access to places of religious worship. That includes protecting against physical obstruction of places of religious worship, such as synagogues. As set forth in the White House's Executive Order on Additional Measures to Combat Anti-Semitism, it is the policy of the United States to combat antisemitism vigorously, using all available and appropriate legal tools to prosecute, remove, or otherwise hold to account the perpetrators of unlawful antisemitic harassment and violence.[2]

Though the FACE Act provides for private causes of action, the United States also is charged with enforcing the FACE Act, which authorizes the Attorney General to bring criminal charges for violations, or civil suits when there is reasonable cause to believe that a person or group may suffer injury as a result of violations of the Act. 18 U.S.C. §§ 248(b), (c)(2). The United States has authority to file this Statement of Interest under 28 U.S.C. § 517, which permits the Attorney General to attend to the interests of the United States in any case pending in federal court.

---

[1] Freedom of Access to Clinic Entrances Act of 1993, S. 636, 103d Cong. (as introduced in Senate, March 23, 1993).

[2] Exec. Order No. 14188, Additional Measures to Combat Anti-Semitism, 90 C.F.R. 8847, Jan. 29, 2025, *available at* https://www.federalregister.gov/documents/2025/02/03/2025-02230/additional-measures-to-combat-anti-semitism.

## II. BACKGROUND

The First Amended Complaint ("Complaint") alleges that on June 23, 2024, several of the Defendants, CodePink Women for Peace, CodePink Action Fund, Palestinian Youth Movement, Courtney Lenna Schirf, and Remo Ibrahim (collectively, Defendants) used antisemitic and bigoted incitement, intimidation, and violence to physically obstruct access to and from the Adas Torah Synagogue, thus rendering passage to or from the Adas Torah Synagogue unreasonably difficult or hazardous, in violation of the FACE Act.³ ECF No. 71, at ¶¶ 157, 386-405. Specifically, the Complaint alleges that Defendants "incited scores of individuals . . . to terrorize Jewish congregants outside their Synagogue." ECF No. 71, at ¶ 5. According to the Complaint, "rioters blocked access for some congregants, trapped others inside, and attempted to intimidate all of them," while "some in the mob . . . bear sprayed and attacked Jewish congregants and others present." ECF No.71, at ¶¶ 5-6. The Complaint alleges that the "violence forcibly halted at least one prayer service and multiple religious study sessions." ECF No.71, at ¶ 11. Defendants moved to dismiss the Complaint. ECF Nos. 98, 117.

This Statement of Interest addresses the narrow legal issue of what constitutes "physical obstruction" under the FACE Act. Specifically, the allegations of the Complaint, taken as true, are sufficient to constitute "physical obstruction."

## III. DISCUSSION

The FACE Act seeks to preserve access to places of religious worship. Specifically, it provides that whoever: (1) by force, threat of force, or physical obstruction; (2) intentionally injures, intimidates, or interferes with, or attempts to injure, intimidate, or interfere with; (3) any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship, violates the FACE Act and may be subject to civil and criminal penalties. 18 U.S.C. § 248(a)(2). A

---

³ Plaintiffs also allege that Defendants violated 42 U.S.C. § 1985(3). ECF No. 71, at ¶¶ 406-32.

defendant engages in "physical obstruction" if he: (1) renders impassable ingress to or egress from a protected location; or (2) renders passage to or from a protected location unreasonably difficult or hazardous. *Id.* § 248(e)(4).[4]

Here, the Complaint states that Plaintiff Noah Pollak "tried to enter the Synagogue through the front entrance, but he was blocked by the angry mob." ECF No.71, at ¶ 12. It further alleges that "[t]he rioters stood shoulder-to-shoulder, screeching antisemitic slurs and brandishing weapons." ECF No.71, at ¶ 13. It further alleges that police officers standing between Pollak and the rioters "told him not to come any closer and instructed him to leave." ECF No.71, at ¶ 313. These allegations, taken as true, are sufficient to constitute "physical obstruction."[5] *See, e.g., United States v. Mahoney*, 247 F.3d 279, 284 (D.C. Cir. 2001).

It is of no consequence that "[a]fter fighting through the chaos," Pollak was eventually able to enter the Synagogue "through a side entrance," ECF No. 71, at ¶ 14, as courts have consistently recognized that violations occur even where "physical obstructions" are temporary or partial, *see, e.g.*, *Mahoney*, 247 F.3d at 284; *see also New Beginnings Ministries v. George*, No. 2:15-CV-2781, 2018 WL 11378829, at *16 (S.D. Ohio Sept. 28, 2018) (holding that parking in a manner to block a vehicle, standing behind a vehicle, and walking slowly in front of a vehicle could constitute physical obstruction).

The Complaint also alleges that Defendants decided to "organize rioters in front of the Synagogue," rioters were "armed with various weapons, including bear spray and

---

[4] The definition of "physical obstruction" is the same under the FACE Act, regardless of the protected location at issue. *See* 18 U.S.C. § 248(e)(4). When analyzing the definition of physical obstruction in cases involving places of religious worship, courts consider cases involving physical obstruction of other protected locations. *See New Beginnings Ministries v. George*, No. 2:15-CV-2781, 2018 WL 11378829, at *4 (S.D. Ohio Sept. 28, 2018).

[5] At the motion to dismiss stage, all well-pleaded facts in the Complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

blunt objects," individuals attempting to enter the Synagogue were "bear sprayed" and "attacked," and police responded to turn congregants away from the entrance. ECF No. 71, at ¶¶ 209, 231, 247-48, 312-313. It is reasonably foreseeable that those alleged actions would result in physical obstruction. Individuals and organizations engage in "physical obstruction" when they take acts that have the "foreseeable and intended consequence" of rendering passage unreasonably difficult. *Mahoney*, 247 F.3d at 284. Physical obstruction is, therefore, not limited to acts of "bodily obstruction," and can be satisfied by planning and organizing a protest that results in physical obstruction, so long as the physical obstruction is a foreseeable and intended consequence. *Id.* (finding physical obstruction within the meaning of the FACE Act when a defendant contributed to a demonstration within a few feet of the clinic entrances, thereby compelling patients to enter the clinic through the "crowded and chaotic" rear entrance).

## VII. CONCLUSION

Accepting well-pleaded facts in this Complaint as true and construed in the light most favorable to the Plaintiffs, the Plaintiffs have alleged a physical obstruction within the meaning of the FACE Act.

Dated: February 28, 2025

| | |
|---|---|
| JOSEPH T. MCNALLY<br>Acting United States Attorney | MAC WARNER<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| RICHARD M. PARK<br>Acting Executive Assistant United States Attorney | REGAN RUSH<br>Chief, Special Litigation Section<br>Civil Rights Division |
| DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division | LAURA L. COWALL<br>MAURA KLUGMAN<br>Deputy Chiefs, Special Litigation Section<br>Civil Rights Division |
| /s/<br>ALEXANDRA YOUNG<br>Assistant United States Attorney | /s/ Elizabeth Saxe<br>ELIZABETH SAXE<br>KATHERINE THOMPSON<br>ALYSSA B. WRIGHT<br>Trial Attorneys, Special Litigation Section |

*Attorneys for the United States of America*

6