GIPSON HOFFMAN & PANCIONE
A Professional Corporation
DANIEL R. PALUCH (State Bar No. 287231)
*dpaluch@ghplaw.com*
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiffs and Class Members

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE,<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, et al.,<br><br>Defendants. | CASE NO.: 2:24-cv-06253-SVW-PVC<br><br>Hon. Stephen V. Wilson<br>Courtroom 10A<br><br>**PLAINTIFFS' RESPONSE TO WESPAC FOUNDATION'S NOTICE OF DECISION BY OTHER COURT**<br><br>Complaint Filed: Jul. 24, 2024<br><br>Trial Date: Not Set |

1
RESPONSE TO WESPAC'S NOTICE OF DECISION BY OTHER COURT

# RESPONSE TO WESPAC FOUNDATION'S NOTICE
# OF DECISION BY OTHER COURT

Plaintiffs Noah Pollak and StandWithUs Center for Legal Justice ("Plaintiffs") hereby respond to Defendant WesPac Foundation's ("WesPac") May 12, 2025 Notice of Decision By Other Court (the "Notice"). (*See* Dkt. No. 129.)

In the Notice, WesPac asks the Court to consider *Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 2025 U.S. Dist. LEXIS 84645, No. 2:24-cv-000985-APG-MDC (D. Nev., May 5, 2025). Specifically, WesPac argues that *Gerwaski* is "on point here" because the *Gerwaski* Court granted a motion to dismiss for lack of personal jurisdiction because the plaintiff did not allege "any contacts with Nevada that show purposeful of availment… to support specific jurisdiction." *Id*., at 11.

Contrary to the Notice, *Gerwaski* is not relevant to this case. In *Gerwaski*, plaintiff sued American Muslims for Palestine ("AMP") and the University of Nevada chapter of Students for Justice in Palestine ("SJP-UNLV") for their role in campus protests at the University of Nevada, Las Vegas ("UNLV"). *Id*., at 1–2. AMP's only alleged connection to the conduct at issue was through an intermediary, National Students for Justice in Palestine ("NSJP"), which AMP controls. *Id*., at 3–4. NSJP, in turn, was allegedly "affiliated" with SJP-UNLV, which organized the protests at issue in *Gerwaski*. *Id*., at 4–5.

AMP moved to dismiss for lack of personal jurisdiction, arguing in relevant part that plaintiff's jurisdictional allegations were based on NSJP's social media posts, which did not demonstrate "purposeful availment in [Nevada] to support specific jurisdiction." *Id*., at 11. The court noted that specific personal jurisdiction based on social media posts requires "specific targeting of the forum." *Id*. (*citing Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) *and Impossible Foods, Inc. v. Impossible X, LLC*, 80 F.4th 1079, 1097 (9th Cir. 2023)). Because plaintiff did not allege that any of the "NJSP social media posts in the FAC [were]

directed at Nevada or UNLV," the court granted AMP's motion. *Id*.

In contrast to *Gerwaski*, WesPac and Defendant Honor the Earth's ("HTE") connection to this lawsuit arises from their fiscal sponsorship of Defendant Palestinian Youth Movement ("PYM"), which helped organize the riot from which Plaintiffs' claims arise. Both WesPac and HTE can be held liable for PYM's actions, because that fiscal sponsorship turned PYM into a constituent part or agent of WesPac and/or HTE. (*See* Plaintiffs' Opposition to HTE's Motion to Strike and Dismiss, Dkt. No. 127, at pp. 5–8.) Here there is no intermediary, as there was in *Gerwaski*: PYM is, for all intents and purposes, a part of WesPac and/or HTE. (*Id*.)

Furthermore, and contrary to *Gerwaski*, the conduct at issue here was undoubtedly directed at this forum. WesPac and HTE—through PYM—targeted California through social media posts that were directed at California. Specifically, on June 21, 2024, Defendant Palestinian Youth Movement ("PYM") made an Instagram post calling for its members to show up at "12pm Sharp" on June 23, 2024 at 9040 W. Pico Boulevard, Los Angeles, California to "STAND AGAINST SETTLER EXPANSION… IN PALESTINE:[1]



---

[1] This Instagram post is referenced at ¶ 220 of the First Amended Complaint ("FAC"). *See* Dkt. No. 71, at 40:8–11.)

In *Gerwaski*, the social media posts were targeted generally at the United States, and did not specifically mention Nevada or UNLV. *See Gerwaski*, 2025 U.S. Dist. LEXIS 84645, at 11. Here, Defendants' social media posts organized a protest *in the Central District of California* by calling for Defendants' followers *in the Central District of California* to show up at a specific location *in the Central District of California* on a specific date at a specific time. (*See* FAC, Dkt. No 71, at 40:8–11.)

Given the foregoing, there can be no doubt that Defendants purposefully availed themselves of this forum. Indeed, under the test discussed in *Gerwaski*, the facts here would support a finding of personal jurisdiction. *See Gerwaski*, 2025 U.S. Dist. LEXIS 84645, at 11. Accordingly, Defendants' motions to dismiss for lack of personal jurisdiction should be denied.

Dated: May 13, 2025

Respectfully submitted,

GIPSON HOFFMAN & PANCIONE
A Professional Corporation

By: */s/Daniel R. Paluch*
    DANIEL R. PALUCH

Jason B. Torchinsky*
jtorchinsky@holtzmanvogel.com
Edward M. Wenger*
ewenger@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street NW, Suite 643
Washington, DC 20037
(202) 737-8808 (telephone)
(540) 341-8809 (facsimile)

Dallin B. Holt*
dholt@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2555 East Camelback Rd, Ste 700
Phoenix, AZ 85016
(602) 388-1262 (telephone)
(549) 341-8809 (facsimile)

Mark Goldfeder*
mark@jewishadvocacycenter.org
Ben Schlager*
ben@jewishadvocacycenter.org
NATIONAL JEWISH ADVOCACY CENTER, INC.
1718 General George Patton Dr.
Brentwood, TN 37027
(800) 269-9895 (telephone)
(800) 758-5232 (facsimile)

*Attorneys for Plaintiffs and Class Members*

*\*Admitted Pro Hac Vice*

# **CERTIFICATE OF SERVICE**

I hereby certify on May 13, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated: May 13, 2025

*/s/Daniel R. Paluch*