# EXHIBIT B

John Cycon (*Pro Hac Vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 (telephone)
(540) 341-8809 (facsimile)
*jcycon@holtzmanvogel.com*

Attorneys for Plaintiffs and Class Members

(*Additional counsel listed on following page*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE, <br><br> Plaintiffs, <br><br> v. <br><br> CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100, <br><br> Defendants. | Case No.: 2:24cv6253 <br><br> **DECLARATION OF JOHN CYCON IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES** |

Mark Goldfeder (*Pro Hac Vice*)
mark@jewishadvocacycenter.org
Ben Schlager (*Pro Hac Vice*)
ben@jewishadvocacycenter.org
NATIONAL JEWISH ADVOCACY CENTER, INC.
INTERNATIONAL LEGAL FORUM
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895 (telephone)
(800) 758-5232 (facsimile)

Jason B. Torchinsky (*Pro Hac Vice*)
jtorchinsky@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street NW
Suite 643
Washington, DC 20037
(202) 737-8808 (telephone)
(540) 341-8809 (facsimile)

Michael A. Sherman (SBN 94783)
masherman@stubbsalderton.com
LAW OFFICES OF MICHAEL A. SHERMAN
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
(818) 444-4528 (telephone)

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

1. I, John Cycon, hereby declare the following in support of Plaintiffs' Motion to Compel Discovery Responses:

2. I am an attorney admitted pro hac vice to practice before the District Court for the Central District of California.

3. I am competent to testify to the matters stated herein.

4. This declaration is based on personal knowledge of the matters set forth herein.

5. I am an attorney of record for Plaintiffs in the instant matter.

6. On October 31, 2025, Plaintiffs propounded interrogatories, requests for admission, and requests for production on CodePink Women for Peace and CodePink Action Fund (together, "CodePink Defendants").

7. CodePink Defendants responded on December 9, 2025, objecting to nearly every discovery request and declining to turn over a single record in response.

8. On April 21, 2026, Plaintiffs initiated the discovery dispute process found in Local Rules 37-1 and 37-2 by sending a preliminary draft of Plaintiffs' portion of the Local Rule 37-2.2 joint stipulation identifying their concerns with and positions on each of CodePink Defendants' objections to opposing counsel. *See* Exhibit B-1.

9. In that email, Plaintiffs asked CodePink Defendants their availability for a meet and confer on the discovery dispute within the ten-day period provided by Local Rule 37-1, which was set to end on May 1, 2026. *Id.*

10. On April 24, 2026, counsel for CodePink Defendants responded and proposed an extension to May 22, 2026. *Id.*

11. Later that day, Plaintiffs' counsel responded that Plaintiffs could not agree to more than triple the ten-day period allotted by Local Rule 37-1 but offered not to oppose a joint motion requesting to extend the deadline by ten

days to May 11, 2026. *Id.*

12. After some back and forth about availability for the Local Rule 7-3 conference on the extension motion, counsel for both parties participated in a telephonic meet and confer on that motion on April 28, 2026, during which they conferred on the need for a brief request for extension and discussed extending the deadline to May 11, 2026.

13. Plaintiffs' counsel noted Plaintiffs would not oppose the extension motion provided it only requested additional time and did not include advocacy about the discovery objections.

14. On May 4, 2026, counsel for CodePink Defendants emailed a draft Unopposed Motion for Enlargement of Time to Meet and Confer that purported to extend the Local Rule 37-1 meet and confer deadline to May 22, 2026—an extension length not discussed or agreed to in the Local Rule 7-3 conference— and including several paragraphs of advocacy. *See* Exhibit B-2.

15. On May 5, 2026, Plaintiffs' counsel declined to agree to CodePink Defendants' draft motion because it was not a straightforward request without advocacy, as previously communicated, but advised that he would send redlines. *Id.*

16. Later that day, Plaintiffs' counsel sent counsel for CodePink Defendants his proposed redlines to the draft extension motion, revising it to request an extension only to May 15, 2026 (still an additional four days more than the initial offer of extension) and removing the advocacy language. *Id.*

17. Counsel for CodePink Defendants took no action to accept this offer.

18. On May 11, 2026 (the original agreed extended deadline), Plaintiffs' counsel sent counsel for CodePink Defendants an email outlining the full timeline of communications, noting that he had received no response to his May 6 redlines, requesting available meeting times before May 15, 2026, and

4

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

advising that if Plaintiffs did not hear back by then, they would proceed with asking the Court to adjudicate the matter and note that CodePink declined to provide their positions. *Id.*

19. This prompted counsel for CodePink Defendants to agree to a Local Rule 37-1 meet and confer on May 14, 2026.

20. During this meet and confer, the parties made little progress on their substantive disagreements, but did agree that counsel for CodePink Defendants would circulate a proposal as to the scope of "relate to" in Requests for Production 4, 5, 6, & 7 and a proposed protective order to facilitate production of certain information and documents responsive to Interrogatories 1 & 3 and Requests for Production 1, 2, 4 & 5. *See* Exhibit B-3.

21. The parties also agreed that counsel for CodePink Defendants would provide their portion of the joint stipulation within seven days, consistent with Local Rule 37-2.2. *Id.*

22. That deadline, May 21, 2026, came and went without any communication from counsel for CodePink Defendants.

23. The morning of May 22, counsel for CodePink Defendants emailed to "assure" Plaintiffs' counsel that he would transmit their portion of the joint stipulation "by tonight," with the other action items to follow "by Saturday."

24. Pursuant to Local Rule 37-2.4 and in consideration of the foregoing, Plaintiffs advise the Court that counsel for CodePink Defendants has failed to provide their portion of the joint stipulation in a timely manner under L.R. 37-2.2, on top of other repeated delays as set forth herein.

25. Plaintiffs have therefore opted to present this matter for the Court for adjudication.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of May 2026.

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

/s/___*John J. Cycon*___

John Cycon (*Pro Hac Vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 (telephone)
(540) 341-8809 (facsimile)
*jcycon@holtzmanvogel.com*

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253