# EXHIBIT B-1

| From: | Collin Poirot |
|---|---|
| To: | Dallin Holt |
| Cc: | Mark Kleiman; Andrew Wilson; John Cycon; Lisa Charette; Kim Acres; Michael Sherman; Pamela Savoie; Jason Torchinsky |
| Subject: | Re: Good faith effort to resolve discovery dispute pursuant to L.R. 37-1; Pollak, et al. v. CodePink Women for Peace, et al., Case No. 2:24-cv-06253-SVW-PVC |
| Date: | Tuesday, April 28, 2026 1:29:22 PM |
| Attachments: | image002.png |
| | image001.png |
| | image003.png |

Yes, that works well—thank you Dallin.

Collin Pelletier Poirot, Esq.
Harvard Law School, J.D. 2018 | University of Texas, B.A. & B.S. 2015
cpoirot.law@gmail.com | (214) 392-2281

On Tue, Apr 28, 2026 at 11:25 Dallin Holt <dholt@holtzmanvogel.com> wrote:

Collin:

Thanks for the response.  Let's do 2:00 p.m. PT.  And, I have incoming call issues on my phone, you okay if I call you at the number listed in your signature block?

Thanks,

**Dallin Holt**
Partner
**Holtzman Vogel**
O 602.388.1262

holtzmanvogel.com

**From:** Collin Poirot <cpoirot.law@gmail.com>
**Date:** Tuesday, April 28, 2026 at 8:21 AM
**To:** Dallin Holt <dholt@holtzmanvogel.com>
**Cc:** Mark Kleiman <mark@krlaw.us>, Andrew Wilson <AWilson@holtzmanvogel.com>, John Cycon <jcycon@holtzmanvogel.com>, Lisa Charette <lcharette@holtzmanvogel.com>, Kim Acres <kacres@holtzmanvogel.com>, Michael Sherman <masherman@stubbsalderton.com>, Pamela Savoie <pam@krlaw.us>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>
**Subject:** Re: Good faith effort to resolve discovery dispute pursuant to L.R. 37-1; Pollak, et al. v. CodePink Women for Peace, et al., Case No. 2:24-cv-06253-SVW-PVC

Hi Dallin,

Mark is completely under water today, but I am available for a quick call. I can call between 2pm and 4pm PST, if that works?

Thank you,

Collin Pelletier Poirot, Esq.

Harvard Law School, J.D. 2018 | University of Texas, B.A. & B.S. 2015

cpoirot.law@gmail.com | (214) 392-2281

On Mon, Apr 27, 2026 at 8:47 PM Dallin Holt <dholt@holtzmanvogel.com> wrote:

Mark:

Outside of 10:00 a.m. PT – 11:00 a.m. PT, I am generally available tomorrow for a quick call or Zoom chat up until 4:30 p.m. PT.

Let me know if there is a time that works tomorrow.

Thank you,

**Dallin Holt**
Partner
**Holtzman Vogel**
O 602.388.1262

holtzmanvogel.com

_____

**From:** Mark Kleiman <mark@krlaw.us>

**Date:** Friday, April 24, 2026 at 3:50 PM
**To:** Dallin Holt <dholt@holtzmanvogel.com>
**Cc:** Collin Poirot <cpoirot.law@gmail.com>, Andrew Wilson <AWilson@holtzmanvogel.com>, John Cycon <jcycon@holtzmanvogel.com>, Lisa Charette <lcharette@holtzmanvogel.com>, Kim Acres <kacres@holtzmanvogel.com>, Michael Sherman <masherman@stubbsalderton.com>, Pamela Savoie <pam@krlaw.us>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>
**Subject:** Re: Good faith effort to resolve discovery dispute pursuant to L.R. 37-1; Pollak, et al. v. CodePink Women for Peace, et al., Case No. 2:24-cv-06253-SVW-PVC


Do you have time no Sunday, Dallin?  12-6 pt?

Or, failing that, 4/28 1:45 PT?

Thanks,
Mark


On Fri, Apr 24, 2026 at 2:49 PM Dallin Holt <dholt@holtzmanvogel.com> wrote:

> Mark:
>
> I can do 4/29 at 11:00 a.m. PT.  Will you send an invite?
>
> Also, I do not imagine this meet and confer with last longer than a minute or two, as such, I can be available much sooner than 4/29 for a quick phone call.  Just let me know.
>
> Thank you,
>
> **Dallin Holt**
> Partner
> **Holtzman Vogel**
> O 602.388.1262
>
> holtzmanvogel.com
>
> _____
>
> **From:** Mark Kleiman <mark@krlaw.us>
> **Date:** Friday, April 24, 2026 at 1:40 PM

**To:** Dallin Holt <dholt@holtzmanvogel.com>
**Cc:** Collin Poirot <cpoirot.law@gmail.com>, Andrew Wilson <AWilson@holtzmanvogel.com>, John Cycon <jcycon@holtzmanvogel.com>, Lisa Charette <lcharette@holtzmanvogel.com>, Kim Acres <kacres@holtzmanvogel.com>, Michael Sherman <masherman@stubbsalderton.com>, Pamela Savoie <pam@krlaw.us>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>
**Subject:** Re: Good faith effort to resolve discovery dispute pursuant to L.R. 37-1; Pollak, et al. v. CodePink Women for Peace, et al., Case No. 2:24-cv-06253-SVW-PVC

Thank you, Dallin. Per Rule 7-3 we need to meet and confer before I file a motion like this, even though you have indicated that you won't oppose. What iis your availability:

4/29      11-6 (all times Pacific)
4/30      10-11 / 12:30 - 6
5/1       After 3 pm?

Thanks,

Mark

On Fri, Apr 24, 2026 at 1:34 PM Dallin Holt <dholt@holtzmanvogel.com> wrote:

Mark:

Good to hear from you. We are happy to work with you to provide additional time to review but cannot agree to the extension you requested. Here are some points to consider:

- L.R. 37-1 mandates that our conference occur "within ten days after the moving party serves a letter requesting such conference." The local rules to not permit parties to alter the ten-day requirement. The L.R. states: "Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party must confer with counsel for the moving party within ten days . . . .";
- If you wish to file a motion with the Court to request an additional ten-days to hold our conference, we will not oppose that motion. This would be May 11, 2026 (original date in May 1, 2026). We would need to review the proposed motion prior to you filing;
- While I understand the draft letter contained a lot of pages and total words, a large amount of those words, pages, and case citations came from CodePink's objections and responses to our RFAs, RFPs, and ROGs. The local rules

require that we include those verbatim, which we have done. Additionally, the vast majority of our responses to CodePink's repeated objections are identical —while a single case might be cited a dozen times, it would only need to be read and analyzed once. Finally, the local rules also required that we include our requests verbatim—which we have done. The overall word/page/case count is relatively small when you take the requirements of the local rules into consideration;

- Again, while we are more than willing to work with you on agreeing to a reasonable extension before we confer on these issues, the mere fact that CodePink decided to object to nearly every single request and provide us with nothing must also be taken into account. According to your present logic, because CodePink essentially provided us with nothing in response to our requests, then, pursuant to the local rules, any attempt to compel production for nearly everything will by necessity be a more involved process. CodePink decided to oppose nearly all of Plaintiffs' reasonable discovery requests— therefore, by extension, CodePink invited a compel process that would be more burdensome. As opposed to continuing to fight all discovery, perhaps CodePink could readjust their discovery strategy and respond to some of our requests? Doing so would also serve to lessen CodePink's burden in reviewing and responding to our recent communications surrounding the upcoming motion to compel.

I look forward to hearing from you.

Thank you,

**Dallin Holt**
Partner
**Holtzman Vogel**
O 602.388.1262

holtzmanvogel.com

---

**From:** Mark Kleiman <mark@krlaw.us>
**Date:** Thursday, April 23, 2026 at 10:03 PM
**To:** Dallin Holt <dholt@holtzmanvogel.com>
**Cc:** Collin Poirot <cpoirot.law@gmail.com>, Andrew Wilson <AWilson@holtzmanvogel.com>, John Cycon <jcycon@holtzmanvogel.com>, Lisa Charette <lcharette@holtzmanvogel.com>, Kim Acres <kacres@holtzmanvogel.com>, Michael Sherman <masherman@stubbsalderton.com>, Pamela Savoie <pam@krlaw.us>
**Subject:** Re: Good faith effort to resolve discovery dispute pursuant to L.R. 37-1; Pollak, et al. v. CodePink Women for Peace, et al., Case No. 2:24-cv-06253-SVW-PVC

Hi, Dallin,

Thank you for this level of detail. I'm looking at a letter that is more than 12,000 words and refers to over thirty different judicial decisions. That's not a complaint, but it *is* a description. It's going to take me a while to get through all of these. (And Collin now has a full-time job so it looks as though this shall fall mostly on my shoulders.) I hope you agree that for a meet-and-confer session to have meaning, I should have the time to study your position and the thirty-six plus authorities you cite. That's going to take a few minutes. for me to do, just as it took a bit of time for you to prepare it.

I should have this in hand in time for a detailed discussion by May 22. If that day isn't convenient, and you're willing to work on the weekend, I am, too, and have the 23rd and 24th free.

Mark

On Tue, Apr 21, 2026 at 4:48 PM Dallin Holt <dholt@holtzmanvogel.com> wrote:

Mark and Collin:

I hope you are both doing well. Pursuant to L.R. 37-1, please see the attached correspondence and provide me with a few windows of availability for us to confer on these issues.

Additionally, to the extent you have any additional information regarding the phone that was used to post the social media posts at issue in this case, including, but not limited to, back-ups, etc., please advise. We also will discuss this issue at our upcoming 37-1 discovery conference, and, to the extent it remains unresolved, move for a spoliation instruction and any other relief permitted under the rules due to the destruction of the phone in question.

I look forward to hearing from you soon.

Thank you,

**Dallin Holt**
Partner • Phoenix, AZ

O 602.388.1262
Bio • LinkedIn



DC • VA • FL • AZ • NY • TN • UT
holtzmanvogel.com   X

PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above email address. Thank you.

DISCLAIMER
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. If desired, Holtzman Vogel Baran Torchinsky & Josefiak PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis. Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

--

Error! Filename not specified.

12121 Wilshire Blvd., Ste. 810

Los Angeles, CA  90025

310-392-5455

310-306-8491 (fax)

www.kleimanrajaram.com

Uplink Page for Secure and Confidential File Sharing:

https://spaces.hightail.com/uplink/mkleiman

Error! Filename not specified.

--

Error! Filename not specified.

12121 Wilshire Blvd., Ste. 810

Los Angeles, CA  90025

310-392-5455

310-306-8491 (fax)

www.kleimanrajaram.com

Uplink Page for Secure and Confidential File Sharing:

https://spaces.hightail.com/uplink/mkleiman

Error! Filename not specified.

--

Error! Filename not specified.

12121 Wilshire Blvd., Ste. 810

Los Angeles, CA  90025

310-392-5455

310-306-8491 (fax)

www.kleimanrajaram.com

Uplink Page for Secure and Confidential File Sharing:

https://spaces.hightail.com/uplink/mkleiman

**Error! Filename not specified.**