# EXHIBIT C

Dallin B. Holt (*Pro Hac Vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
2555 East Camelback Road, Suite 700
Phoenix, Arizona 85016
(602) 388-1262
dholt@holtzmanvogel.com

Attorneys for Plaintiffs and Putative Class
Members

(*Additional counsel listed on following page*)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE, | Case No.: 2:24cv6253 |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| v. | |

CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; and DOES #1-100,

Defendants.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs NOAH POLLAK and STANDWITHUS CENTER FOR LEGAL JUSTICE ("StandWithUs"), (collectively "Plaintiffs") and Defendants CODE PINK WOMEN FOR PEACE

JOINT 26(F) REPORT                    1                    2:24cv6253

("CodePink WFP"), and CODE PINK ACTION GROUP ("CodePink Action") (or together, "Parties") hereby submit this Joint Case Management Statement.

The Parties met and conferred on October 27, 2025 and again on January 15, 2026, along with several calls and emails in between, regarding the nature and basis of their respective claims and defenses, the possibilities for promptly settling or resolving the case, the timing of disclosures under Rule 26(a)(1), the need to preserve discoverable information, and a proposed discovery plan in this matter.

The Parties have conferred regarding the proposed date and length of the trial, whether the trial will be a jury or non-jury trial, and whether the Parties prefer the Court Mediation, Panel or private mediation.

In addition, pursuant to Local Rule 26-1 of the Local Rules of the U.S. District Court of the Central District of California, the Parties have conferred regarding whether all or

part of the procedures of the Manual for Complex Litigation should be utilized; the dispositive or partially dispositive motions made or anticipated, and a cutoff date by which all such motions shall be made; the likelihood of appearance of additional parties; and the timing of expert disclosures under Rule 26(a)(2).

1.      **Statement of the Case**

Plaintiff's Position:

Plaintiffs Noah Pollak and StandWithUs bring this class action on behalf of himself, its members, and all others similarly who were unable to access the Adas Torah synagogue

JOINT 26(F) REPORT                            2                            2:24cv6253

in Los Angeles on June 23, 2024 or whose ability to enter and exit the Adas Torah synagogue on that date was rendered unreasonably difficult or hazardous due to the actions of Defendants. Plaintiffs Pollak and StandWithUs will testify that on June 23, 2024, like other class members, due to Defendants' physical obstructions, their (i.e., Pollak and StandWithUs members') ability to enter the Adas Torah synagogue was either made impossible or rendered unreasonably difficult or hazardous. As a result of Defendants' actions, Plaintiffs were unable to exercise their First Amendment right of religious freedom at a place of worship and suffered emotional and other harms.

Defendant's Position:

As a preliminary matter, there is no class action at this time, and while Plaintiffs' counsel may represent potential or putative class members, it does not presently represent any class. Per the Court's prior orders (Dkt. Nos. 105, 126), the only issue remaining is

whether the specific subject social media post discussed in those Orders constituted a violation of the FACE Act. Defendants deny that it did. First, Defendants deny having the requisite intent to interfere with or intimidate Plaintiffs because of their exercise of freedom of religion. The event was publicly advertised as a purely commercial transaction, and Defendants did not even know, nor should they have known, that the event would have purported religious overtones for some in attendance. Defendants also did not know, nor should they have known, that there would be any religious services conducted at a Jewish house of worship on a Sunday. Second, Defendants deny having the requisitely reckless

JOINT 26(F) REPORT                         3                          2:24cv6253

degree of *mens rea* under *Counterman v. Colorado*, and their speech was therefore protected by the First Amendment. Third, Defendants assert that under international and domestic law, the sale of racially-restricted land by My Home in Israel is illegal, and the court therefore lacks jurisdiction to shield or protect the conduct in question.

### 2.   Subject Matter Jurisdiction

The Court has federal question jurisdiction under the FACE ACT, 28 U.S.C. §1331 and 1343.

### 3.   Legal Issues

The parties anticipate that the case will involve the following legal issues:

a) Whether Defendants' actions and speech were in violation of the FACE ACT;

b) Whether events that occurred outside the Adas Torah synagogue in Los Angeles on June 23, 2024, are relevant to Defendants' liability theory regarding the

subject social media post;

c) Whether Defendants' speech was protected by the First Amendment—specifically whether *Counterman* protects the alleged speech and requires Plaintiff to show that Defendants acted with a reckless *mens rea*;

d) Whether Plaintiff is required to show that Defendants acted *because* of the plaintiffs' attempt to exercise their religious freedom;

e) Whether a class should be certified in this action; and

f) Whether the My Home in Israel event was in violation of international or domestic law, such that the Court is prohibited from shielding it.

JOINT 26(F) REPORT                    4                    2:24cv6253

4.    **Parties**

Plaintiffs Noah Pollak and StandWithUs Center for Legal Justice

Defendants CodePink Women for Peace, and CodePink Action Fund

5.    **Damages**

Plaintiffs' Position:

Plaintiffs Pollak and StandWithUs (on behalf of its members) seek compensatory and statutory damages under the FACE Act for the harm they, their members (in the case of StandWithUs), and the class members suffered as a result of Defendants' conduct. Plaintiffs also seek punitive damages, and temporary, preliminary, and permanent injunctive relief to prohibit Defendants and their associates from coming within 300 feet of the Adas Torah synagogue. Plaintiffs further seek recovery of attorneys' fees, expert witness fees, and litigation costs as authorized by statute, along with any other equitable

relief the Court deems just and proper.

Defendants' Position:

Defendants deny that Plaintiff Pollak, members of StandWithUs, or any members of any putative class are entitled to any damages. The injunctive relief sought is irrelevant to the sole legal theory that survived the Court's Order, which is based only on a social media post, not a demonstration or physical presence at Adas Torah, and that any effort to assert a prior restraint upon Defendants' future speech is unconstitutional.

JOINT 26(F) REPORT                          5                          2:24cv6253

Upon the successful defeat of this case Defendants shall seek attorney's fees.
pursuant to 28 U.S.C. §1927.

6.    **Insurance**

Plaintiffs' Position:

Plaintiffs do not possess any insurance applicable to the claims at issue.

Defendants' Position:

Neither Defendant has insurance.

7.    **Motions**

No pending motions at this time.

Plaintiffs' Position:

Plaintiffs may seek to amend the Complaint to name the identities of John Doe
Defendants when/if they are revealed through the discovery process. Plaintiffs may also

need to amend the class definitions as identified during discovery.  Plaintiffs will also move for class certification and summary judgment.

Defendants' Position:

Defendants plan on filing motions for summary judgement.

**8.    Complexity**

The Parties do not believe this case is appropriate for treatment under the Manual of Complex Litigation.

JOINT 26(F) REPORT                                6                                    2:24cv6253

### 9.   Status of Discovery

Plaintiffs issued written discovery requests to both Defendants on October 31, 2025. Defendants provided responses to written discovery requests on December 9, 2025. There is disagreement between the Parties regarding the scope of discovery in this matter. The Parties will confer regarding the scope of discovery, and, in the event the Parties cannot arrive at a resolution, they will involve the Court pursuant to the rules of the Court.

### 10.   Discovery Plan

<u>Plaintiffs' Position:</u>

Plaintiffs do not request any departure from the federal rules. Plaintiffs anticipate the need for electronic, written, and oral discovery. Plaintiffs will retain an expert witness in support of class certification. Plaintiffs oppose any request to bifurcate or delay discovery. The Parties propose completing Rule 26 initial disclosures by Febuary 27, 2026.

The Parties further propose the other case deadlines attached in Exhibit "A".

Defendants' Position:

Defendants will seek two protective orders: First, they shall seek an order that Plaintiffs' discovery address only facts relevant to Defendants' social media post, and not the demonstration outside of Adas Torah. Second, Defendants will seek an order that discovery be limited because of its chilling effect on freedom of association; and that to the extent that this Court requires that individual Code Pink members be identified, that said identification be on an "attorneys' eyes only" basis.

JOINT 26(F) REPORT                              7                              2:24cv6253

11.   **Discovery Cut-off**

The Parties propose the Discovery Cut-off deadlines as attached in Exhibit "A".

12.   **Expert Discovery**

The Parties propose the Expert discovery deadlines as attached in Exhibit "A".

13.   **Dispositive Motions**

Plaintiffs' Position:

Plaintiffs anticipate that a motion for summary judgment may be appropriate regarding the following issues:

(1) Whether Defendants' activity was protected by the First Amendment;

(2) Whether Defendant's conduct violated the FACE ACT;

Defendants' Position:

Defendants anticipate a motion for summary judgment on the dispositive issues

identified above.

14.    **Alternative Dispute Resolution ("ADR") Procedure Selection**

Plaintiffs' Position:

Plaintiffs suggest ADR Procedure No. 2, a neutral mediator selected from the Court's Mediation Panel.

Defendants' Position:

Defendants doubt that mediation will be productive but agree that if it is required a neutral mediator from the Court Panel would be appropriate.

JOINT 26(F) REPORT                          8                          2:24cv6253

15.   **Trial Estimate**

Plaintiffs' Position:

Plaintiffs made a proper jury trial demand. Plaintiffs expect that a class action trial in this case will take approximately 10 (ten) days, or, if a class has not been certified, 7 (seven) days for trial of Plaintiffs' individual claims. Plaintiffs expect that they (Pollak and a representative of StandWithUs) will testify at trial and will likely call Defendants' corporate representative to testify. Additional fact witnesses are likely to become known throughout the discovery process.

Defendants' Position:

Defendants expect the trial will take three days.

16.   **Trial Counsel**

Plaintiff's Trial Counsel: Michael A. Sherman

Defendant Trial Counsel: Mark Kleiman

**17. Independent Expert or Master**

The Parties do not believe this case would benefit from an independent expert or master.

**18. Timetable**

See Exhibit "A" Attached for the Proposed Schedule of Pretrial and Trial Dates.

JOINT 26(F) REPORT                    9                    2:24cv6253

**19.    Amending Pleadings and Adding Parties**

Plaintiffs anticipate further amending the Complaint to name the identities of John Doe Defendants when/if they are revealed through the discovery process. Plaintiffs may also need to amend the class definitions as identified during discovery.

**20.    Other Issues**

Defendants anticipate seeking a protective order to safeguard the privacy of personal information for parties or party-related individuals. Other than that, the Parties do not anticipate any other orders the Court should make at this time.

**21.    Consent to Proceed Before a Magistrate Judge**

All parties consent to proceed before a magistrate judge.

Dated: February 18, 2026          Respectfully submitted,

By: /s/ Dallin B. Holt

Dallin B. Holt*
dholt@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2555 East Camelback Rd., Ste 700
(602) 388-1262 (telephone)
(540) 341-8809 (facsimile)

Michael Sherman
masherman@stubbsalderton.com
STUBBS, ALDERTON & MARKILES, LLP
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
(818) 444-4528 (telephone)

*Attorneys for Plaintiffs
and the putative class*

JOINT 26(F) REPORT                10                        2:24cv6253

Dated: February 18, 2026         Respectfully submitted,

By: /s/ *Mark Kleiman*
Mark Kleiman (Cal. SBN 115919)
mark@krlaw.us
KLEIMAN RAJARAM
12121 Wilshire Boulevard
Suite 810
Los Angeles, California 90025
Tel: (310) 392-5455
Fax: (310) 306-8491

By: /s/ *Collin Poirot*
Collin Poirot (NY SBN 5673405)
Cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas, TX 75219
214-392-2281

*Attorneys for Defendants*

JOINT 26(F) REPORT                              11                              2:24cv6253

## EXHIBIT A
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

CASE NAME: Pollack v. Code Pink, et al.
CASE NO: 2:24-cv-6253--SVW-PVC

| Last Day to: | Plaintiff Proposes | Defendant Proposes |
|---|---|---|
| Motion for Class Certification | September 4, 2026 | Agreed |
| Serve Initial Expert Reports | September 18, 2026 | Agreed |
| Opposition on Certification | October 5, 2026 | Agreed |
| Serve Rebuttal Expert Reports | October 9, 2026 | Agreed |
| Reply to Certification | October 26, 2026 | Agreed |
| Fact Discovery | November 6, 2026 | Agreed |
| Conduct Settlement Proceedings | December 4, 2026 | Agreed |
| Expert Discovery | December 11, 2026 | Agreed |
| File Daubert Motions | January 15, 2027 | Agreed |
| Motions in Limine | February 12, 2026 | Agreed |



| | | |
|---|---|---|
| Pre-Trial Conference (Friday) | March 12, 2027 | Agreed |
| Jury Trial (9:00 a.m.) | April 12, 2027 | Agreed |

JOINT 26(F) REPORT                    12                    2:24cv6253