John Cycon (*Pro Hac Vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 (telephone)
(540) 341-8809 (facsimile)
*jcycon@holtzmanvogel.com*

Attorneys for Plaintiffs and Class Members

*(Additional counsel listed on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE, <br><br> Plaintiffs, <br><br> v. <br><br> CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100, <br><br> Defendants. | Case No.: 2:24cv6253 <br> [referred to Magistrate Judge Pedro Castillo] <br><br> **PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES** |

1

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

Mark Goldfeder (*Pro Hac Vice*)
*mark@jewishadvocacycenter.org*
Ben Schlager (*Pro Hac Vice*)
*ben@jewishadvocacycenter.org*
NATIONAL JEWISH ADVOCACY CENTER, INC.
INTERNATIONAL LEGAL FORUM
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895 (telephone)
(800) 758-5232 (facsimile)

Jason B. Torchinsky (*Pro Hac Vice*)
*jtorchinsky@holtzmanvogel.com*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street NW
Suite 643
Washington, DC 20037
(202) 737-8808 (telephone)
(540) 341-8809 (facsimile)

Michael A. Sherman (SBN 94783)
*masherman@stubbsalderton.com*
LAW OFFICES OF MICHAEL A. SHERMAN
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
(818) 444-4528 (telephone)

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

Plaintiffs submit this memorandum in support of their motion to compel discovery responses to their First Set of Requests for Admission, Interrogatories, and Requests for Production, attached with CodePink Defendants' responses included as **Exhibits A**, **B**, & **C**, respectively. Plaintiffs covered their main arguments in the Local Rule 37-2 Stipulation, but will address a few remaining issues here.

Plaintiffs' Local Rule 37-2 Stipulation demonstrates that CodePink Defendants' invocation of privacy/associational rights is inadequate for multiple reasons, the foremost being the lack of specificity or supporting grounds. (*See* Ex. A to Mot. Compel 10, 30–31, Dkt No. 150-1.) Even if CodePink Defendants did not waive these grounds for objecting outright, they fail on their merits.

## A.    Plaintiffs Cannot Avoid Disclosure on First Amendment Grounds

To the extent that CodePink Defendants rely on First Amendment objections, they do not protect documents or information from disclosure in this case. A party asserting a First Amendment privilege must first "demonstrate a prima facie showing of arguable first amendment infringement." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010) (cleaned up, citation omitted). If it makes the necessary showing, "exacting scrutiny" applies, which requires the moving party to "show that the information sought is highly relevant to the claims or defenses in the litigation" and the "request . . . [is] carefully tailored to avoid unnecessary interference with protected activities." *Id.* at 1161. CodePink Defendants have not satisfied the first element, and, even if they could, Plaintiffs easily meet their burden under the second.

### 1.    *Plaintiffs' discovery requests do not threaten CodePink members' First Amendment rights*

As this Court has long recognized, "[t]he First Amendment does not protect all forms of association," only those engaged in "activities . . . explicitly stated in

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

the amendment: speaking, worshiping, and petitioning the government.'" *Lopez v. Swarthout*, No. CV 09-0829 R FMO, 2012 WL 6012848, at *12 (C.D. Cal. Aug. 28, 2012), *R&R adopted*, 2012 WL 6012845 (C.D. Cal. Nov. 30, 2012) (quoting *IDK, Inc. v. Clark Cnty.*, 836 F.2d 1185, 1192 (9th Cir. 1988)). Thus, there is no associational right to "join[] with others for the purpose of depriving third parties of their lawful rights." *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1082 n.16 (9th Cir. 2002) (quoting *Madsen v. Women's Health Center, Inc.,* 512 U.S. 753, 776 (1994)).[1] The conduct Plaintiffs allege falls within that category, from making "true threats" on social media to obstructing and intimidating would-be synagogue attendees from attending religious services and inciting others to do so. (*See* Order re Motions to Dismiss at 19, 25, Dkt. No. 131.) Because the discovery requests ask about those activities and the people who engaged in them, CodePink Defendants cannot hide behind the First Amendment to avoid responding to the requests. *See AFT Mich. v. Project Veritas*, No. CV 17-13292, 2020 WL 10498585, at *10 (E.D. Mich. July 2, 2020), *aff'd in relevant part,* 2023 WL 2890152 (E.D. Mich. Apr. 10, 2023) (rejecting First Amendment defense to identifying donor who funded unlawful activities). And to the extent that the requests arguably sweep more broadly than unlawful activities, Plaintiffs have not offered any evidence of negative impact, as is their burden. *See Perry*, 591 F.3d at 1160.

     **2.**      *Disclosing identities and activities of members who participated in the events at issue satisfies exacting scrutiny*

If Plaintiffs make it to the second step, the Court must "balance the burdens imposed on individuals and associations against the significance of the interest in

---

[1] Some might argue that the Supreme Court's decision in *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021) makes *Perry*'s initial showing unnecessary, but in fact that issue "was never in dispute" in *Bonta*, as one court that applied the *Perry* framework recently noted. *See AFT Michigan v. Project Veritas*, No. CV 17-13292, 2023 WL 2890152, at *6 n.7 (E.D. Mich. Apr. 10, 2023). The first *Perry* step is necessary to give effect to *Madsen*.

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

disclosure to determine whether [that interest] outweighs the harm." *Perry*, 591 F.3d at 1161 (cleaned up, citations omitted). Four factors guide this balancing test: (1) "the importance of the litigation"; (2) the "centrality of the information sought to the issues in the case"; (3) "the existence of less intrusive means of obtaining the information"; and (4) "the substantiality of the First Amendment interests at stake." *Id.* Each of these weighs in favor of disclosure.

First, this litigation is important because it is one of the first times the FACE Act has been applied to disrupting access to religious services. The Act has banned such activities from its inception, but almost all cases under it have been brought in relation to abortion clinics. The Department of Justice deemed it important enough to file a statement of interest in this case (Dkt. No. 119), and has now brought a similar case in New Jersey, see *United States v. Party for Socialism & Liberation N.J., et al.*, No. 2:25-CV-16049 (D.N.J. filed Sep. 29, 2025).

Second, Plaintiffs seek information that is central and highly relevant to the issues in this case. Plaintiffs' claim against CodePink turns on whether the relevant posts were intended to intimidate would-be attendees or incite others to disrupt the services, and whether such intimidation or disruption actually occurred. (*See* Order re Motions to Dismiss at 25.) And Plaintiffs cannot proceed against Doe Defendants until they uncover their identities. Plaintiffs seek information and documentation shedding light on exactly those issues, among other things: (1) what CodePink or its members intended by the social media posts at issue; (2) whether CodePink members participated in the riot outside the Adas Torah synagogue; (3) what their motivation was in doing so; (4) whether any of the Doe Defendants are CodePink members; and (5) whether the activities leading up to and during the riot outside the Adas Torah synagogue satisfied the elements of Plaintiffs' FACE Act claim. CodePink members involved in these activities, like the donors whose identities the court ordered the defendant to disclose in a recent Michigan case, "are highly

5

relevant witnesses at a minimum, and may also be potential [co-defendants]." *AFT Mich.*, 2023 WL 2890152, at *7 (E.D. Mich. Apr. 10, 2023) (citation omitted).

Third, Plaintiffs cannot reasonably obtain the information sought by less intrusive means. The internal CodePink documentation sought is simply not available from any other party. While Plaintiffs might be able to obtain *some* of the requested materials sought from individual members, CodePink Defendants are withholding those members' identities. Plaintiffs have no way of knowing which CodePink members were involved with the relevant social media posts or what they intended by them. They face steep challenges in even identifying rioters, much less assessing their motive and intent, due to the highly fragmented and selectively edited video and photographs from the events and the fact that some rioters obscured their faces.

Finally, "the substantiality of the interests at stake" does not weigh strongly against disclosure. This factor entails consideration of "how the requested disclosures could adversely impact [CodePink's] ability to pursue its mission or chill its [members'] rights to associate through [it]." *AFT Mich.*, 2020 WL 10498585, at *11. CodePink's *stated* mission is "end[ing] U.S. wars and militarism, support[ing] peace and human rights initiatives, and redirect[ing] our tax dollars into healthcare, education, green jobs and other life-affirming programs," as opposed to say, harassing Jews.[2] CodePink Defendants have made no effort to establish an adverse impact. Moreover, an order compelling disclosure of the identities and activities of certain members who threatened and intimidated Jews going to synagogue might affect decisions by CodePink or its members to engage in such unlawful activities, but they have no *protected interest* in doing so.

Thus, the balance of interests tilts decisively toward compelling disclosure,

---

[2] *What Is CODEPINK's Mission?* CODEPINK https://www.codepink.org/general_questions (last accessed June 8, 2026).

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

especially when "a protective order can strike the appropriate balance between the need for the information and the privacy concerns." *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 178 (E.D. Cal. 2022).

**B.      Plaintiffs Cannot Avoid Disclosure on Privacy Rights Grounds**

CodePink Defendants' possible invocation of state-law privacy rights fares no better. As set forth in the Local Rule 37-2 Stipulation, this right was twice waived: substantively, by "voluntary action in a public place," *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th 536, 544 (Cal. Ct. App. 1993), and procedurally, by "[f]ailure to provide sufficient information" to support it. *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005).

Even if a privacy interest was not waived, it is not a categorical bar to disclosure. Instead, like the First Amendment privacy right, the California right of privacy is a qualified privilege that calls for a balancing test between the interests of disclosure and privacy. A court in this district has advised that once the movant "has shown a legitimate need for the requested information," it "balance[s] defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff." *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007); *see also Holland-Hewitt*, 343 F.R.D. at 175 (framing first step before conducting balancing test as "compelling need for discovery").

For the reasons discussed in the previous section, the information Plaintiffs seek is central and highly relevant to the issues in this case, and their need for it outweighs the privacy interests CodePink Defendants have asserted on behalf of third parties, which can be adequately addressed via protective order.

### CONCLUSION

CodePink Defendants have for too long obstructed the discovery process with categorical objections. Plaintiffs have shown that those lack support. This Court should compel CodePink Defendants to respond fully.

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

DATED this 9th day of June, 2026.

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
 */s/John Cycon*
 JOHN CYCON*
 Attorneys for Plaintiffs and Class Members

Mark Goldfeder*
*mark@jewishadvocacycenter.org*
Ben Schlager*
*ben@jewishadvocacycenter.org*
NATIONAL JEWISH ADVOCACY CENTER, INC.
INTERNATIONAL LEGAL FORUM
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895 (telephone)
(800) 758-5232 (facsimile)

Jason B. Torchinsky*
*jtorchinsky@holtzmanvogel.com*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
2300 N Street NW
Suite 643
Washington, DC 20037
(202) 737-8808 (telephone)
(540) 341-8809 (facsimile)

Michael A. Sherman (SBN 94783)
*masherman@stubbsalderton.com*
LAW OFFICES OF MICHAEL A. SHERMAN
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
(818) 444-4528 (telephone)

*Attorneys for Plaintiffs and Class Members*
*\*Pro Hac Vice*

PLAINTIFFS' LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253