# Exhibit B

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
(pro hac vice)
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>Judge:  Hon Stephen V. Wilson<br><br>DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES |

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify whom in Your defined organization, or acting on behalf of Your organization, controls Your social media accounts, including, but not limited to, Instagram, X, Facebook, YouTube, and Snapchat since January 1, 2024. To the extent different individuals control the specific accounts for the Southeast Los Angeles and Los Angeles Chapters of CodePink WFP or CodePink Action please identify those individuals.

## RESPONSE TO INTERROGATORY NO. 1:

Objection. Overbroad, irrelevant, and disproportionate. Santoyo v. Howmedica Osteonics Corp., No. C15-5264 BHS, 2016 U.S. Dist. LEXIS 60012 (W.D. Wash. May 5, 2016) The various CODEPINK affiliates have over seventy social media accounts. The only accounts involved in the social media post which is the subject of the litigation are the SELA affiliate's account. The interrogatory is also overbroad as to time and therefore irrelevant and disproportionate. The real estate sales event held at the subject property was not advertised until May of 2024 at the earliest and therefore not the subject of any planned, designed, or even contemplated post until then. Nor is any time after June 23, 2024 relevant. Finally, identification of the individuals asked about violates their right to associational privacy for their First Amendment-protected activities.

Plaintiffs' use of the verb "controls" is also confusing and renders even those parts of the interrogatory that are relevant impossible to answer. CODEPINK affiliates typically operate on a collaborative basis without any individual exerting "control" over an activity. Once an appropriate protective order is in place CODEPINK will identify those persons involved with the SELA affiliate's social media account from May 1, 2024 through June 23, 2024. If Plaintiffs have evidence that the social media post that contained an inverted red triangle and promoted the demonstration at the subject property, was distributed by any CODEPINK affiliate

2
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

other than the SELA affiliate, CODEPINK  will, subject to the appropriate protective order, furnish further information about those affiliates for the time period during which those affiliates promoted the post.

Subject to and without waiving said objections, CODEPINK WFP has no social media presence or involvement with any CODEPINK affiliates.

**INTERROGATORY NO. 2**:  Describe any steps during the Relevant Time You took to ensure those attending the Events at your behest did not physically obstruct, intentionally injure, intimidate, interfere, or attempt to injure any person seeking to enter or exit the Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO INTERROGATORY NO. 2**:

Objection.  Irrelevant and disproportionate. In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Occurrences at the real estate sales event are not relevant to this inquiry. It is also not proportional. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 3**:  Identify (by name or names of person/people, all addresses associated with such person, all email accounts associated with such person, all Instagram and other social media accounts associated with such person, and all phone numbers associated with such person) all persons who drafted, and/or approved prior to posting, and and/or posted the Instagram posts identified in footnotes 64, 75, 83, 84, 90, 93, and 96 of the First Amended Complaint.

3
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 3**:

Upon entry of an appropriate protective order CODEPINK will respond to this interrogatory as it relates to the Instagram posts referenced in footnotes 64 and 84.  The remainder of the interrogatory is objected to upon the following grounds: Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).  CODEPINK WFP's answer with respect to the posts identified in footnotes 64 and 85 will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy).

**INTERROGATORY NO. 4**:  Identify anyone known by You to be a member of Your organization (in the same manner you expansively use the term "member" on Your website, https://www.codepink.org/am_i_a codepink_member) or otherwise affiliated with Your organization in any way who attended the Events.

**RESPONSE TO INTERROGATORY NO. 4**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 5**:  Describe any and all facts, videos, pictures, etc. to support Your statement that the entrance to the Adas Torah Synagogue "was never blocked by anyone" during the Events.[1]

**RESPONSE TO INTERROGATORY NO. 5**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 6**:  Identify the women alleged in paragraphs 251 – 255 of the First Amended Complaint

**RESPONSE TO INTERROGATORY NO. 6**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales

---

[1] This statement is cited in footnote 91 of the First Amended Complaint.

were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 7**:  Identify the individuals shown as speakers in the video referenced in paragraphs 337 – 340 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 8**:  For every Request for Admission in Plaintiff's First Set of Requests for Admission to You that is not admitted in unqualified fashion, state all facts supporting the denial.

**RESPONSE TO INTERROGATORY NO. 8**:

None.

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

KLEIMAN / RAJARAM

Dated: December 9, 2025          By: _Mark Kleiman_____

Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

# <u>VERIFICATION</u>

I am an authorized representative of CODEPINK Women for Peace, the party responding to the foregoing Plaintiffs' First Set of Interrogatories in this action.  I have reviewed the foregoing responses and know, or have been informed of their contents.  Subject to the objections stated herein, the responses are true and correct to the best of CODEPINK Women for Peace's knowledge, information, and belief after reasonable inquiry.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2025, at Shanghai, China.


*/s/ Jodie Evans*
_____
Jodie Evans
Member, Board of Directors

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2025, I caused to have served via electronic mail the foregoing DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' SET OF INTERROGATORIES on counsel for the parties listed below:

Dallin B. Holt (Pro Hac Vice) dholt@holtzmanvogel.com

Jason B. Torchinsky (Pro Hac Vice) jtorchinsky@holtzmanvogel.com

John Cycon (Pro Hac Vice) jcycon@holtzmanvogel.com

Daniel Tilleman <dtilleman@holtzmanvogel.com>

Jonathan Lienhard <jlienhard@holtzmanvogel.com>

Lisa Charette lcharette@holtzmanvogel.com

Michael A. Sherman masherman@stubbsalderton.com

Mark Goldfeder <Mark@njaclaw.org>

Ben Schlager Ben@njaclaw.org

Collin Poirot cpoirot.law@gmail.com

_____
Mark Kleiman

9
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES