# Exhibit C

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK WFP, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>Judge:  Hon Stephen V. Wilson<br><br>DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION |

1
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents and communications that concern the terms provided in the Search List during the Relevant Time.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 1**:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. Documents regarding dismissed defendants or CODEPINK WFP's opposition to genocide and apartheid are not relevant to this inquiry.  Documents containing terms that were never communicated in any alleged effort to intimidate or threaten persons who would read CODEPINK WFP's invitation to demonstrate by bringing banners and musical instruments are not relevant.  It is also not proportional.  CODEPINK WFP's further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016). Defendant also objects to Search List items 3, 4, 5, 6, 7, 8, 12, 13, 16, 17, and 18. upon the same grounds as the objection to Plaintiff's definition of "Relevant time."

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024, and other than for Search List items 1, 2, 9, 10, 11, 14, and 15.  CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects

2
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2:** Documents and communications concerning any planning, organizing, funding, or that are associated in any way with the Events, including documents and communications that reference in any way CodePink WFP's or any of CodePink WFP's affiliates or members presence (planned or actual) at or nearby the Adas Torah Synagogue located at 9040 West Pico Blvd., Los Angeles, CA, 90035 ("Adas Torah Synagogue") or the surrounding Pico Robertson neighborhood on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 2**:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3**: Documents and communications requested by any REQUEST FOR PRODUCTION  served by Plaintiffs, identified in Your responses thereto, or consulted or relied upon in the formulation of Your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 3**:

Objection.  Irrelevant, overbroad, and unduly burdensome.  Brewer v. BNSF Ry. Co., No. CV-14-65-GF-BMM-JTJ, 2018 U.S. Dist. LEXIS 24402, at *4 (D. Mont. Feb. 14, 2018).  ("A party seeking discovery on discovery ('meta discovery') must show a specific deficiency in the other party's production." Citing *The Sedona Conference Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, 42 (Sept. 2016) at 118.)

Further objection:  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts

with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications, including but not limited to drafts and comments, that relate or refer to the Instagram posts referenced in footnotes 64, 75, 83, 84, 86, 90, 92, 93, and 96 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 4**:

Upon entry of an appropriate protective order documents responsive to this request as it relates to the Instagram posts reference in footnotes 64 and 84 from CODEPINK WFP would be produced if any existed.  They do not.

The remainder of the Request is objected to upon the following grounds: Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications, including but not limited to drafts and comments, that relate or refer to any social media posts (including, but not limited to: X, Facebook, Instagram, TikTok) posted by You concerning the events that took place nearby the Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 5**:

Objection.  Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016). Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications, including but not limited to drafts and comments, that include, discuss, relate, or

refer to the use of an inverted red triangle[1] as a symbol or graphical device since October 7, 2023 until the present.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 6**:

Objection:  To the extent that this Request calls for production of documents already requested regarding the social media post that Plaintiffs have specifically identified as containing an inverted red triangle and the the address of the subject property, from either CODEPINK WFP or the SELA or Los Angeles affiliate, it is duplicative.

Further Objection.  Irrelevant, overbroad, and unduly burdensome. Documents regarding other social media posts having nothing to do with purported religious services at the subject property are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

---

[1] Defendants CodePink Action and CodePink WFP put the "inverted red triangle" at issue in their Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 111) at 14:28 to 15:1–3, and at the hearing on the same.

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications that relate or refer to Paula Graciela Kahn.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 7**:

Paula Graciela Kahn had nothing whatsoever to do with the conception of, design of, planning for, review of, or publication of the social media post which is the remaining basis for this lawsuit.  Plaintiff's In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. Further, the request is unlimited as to time. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024.

8

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

In a discussion of this Request Plaintiff's counsel alleged that Kahn was seen in the Pico Robertson area and that while wearing a pink hat she struck someone with a water bottle.  CODEPINK WFP points out that not wearing a pink hat does not signify affiliation with CODEPINK, as evidence by the pink hat worn by convicted January 6 felon Rachel Powell (https://www.newsweek.com/meet-pink-hat-lady-capitol-riot-it-was-like-war-1845055).

**REQUEST FOR PRODUCTION NO. 8**: All unedited and raw video footage, pictures, and audio recordings on any cameras, including phones with cameras, of any member of CodePink WFP or CodePink Action, regardless if they were physically present in the area surrounding the Adas Torah Synagogue, that show the Events at Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 8**:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and

therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

KLEIMAN / RAJARAM

Dated: December 9, 2025            By:_____

Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

## VERIFICATION

I am an authorized representative of CODEPINK Women for Peace, the party responding to the foregoing Plaintiffs' First Set of Requests for Production of Documents in this action. I have reviewed the foregoing responses and know, or have been informed of their contents. Subject to the objections stated herein, the responses are true and correct to the best of CODEPINK Women for Peace's knowledge, information, and belief after reasonable inquiry.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2025, at Shanghai, China.

*/s/ Jodie Evans*

_____

Jodie Evans
Member, Board of Directors

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2025, I caused to have served via electronic mail the foregoing DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION on counsel for the parties listed below:

Dallin B. Holt (Pro Hac Vice) dholt@holtzmanvogel.com

Jason B. Torchinsky (Pro Hac Vice) jtorchinsky@holtzmanvogel.com

John Cycon (Pro Hac Vice) jcycon@holtzmanvogel.com

Daniel Tilleman <dtilleman@holtzmanvogel.com>

Jonathan Lienhard <jlienhard@holtzmanvogel.com>

Lisa Charette lcharette@holtzmanvogel.com

Michael A. Sherman masherman@stubbsalderton.com

Mark Goldfeder <Mark@njaclaw.org>

Ben Schlager Ben@njaclaw.org

Collin Poirot cpoirot.law@gmail.com

_____

Mark Kleiman

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION