# EXHIBIT A-1

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice pending)*
cpoirot@jd18.law.harvard.edu
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendant
CODEPINK

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| STANDWITHUS CENTER FOR LEGAL JUSTICE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK, PALESTINIAN YOUTH MOVEMENT, and WESPAC FOUNDATION<br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Plaintiff(s) and Defendant(s), by and through counsel of record, stipulate and request that the Court enter the following Protective Order under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

**1. Findings and Purpose**

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

1.1 Discovery in this action is likely to include nonpublic information whose disclosure outside this litigation could cause substantial harm, including private associational information, internal strategy, communications, donor or supporter information, nonpublic personal information, internal security information, sensitive financial information, and other material the public dissemination of which could subject a party or nonparty to harassment, retaliation, intimidation, reputational injury, or improper use for political, media, administrative, investigative, or law-enforcement purposes.[cite:2][cite:1]

1.2 Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to issue orders protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by specifying terms for discovery, limiting the scope of disclosure, designating who may be present, and requiring that confidential information be revealed only in a specified way.[cite:2]

1.3 Federal Rule of Evidence 502(d) authorizes the Court to order that disclosure of privileged or work-product-protected information connected with this litigation does not waive privilege or protection in this or any other federal or state proceeding.

1.4 The restrictions in this Order are intended to be narrow enough to permit necessary litigation use and strict enough to prevent disclosure, review, copying, dissemination, retention, or exploitation beyond what is genuinely necessary for this

## 2. Scope

2.1 This Order governs all documents, electronically stored information, things, deposition testimony, interrogatory answers, requests for admission responses, expert materials, excerpts, summaries, notes, analyses, metadata, and any copies or

derivatives thereof produced, served, subpoenaed, or generated in discovery, whether produced by a party or a third party witness..

2.2 This Order applies to information produced by parties and nonparties.

2.3 Nothing in this Order confers blanket protection on all discovery. Protection extends only to material that qualifies for confidential treatment under Rule 26(c) and applicable law.

## 3. Definitions

3.1 **Producing Party** means any party or nonparty that produces Protected Material.

3.2 **Receiving Party** means any party that receives Protected Material.

3.3 **Protected Material** means any discovery material designated under this Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

3.4 **Confidential Information** means nonpublic information entitled to protection under Rule 26(c), including personal, financial, proprietary, internal, security-sensitive, associational, or similar information.

3.5 **Highly Confidential – Attorneys' Eyes Only** or **AEO** means extremely sensitive nonpublic information where disclosure beyond the narrow persons specified in this Order creates a risk of a chilling effect or harm that could not be avoided by less restrictive means. Without limitation, this category includes:

- donor, member, supporter, volunteer, affiliate, or prospective supporter identifying information;

- nonpublic internal communications concerning strategy, advocacy, campaigns, organizing, coalition relationships, messaging, or legal risk;

- internal security protocols, threat assessments, travel or event security information, and similar safety-related material;

- unpublished research, media strategy, fundraising strategy, and opposition-response planning;

- confidential personnel information;

- banking information, vendor information, tax-identification information, and similar sensitive financial data;

- information that could reasonably be used to identify, target, harass, intimidate, retaliate against, investigate, surveil, dox, or publicly smear any party, employee, contractor, volunteer, donor, member, affiliate, supporter, witness, or associated person.

3.6 **Outside Counsel of Record** means attorneys who have appeared in this action for a party, together with attorneys employed by the same law firm who are actively involved in this litigation and necessary litigation-support personnel, but only to the extent access is permitted by this Order.

3.7 **House Counsel** means attorneys employed directly by a party. Unless the Producing Party expressly agrees in writing or the Court orders otherwise, House Counsel shall not receive AEO material.

3.8 **Authorized Support Personnel** means only those specific paralegals, litigation-support staff, docketing personnel, and contract reviewers individually identified under Section 7 and given access strictly on a need-to-know basis.

[PROPOSED] STIPULATED PROTECTIVE ORDER

4

3.9 **Access Log** means a contemporaneous record identifying each person who accessed Protected Material, the date and time of access, the material accessed, and the purpose and manner of access.

## 4.  Sequencing of Discovery

4.1  Discovery shall be guided by the principle that where it affects expressive conduct or associational privileges it will be limited to information directly relevant to the claims or defenses against the Party or witness.  So, for example, discovery about the planning or a post-mortem evaluation of the demonstration that is the subject of the lawsuit would always be relevant.  Discovery about any other First Amendment activities would only be relevant if, for example, a deponent had direct knowledge of the planning conduct, or assessment of the subject demonstration and there was a direct link between that demonstration and some other specific activity.

4.2  To the extent that sequencing affects the cadence of discovery or may require piecemeal depositions, the parties will confer with the goal of cooperating so that where there is disagreement over whether discovery is directly relevant, that disagreement can be reviewed and discovery can, if necessary be resumed swiftly and on shortened time periods.

## 5. Designation

5.1 A Producing Party may designate material **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** by stamping each page or affixing the designation in a reasonably prominent manner.

5.2 For ESI, the designation may be made in the filename, load file, native-file placeholder, metadata field, or by written notice identifying the designated material.

5.3 Deposition testimony may be designated on the record or within 30 days after receipt of the transcript. Until that 30-day period expires, the entire transcript shall be treated as AEO if so requested on the record by the Producing Party or by a Third Party witness..

5.4 A Producing Party may correct an inadvertent failure to designate by prompt written notice. On receipt of that notice, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation from that point forward.

**6. Use Limitation**

6.1 Protected Material shall be used solely for prosecuting, defending, attempting to settle, or obtaining relief from the Court in this action, and for no other purpose.

6.2 Protected Material shall not be used for any business, competitive, political, administrative, regulatory, investigative, legislative, lobbying, public-relations, advocacy, organizational, press, media, fundraising, or personal purpose.

6.3 Protected Material shall not be disclosed, transmitted, summarized, characterized, quoted, described, or otherwise conveyed to any journalist, media outlet, commentator, blogger, podcaster, advocacy group, trade association, government agency, congressional office, executive-branch official, law-enforcement body, or any other nonparty, absent written consent of the Producing Party or further order of the Court.

6.4 No Receiving Party may provide Protected Material, or any information derived from it, voluntarily or informally to any federal, state, local, foreign, or administrative agency, including the Department of Justice, absent written consent of the Producing Party or a court order issued after notice to the Producing Party and an opportunity to be heard.

**7. Default Level for Sensitive Material**

7.1 Material falling within Section 3.5 may be designated AEO.

7.2 Any donor-identifying information, supporter-identifying information, volunteer-identifying information, internal campaign strategy, internal legal strategy, or internal security information shall be presumed appropriately designated AEO unless and until the Court rules otherwise.

**8. Strict Access Controls**

8.1 **CONFIDENTIAL** material may be disclosed only to:

- Outside Counsel of Record in this action;

- no more than two client representatives per party, each identified by name in writing in advance, and only if reasonably necessary;

- experts or consultants retained for this action who sign the acknowledgment attached as Exhibit A and who are disclosed under Section 9;

- the Court and its personnel;

- court reporters, videographers, translators, and professional vendors reasonably necessary for this action and bound in writing;

[PROPOSED] STIPULATED PROTECTIVE ORDER

7

- witnesses during deposition or testimony, but only to the extent reasonably necessary and only if they sign Exhibit A unless already bound by law or prior written agreement.

8.2 **AEO** material may be disclosed only to:

- no more than **three** specifically identified attorneys at each law firm representing a Receiving Party in this action, all of whom must be Outside Counsel of Record or employed at that same firm and assigned primary responsibility for this case;

- no more than **two** specifically identified litigation-support or paralegal personnel per such law firm whose access is strictly necessary to manage the material;

- one e-discovery vendor, hosted-review vendor, or copy vendor, through specifically identified individuals only, each bound in writing;

- retained experts or consultants approved under Section 9;

- the Court and its personnel;

- court reporters, videographers, and professional vendors during proceedings where access is reasonably necessary and subject to written confidentiality obligations.

8.3 No other attorney, employee, consultant, contractor, intern, communications staff member, policy staff member, public-relations personnel, fundraiser, investigator, or affiliate of a Receiving Party or its counsel may access AEO material.

[PROPOSED] STIPULATED PROTECTIVE ORDER

8

8.4 AEO material shall not be shared across offices, practice groups, affiliated organizations, co-counsel, amici, sister entities, or other clients of any law firm unless that specific person is identified under Section 7.2 and otherwise eligible.

8.5 Before any Receiving Party may access AEO material, it must serve a written list identifying by name, title, employer, office location, business email, and role in this case each individual proposed for access. Access is prohibited until three business days after service of the list unless the Producing Party objects earlier; if an objection is made, access remains prohibited unless resolved by agreement or court order.

8.6 A Receiving Party may substitute an authorized person only on written notice satisfying Section 7.5, and the substituted person shall thereafter be denied access.

8.7 Each law firm receiving AEO material must maintain the material in a segregated workspace or repository accessible only to the approved individuals. If the material is electronic in form access to it shall be password protected and restricted to approved individuals

## 9. Audit Logging and Tracking

9.1 Any Receiving Party or vendor that stores, hosts, reviews, downloads, prints, exports, transmits, codes, tags, or analyzes Protected Material shall maintain complete Access Logs.

9.2 The Access Logs must record, at a minimum:

- identity of the person accessing the material;

- date and time of access;

- document or dataset accessed;

- action taken (viewed, searched, tagged, downloaded, printed, exported, emailed, uploaded, copied, or modified);

- device, platform, or repository used, if technologically available.

9.3 For AEO material, logs shall be preserved in the ordinary course and produced to the Producing Party within five business days upon written request showing a good-faith basis to believe this Order may have been violated. The Producing Party may also request a certification from counsel that the list of persons with access is complete and accurate.

9.4 Hosted review platforms used for AEO material must have user-level permissions, unique credentials, and the ability to generate user activity logs.

9.5 Shared credentials are prohibited.

9.6 AEO material may not be loaded into any artificial-intelligence, machine-learning, large-language-model, generative-AI, external analytics, public-cloud training, or similar system that would retain, learn from, or further disseminate the material, absent written consent of the Producing Party or court order.

**10. Experts and Consultants**

10.1 Before disclosing any AEO material to an expert or consultant, the Receiving Party must provide the Producing Party with the expert's name, city and state of residence, current employer, curriculum vitae, and a list of all employers and clients for whom the expert has worked in the previous four years on matters if those matters involved demonstrations or political activities concerning Palestine, Israel, or Gaza, to the extent not privileged.

[PROPOSED] STIPULATED PROTECTIVE ORDER

10

10.2 The Producing Party shall have seven business days to object in writing. No disclosure shall occur until the objection is resolved by agreement or court order.

10.3 Every expert or consultant receiving Protected Material must sign Exhibit A, and the party retaining the expert or consultant shall within three business days forward the signed copy to the other party..

## 11. Data Security

11.1 Protected Material shall be stored and transmitted only through secure means reasonably designed to prevent unauthorized access.

11.2 AEO material shall be encrypted at rest and in transit where technologically feasible.

11.3 Printing of AEO material shall be minimized and limited to approved persons. Each printed copy shall bear the confidentiality designation and, where feasible, a copy number or user identifier.

11.4 A Receiving Party shall promptly notify the Producing Party of any actual or reasonably suspected unauthorized access, disclosure, loss, compromise, or breach involving Protected Material, and in no event later than 48 hours after discovery. The notice shall describe the nature of the incident, the material affected, the persons involved, and the remedial measures taken.

## 12. Filing Under Seal

12.1 Nothing in this Order authorizes filing under seal as of right. Any party seeking to file Protected Material under seal must comply with the applicable federal rules, local rules, and judge's or magistrate judge's procedures.

[PROPOSED] STIPULATED PROTECTIVE ORDER

11

12.2 To the extent practicable, the filing party shall publicly file a redacted version and lodge or file under seal only the portion genuinely requiring protection.

**13. Depositions and Hearings**

13.1 During deposition testimony concerning AEO material, attendance shall be limited to the deponent, counsel authorized to access that material, the court reporter, videographer, interpreter if needed, and any other person authorized by agreement of the Producing Party or court order.

13.2 A Receiving Party may not show AEO material to a witness unless counsel has a good-faith basis that the witness is the author, recipient, custodian, or otherwise previously knew the information, or unless the Producing Party consents or the Court orders otherwise.

**14. Challenges to Designation**

14.1 A Receiving Party may challenge a confidentiality designation at any time by written notice identifying the challenged material and the basis for the challenge.

14.2 The parties shall meet and confer in good faith.

14.3 The Producing Party bears the burden of establishing that the designation is proper.

14.4 Until the Court rules or the dispute is otherwise resolved, the material shall retain the designation assigned by the Producing Party.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**15. Inadvertent Production and Clawback**

15.1 Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, ESI, or information in this action, whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture of any privilege, protection, objection, or immunity in this action or in any other federal or state proceeding.

15.2 This Order shall be interpreted to provide the maximum protection permitted by Rule 502(d), and is intended to displace, to the fullest extent allowed, the need to litigate the elements of Rule 502(b) with respect to disclosures made in this litigation.

15.3 If a Producing Party notifies a Receiving Party that material is privileged or otherwise protected, the Receiving Party must promptly return, sequester, or destroy the specified material and any copies; must not use or disclose the material until the claim is resolved; and must take reasonable steps to retrieve the material if previously disclosed, consistent with Rule 26(b)(5)(B).

15.4 The Receiving Party may promptly present the material to the Court under seal for a determination of the claim, but may not rely on the fact of production alone as a ground for waiver.[cite:2][cite:1]

15.5 Nothing in this Order limits a Producing Party's right to conduct post-production review, demand return of privileged material, or assert any privilege or work-product protection.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**16. Third-Party Requests and Compulsory Process**

16.1 If a Receiving Party receives a subpoena, public-records request, civil investigative demand, congressional request, agency request, or any other compulsory or purportedly compulsory request seeking Protected Material, that party shall, to the maximum extent permitted by law, shall, within no more than two business days, notify the Producing Party in writing.

16.2 The Receiving Party shall not produce the requested material before the return date if a timely objection or motion for protection may be asserted.

16.3 The Receiving Party shall cooperate with the Producing Party, at the Producing Party's expense, in seeking to quash, modify, or otherwise resist disclosure.

**17. No Further Disclosure**

17.1 Persons receiving Protected Material may make only such copies, excerpts, notes, summaries, or extracts as are reasonably necessary for this litigation.

17.2 Any notes, memoranda, summaries, databases, coding fields, chronologies, or attorney work product that quote, paraphrase, summarize, or reflect the substance of Protected Material shall itself be treated at least at the same level of protection as the source material.

17.3 Protected Material shall not be quoted or described in any public filing, public statement, social-media post, press communication, speech, article, presentation, or other public or semi-public communication except as authorized by Court order.

[PROPOSED] STIPULATED PROTECTIVE ORDER

14

**18. Return and Destruction**

18.1 Within 60 days after final disposition of this action, including all appeals, each Receiving Party shall return or destroy all Protected Material, including all copies, extracts, and summaries.

18.2 Counsel may retain one archival copy of pleadings, motion papers, deposition transcripts, exhibits, attorney work product, and correspondence, but any retained archival material remains subject to this Order.

18.3 Within the same 60-day period, counsel for each Receiving Party shall provide a written certification confirming compliance.

**19. No Waiver; Reservation**

19.1 Entry of this Order does not admit that any particular document is discoverable, relevant, admissible, or properly designated.

19.2 Nothing in this Order waives any objection, privilege, immunity, or argument concerning scope, burden, proportionality, authenticity, or admissibility.

19.3 Nothing in this Order restricts a Producing Party from using or disclosing its own material.

**20. Enforcement**

20.1 The Court retains jurisdiction after final disposition to enforce, modify, interpret, or remedy violations of this Order to the fullest extent permitted by law.

20.2 Any violation of this Order may be addressed by injunctive relief, evidentiary sanctions, monetary sanctions, issue sanctions, contempt remedies, or any other relief the Court deems appropriate.

[PROPOSED] STIPULATED PROTECTIVE ORDER

15

**21. Exhibit A**

Each person receiving Protected Material, other than the Court and its personnel, shall execute the following acknowledgment before receiving access:

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned declares under penalty of perjury that:

1.  The undersigned has read the Protective Order entered in this action.

2.  The undersigned agrees to comply with and be bound by all terms of that Order.

3.  The undersigned will use Protected Material solely for purposes of this action.

4.  The undersigned will not disclose Protected Material to any person not authorized by the Order.

5.  At the conclusion of the action, the undersigned will return or destroy Protected Material as required by the Order.

6.  The undersigned consents to the jurisdiction of the United States District Court for the Central District of California for enforcement of the Order, even after final disposition of the action.

Name: _____

State Bar Number: _____

Employer: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER

16

Title: _____

Address: _____

Email: _____

Date: _____

Signature: _____