# Exhibit B

John Cycon (*Pro Hac Vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 (telephone)
(540) 341-8809 (facsimile)
*jcycon@holtzmanvogel.com*

Attorneys for Plaintiffs and Class Members

*(Additional counsel listed on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE, <br><br> Plaintiffs, <br><br> v. <br><br> CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100, <br><br> Defendants. | Case No.: 2:24cv6253 <br><br> **DECLARATION OF JOHN CYCON IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES** |

Mark Goldfeder (*Pro Hac Vice*)
*mark@jewishadvocacycenter.org*
Ben Schlager (*Pro Hac Vice*)
*ben@jewishadvocacycenter.org*
NATIONAL JEWISH ADVOCACY CENTER, INC.
INTERNATIONAL LEGAL FORUM
1718 General George Patton Drive
Brentwood, TN 37027
(800) 269-9895 (telephone)
(800) 758-5232 (facsimile)

Jason B. Torchinsky (*Pro Hac Vice*)
*jtorchinsky@holtzmanvogel.com*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street NW
Suite 643
Washington, DC 20037
(202) 737-8808 (telephone)
(540) 341-8809 (facsimile)

Michael A. Sherman (SBN 94783)
*masherman@stubbsalderton.com*
LAW OFFICES OF MICHAEL A. SHERMAN
15260 Ventura Blvd., 21st Floor
Sherman Oaks, CA 91403
(818) 444-4528 (telephone)

2

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

1.     I, John Cycon, hereby declare the following in support of Plaintiffs' Motion to Compel Discovery Responses:

2.     I am an attorney admitted pro hac vice to practice before the District Court for the Central District of California.

3.     I am competent to testify to the matters stated herein.

4.     This declaration is based on personal knowledge of the matters set forth herein.

5.     I am an attorney of record for Plaintiffs in the instant matter.

6.     On October 31, 2025, Plaintiffs propounded interrogatories, requests for admission, and requests for production on CodePink Women for Peace and CodePink Action Fund (together, "CodePink Defendants").

7.     CodePink Defendants responded on December 9, 2025, objecting to nearly every discovery request and declining to turn over a single record in response.

8.     On April 21, 2026, Plaintiffs initiated the discovery dispute process found in Local Rules 37-1 and 37-2 by sending a preliminary draft of Plaintiffs' portion of the Local Rule 37-2.2 joint stipulation identifying their concerns with and positions on each of CodePink Defendants' objections to opposing counsel. *See* Exhibit B-1.

9.     In that email, Plaintiffs asked CodePink Defendants their availability for a meet and confer on the discovery dispute within the ten-day period provided by Local Rule 37-1, which was set to end on May 1, 2026. *Id.*

10.    On April 24, 2026, counsel for CodePink Defendants responded and proposed an extension to May 22, 2026. *Id.*

11.    Later that day, Plaintiffs' counsel responded that Plaintiffs could not agree to more than triple the ten-day period allotted by Local Rule 37-1 but offered not to oppose a joint motion requesting to extend the deadline by ten

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

days to May 11, 2026. *Id.*

12.    After some back and forth about availability for the Local Rule 7-3 conference on the extension motion, counsel for both parties participated in a telephonic meet and confer on that motion on April 28, 2026, during which they conferred on the need for a brief request for extension and discussed extending the deadline to May 11, 2026.

13.    Plaintiffs' counsel noted Plaintiffs would not oppose the extension motion provided it only requested additional time and did not include advocacy about the discovery objections.

14.    On May 4, 2026, counsel for CodePink Defendants emailed a draft Unopposed Motion for Enlargement of Time to Meet and Confer that purported to extend the Local Rule 37-1 meet and confer deadline to May 22, 2026—an extension length not discussed or agreed to in the Local Rule 7-3 conference—and including several paragraphs of advocacy. *See* <u>Exhibit B-2</u>.

15.    On May 5, 2026, Plaintiffs' counsel declined to agree to CodePink Defendants' draft motion because it was not a straightforward request without advocacy, as previously communicated, but advised that he would send redlines. *Id.*

16.    Later that day, Plaintiffs' counsel sent counsel for CodePink Defendants his proposed redlines to the draft extension motion, revising it to request an extension only to May 15, 2026 (still an additional four days more than the initial offer of extension) and removing the advocacy language. *Id.*

17.    Counsel for CodePink Defendants took no action to accept this offer.

18.    On May 11, 2026 (the original agreed extended deadline), Plaintiffs' counsel sent counsel for CodePink Defendants an email outlining the full timeline of communications, noting that he had received no response to his May 6 redlines, requesting available meeting times before May 15, 2026, and

4

advising that if Plaintiffs did not hear back by then, they would proceed with asking the Court to adjudicate the matter and note that CodePink declined to provide their positions. *Id.*

19.    This prompted counsel for CodePink Defendants to agree to a Local Rule 37-1 meet and confer on May 14, 2026.

20.    During this meet and confer, the parties made little progress on their substantive disagreements, but did agree that counsel for CodePink Defendants would circulate a proposal as to the scope of "relate to" in Requests for Production 4, 5, 6, & 7 and a proposed protective order to facilitate production of certain information and documents responsive to Interrogatories 1 & 3 and Requests for Production 1, 2, 4 & 5. *See* Exhibit B-3.

21.    The parties also agreed that counsel for CodePink Defendants would provide their portion of the joint stipulation within seven days, consistent with Local Rule 37-2.2. *Id.*

22.    That deadline, May 21, 2026, came and went without any communication from counsel for CodePink Defendants.

23.    The morning of May 22, counsel for CodePink Defendants emailed to "assure" Plaintiffs' counsel that he would transmit their portion of the joint stipulation "by tonight," with the other action items to follow "by Saturday."

24.    The following morning, having still not received CodePink Defendants' portion, Plaintiffs filed the incomplete joint stipulation as an exhibit to their motion to compel. (Dkt. 150-1.)

25.    This Court denied that motion without prejudice in order for the parties to participate in a pre-motion telephonic conference, which took place on June 30.

26.    In the conference, this Court expressed concern with CodePink Defendants' failure to meaningfully engage in the discovery process and

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253

suggested that the parties should meet once more in an effort to narrow the issues.

27.     After the conference, the Court entered an order directing the parties to participate in a second meet and confer by July 15 and Plaintiffs to provide their portion of a joint stipulation to CodePink Defendants by July 22. (Dkt. 157.)

28.     The parties participated in the second meet and confer on July 8, in which counsel for CodePink Defendants made no concessions with respect to the core objections: irrelevance, proportionality, and First Amendment privilege.

29.     Counsel for CodePink Defendants did admit that Plaintiffs were entitled to certain documents and information subject to a satisfactory protective order, and agreed to begin producing those under an interim attorneys'-eyes-only designation until they could be designated under a formal protective order.

30.     Despite this agreement, no documents or information have been produced to Plaintiffs.

31.     On July 22, Plaintiffs' counsel provided Plaintiffs' portion of the joint stipulation contemplated by Local Rule 37-2.1, advising that under Local Rule 37-2.2, CodePink Defendants' portion would be due on July 29. *See* Exhibit B-4.

32.     This document is materially identical in substance to the version attached to the prior motion to compel (Dkt. 150-1) on file since May, with some changes to the Background and Proposal to Resolve Issue sections to reflect recent developments.

33.     July 29 came and went without CodePink Defendants providing their portion of the joint stipulation.

34.     On July 30, Plaintiffs' counsel communicated with counsel for CodePink Defendants about when their portion would be provided. *See* Exhibit

B-5.

35.    Counsel for CodePink Defendants has not responded to that outreach, or otherwise provided any explanation for not providing their portion of the joint stipulation as required by Local Rule 37-2.2.

36.    Pursuant to Local Rule 37-2.4 and in consideration of the foregoing, Plaintiffs advise the Court that counsel for CodePink Defendants has *again* failed to provide their portion of the joint stipulation in a timely manner under Local Rule 37-2.2, on top of other repeated delays as set forth herein.

37.    Plaintiffs have therefore been forced to return to this Court to obtain the discovery they are entitled to under the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 31st day of July, 2026.

_____

DECLARATION OF JOHN CYCON IN SUPPORT OF
MOTION TO COMPEL DISCOVERY RESPONSES
CASE NO. 2:24CV6253