# EXHIBIT 1

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>Judge:  Hon Stephen V. Wilson<br><br>DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES |

1

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify whom in Your defined organization, or acting on behalf of Your organization, controls Your social media accounts, including, but not limited to, Instagram, X, Facebook, YouTube, and Snapchat since January 1, 2024. To the extent different individuals control the specific accounts for the Southeast Los Angeles and Los Angeles Chapters of CodePink WFP or CodePink Action please identify those individuals.

**RESPONSE TO INTERROGATORY NO. 1**:

Objection. Overbroad, irrelevant, and disproportionate. Santoyo v. Howmedica Osteonics Corp., No. C15-5264 BHS, 2016 U.S. Dist. LEXIS 60012 (W.D. Wash. May 5, 2016) The various CODEPINK affiliates have over seventy social media accounts. The only accounts involved in the social media post which is the subject of the litigation are the SELA affiliate's account. The interrogatory is also overbroad as to time and therefore irrelevant and disproportionate. The real estate sales event held at the subject property was not advertised until May of 2024 at the earliest and therefore not the subject of any planned, designed, or even contemplated post until then. Nor is any time after June 23, 2024 relevant. Finally, identification of the individuals asked about violates their right to associational privacy for their First Amendment-protected activities.

Plaintiffs' use of the verb "controls" is also confusing and renders even those parts of the interrogatory that are relevant impossible to answer. CODEPINK affiliates typically operate on a collaborative basis without any individual exerting "control" over an activity. Once an appropriate protective order is in place CODEPINK will identify those persons involved with the SELA affiliate's social media account from May 1, 2024 through June 23, 2024. If Plaintiffs have evidence that the social media post that contained an inverted red triangle and promoted the demonstration at the subject property, was distributed by any CODEPINK affiliate

other than the SELA affiliate, CODEPINK  will, subject to the appropriate protective order, furnish further information about those affiliates for the time period during which those affiliates promoted the post.

Subject to and without waiving said objections, CODEPINK WFP has no social media presence or involvement with any CODEPINK affiliates.

**INTERROGATORY NO. 2**:  Describe any steps during the Relevant Time You took to ensure those attending the Events at your behest did not physically obstruct, intentionally injure, intimidate, interfere, or attempt to injure any person seeking to enter or exit the Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO INTERROGATORY NO. 2**:

Objection.  Irrelevant and disproportionate. In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Occurrences at the real estate sales event are not relevant to this inquiry. It is also not proportional. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 3**:  Identify (by name or names of person/people, all addresses associated with such person, all email accounts associated with such person, all Instagram and other social media accounts associated with such person, and all phone numbers associated with such person) all persons who drafted, and/or approved prior to posting, and and/or posted the Instagram posts identified in footnotes 64, 75, 83, 84, 90, 93, and 96 of the First Amended Complaint.

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 3**:

Upon entry of an appropriate protective order CODEPINK will respond to this interrogatory as it relates to the Instagram posts referenced in footnotes 64 and 84.  The remainder of the interrogatory is objected to upon the following grounds: Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).  CODEPINK WFP's answer with respect to the posts identified in footnotes 64 and 85 will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy).

**INTERROGATORY NO. 4**:  Identify anyone known by You to be a member of Your organization (in the same manner you expansively use the term "member" on Your website, https://www.codepink.org/am_i_a codepink_member) or otherwise affiliated with Your organization in any way who attended the Events.

**RESPONSE TO INTERROGATORY NO. 4**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 5**:  Describe any and all facts, videos, pictures, etc. to support Your statement that the entrance to the Adas Torah Synagogue "was never blocked by anyone" during the Events.[1]

**RESPONSE TO INTERROGATORY NO. 5**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 6**:  Identify the women alleged in paragraphs 251 – 255 of the First Amended Complaint

**RESPONSE TO INTERROGATORY NO. 6**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales

---

[1] This statement is cited in footnote 91 of the First Amended Complaint.

were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 7**:  Identify the individuals shown as speakers in the video referenced in paragraphs 337 – 340 of the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7**:

Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Inquiry about anything beyond that is not relevant or proportional.  CODEPINK WFP further objects because the interrogatory invades the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

**INTERROGATORY NO. 8**:  For every Request for Admission in Plaintiff's First Set of Requests for Admission to You that is not admitted in unqualified fashion, state all facts supporting the denial.

**RESPONSE TO INTERROGATORY NO. 8**:

None.

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

KLEIMAN / RAJARAM

Dated: December 9, 2025          By: _____

Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

# **VERIFICATION**

I am an authorized representative of CODEPINK Women for Peace, the party responding to the foregoing Plaintiffs' First Set of Interrogatories in this action.  I have reviewed the foregoing responses and know, or have been informed of their contents.  Subject to the objections stated herein, the responses are true and correct to the best of CODEPINK Women for Peace's knowledge, information, and belief after reasonable inquiry.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2025, at Shanghai, China.


*/s/ Jodie Evans*
_____
Jodie Evans
Member, Board of Directors

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 9, 2025, I caused to have served via electronic mail the foregoing DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' SET OF INTERROGATORIES on counsel for the parties listed below:

Dallin B. Holt (Pro Hac Vice) dholt@holtzmanvogel.com

Jason B. Torchinsky (Pro Hac Vice) jtorchinsky@holtzmanvogel.com

John Cycon (Pro Hac Vice) jcycon@holtzmanvogel.com

Daniel Tilleman <dtilleman@holtzmanvogel.com>

Jonathan Lienhard <jlienhard@holtzmanvogel.com>

Lisa Charette lcharette@holtzmanvogel.com

Michael A. Sherman masherman@stubbsalderton.com

Mark Goldfeder <Mark@njaclaw.org>

Ben Schlager Ben@njaclaw.org

Collin Poirot cpoirot.law@gmail.com

_____

Mark Kleiman

9
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES

# Exhibit C

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOAH POLLAK, on behalf of all others similarly situated, and STANDWITHUS CENTER FOR LEGAL JUSTICE<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK WFP, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-06253-SVW-PVC<br><br>Judge:  Hon Stephen V. Wilson<br><br>DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION |

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Any and all documents and communications that concern the terms provided in the Search List during the Relevant Time.

## RESPONSE TO REQUEST FOR PRODUCTION  NO. 1:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. Documents regarding dismissed defendants or CODEPINK WFP's opposition to genocide and apartheid are not relevant to this inquiry.  Documents containing terms that were never communicated in any alleged effort to intimidate or threaten persons who would read CODEPINK WFP's invitation to demonstrate by bringing banners and musical instruments are not relevant.  It is also not proportional.  CODEPINK WFP's further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016). Defendant also objects to Search List items 3, 4, 5, 6, 7, 8, 12, 13, 16, 17, and 18. upon the same grounds as the objection to Plaintiff's definition of "Relevant time."

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024, and other than for Search List items 1, 2, 9, 10, 11, 14, and 15.  CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2:** Documents and communications concerning any planning, organizing, funding, or that are associated in any way with the Events, including documents and communications that reference in any way CodePink WFP's or any of CodePink WFP's affiliates or members presence (planned or actual) at or nearby the Adas Torah Synagogue located at 9040 West Pico Blvd., Los Angeles, CA, 90035 ("Adas Torah Synagogue") or the surrounding Pico Robertson neighborhood on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 2**:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 3**: Documents and communications requested by any REQUEST FOR PRODUCTION  served by Plaintiffs, identified in Your responses thereto, or consulted or relied upon in the formulation of Your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 3**:

Objection.  Irrelevant, overbroad, and unduly burdensome.  Brewer v. BNSF Ry. Co., No. CV-14-65-GF-BMM-JTJ, 2018 U.S. Dist. LEXIS 24402, at *4 (D. Mont. Feb. 14, 2018).  ("A party seeking discovery on discovery ('meta discovery') must show a specific deficiency in the other party's production." Citing *The Sedona Conference Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, 42 (Sept. 2016) at 118.)

Further objection:  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts

4
DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 4**: All documents and communications, including but not limited to drafts and comments, that relate or refer to the Instagram posts referenced in footnotes 64, 75, 83, 84, 86, 90, 92, 93, and 96 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 4**:

Upon entry of an appropriate protective order documents responsive to this request as it relates to the Instagram posts reference in footnotes 64 and 84 from CODEPINK WFP would be produced if any existed.  They do not.

The remainder of the Request is objected to upon the following grounds: Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5**: All documents and communications, including but not limited to drafts and comments, that relate or refer to any social media posts (including, but not limited to: X, Facebook, Instagram, TikTok) posted by You concerning the events that took place nearby the Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 5**:

Objection.  Irrelevant, overbroad, and unduly burdensome.  In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences not relevant to the social media post in question are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so. Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016). Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications, including but not limited to drafts and comments, that include, discuss, relate, or

refer to the use of an inverted red triangle[1] as a symbol or graphical device since October 7, 2023 until the present.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 6**:

Objection:  To the extent that this Request calls for production of documents already requested regarding the social media post that Plaintiffs have specifically identified as containing an inverted red triangle and the the address of the subject property, from either CODEPINK WFP or the SELA or Los Angeles affiliate, it is duplicative.

Further Objection.  Irrelevant, overbroad, and unduly burdensome. Documents regarding other social media posts having nothing to do with purported religious services at the subject property are not relevant to this inquiry. The request is also not proportional.  CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

---

[1] Defendants CodePink Action and CodePink WFP put the "inverted red triangle" at issue in their Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 111) at 14:28 to 15:1–3, and at the hearing on the same.

7

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications that relate or refer to Paula Graciela Kahn.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 7**:

Paula Graciela Kahn had nothing whatsoever to do with the conception of, design of, planning for, review of, or publication of the social media post which is the remaining basis for this lawsuit.  Plaintiff's In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. Further, the request is unlimited as to time. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024.

8

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

In a discussion of this Request Plaintiff's counsel alleged that Kahn was seen in the Pico Robertson area and that while wearing a pink hat she struck someone with a water bottle.  CODEPINK WFP points out that not wearing a pink hat does not signify affiliation with CODEPINK, as evidence by the pink hat worn by convicted January 6 felon Rachel Powell (https://www.newsweek.com/meet-pink-hat-lady-capitol-riot-it-was-like-war-1845055).

**REQUEST FOR PRODUCTION NO. 8**: All unedited and raw video footage, pictures, and audio recordings on any cameras, including phones with cameras, of any member of CodePink WFP or CodePink Action, regardless if they were physically present in the area surrounding the Adas Torah Synagogue, that show the Events at Adas Torah Synagogue on June 23, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION  NO. 8**:

In partially granting CODEPINK WFP's motion to dismiss the Court ruled that the only surviving basis for liability in the Plaintiff's complaint  is the SELA Chapter's social media post that included an inverted red triangle above the addresses where the real estate sales were to be conducted, on the theory that the post could have affected viewers and intimidated them from coming to a house of worship for religious purposes.  Documents regarding occurrences at the real estate sales event are not relevant to this inquiry. The request is also not proportional. CODEPINK WFP further objects because the Request would invade the privacy and associational rights of nonparties, with insufficient justification to do so.  Dobro v. Allstate Ins., 2016 U.S. Dist. LEXIS 119198 **27-29  (S.D. Cal. Sept. 2, 2016).

Defendant further objects to the request that documents be produced from any CODEPINK source other than the SELA affiliate or CODEPINK WFP's contacts with the SELA affiliate from May 1, 2024 through June 23, 2024. CODEPINK WFP's production will be made upon entry of an appropriate protective order that protects applicable rights to freedom of speech, assembly, and association (and

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

therefore of privacy), and that limits discovery to that which is relevant and proportional to the case before this Court, and which places the cost for the discovery on the Plaintiffs.

KLEIMAN / RAJARAM

Dated: December 9, 2025         By: _____

                                Mark Kleiman

                                Attorneys for Defendants
                                CODEPINK WOMEN FOR PEACE
                                CODEPINK ACTION FUND

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

## **VERIFICATION**

I am an authorized representative of CODEPINK Women for Peace, the party responding to the foregoing Plaintiffs' First Set of Requests for Production of Documents in this action.  I have reviewed the foregoing responses and know, or have been informed of their contents.  Subject to the objections stated herein, the responses are true and correct to the best of CODEPINK Women for Peace's knowledge, information, and belief after reasonable inquiry.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2025, at Shanghai, China.

*/s/ Jodie Evans*

_____

Jodie Evans
Member, Board of Directors

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2025, I caused to have served via electronic mail the foregoing DEFENDANT'S CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION on counsel for the parties listed below:

Dallin B. Holt (Pro Hac Vice) dholt@holtzmanvogel.com

Jason B. Torchinsky (Pro Hac Vice) jtorchinsky@holtzmanvogel.com

John Cycon (Pro Hac Vice) jcycon@holtzmanvogel.com

Daniel Tilleman <dtilleman@holtzmanvogel.com>

Jonathan Lienhard <jlienhard@holtzmanvogel.com>

Lisa Charette lcharette@holtzmanvogel.com

Michael A. Sherman masherman@stubbsalderton.com

Mark Goldfeder <Mark@njaclaw.org>

Ben Schlager Ben@njaclaw.org

Collin Poirot cpoirot.law@gmail.com

_____
Mark Kleiman

DEFENDANT CODEPINK WOMEN FOR PEACE RESPONSE TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION